IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL H. MWABIRA-SIMERA, <u>et al</u>., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:06-CV-02052 |
| | * | |
| SODEXHO MARRIOTT | | (Judge Richard W. Roberts) |
| MANAGEMENT SERVICES, <u>et al</u>., | * | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## NOTICE OF RELATED CASES

### I. INTRODUCTION

Pursuant to Local Civil Rule 40.5(a)(4) and (b)(3), Defendants,

Sodexho Marriott Management Services, Sodexho Campus Services, Donna

McCants, Marcus Worley and Vincent Jones (herein collectively referred to as

"Sodexho"), by and through undersigned counsel, respectfully bring to the

Court's attention the fact that the above-captioned lawsuit is virtually identical

to lawsuits Plaintiff Samuel Mwabira-Simera ("Plaintiff Mwabira") previously

filed against Sodexho (Case Nos. 04-CV-538 and 04-CV-1240).[1]

---

[1]    Local Rule 40.5(b)(3) requires an attorney for a party in a civil case to
immediately notify the Court of the existence of "related cases." Local
Rule 40.5(a)(4) defines a "related case" to include:

> Additionally, cases whether criminal or civil, including
> miscellaneous, shall be deemed related where a case is dismissed,
> with prejudice or without, and a second case is filed involving the
> same parties and relating to the same subject matter.

As set forth below, the Honorable John D. Bates of this Court dismissed those lawsuits, and the United States Court of Appeals for the District of Columbia Circuit affirmed his decisions earlier this year.  Because this lawsuit is virtually identical to the previous lawsuit filed by Plaintiff Mwabira against the Sodexho Defendants, Defendants thought it appropriate to bring these facts to the Court's attention for consideration in determining whether the matter should be reassigned in the interest of judicial economy to the same Judge who heard the case previously.[2]

## II.  <u>PROCEDURAL BACKGROUND</u>

On April 1, 2004, Plaintiffs Samuel Mwabira and his son, John Simera-Nandala, filed an eleven-count lawsuit against Defendants Sodexho Marriott Management Services (Plaintiff Mwabira-Simera's employer), Howard University (which has a contract with Defendant Sodexho to provide food services), Donna McCants, a manager at Sodexho, and Kevin Jones, an employee of Howard University.  <u>See</u> Exhibit 1 (Case No. 04-cv-538).  The case was assigned to the Honorable John D. Bates.  Plaintiffs alleged the following claims in that complaint:

---

[2]    Although the Court's docket indicates that Plaintiffs filed a Notice of Related Case indicating this lawsuit is related to Case No. 05-411 (<u>see</u> docket entry 2), there is no indication that Plaintiffs notified the Court about the existence of, and virtual identity to, the lawsuits previously adjudicated by Judge Bates.

Count I:  Plaintiff Mwabira alleges discrimination based on his African (Ugandan) national origin against Sodexho under Title VII.

Count II:  Plaintiff Mwabira alleges retaliation against Sodexho under Title VII.

Count III:  Plaintiff Mwabira alleges hostile work environment harassment based on his African (Ugandan) national origin against Sodexho under Title VII.

Count IV:  Plaintiff Mwabira alleges discrimination under the Americans With Disabilities Act against Sodexho.

Count V:  Plaintiffs allege invasion of privacy against all Defendants.

Count VI:  Plaintiffs allege defamation against all Defendants.

Count VII:  Plaintiffs allege false imprisonment against all Defendants.

Count VIII:  Plaintiffs allege negligence against Sodexho and Howard University.

Count IX:  Plaintiffs allege intentional infliction of emotional distress against all Defendants.

Count X:  Plaintiffs allege misrepresentation against all Defendants.

Count XI:  Plaintiffs allege abuse of process against all Defendants.

On July 26, 2004, Plaintiff Mwabira filed a virtually identical lawsuit against Defendants Sodexho and McCants, and added as a Defendant Marcus Worley, another employee of Sodexho.  <u>See</u> Exhibit 2 (Case No. 04-cv-1240, preliminarily assigned to the Honorable Emmet G. Sullivan.)  Because the

- 3 -

two lawsuits were virtually identical, on September 2, 2004, Judge Bates

granted a consent motion to consolidate the lawsuits pursuant to Rule 42(a),

Fed. R. Civ. P.[3/]

On June 30, 2005, after a year of discovery, Judge Bates ruled that

Plaintiff Mwabira's lawsuit was barred by a settlement agreement he signed.

See Exhibit 3.  As a result of that ruling, the only claims that remained against

Sodexho and its employees were the tort claims of Plaintiff Nandala.  Plaintiff

Nandala refused to appear for his own deposition, even after Judge Bates

ordered him to do so.  After reviewing Sodexho's efforts to depose Plaintiff

Nandala for more than a year, and Plaintiff Nandala's unreasonable refusal to

do so, Judge Bates dismissed Plaintiff Nandala's lawsuit.  See Exhibit 4.[4/]

Plaintiffs Mwabira and Nandala appealed Judge Bates' rulings to the United

States Court of Appeals for the District of Columbia Circuit, which affirmed his

decisions.  See Exhibit 5.

---

[3/]     Rule 42(a), Fed. R. Civ. P. provides:

> When actions involving a common question of law or fact
> are pending before the court, it may order a joint hearing
> or trial of any or all the matters at issue in the actions; it
> may order all the actions consolidated; and it may make
> such orders concerning proceedings therein as may tend
> to avoid unnecessary costs or delay.

[4/]     Because there no longer was a basis for federal jurisdiction, Judge Bates
dismissed Plaintiff Mwabira's claims against Howard University without
prejudice.  See Exhibit 4.  It is the understanding of counsel for Sodexho
that Plaintiff Mwabira is pursuing that lawsuit in the Superior Court for
the District of Columbia.

On November 30, 2006, Plaintiff Mwabira and his daughter, Esther E. Mutonyi-Simera, filed the instant nine-count lawsuit against Sodexho, seeking to re-litigate most of the claims and allegations Judge Bates dismissed last year.  <u>See</u> Exhibit 6.  Like the first lawsuit, Plaintiff alleges discrimination and harassment based on his African (Ugandan) national origin under Title VII, retaliation under Title VII, disability discrimination under the Americans With Disabilities Act, invasion of privacy, negligence, defamation, and intentional infliction of emotional distress.  Plaintiffs add claims under Section 504 of the Rehabilitation Act, the Family and Medical Leave Act, and the Occupational Safety and Health Act.  Many of Plaintiff Mwabira's claims and allegations that were dismissed in his first lawsuit are reiterated ***verbatim*** in his most recent lawsuit (<u>e.g.</u>, <u>compare</u> Exhibits 1 at ¶¶ 16-21 <u>with</u> Exhibit 6, ¶¶ 15-20).  Moreover, the lion's share of the claims and allegations in Plaintiff's most recent lawsuit arose before Judge Bates disposed of Plaintiff Mwabira's lawsuit last June.

### III.  <u>CONCLUSION</u>

Judge Bates presided over the earlier lawsuit involving these parties, claims and defenses for over a year, conducted several discovery and scheduling conferences, and ruled on discovery and dispositive motions.  As a result, Defendants thought it appropriate to bring these facts to the Court's

attention for consideration in determining whether this lawsuit should be

reassigned in the interest of judicial economy to Judge Bates.

Respectfully submitted,

_____
/s/

Todd J. Horn, Bar No. 470780
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland  21201
Phone:  (410) 244-7400
Fax:  (410) 244-7742
E-mail: thorn@venable.com

Counsel for Defendants
Sodexho Marriott Management
Services, Sodexho Campus Services,
Donna McCants, Marcus Worley, and
Vincent Jones.

**FILED**

In the United States District Court for the District of Columbia   APR - 1 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Samuel H. Mwabira-Simera                    *
1206 Randolph Street NE
Washington, DC 20017

and

John E. Simera-Nandala
1206 Randolph Street NE
Washington, DC 20017

    Plaintiffs

                    Ci

v                                           *

Sodexho/Marriot Management Services
Blackburn Center Cafeteria
Howard University
2400 6th Street, NW.
Washington, DC 20059

  And

Howard University
2400 6th Street, NW.
Washington, DC 20059

And

Donna McCants
Sodexho
Blackburn Center Cafeteria
Howard University
2400 6th Street, NW.
Washington, DC 20059

and

Kevin Jones
Howard University

```
CASE NUMBER  1:04CV00538
JUDGE: John D. Bates
DECK TYPE: Employment Discrimination
DATE STAMP: 04/01/2004
```

**JURY ACTION**

Page 1 of 14

**EXHIBIT**

tabbies

1

2400 6th Street, NW.
Washington, DC 20059

Defendants

*

●    *    *    *    *    *    *    *    *    *    *    *

## Complaint and Prayer for Jury Trial

1. Samuel H. Mwabira-Simera, (hereinafter "Plaintiff Mwabira"), and John E.M. Simera-Nandala (hereinafter "Plaintiff Nandala") by and through their attorney Charles O. Kwarteng, Esq., sues Defendants, Sodexho t/a Marriot Management Services (hereinafter "Sodexho", Howard University (hereinafter "Howard"), Donna McCants (hereinafter "McCants"), and Kevin Jones (hereinafter "Jones"), and state as follows:

## Parties

2. Plaintiff Mwabira is a forty-three (43) year-old black male, and of African, Ugandan, national origin and is, at all times relevant, a resident of Washington, District of Columbia.

3. Plaintiff Nandala is an eighteen year old son of Plaintiff Mwabira, and of African, Ugandan, national origin, and at all times relevant, a resident of Washington, D.C.

4. Defendant Sodexho is a corporation doing business in Washington, D.C. Defendant carries on a regular business in this District, including but not limited to its food care service at Howard University at 2400 6th Street, N.W. Washington, D.C. 20059.

5. Defendant McCants is and was at all times relevant and agent, servant, employee of defendant Sodexho, and defendant Jones is and was at all times relevant, an agent, servant, employee of defendant Howard. Defendant Howard is an academic institution in Washington, D.C.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action, by virtue of Plaintiff Mwabira's claim under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff Mwabira also sues defendant Sodexho under the Americans With Disability Act (ADA), 42 USCA Section 12101 *et sequel*, that is a federal statute conferring jurisdiction on this Court. Plaintiffs further plead for relief for pendent claims for all counts under the laws of the District of Columbia, and common law, as the pendent claims arise from a "common nucleus of operative facts" as the federal claims.

**Administrative Prerequisites**

7 . Plaintiff Mwabira timely filed charges of employment discrimination against defendant Sodexho, under Title VII of the Civil Rights Act of 1964, as amended, and under the ADA, which were filed with the US. EEOC, on or about August 4 2003, and attached hereto as Plaintiffs's **Exhibit 1A** and **Exhibit 1B**. Plaintiff Mwabira received a notice of the right to sue, which is attached hereto as Plaintiffs's **Exhibit 2A**, and is cross-filed with the District of Columbia Office of Human Rights, as evidenced by Plaintiff's **Exhibit 2B**. Plaintiffs have met all conditions precedent to filing this suit.

**Facts Common to All counts**.

8. Plaintiff Mwabira was employed by Defendant Sodexho, since March 26, 2001, as a Utility worker at Defendant's place of business at Howard University, located at 2400 6th Street N.W., in Washington, DC.

9. At all times relevant, plaintiff Mwabira performed his duties in a satisfactory manner.

10. While still being employed with Sodexho, Sodexho and its agents, employees, and servants subjected Plaintiff Mwabira to harassment, monitoring, strip-searches of his vehicle, bags; they denied him opportunity to eat, on occasions where similarly situated employees of American national origin, were permitted to eat; He was denied breaks and the use of the bathroom. All these acts and or omissions were carried out by Sodexho, its agents, employees, and servants within the course and scope of employment at Sodexho..

11. Defendant Sodexho, an employer, is vicariously liable for the acts and/or omissions of her employees and supervisors done in the scope and course of employment, which caused deprivation of plaintiffs' rights as alleged herein.

12 .Defendant Howard, an employer, is vicariously liable for the acts and/or omissions of her employees and supervisors done in the scope and course of employment, which caused deprivation of plaintiffs' rights as alleged herein.

Count 1 (**Unlawful Discrimination Based on National Origin (under Title VII of the Civil Rights Act, 1964, as amended, 42 USCA 2000e et sequel)**

13. Plaintiff Mwabira sues defendant Sodexho on the basis of Sodexho's unlawful discrimination against Plaintiff Mwabira, on the basis of his African (Ugandan) national origin, and sue defendant, under Title VII of the Civil Rights Act of 1964, as amended, and incorporates by reference, the allegations in paragraph 1 through paragraph 12, as if set forth herein, and further states.

14. Plaintiff Mwabira is and was an "employee" within the meaning of Title VII and belongs to a

class protected under the statute, based on his African (Ugandan) national origin, and Defendant Sodexho is an "employer", and defendant McCants is/was an "agent" of an employer within the meaning of Title VII.

15. On several occasions, while still employed with Sodexho, defendant Sodexho and her agents, servants, and employees, including, but not limited to Defendant McCants, intentionally discriminated against plaintiff Mwabira on the basis of his African, Ugandan, national origin, in violation of Plaintiff Mwabira's right to be free of national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended.

16. Defendant Sodexho's discriminatory customs, policies and practices covered a wide spectrum of the terms, conditions and privileges of employment, including, but not limited to, the following:

   A) Plaintiff was denied regular breaks that were given to similarly situated employees who are American-born and/or African-Americans and/or persons of Latin American national origin.

   B) Agents, servants and employees of Sodexho made derogatory, insulting, and humiliating ethnic slurs and comments about Plaintiff Mwabira, based on his African, Ugandan, national origin, including, but not limited to, his physical characteristics, his "long African name", his "funny accent", and his "smelly African odor". Marcus Worley (manager, and African-American), Defendant McCants (Manager, and African-American), all made such derogatory ethnic comments about Plaintiff Mwabira while at work.

   C) Plaintiff was subjected to searches of his body and properties on numerous occasions, including , but not limited to February 28, 2002, June 29, 2002; Plaintiff's bag was illegally searched on January 10, 2002; his car was illegal searched by employees of Sodexho on January 11, 2002, by Tony Stewart; Tony Steward searched trash cans on June 1, 2003, insinuating that Plaintiff Mwabira has stolen food. None of the employees who are American-born was subjected to such indignities and discriminatory treatment.

17. Discrimination against Plaintiff also involved assigning multiple and difficult tasks to him than was assigned to similarly situated employees who are American-born.

18. Plaintiff Mwabira complained about these discriminatory practices to defendant Donna Mccants, Unit Manager of Sodexho, on or about June 2, 2003, as well as John Parker, General Manager, but the discriminatory treatment against Plaintiff continued, and Defendant Sodexho failed to take measures to rectify the situation.

19. Defendant Sodexho maintains a custom, policy, usage and practices of intentional discrimination against persons born in foreign countries and/or in Africa, and persons with distinctive foreign names, accents and physical characteristics as plaintiff.

20. Defendant Sodexho treated plaintiff differently and in a less favorable manner than other similarly situated employees who are American-born or African American, in terms, conditions, and privileges of employment.

21. Defendant Sodexho condoned, ratified and tolerated intentional discrimination against plaintiff Mwabira, with malice, and callous indifference to Plaintiff Mwabira's federally protected rights.

22. Said acts, and omissions, of defendant Sodexho and her agents, servants, and employees, as alleged, constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USCA, Section 2000 (e) *et sequel.*

23. As a direct and proximate result of Defendants' acts, omissions and conduct in discriminating against Plaintiff Mwabira on the basis of his African (Ugandan) national origin, Plaintiff suffered damages, including physical pains, loss of self-esteem, headaches, loss of appetite, and emotional distress.

Wherefore Plaintiff Mwabira seeks judgment against Defendant Sodexho as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

## Count II : Title VII **(Unlawful Retaliation)**

24. Plaintiff Mwabira sues defendant Sodexho under Title VII of the Civil Right Act of 1964, as amended, for defendant's violation of Plaintiff Mwabira's right to be free from unlawful retaliation because plaintiff engaged in activities protected by Title VII of the Civil Rights Act of 1964, as amended, and incorporates by reference, the allegations in paragraph 1 through paragraph 23, as if set forth herein, and further states.

25. Plaintiff is a member of the employee's Union at Sodexho.

26. Plaintiff Mwabira complained to the Union and the EEOC about defendant's unlawful employment practices, and discrimination against Plaintiff.

27. Said complaints resulted in more discriminatory treatment. In or about January 2002, Plaintiff Mwabira's car, bags, and pockets were unlawfully searched by Sodexho, her agents, employees and servants. Defendant's acts of retaliation against plaintiff Mwabira, included but not limited to making insulting remarks about Plaintiff Mwabira, reducing his work hours, as compared to similarly situated employees, said retaliation being the result of plaintiff's complaints about defendant's unlawful employment practices.

28. As a direct and proximate result of defendant's retaliation against Plaintiff Mwabira, plaintiff suffered damages.

Wherefore Plaintiff Mwabira seeks judgment against Defendant Sodexho as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous retaliation against plaintiff, and indifference to violation of plaintiff's rights c) attorney fees and costs

## Count III Title VII (Hostile and Abuse Work Environment)

29. Plaintiff Mwabira sues defendant Sodexho for maintain abusive and hostile work environment under Title VII of the Civil Rights Act of 1964, as amended, and defendant's violation of Plaintiff Mwabira's right to be free from abusive and hostile work environment based on his African, Ugandan, national origin, and states he incorporates by references the allegations in paragraph 1 through paragraph 28, as if set forth herein, and further states.

30. Sodexho is/was an "employer", and Plaintiff is/was an "employee" within the meaning of Title VII and belongs to a class protected under said statute based on her African (Ugandan) national origin.

31. Defendant intentionally discriminated against Plaintiff, in violation of Plaintiff's right to be free from discrimination, including, but not to reassigning plaintiff's position to a less qualified employee of American national origin, terminating Plaintiff from employment, while retaining similarly situated employees of American national origin.

32. Plaintiff's bags were searched on numerous occasions for no legal reason, except to harass him. Plaintiff was subjected to verbal abuse and ethnic comments based on his African physical characteristics, long name.

33. Several co-workers made fun of plaintiff, and told him in the presence of other co-workers that plaintiff smelled like "urine". Defendant filed false charges against plaintiff, on the basis of his African national origin.

34. Plaintiff had to seek permission from his superiors, before visiting the toilet, even though similarly situated employees who are American-born did not have to.

35. Said acts and omissions as alleged, constitute abusive and hostile work environment based on Plaintiff's African (Ugandan) national origin, in violation of Plaintiff's right to be free from abusive and hostile work environment, under Title VII of the Civil Rights Act of 1964, as amended.

36. As a direct result of Sodexho acts, and omissions in engaging to abusive and hostile work environment, based on Plaintiff's African, Ugandan, national origin, Plaintiff suffered damages, including but not limited to emotional distress, loss of income, loss of reputation and physical harms.

Wherefore Plaintiff Mwabira seeks judgment against Defendant Sodexho as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous maintainance of abusive and hostile work environment, and indifference to violation of plaintiff's rights c) attorney fees and costs

### Count IV Violation of Plaintiff Mwabira's Rights Under the Americans With Disability Act (ADA.) 42 USCA, Section 12101 et sequel

37. Plaintiff Mwabira sues defendant Sodexho for violation of his rights secured under the American With Disability Act, 42 USCA, section 12101 *et sequel*, and states plaintiff realleges the allegations in paragraph 1 through paragraph 36, as if set forth herein, and states.

38. Plaintiff filed a complaint under the ADA with the US EEOC prior to filing this suit, and has complied with all conditions precedent to filing suit under the ADA, as indicated by the **Exhibits 1A, 1B, 2A** attached herein, as part of this Complaint.

39. Plaintiff is and was an employee, and Defendant is an employer, within the meaning of the ADA.

40. Plaintiff is disabled, as defined by the Americans with Disability Act (ADA). Plaintiff is an individual with a disability, having physical and mental impairment that substantially limits plaintiffs major life activity (walking, hearing, speaking, and working, and interacting with others, sleeping. Plaintiff is otherwise qualified to perform the essential functions of his job as utility worker.

41. Plaintiff is a victim of state-sponsored torture, as evidenced by **Exhibit 3,** attached herein as part of his Complaint.

42. Defendant intentionally discriminated against plaintiff on the basis of his disability , in that on account of his disability, Plaintiff Mwabira was denied assignments to work out "punch out" section of his place of work at Sodexho, where people pay for food and carry it outside the cafeteria.

43. Plaintiff has hearing impairment, has difficulty walking and bending, and co-workers and supervisors of Sodexho made fun of him, and told him that he could not take certain assignments

as alleged herein.

44. Said practices are in violation of Plaintiff's rights to be free from discrimination based on his disability under the ADA.

45. At all times relevant, defendant knew about plaintiff's disability status, but failed to accommodate plaintiff.

46. Defendants knew, or should have known that Plaintiff was disabled within the meaning of the ADA, but forced Plaintiff to do more work than other people, which put more stress on plaintiff, and aggravated his disability.

47. Sodexho directly participated in discriminating against Plaintiff on the basis of his disability, and further, defendant is vicariously liable for plaintiff's damages, since her agents, servants and employees acted within the scope and course of employment with defendant.

48. As a direct and proximate result of defendants acts and/or omissions, and violation of Plaintiff's right to be free from discrimination based on his disability, Plaintiff suffered damages.

Wherefore Plaintiff seeks judgment against Defendant Sodexho as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

Count V **Invasion of Privacy**

49. Plaintiff Mwabira and Plaintiff Nandala, individually, sue defendants, Sodexho, Defendant McCants, Defendant Howard, and defendant Jones, for invasion of privacy, and states plaintiffs reallege the allegations in paragraph 1 through paragraph 48, as if set forth herein

50. Without plaintiff Mwabira's consent, defendant Sodexho, and its agents, servants, employees strip-searched plaintiff Mwabira on numerous occasions.

A) On numerous occasions and instances, including, but not limited to, on or about the 15th, 17 and 18th of September 2003, Sodexho authorized its employees, Tony Stewart, Marcus Worley, and Danoala, to visit the bathroom when plaintiff Mwabira was on the toilet seat, and shouted that "Donna wants you out", referring to defendant McCants..

B. On or about September 19, 2003, plaintiff Nandala was unlawfully searched by defendant McCants and Defendant Jones at Howard University.

51. All agents servants, and employees of defendant Sodexho acted, or failed to act, and such acts

and omissions were conducted within the scope and course of his employment with defendant Sodexho.

52. All agents servants, and employees of defendant Howard University acted, or failed to act, and such acts and omissions were conducted within the scope and course of his employment with defendant Howard University.

53. Howard University is vicariously liable for the tortuous acts and omissions of defendant Jones.

54. Plaintiff informed Defendants about this unlawful search, but defendants failed to act and otherwise ratified, these acts.

55. At all times relevant, plaintiffs had reasonable expectation of privacy in their persons, bags and clothing, and defendants acts and/or omissions constituted intentional intrusion upon the seclusion or private affairs of Plaintiffs, which intrusion was unjustified and would be offensive to a reasonable person in plaintiffs' situation.

56. As a direct and proximate result of defendants's invasion of the privacy of plaintiffs, plaintiff Nandala and Plaintiff Mwabira suffered damages.

Wherefore Plaintiff Mandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of plaintiffs' rights c) attorney fees and costs

**Count VI Defamation**

57. Plaintiff Mwabira and Plaintiff Nandala individually, sue defendants, Sodexho, and defendant McCants, and Defendant Kevin Jones, and defendant Howard University for defamation, and state plaintiff realleges the allegations in paragraph 1 through paragraph 56, as if set forth herein and states.

58. On or about September19, 2003, Donna McCants, while still acting within the scope and course of her employment with defendant Sodexho, filed a false report and asserted that "officer Jones and myself, Donna McCants saw Mr. Mwabira pass a bag of something to his son. The son left the building. Mr. Mwabira did not have permission to take food the premises".as stated in in a published by defendants as evidenced in **Exhibit 4A and Exhibit 4B attached herein.**

59. Said statements were false, and defendant McCants knew of the falsity when the statement was made or exhibited reckless indifference or disregard to the falsity of the information.

60. At all times relevant, defendant McCants was acting within the scope and course of her employment with Sodexho, and defendant Jones was acting within the scope of his employment with defendant Howard University.

61. On or about September 19, 2003, plaintiff Nandala was unlawfully searched by defendant Jones at Howard University, while defendant Jones was acting as security officer or employee of defendant Howard, and defendant Jones filed a report insinuating and otherwise defaming plaintiffs that plaintiff Mwabira and his son, plaintiff Nandala has stolen food from defendant Sodexho, as evidenced by **Exhibit 4B** attached herein, in which defendant Jones states "the you man came back and in his hands were a white cup containing a red liquird with ice and a white plastic bag that had fruit and pastries".

62. Defendant Sodexho and Defendant Howard adopted the statements as true, and benefitted from the defamatory statement.

63. At a hearing on or about March 15, 2003, defendants admitted that said defamatory statements were false at the time that they were made. John Parker, manager for Sodexho, admitted that he had authorized plaintiff Nandala to take food from Sodexho's cafeteria.

64. As a direct and proximate result of defamation of plaintiffs Mwabira and Nandala suffered damages, including but not limited to reputation.

Wherefore Plaintiff Nandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

## **Count VII False Imprisonment**

65. Plaintiff Mwabira and Plaintiff Nandala, individually sue defendants, Sodexho, Defendant McCants, defendant Howard and defendant Jones for false imprisonment of plaintiffs, and states plaintiffs reallege the allegations in paragraph 1 through paragraph 64, as if set forth herein

66. On or about September 19, 2003, at about 12 am, defendant McCants and defendant Jones threatened defendant Nandala to accompany them. Later, plaintiff Nandala was asked to join them. Both were detained against their will for more than twenty minutes, and this constituted false imprisonment of plaintiff Nandala and plaintiff Mwabira..

67. Prior to be unlawfully detained, Plaintiff Nandala was walking outside, defendant McCants and Defendant Jones accosted him and asked him to stop, turn back and "follow" them, as evidenced by **Exhibit 4B**. By all of their behavior, defendants' actions towards plaintiffs

demonstrated actual malice.

68. As a direct and proximate result of defendants' false imprisonment of plaintiffs Mwabira and Nandala, plaintiff Mwabira and plaintiff Nandala suffered damages, including but not limited to reputation.

Wherefore Plaintiff Mandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

Count VII1 (Negligence)

69. Plaintiff Nandala and Plaintiff Mwabira, individually, sue Defendant Sodexho and Defendant Howard University for negligence, and states Plaintiffs incorporates by reference the allegations made in paragraph 1 through paragraph 68, as if set forth herein and states.

70. Defendant Sodexho owed a duty toward plaintiff Mwabira to provide working environment free from discrimination, intimidation, false reports, harassment, and as promised by defendants in their employment manual. Further, defendants Sodexho owed a duty to plaintiffs Mwabira and plaintiff Nandala to use reasonable care in hiring, retaining, supervising, and disciplining her workers, including but not limited to defendant McCants, Tony Stewart, and John Parker, so as not to cause harm to plaintiff's including violation of their rights to be free from intimidation, unlawful searches, false imprisonment, and defamation.

71. Defendant Howard owed a duty toward plaintiff Mwabira to provide working environment free from discrimination, intimidation, harassment, and as promised by defendants in their employment manual. Further, defendant Howard owed a duty to plaintiffs Mwabira and plaintiff Nandala to use reasonable care in hiring, retaining, supervising, and disciplining her workers, including defendant Jones, so as not to cause harm to plaintiff's including violation of their rights to be free from intimidation, unlawful searches, false imprisonment, and defamation.

72. Defendant Howard and Defendant Sodexho are vicariously liable for the acts and omissions of their agents, servants and employees committed in the course and scope of employment. Defendant Howard was negligent in hiring, training, retaining and supervising defendant Jones, her employee

73. Defendant Sodexho beached its duty of reasonable care owed toward plaintiffs by failing to



properly investigate facts of harassment, intimidation, and hostility, when plaintiff informed defendants of same, and by negligently recruiting, training, supervising and retaining defendant McCants, Tony Stewart and John Parker, and Marcus Worley.

74. Defendants had a duty to properly investigate facts of the case, and to make appropriate decisions, so as not to harm plaintiffs.

75. Defendant Howard and defendant Sodexho breached their duty owed to Plaintiffs, in that Defendants failed to properly investigate the facts supporting their charges of theft, as prudent investigation would have exculpated Plaintiffs of any theft.

76. As a direct and proximate result of defendants' acts and/or omissions, plaintiffs Mwabira and Nandala suffered damages, including but not limited to loss of reputation, emotional distress and loss of weight.

Wherefore Plaintiff Mandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendants's negligence c) attorney fees and costs

## Count IX Intentional Infliction of Emotional Distress

77. Plaintiff Mwabira and Plaintiff Nandala sue defendants, Sodexho, Defendant McCants, defendant Howard and defendant Jones for intentional infliction of emotional distress, and states plaintiffs reallege the allegations in paragraph 1 through paragraph 76, as if set forth herein

78 Defendants' conduct were intentional, reckless and in deliberate disregard of a high probability that emotional distress would result to plaintiff Nandala, who on or about September 19, 2003, was an infant, and his father, plaintiff Mwabira who witnessed the reckless conduct of defendants, which acts including filing false charges against plaintiffs, calling the police to arrest plaintiffs.

79 The aforesaid conduct of defendants , in filing false charges against plaintiffs was extreme and outrageous and beyond the bounds of decency in society, and defendants knew that said acts would cause, and did cause severe and extreme emotional distress in plaintiffs, and at all times, defendant Howard and defendant Sodexho was vicariously liable for the acts and omissions of their employees that were committed in the course and scope of employment, and they ratified . these acts and/or benefitted from the acts.

80. As a direct and proximate result of the acts and/or omissions of defendants, plaintiff suffered damages, including but not limited to severe and extreme emotional distress, loss of appetite, headaches, physical pains and suffering.

Wherefore Plaintiff Nandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, defendant McCants, and defendant Jones jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

## Count X. **Misrepresentation**

80. Plaintiff Mwabira and Plaintiff Nandala, individually. sue defendants, Sodexho, Defendant McCants, defendant Howard and defendant Jones  for misrepresentation and states plaintiffs reallege the allegations in paragraph 1 through paragraph 79, as if set forth herein.

81. Defendant Sodexho  misrepresented facts about Plaintiff Mwabira's job, by stating that plaintiff Mwabira had stolen from Sodexho, and had assisted his son, Plaintiff Nandala to steal from Sodexho.

81. Said facts were false at the time that they were made, and defendants intended that plaintiffs rely on these facts, and actually relied on these facts

83. Said reliance was reasonable.

84. As a direct and proximate result of these misrepresentations, Plaintiffs suffered damages.

Wherefore Plaintiff Nandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars)  as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

## Count XI **Abuse of Process**

85. Plaintiff Mwabira and Plaintiff Nandala sue defendants, Sodexho, Defendant McCants, defendant Howard and defendant Jones,  for for abuse of process, and states plaintiffs reallege the allegations in paragraph 1 through paragraph 84, as if set forth herein

86. Defendant McCants threatened to institute criminal proceedings against plaintiffs for alleged theft, which was falsely fabricated against plaintiffs on September 19, 2003.

87. Defendant McCants also called the Washington D,C. Police and the Howard University

police, on or about September 19, 2003. By instituting the legal process against plaintiffs, Defendant McCants willfully misused the criminal process for an improper purpose, namely, as a device to disgrace plaintiff's and to have a basis of terminating Plaintiff Mwabira's employment with Sodexho.

88. As a direct and proximate result of defendants' improper use of process, plaintiff Mwabira and Plaintiff Nandala suffered damages, including but not limited to emotional distress, loss of appetite, and pain and suffering.

Wherefore Plaintiff Nandela and Plaintiff Mwabira, individually, seeks judgment against Defendant Sodexho and Defendant Howard University, defendant Jones and defendant McCants, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

**Plaintiffs hereby pray a trial by jury in this matter**

Charles O. Kwarteng, Esq
6215 Harford Road, 2nd Fl
P. O. Box 24568

Baltimore, Maryland 21214
(410) 319-8100
 (410) 319-8172 fax

Attorney for Plaintiffs

**Federal Bar No: 25904**

Page 14 of 14

5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 100-2003-00561 |

| D.C. Office Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Samuel H. Mwabira-Simera | (202) 388-3488 | 12-03-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 1405 Washington, DC 20013 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SODEXHO | 500 or More | (202) 387-2306 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2400 6th St., N W  Washington, DC 20059 | |

| Name | No. Employees, Members | Phone No. Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 03-12-2001 | 06-19-2003 |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am employed by Sodexho as a utility worker.  I have been harassed and intimidated in that I have been
falsely accused of stealing; my person has been searched repeatedly; my car has been searched; I have
been assigned difficult assignments; my hours were cut; I was denied breaks; I was told that I am too
old; and I was called a smelly frustrating son of a bitch.  These are just some examples of the
harassment and intimidation.  I believe that this is due to my age, my national origin, and in retaliation
for complaining about the situation.

I believe that I have been discriminated against due to my age, 42, in violation of the Age Discrimination
in Employment Act of 1967, as amended, my national origin, South Africa, and retaliation which is in
violation of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will
advise the agencies if I change my address or phone number and I will cooperate fully
with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to
the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

APR - 1 2004

| X 06/06/03 | X *[signature]* |
|---|---|
| Date | Charging Party Signature |

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | AMENDMENT |
| ☒ EEOC | 100-2003-00561 |

**D.C. Office Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Samuel H. Mwabira-Simera** | **(202) 388-3488** | **12-03-1960** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 1405 Washington, DC 20013** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **SODEXHO** | **500 or More** | **(202) 387-2306** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2400 6th St., N.W. Washington, DC 20059** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☒ COLOR ☒ SEX ☐ RELIGION ☒ NATIONAL ORIGIN

☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **03-12-2001** | **06-22-2003** |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am employed by Sodexho as a utility worker. I have been harassed and intimidated in that I have been falsely accused of stealing; my person has been searched repeatedly; my car has been searched; I have been assigned difficult assignments; my hours were cut; I was denied breaks; I was told that I am too old; and I was called a smelly frustrating son of a bitch. These are just some examples of the harassment and intimidation. I believe that this is due to my age, my national origin, my sex, my color, my race, and in retaliation for complaining about the situation.

I believe that I have been discriminated against due to my age, 42, in violation of the Age Discrimination in Employment Act of 1967, as amended, my national origin, Uganda, my race and color, Black, my gender, male, and retaliation, which is in violation of the Civil Rights Act of 1964, as amended.

04 0538
FILED

APR - 1 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 08/04/03 _____ Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161-B (10/96)

## U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Mr. Samuel H. Mwabira-Simera<br>P.O. Box 1405<br>Washington, D.C. 20013 | U.S. Equal Employment Opportunity Commission<br>Washington Field Office<br>1400 L. Street, N.W. Suite 200<br>Washington, D.C. 20005 |

| [  ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | | |
|---|---|---|---|
| Charge No.<br>100-2003-00561 | | EEOC Representative<br>Dana Hutter, Acting Director | Telephone No.<br>(202) 275-7377 |

## NOTICE TO THE PERSON AGGRIEVED:

*(See also the additional information attached to this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[X ]    More than 180 days have passed since the filing of this charge.

[  ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ]    The EEOC is terminating its processing of this charge.

[  ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[  ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Dana Hutter, Acting Director

JAN 0 5 2004

*(Date Mailed)*

Enclosure(s)

cc:

Charles O. Kwarteng, J.D. Ph.D.
Law Offices
6215 Harford Road
P.O. Box 24568
Baltimore, MD 21214

Vilecia C. Summers
Senior EEO Representative
Sodexho
9801 Washington Boulevard
Gaithersburg, MD 20878



EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

| TO: | **D.C. Office Of Human Rights**<br>**441 4th Street, N.W.**<br>**Room 570N**<br>**Washington, DC 20001** | Date | **Aug 04, 2003** |
| --- | --- | --- | --- |
| | | EEOC Charge No.<br>**100-2003-00561** | |
| | | FEPA Charge No. | |

**CHARGE TRANSMITTAL**

SUBJECT:  **Samuel H. Mwabira-Simera**  v.  **SODEXHO**
          *Charging Party*          *Respondent*

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC   ☐ _____   on  **July 14, 2003**
                *Name of FEPA*              *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

   ☐ EEOC requests a waiver          ☐ FEPA waives

   ☐ No waiver requested             ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official<br>**Silvio Fernandez** | Signature/Initials |
| --- | --- |

**Samuel H. Mwabira-Simera**  v.  **SODEXHO**
*Charging Party*          *Respondent*

**TO WHOM IT MAY CONCERN:**

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official | Signature/Initials |
| --- | --- |

| TO: | **Washington Field Office**<br>**1400 L Street, NW**<br>**Suite 200, Room 400**<br>**Washington, DC 20005** | Date | **Aug 04, 2003** |
| --- | --- | --- | --- |
| | | EEOC Charge No.<br>**100-2003-00561** | |
| | | FEPA Charge No. | |



**S**<sup></sup>**MH**

ST. MICHAEL'S HOSPITAL

30 Bond Street
Toronto, Ontario
M5B 1W8

A teaching hospital
affiliated with the
University of Toronto

August 14, 1997

Mr. Darryl E. Zeigler
Assistant Director
Howard University
2400 6th Street, North West
Washington, DC 20059
U.S.A.

Dear Mr. Zeigler:

Re:    MR. SAMUEL H. MWABIRA-SIMERA

Mr. Simera has been a patient of mine for the last two years.  He has two major medical
problems.

His first problem is Post Traumatic Stress Disorder.  This followed from being a victim of torture
in his native Uganda.  He continues to suffer from several somatic problems including back ache,
chest pains, abdominal pains and headaches.  He has periodic bouts of depression.

His second problem is a hearing defect.  These two problems are of a chronic nature and therefore
I do not see any improvement in the short term.

I hope this information is sufficient for you to make a decision about the support he will require
for his academic studies at Howard University.

Sincerely,

S. Devanesen, MD,CCFP,M.Cl.Sc,FCFP
Chief
Department of Family and Community Medicine

04 0538

c:  .  Mr. Simera
       615 Irving Street, North West
       Washington, DC 20001

245 Sherbourne Street
Apartment 2
Toronto, Ontario
M5A 2R8

OFFICE OF THE DEAN
SPECIAL STUDENT SERVICE
HOWARD UNIVERSITY

**FILED**

APR - 1 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

'97 AUG 25 P12 :40

**RECEIVED**

Toronto's Urban Angel

yee Name: _Samuel Mwabira_      Date of Meeting: _9/19/03_
int _____       Date of Incident: _9/9/03_
yee Position: _____       Supervisor's Name: _D. McClants_
                                 Supervisor's Position: _Unit mgr_

behavior was observed that caused this disciplinary action? (What happened, when, where?)
_Officer Jones and myself, Donna McClants,_
_saw Mr Mwabira pass a bag of something_
_to his son. The son left the building of the_
_Mr. Mwabira did not have permission to take food off this_

observed the behavior? _Donna McClants and Officer Jones_

policy or work rule was violated? _Unauthorized removal, or removal from_
_the premises without prior authorization of food_

e is that policy written? _Howard University Dining Savs Handbook_

effect did the employee's behavior have on the unit? _high food cost and_
_inventory problems_

actions are going to be taken? _termination_



is expected behavior of the employee in the future? _____

are the consequences for failure to correct this behavior? _____

the employee been told about the Guarantee of Fair Treatment?   ✓ Yes ____ No

cyee's Comments: _____

| Verbal Warning | First Written Warning | Second Written Warning |
|---|---|---|
| | Employee's Signature: _____ | Employee's Signature: _____ |
| | Date: _____ | Date: _____ |

**04  0538**

**04  0538**

ee's signature not required)

ployee's Signature: _____        Supervisor's Signature _Donna McClint_      Witness's Signature _Jones Crumder_
                                 Date _9/19/03_                            Date _9/19/03_

**FILED**

Distribution:    Original at Employee's Personnel File          Copy to Employee

APR - 1 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

HOWARD UNIVERSITY
CAMPUS POLICE DEPARTMENT
Washington, D.C. 20059
INCIDENT/OFFENSE REPORT FORM

| 1. DATE / TIME THIS REPORT | 2. COMPLAINANT OR SUBJECT'S NAME (Circle Code) | 3. ID NUMBER | 4. JHU. REPORT NUMBER |
|---|---|---|---|
| 9-19-03 12:02 pm | Donna McCants | N/A | 03-1653 |

| 5. OCCUPATION | 6. STREET ADDRESS OR DORMITORY & ROOM NUMBER | 7. HOME TELEPHONE 67400 | 8. MARITAL STATUS (CIRCLE) |
|---|---|---|---|
| Manager of Blackburn Café | Blackburn Center | 265-3859 | M  D  S  W |

| 9. SOCIAL SECURITY NUMBER | 10. SCHOOL ENROLLED (YEAR) OR OFFICE NUMBER | 11. SEX | 12. D.O.B. | 13. CRIME OR INCIDENT |
|---|---|---|---|---|
| N/A | N/A | Female | | Theft II |

| 14. VEHICLE USED TAG NO. & YEAR | 15. LOCATION OF CRIME - ROOM BLDG. NO. | 16. DATE RPT. THIS OFFICE | 17. PROPERTY TAKEN OR DAMAGED (CHECK) |
|---|---|---|---|
| N/A | Blackburn Café | 9-19-03 | ☑ UNIVERSITY  ☐ PRIVATE |

| 18. VEHICLE TYPE INVOLVED (CHECK) | 19. ESTIMATED LOSS OF PROPERTY DAMAGE | 20. WEAPON, TOOL, FORCE USED (DESCRIBE) | 21. TIME / DATE DISCOVERED |
|---|---|---|---|
| ☐ UNIVERSITY  ☑ PRIVATE | | N/A | 11:58 am 9-19-03 |

| 22. CODE: SUSPECT SUBJECT WITNESS VICTIM | 23. CCN# | 24. PRIOR UNIV. RECORD (CIRCLE) YES    NO | 25. STATE PRIOR CHARGES (USE BACK IF NECESSARY) |
|---|---|---|---|
| | | N/A | |

| 26. NAME: LAST, FIRST, MIDDLE | CODE | ADDRESS, DORMITORY ROOM NUMBER | DOB | DOB | TELEPHONE |
|---|---|---|---|---|---|
| Simera-Nwabica H. Samuel | 5 | | 12 6 24 | | |
| 27. | | | | | |
| 28. | | | | | |

| 29. HEALTH SERVICE RUNS TO HOWARD UNIVERSITY HOSPITAL | | 30. | |
|---|---|---|---|
| TRANSPORTED FROM: N/A        ROOM # | | TRANSPORTING NURSE: N/A | |

| 31. STATE BRIEFLY NATURE OF INJURY, LOCATION ON BODY | 32. TREATED BY: | ADMITTED |
|---|---|---|
| N/A | N/A | YES  NO |

| 33. EVID. TECH. NOTIFIED CSES | 34. INVESTIGATOR NOTIFIED | 35. SUPERVISOR NOTIFIED | 36. MPDC OPERATOR I.D# |
|---|---|---|---|
| N/A | N/A | Sgt. R. Banks | |

| 37. ☐ SUSPECT ☐ MISS. PERS. | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEX | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 38. ☐ SUSPECT ☐ MISS. PERS. | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEX | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |

**39. NARRATIVE REPORT: BRIEFLY DESCRIBE INCIDENT AND ACTION TAKEN: USE BACK TO LIST PROPERTY TAKEN:** On 9-19-03 at approximately 11:58 am, this writer was approached by Mrs. McCants in the lobby of the Blackburn Center at which time she brought my attention to a youth who was exiting the building. At this time this writer followed Mrs. McCants to the main entrance of the Blackburn Center where she called the young man back to the building. The young man came back and in his hands were a white cup containing a red liquid with ice and a white plastic bag that had fruit and pastries. Upon further investigation it was discovered that the young man was the son of Mr. Simera who works in the Blackburn Café. Mr. Simera is also the same person that this writer saw in the lobby with the youth at the time that Mrs. McCants approached this writer. The young

| 40. REPORTING OFFICERS | 41. SUPERVISOR APPROVING REPORT | 42. METROPOLITAN POLICE OFFICERS |
|---|---|---|
| Kevin Jones 124 | | |

| 43. ADDITIONAL UNIVERSITY OFFICIALS RESPONDING | 44. INVESTIGATOR ASSIGNED |
|---|---|
| | |

CPn #251                                    (SEE REVERSE SIDE )

In the United States District  Court for the District of Columbia

Samuel H. Mwabira-Simera                    *
1206 Randolph Street NE
Washington, DC 20017


        Plaintiff

                                        Civil Case No:

v                                    *        CASE NUMBER  1:04CV01240

Sodexho/Marriot Management Services           JUDGE: Emmet G. Sullivan
Blackburn Center Cafeteria
Howard University                             DECK TYPE: Employment Discrimination
2400 6th Street, NW.
Washington, DC 20059                          DATE STAMP: 07/26/2004


        And

Marcus Worley.

        And

Donna McCants
Sodexho
Blackburn Center Cafeteria
Howard University
2400 6th Street, NW.
Washington, DC 20059


        Defendants


●    *    *    *    *    *    *    *    *    *    *    *    *

        **Complaint and Prayer for Jury Trial**

1. Samuel H. Mwabira-Simera, (hereinafter "Plaintiff Mwabira"), by and through his   attorney
Charles O. Kwarteng, Esq., sues Defendants, Sodexho  Marriot Management Services
(hereinafter "Sodexho") Marcus Worley ("defendant Worley"), Donna McCants ("defendant

**EXHIBIT**

2

McCants"), and states as follows:

## Parties

2. Plaintiff Mwabira is a forty-three (43) year-old black male, and of African, Ugandan, national origin and is, at all times relevant, a resident of Washington, District of Columbia.

3. Marcus Worley is and was at all times relevant and agent, servant, employee of defendant Sodexho.

4. Defendant Sodexho is a corporation doing business in Washington, D.C. Defendant carries on a regular business in this District, including but not limited to its food care service at Howard University at 2400 6th Street, N.W. Washington, D.C. 20059.

5. Defendant McCants is and was at all times relevant and agent, servant, employee of defendant Sodexho.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action, by virtue of Plaintiff Mwabira's claim under Title VII of the Civil Rights Act of 1964, as amended, and 42 USCA, Section 1983, and Section 1985(3), that are federal statutes protecting Plaintiff's rights, as well as 28 USCA, Sections 1331, 1343 (3), and 2201. Plaintiff also pleads pendent causes of action, based on the common law of the District of Columbia

## Administrative Prerequisites

7 . Plaintiff Mwabira timely filed a Charge of discrimination on March 1, 2004, in relation to defendant's unlawful retaliation against Plaintiff in employment, under Title VII, of the Civil Rights Act of 1964, The EEOC properly issued a notice of the right to sue, on or about April 26, 2004, and attached hereto as Plaintiffs's **Exhibit 1**, and **Exhibit 2**, and is cross-filed with the District of Columbia Office of Human Rights. Plaintiff has met all conditions precedent to filing this suit, and this suit is timely filed.

## Facts Common to All counts.

8. Plaintiff Mwabira was employed by Defendant Sodexho, since March 26, 2001, as a Utility worker at Defendant's place of business at Howard University, located at 2400 6th Street N.W., in Washington, DC, and at all times relevant, plaintiff Mwabira performed his duties in a satisfactory manner.

9. Sodexho, Mccants, and Marcus are/were an "employer", and/or agents of an employer and Plaintiff is/was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964,

as amended, and belongs to a class protected under said statute based on his African (Ugandan) national origin, to be free from unlawful retaliation in violation of Title VII.

10 All agents servants, and employees of defendant Sodexho acted, or failed to act, and such acts and omissions were conducted within the scope and course of their employment with defendant Sodexho, and caused deprivation of plaintiff's rights

11. Defendant Sodexho, an employer, is vicariously liable for the acts and/or omissions of her employees and supervisors done in the scope and course of employment, which caused deprivation of plaintiffs' rights as alleged herein.

## Count I (**(Unlawful Retaliation) under Title VII of the Civil Rights Act, 1964, as amended, 42 USCA 2000e et sequel)**

12. Plaintiff Mwabira sues defendant Sodexho under Title VII of the Civil Right Act of 1964, as amended, for defendant's violation of Plaintiff Mwabira's right to be free from unlawful retaliation for having engaged in activities protected by Title VII of the Civil Rights Act of 1964, as amended, and incorporates by reference, the allegations in paragraph 1 through paragraph 11, as if set forth herein, and further states.

13. Plaintiff is a member of the employee's Union at Sodexho.

14. Plaintiff Mwabira complained to the Union and the EEOC about defendant's unlawful employment practices, and discrimination against Plaintiff.

15. In August 2003, Plaintiff filed a charge of discrimination against Sodexho. In retaliation, Sodexho terminated Plaintiff's employment in September 2003. Said termination was illegal and unlawful, and violated plaintiff's right to be free from unlawful retaliation for protesting Defendant's unlawful employment practices, and participating in proceedings related to Defendant's violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

16. As a result of Plaintiff filing a charge of discrimination against defendant in August 2003, Sodexho, Defendant McCants, and defendant Worley, intensified their hostility toward plaintiff. Defendant Sodexho, its agents, employees and servants, including but not limited to Donna McCants, Marcus Worley, monitored plaintiff, told plaintiff not to visit the toilet, and sent agents to come to the toilet, to harass plaintiff.

17. Defendant, Donna McCants, Marcus Worley and Tony Stewart, chief cook for defendant Sodexho, directly and/or indirectly, followed Plaintiff, in the bathroom, harassing plaintiff, and strip searching plaintiff.

18. As a direct and proximate result of Plaintiff filing a charge of retaliation with the EEOC on or about August 2003, Plaintiff was retaliated against by being finally unlawfully terminated from his employment, in September, 2003.

19. As a direct and proximate result of defendant's retaliation against Plaintiff Mwabira, plaintiff suffered damages, including embarrassment, humiliation, loss of reputation, loss of appetite, loss of weight, and mental anguish.

Wherefore Plaintiff Mwabira seeks judgment against Defendant Sodexho as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous retaliation against plaintiff, and callous, oppressive and reckless indifference to violation of plaintiff's federally protected rights c) attorney fees and costs

## Count II  (Conspiracy) under 42 USCA Section 1983, Section 1985(3)

20. Plaintiff Mwabira sues defendant Sodexho, defendant Worley, and Defendant McCants, under 42 USCA Section 1983 and Section 1985(3), for engaging in a conspiracy to deprive plaintiff of his right to be free from conspiracy, and incorporates by reference, the allegations in paragraph 1 through paragraph 19, as if set forth herein, and further states.

21. Plaintiff is a person within the ambit of 42 USCA, Section 1983, Section 1985(3), and at all times relevant, was within the jurisdiction of the United States. Defendant Worley and defendant McCants are person within the meaning of 42 USCA, Section 1983, Section 1985(3).

22. On various occasions, and including but not limited to September 19, 2003, defendant Worley and Defendant McCants conspired, and further conspired with other parties, including agents, servants, and employees of Sodexho, to deprive plaintiff of the right to be free from harassment, intimidation, retaliation and the right to be treated equally as similarly situated persons, including African-American utility workers at Sodexho. Defendant McCants conspired with other employees of Sodexho, including Marcus Worley, to falsify plaintiff's records at Sedexho, so as to unlawfully frame criminal charges against him, that would form a justification for his termination. Plaintiff's was deprived of his rights secured by 42 USCA, Section 1981, 42 USCA, section 2000e, and privileges and immunities secured to him to be free from retaliation for exercising rights guaranteed by the First, Fifth and Fourteenth Amendment to the United States Constitution.

23. Defendants' acts were done intentionally to deprive plaintiff of his right not to be deprived of his property without due process, secured by the United States constitution, under the Fifth and Fourteen Amendment, and to be free from unlawful retaliation secured by Title VII of the Civil Rights Act of 1964, as amended, and his right to exercise a lawful right, to wit, to protest against

unlawful employment practices, guaranteed under the First and Fourteenth Amendments to the United States Constitution. Defendants committed overt acts in furtherance of said conspiracy, by monitoring, strip searching and harassing, plaintiff, by filing false charges against plaintiff, and finally causing Plaintiff's employment with Sodexho to be unlawfully terminated in or about September 2003, said acts done under the color of law of the District of Columbia.

24. As a proximate result of defendants' conspiracy, plaintiff suffered damages, including but not limited to loss of appetite, loss of weight, mental anguish, emotional distress and embarrassment.

Wherefore Plaintiff Mwabira seeks judgment against Defendants, jointly and severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendants's negligence c) attorney fees and costs

Count III  (**Negligence**)

25 . Plaintiff Mwabira  sues  Defendant Sodexho  for negligence, and states Plaintiffs incorporates by reference the allegations made in paragraph 1 through paragraph 24, as if set forth herein and states.

26.  Defendant Sodexho owed a duty toward plaintiff Mwabira  to provide a working environment free from discrimination, intimidation, false reports, harassment, as promised by defendants in their employment manual. Further, Sodexho owed a duty to plaintiff Mwabira  to use reasonable care in hiring, retaining, supervising, and disciplining her workers, including but not limited to defendant McCants, Tony Stewart, and John Parker, and Marcus Worley, so as not to cause harm to plaintiff's including violation of Plaintiff's right to be free from intimidation, unlawful searches, false imprisonment, and defamation.

27. Defendant Sodexho is vicariously liable for the acts and omissions of her agents, servants and employees committed in the course and scope of employment. Defendant Sodexho was negligent in hiring, training, retaining and supervising defendant McCants, and defendant Worley.

28. Defendant Sodexho  beached its duty of reasonable care owed toward plaintiffs by failing to properly investigate facts of harassment, intimidation, and hostility, when plaintiff informed defendant Sodeaxho  of same, and by negligently recruiting, training, supervising and retaining defendant McCants, Tony Stewart and John Parker, and Marcus Worley.

29. Defendants  had a duty to properly investigate facts of the case, and to make appropriate decisions, so as not to harm plaintiff.

30. Defendant Howard and defendant Sodexho  breached their duty owed to Plaintiffs, in that Defendants  failed to properly investigate the facts supporting their charges of theft, as prudent investigation would have exculpated Plaintiff of any theft.

31. As a direct and proximate result of defendants' acts and/or omissions, plaintiff Mwabira suffered damages, including but not limited to loss of reputation, emotional distress and loss of weight.

Wherefore Plaintiff Mwabira seeks judgment against Defendants, jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendants's negligence c) attorney fees and costs.

## Count IV **Intentional Infliction of Emotional Distress**

32 . Plaintiff Mwabira sues Sodexho, Defendant McCants, defendant Marcus for intentional infliction of emotional distress, and states plaintiffs realleges the allegations in paragraph 1 through paragraph 31, as if set forth herein

33. As a result of plaintiff filing a complaint with the EEOC alleging discrimination by defendant Sodexho, defendants filed frivolous criminal charges against Plaintiff. Defendants' conduct were intentional, reckless and in deliberate disregard for a high probability that emotional distress would result to plaintiff, who witnessed the reckless conduct of defendants, which acts including filing false charges against plaintiffs, calling the police to arrest plaintiffs.

34. The aforesaid conduct of defendants , in filing false charges against plaintiffs was extreme and outrageous and beyond the bounds of decency in society, and defendants knew that said acts would cause, and did cause severe and extreme emotional distress in plaintiff, and at all times, defendant Sodexho was vicariously liable for the acts and omissions of their employees that were committed in the course and scope of employment, and they ratified these acts and/or benefitted from the acts.

35. As a direct and proximate result of the acts and/or omissions of defendants, plaintiff suffered damages, including but not limited to severe and extreme emotional distress, loss of appetite, headaches, physical pains and suffering.

Wherefore Plaintiff Mwabira, seeks judgment against Defendant Sodexho and defendant McCants, and defendant Marcus jointly and/or severally, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs

**Plaintiff hereby prays a trial by jury in this matter**

Charles O. Kwarteng, Esq
6215 Harford Road, 2nd Fl
P. O. Box 24568

Baltimore, Maryland 21214
(410) 319-8100
 (410) 319-8172 fax

Attorney for Plaintiffs

**Federal Bar No: 25904**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Samuel H. Mwabira-Simera
P.O. Box 1405
Washington, DC 20013

From: Washington DC Field Office
1400 L Street, NW
Suite 200
Washington, DC 20005

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR § 1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2004-00388 | Janice B. Campbell, Enforcement Supervisor | (202) 275-7377 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Dana R Hutter

APR 2 6 2004

Enclosure(s)

Dana Hutter,
Acting Director

*(Date Mailed)*

cc:  Vilecia C. Summers
Senior EEO Representative
SODEXHO
9801 Washington Blvd.
Gaithersburg, MD 20878



EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 100-2004-00388 |

| **D.C. Office Of Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Samuel H. Mwabira-Simera | (202) 388-3488 | 12-03-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 1405,  Washington, DC 20013 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SODEXHO MANAGEMENT, INC. | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2400  6th Street, N.W.,  Washington, DC 20059 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON  (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 09-14-2003 | 09-14-2003 |

☐ CONTINUING ACTION

THE PARTICULARS ARE  (If additional paper is needed, attach extra sheet(s)):

I.  In August 2003, I filed an EEOC complaint against the above named Respondent.  In retaliation, on September 14, 2003, I was terminated.

II.  Respondent stated that I was terminated for theft.  I adamantly disputed this false allegation.

III.  I believe that I was terminated, in retaliation for having protested discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended (Sec. 704)(a).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Mar 01, 2004                    _Simera_<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year ) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL H. MWABIRA-SIMERA and JOHN E. SIMERA-NANDALA, **Plaintiffs,** v. SODEXHO MARRIOT MANAGEMENT SERVICES, et al., **Defendants.** | Civil Action No. 04-0538 (JDB) |
| SAMUEL H. MWABIRA-SIMERA, **Plaintiff,** v. SODEXHO MARRIOT MANAGEMENT SERVICES, et al., **Defendants.** | Civil Action No. 04-1240 (JDB) |

<u>**ORDER**</u>

These consolidated actions involve the employment and eventual termination of plaintiff

Samuel H. Mwabira-Simera, a utility worker at a cafeteria that defendant Sodexho Marriot

Management Services ("Sodexho") operated for defendant Howard University ("Howard").

Plaintiff alleges that in the course of his employment he was subjected to a series of

discriminatory and harassing acts, culminating in an incident in which he was fired after being

accused of passing cafeteria food to his son, also a plaintiff in one case. Plaintiffs bring these

actions against Sodexho and two of its employees (collectively, "the Sodexho defendants") and

-1-

EXHIBIT

3

tabbies

Howard and one of its employees (collectively, "the Howard defendants"), asserting claims of discrimination on the basis of national origin under Title VII, retaliation under Title VII, discrimination on the basis of disability under the American with Disabilities Act, and a variety of common law tort claims.

The Sodexho defendants have moved to dismiss the claims of plaintiff Mwabira-Simera, arguing that those claims are barred by a release agreement Mwabira-Simera signed a mere two weeks before he commenced this litigation. When Mwabira-Simera was terminated, his union filed a grievance against Sodexho challenging his termination. The grievance led to an arbitration proceeding, and during a break in the proceedings, the parties reached a settlement. According to the terms of the settlement agreement bearing Mwabira-Simera's signature,[1] Sodexho agreed to reinstate Mwabira-Simera as a utility person without any loss of seniority,[2] in exchange for which Mwabira-Simera agreed to "fully and finally resolve, settle and release" Sodexho and its employees "from any and all disputes and claims that were or could have been alleged in the grievance underlying" the arbitration. Def. Mot., Ex. 1, ¶ 2. The settlement agreement goes on to state that Mwabira-Simera agrees "to waive any and all claims for back pay, benefits, and any other economic damages through the date of his restatement." Id. ¶ 4. The settlement agreement is dated March 15, 2004. On April 1, 2004, plaintiffs Mwabira-Simera and Simera-Nindala filed this lawsuit.[3]

---

[1] The settlement agreement was also signed by a representative of Mwabira-Simera's union and an official of Sodexho.

[2] Sodexho reinstated Mwabira-Simera on July 2, 2004. Decl. of Donna McCants ¶ 4.

[3] Plaintiff Mwabira-Simera filed his second lawsuit in this Court on July 26, 2004. The Complaint in that suit made many of the same allegations against several of the same defendants,

The Court agrees that Mwabira-Simera's claims against the Sodexho defendants are foreclosed by the plain language of the settlement agreement, and therefore must be dismissed. The claims in the complaints in these actions either "were . . . alleged" in the union grievance (which involved a challenge to the termination of Mwabira-Simera) or "could have been alleged" in the union grievance (the form on which the union asserted its grievance even included spaces for allegations of harassment, discrimination, suspension, contract violation, job classification, among others, see Def. Mot., Ex. 2). Each of the claims is also one "for back pay, benefits, and any other economic damages through the date of his reinstatement." Mwabira-Simera therefore has waived and released each of his claims against the Sodexho defendants, and is barred from asserting them in the instant action.[4]

Mwabira-Simera's various attempts to avoid the terms of the settlement agreement are unavailing. He suggests that releases of Title VII and ADA claims are void against public policy, but he does not cite any law for this proposition, and in fact releases of these claims are routinely enforced. See, e.g., Brown v. United States, 271 F. Supp. 2d 225, 228-29 (D.D.C. 2003); Morgan v. Fed. Home Loan Mortgage Corp., 172 F. Supp. 2d 98, 106 (D.D.C. 2001). He also argues that the settlement agreement cannot be read to release his Title VII and ADA claims because the agreement does not specifically mention those claims. However, the law is clear that a broad and unambiguous release need not list every conceivable cause of action that might come within its terms. See Smith v. Amedisys, Inc., 298 F.3d 434, 443 (5th Cir. 2002) ("There is no obligation,

---

and also adds Marcus Worley as a new defendant. On September 9, 2004, the Court granted the parties' consent motion to consolidate the two cases.

[4] This ruling does not apply to the claims of plaintiff John E. Simera-Nindala, or the claims against the Howard defendants, none of whom were parties to the settlement agreement.

however, under Title VII or federal common law, that a release must specify Title VII or federal

causes of action to constitute a valid release of a Title VII claim.").[5]

Plaintiff Mwabira-Simera's remaining arguments fare no better.  Without any elaboration,

he asserts that his attorney was deficient in advising him to sign the agreement.  Even if he could

muster some evidence for this charge (and he does not), it would not dissolve the release:

"[W]hen a litigant voluntarily accepts an offer of settlement, either directly or indirectly through

the duly authorized actions of his attorney, the integrity of the settlement cannot be attacked on the

basis of inadequate representation of counsel."  Petty v. Timken Corp., 849 F.2d 130, 133 (4th

Cir. 1988).  Finally, Mwabira-Simera argues that he chose not to make claims of harassment and

other similar charges in his union grievance, and therefore should not be foreclosed from asserting

those claims here.  As indicated, this assertion misreads the agreement:  the release bars Mwabira-

Simera from bringing not only claims that "were . . . alleged" in the union grievance, but also

claims that "could have been alleged" in that grievance, and there is no contention that he was

unable to raise in the grievance each of the claims that he now asserts in his complaint.[6]

---

[5] See also Pilon v. Univ. of Minn., 710 F.2d 466, 467-68 (8th Cir. 1983) (holding that a
release of "any and all" claims "is clear and leaves no doubt that all claims potentially held by
Pilon are waived," including the Title VII claims alleged in the case); Samman v. Wharton
Econometric Forecasting Assocs., Inc., 577 F. Supp. 934, 934 (D.D.C. 1984) ("The court finds
that plaintiff's Title VII claims are barred by the unambiguous language of the release: 'Dr.
Samman hereby releases . . . [defendants] from any and all claims, obligations and liabilities
relating to Dr. Samman's employment with . . . [defendant].").

[6] Although he suggests that the Court should allow discovery into the scope of the
agreement, he does not explain what sort of discovery he would want or what facts that discovery
could hope to uncover that would shine any meaningful light on the unambiguous release in this
case.  See Cavaliere v. Lifespring, Inc., 1989 U.S. Dist. Lexis 13658, at *2 (D.D.C. 1989) (holding
that "[d]iscovery was not necessary" to determine the enforceability of the release agreement in
the case).

-4-

Plaintiff Mwabira-Simera signed the settlement agreement, was reinstated to his job as a result of the agreement, and now must honor the remaining terms of the agreement. For these reasons, the Sodexho defendants' motion to dismiss the claims of plaintiff Mwabira-Simera is **GRANTED**.[7]

**SO ORDERED.**

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

Dated: ___June 30, 2005___

---

[7] Because the Court grants in full the Sodexho defendants' motion to dismiss the claims of plaintiff Mwabira-Simera on the ground that they are foreclosed by the release agreement he signed, the Court does not find it necessary to reach the Sodexho defendants' argument that several of those claims are also barred under Rule 4(m) and the applicable statutes of limitations.

Copies to:

Charles Owusu Kwarteng
LAW OFFICE OF CHARLES O. KWARTENG & ASSOCIATES
6215 Harford Road
P.O. Box 24568
Baltimore, MD 21214
410) 319-8100
Fax : (410) 319-8172
Email: charleskwarteng@cs.com

Angela Ranel Williams
HOWARD UNIVERSITY
2400 Sixth Street, NW
Suite 321
Washington, DC 20059
(202) 806-2650
Fax : (202) 806-6357
Email: a_r_williams@howard.edu

David R. Warner
Todd J. Horn
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-8155
(410) 244-7400
Fax : (202) 344-8300
Email: drwarner@venable.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAMUEL H. MWABIRA-SIMERA and JOHN E. SIMERA-NANDALA,**<br><br>      **Plaintiffs,**<br><br>            **v.**<br><br>**SODEXHO MARRIOT MANAGEMENT SERVICES, et al.,**<br><br>      **Defendants.** | **Civil Action No.  04-0538 (JDB)** |
| **SAMUEL H. MWABIRA-SIMERA,**<br><br>      **Plaintiff,**<br><br>            **v.**<br><br>**SODEXHO MARRIOT MANAGEMENT SERVICES, et al.,**<br><br>      **Defendants.** | **Civil Action No.  04-1240 (JDB)** |

## MEMORANDUM OPINION

On September 2, 2004, the Court consolidated the above-captioned cases -- upon motion of the common defendants and with the consent of all other parties -- in order to resolve jointly the interrelated (and, to a large extent, duplicative) claims and defenses presented by the two cases.[1]  The complaints accuse Howard University ("Howard") and its food-services vendor,

---

[1] On April 1, 2004, plaintiffs filed the lawsuit that became Civil Action No. 04-538.  One of the plaintiffs filed the second lawsuit -- which made many of the same allegations against some of the same defendants and also added a new defendant -- on July 26, 2004.  It was docketed as Civil Action No. 04-1240.

**EXHIBIT**

**4**

Sodexho Marriott Management Services ("Sodexho"),[2] of committing numerous common-law

torts (invasion of privacy, defamation, false imprisonment, negligent hiring/retention/supervision

of employees, intentional infliction of emotional distress, misrepresentation, and abuse of process)

and accuse Sodexho of engaging in employment discrimination on the basis of national origin and

disability, conspiring to violate civil rights, and committing unlawful retaliation.  The plaintiffs

are Samuel H. Mwabira-Simera ("Mwabira"), a Sodexho employee who worked in a cafeteria at

Howard, and Mwabira's son, John E. Simera-Nandala ("Nandala").  They contend that Mwabira

was subjected to a series of discriminatory and harassing acts in the course of his employment

with Sodexho, culminating in his termination following an incident in which he was accused of

passing cafeteria food to Nandala.  That incident, which occurred on September 19, 2003, gave

rise to most of the tort claims by Mwabira and all of the tort claims by Nandala.

On June 30, 2005, the Court issued an order ("the June 30 order") granting the Sodexho

defendants' motion to dismiss all of Mwabira's claims against them on the grounds that the claims

were precluded by the terms of a settlement agreement under which Mwabira was reinstated.

Because the settlement involved only Mwabira and his employer and did not purport to release

other parties, the June 30 order did not affect any of the claims against the Howard defendants or

Nandala's claims against the Sodexho defendants.  The order did, however, terminate all of the

claims in the case that were based on federal law, because those claims involved only Mwabira's

allegations against the Sodexho defendants.  On July 28, Mwabira filed a notice of appeal,

---

[2] Also named as defendants are an employee of Howard and two employees of Sodexho.
In the interest of simplicity and clarity, the Court will refer collectively to Howard and its
employee as the "Howard defendants" and to Sodexho and its employees as the "Sodexho
defendants."

challenging the Court's dismissal of his claims against the Sodexho defendants. Since that time,

the discovery period for the remaining claims has concluded, and all defendants now have moved

to dismiss Nandala's claims based on his repeated failure to appear for scheduled depositions. The

Sodexho defendants filed a motion to dismiss Nandala's claims on September 2, and the Howard

defendants filed a similar motion on September 19. Nandala has not responded to either motion.

I.     **Motions to Dismiss Nandala's Claims**

   A.     **Jurisdiction Following Notice of Appeal**

   Before turning to the substance of the pending motions, the Court must clarify its

jurisdiction to rule on them. It is well-established that "the filing of a notice of appeal is an event

of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the

district court of its control of those aspects of the case involved in the appeal." See Griggs v.

Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Federal courts have concluded,

however, that a district court need not cede jurisdiction over a case if the appeal is taken from a

non-appealable order. See United States v. Defries, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997)

(acknowledging that appeals from non-appealable orders create an exception to the general rule

that notice of appeal strips the district court of jurisdiction) (citing United States v. Green, 882

F.2d 999, 1001 (5th Cir. 1989)); Ruby v. Sec'y of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966)

("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals,

or reference to a non-appealable order, is clear to the district court, it may disregard the purported

notice of appeal and proceed with the case, knowing that it has not been deprived of

jurisdiction."). For present purposes, then, the question of this Court's continued jurisdiction turns

on whether the June 30 order dismissing Mwabira's claims against the Sodexho defendants

constitutes an appealable order.

Rule 54 of the Federal Rules of Civil Procedure provides the standard for determining when a district court's order constitutes a "judgment ... from which an appeal lies." See Fed. R. Civ. P. 54(a). "When more than one claim for relief is presented in an action ... any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties," and thus will not be appealable unless the district court makes an "express determination that there is no just reason for delay" and gives an "express direction for the entry of judgment." Fed. R. Civ. P. 54(b). But where, as here, multiple cases are consolidated, ambiguity can arise about whether an order adjudicates all or "fewer than all" of the claims presented. The Court, therefore, must determine what constitutes the relevant "action," within the meaning of Rule 54(b). If "action" refers to any one of the original cases, and the order disposes of all of the claims in that case (even while leaving unresolved some claims in the consolidated case), then Rule 54 would present no obstacle to an appeal of that order; but if "action" refers to the consolidated case, with all its claims and parties, then the party aggrieved by the order cannot appeal until the district court resolves all the consolidated claims or grants certification for appeal under Rule 54(b). In the D.C. Circuit, "[w]hether consolidated cases retain their separate identit[ies] or become one case for purposes of appellate jurisdiction" is determined generally by reference to the reasons for consolidation and the manner in which the district court treats the combined cases. United States v. Columbia/HCA Healthcare Corp., 318 F.3d 214, 216 (D.C. Cir. 2003). More specifically, the court of appeals has said that, so long as the district court treats cases as consolidated "for all purposes," the cases will be deemed to be one action for jurisdictional determinations. Id. (citing

-4-

Phillips v. Heine, 984 F.2d 489, 490 (D.C. Cir. 1993)). That means that any order "deciding fewer

than all the claims of all the parties" in a consolidated action that has been treated as one case for

all purposes cannot be appealed without a Rule 54(b) certification. See id.

Although the June 30 order disposed of all the claims raised in Civil Action No. 04-1240

(and several of the claims raised in Civil Action No. 04-538), it did not resolve "all of the claims

of all the parties" in the consolidated action, which also includes claims by Mwabira against the

Howard defendants and claims by Nandala against the Howard defendants and the Sodexho

defendants. Since issuing the September 2, 2004, consolidation order, the Court has treated the

claims raised in the two original cases as combined for all purposes and, therefore, the June 30

order dismissing Mwabira's claims against the Sodexho defendants was not appealable within the

meaning of Rule 54. And, because Mwabira did not request -- and, thus, did not receive -- a Rule

54(b) certification from this Court permitting appeal of an otherwise non-appealable order, the

Court retains jurisdiction over the consolidated claims, notwithstanding the notice of appeal.

**B.    Dismissal Pursuant to Rule 37**

The pending motions by defendants to dismiss plaintiff Nandala's claims are based on

Rule 37(d) of the Federal Rules of Civil Procedure, which states, in relevant part: "If a party ...

fails ... to appear before the officer who is to take [the party's] deposition, after being served with

proper notice, ... the court in which the action is pending on motion may make such orders in

regard to the failure as are just, and among others it may take any action authorized by [Rule

37(b)(2)(C)]." That subparagraph of Rule 37, in turn, provides that the Court may "dismiss[] the

action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C); see also Bonds v. District

of Columbia, 93 F.3d 801, 807 (D.C. Cir. 1996) ("Under Rule 37, the district court has broad

discretion to impose sanctions for discovery violations.").

In their motions to dismiss, defendants detail the extensive efforts they undertook to depose Nandala over the past year, including making several last-minute accommodations for Nandala and his counsel. See Sodexho Defs.' Mot. to Dismiss at 2-6; Howard Defs.' Mot. to Dismiss at 2-4. One or both groups of defendants scheduled depositions of Nandala on five separate occasions: September 23, 2004; November 17, 2004; August 4, 2005; September 1, 2005; and September 12, 2005. Id. The parties rescheduled the first deposition by mutual agreement, but Nandala unilaterally cancelled each of the others with little or no notice. On or shortly before each date, Nandala's counsel informed defendants that Nandala could not or would not attend. For the two most recent scheduled depositions, defense counsel report that they received word that Nandala would not attend on the morning of the deposition -- and, in one case, only because counsel for the Sodexho defendants telephoned Nandala's lawyer. See Sodexho Defs.' Mot. to Dismiss at 5-6; Howard Defs.' Mot. to Dismiss at 3-4. Between the second and third noticed depositions of Nandala, on February 2, 2005, plaintiffs filed a motion for a protective order, asking the Court to, among other things, preclude defendants from deposing Nandala because he suffered from depression. See Pls.' Mot. for Protect. Order at 1 (Docket No. 20). At a status conference the next day, the Court reminded plaintiffs' counsel that the Federal Rules of Civil Procedure do not permit a party to maintain a lawsuit while refusing to be deposed. Counsel responded that he would make arrangements for a deposition of Nandala, thereby indicating that he was withdrawing that aspect of the motion for a protective order. On July 15, 2005, when the parties returned for another status conference, the Court reiterated that Nandala

must submit to a deposition by the defendants and set a sixty-day time frame for that to occur.[3]  At

that time, Nandala's counsel said plaintiffs did not object to the defendants deposing Nandala.

Nevertheless, Nandala failed to show up for three subsequent depositions scheduled during that

sixty-day period.  Furthermore, in the two months since defendants filed their motions to dismiss

pursuant to Rule 37, Nandala has not come forward with any explanation for his failure to appear.

The Court does not lightly grant motions to dismiss under Rule 37.  The D.C. Circuit has

said that dismissals under Rule 37 must be "based on 'willfulness, bad faith, or ... fault' on the part

of the plaintiff, see Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802

F.2d 1448, 1458 (D.C. Cir. 1986) (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212

(1958)), and that the district court should first "consider whether lesser sanctions would be more

appropriate for the particular violation," Bonds, 93 F.3d at 808.  Under the exceptional

circumstances presented in this case, the Court believes that dismissal without prejudice is the

most appropriate sanction.  Indeed, "[t]here is no credible basis for the Court to conclude that

[plaintiff's] failures were other than willful," see United States v. BCCI Holdings, 169 F.R.D. 220,

223 (D.D.C. 1996), and the Court has no reason to think that giving plaintiff Nandala yet another

chance to fulfill his obligation will result in a different outcome.  Nandala received ample warning

that the Court would not tolerate continued non-compliance with discovery requirements.  See

Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992) ("Oral proceedings

compelling discovery that 'unequivocally give a litigant notice' of the discovery required are a

---

[3] To emphasize the seriousness with which the Court views a party's repeated failure to comply in good faith with discovery requests, the Court issued an order three days later in which it stated that it would "impose costs on the losing party" to any future motion to compel discovery. See Sched. Order of July 18, 2005 (Docket No. 33).

sufficient basis for Rule 37(b)(2) sanctions."). Nonetheless, he has repeatedly failed to fulfill his

discovery obligations or offer any explanation for his actions. Moreover, the Court, in weighing a

Rule 37 motion to dismiss, is permitted to consider "prejudice to the judicial system, and the need

to deter similar misconduct in the future." See Bonds, 93 F.3d at 808. In this case, plaintiff

Nandala's obstructive conduct has needlessly consumed the resources of defendants and the Court,

and such prejudice to the judicial system warrants a substantial penalty.

The decision to dismiss Nandala's claims against the Howard defendants and the Sodexho

defendants is supported by the fact that the Court's continued jurisdiction over these state-law

claims is purely discretionary. Federal courts have jurisdiction over state-law claims only when

the claims either satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332 (which

no party suggests are met here), or (2) are closely "related" to federal-question claims, within the

meaning of the supplemental jurisdiction statute, 28 U.S.C. § 1367. The Court, however, may

decline to exercise supplemental jurisdiction if all federal-question claims have been dismissed or

otherwise resolved. See 28 U.S.C. § 1367(c). The only claims in this case that were founded on

federal law were Mwabira's claims against Sodexho, and all of those claims were dismissed by the

Court's June 30 order. Whatever considerations may have counseled in favor of this Court

retaining jurisdiction over Nandala's state-law claims are overcome by considerations of Nandala's

uncooperative behavior in litigating the dispute.

Accordingly, the Court will dismiss Nandala's claims against all defendants, without

prejudice.

## II.    Mwabira's Remaining Claims

Having already dismissed Mwabira's claims against the Sodexho defendants in the June 30

order, and now having dismissed Nandala's claims against all defendants, the Court is left with only one set of claims to address -- Mwabira's tort claims against the Howard defendants. As with Nandala's tort claims, these claims are based entirely on state law (specifically, the law of the District of Columbia). Because there is no diversity of citizenship between Mwabira and the Howard defendants, this Court's jurisdiction over Mwabira's tort claims can be based only on the discretionary supplemental jurisdiction of 28 U.S.C. § 1367. Given that the Court has dismissed Nandala's claims under Rule 37, that Mwabira's tort claims are closely entwined with those of his son (such that they ought to be resolved together), that there are no longer any related federal claims, and that the Howard defendants' relationship to the original federal-question claims was remote, prudence dictates that this Court decline to exercise supplemental jurisdiction over Mwabira's remaining claims at this time. See 28 U.S.C. § 1367(c)(3); see also Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908) (court may dismiss case on its own motion where subject-matter jurisdiction is lacking).

     Accordingly, Mwabira's remaining state-law claims will be dismissed, without prejudice, as no longer pendent to any continuing federal claim. A separate order has been issued on this date.

                                      /s/ John D. Bates
                                  JOHN D. BATES
                          United States District Judge

Dated:   November 2, 2005

Copies to:

Charles Owusu Kwarteng
LAW OFFICE OF CHARLES O. KWARTENG & ASSOCIATES
6215 Harford Road
P.O. Box 24568
Baltimore, MD  21214
Email: charleskwarteng@cs.com

     *Counsel for plaintiffs*


Angela Ranel Williams
HOWARD UNIVERSITY
2400 Sixth Street, NW, Suite 321
Washington, DC  20059
Email: a_r_williams@howard.edu

     *Counsel for Howard defendants*


David R. Warner
Todd J. Horn
VENABLE LLP
575 7th Street, NW
Washington, DC  20004
Email: drwarner@venable.com

     *Counsel for Sodexho defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL H. MWABIRA-SIMERA and JOHN E. SIMERA-NANDALA,<br><br>Plaintiffs,<br><br>v.<br><br>SODEXHO MARRIOT MANAGEMENT SERVICES, et al.,<br><br>Defendants. | Civil Action No.  04-0538 (JDB) |
| SAMUEL H. MWABIRA-SIMERA,<br><br>Plaintiff,<br><br>v.<br><br>SODEXHO MARRIOT MANAGEMENT SERVICES, et al.,<br><br>Defendants. | Civil Action No.  04-1240 (JDB) |

## ORDER

Upon consideration of the defendants' motions to dismiss and the entire record herein, and for the reasons stated in the Memorandum Opinion issued on this date, it is this 2nd day of November, 2005, hereby

**ORDERED** that [38] the Sodexho defendants' motion to dismiss plaintiff Nandala's claims and [42] the Howard defendants' motion to dismiss plaintiff Nandala's claims are **GRANTED**; it is further

**ORDERED** that plaintiff Nandala's claims are **DISMISSED**, without prejudice, pursuant

-1-

to Fed. R. Civ. P. 37(d); it is further

**ORDERED** that [36] the Howard defendants' motion to compel discovery and for

sanctions is **DENIED** as moot; and it is further

**ORDERED** that plaintiff Mwabira's claims against the Howard defendants are

**DISMISSED**, without prejudice, for want of subject-matter jurisdiction.


_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

Copies to:

Charles Owusu Kwarteng
LAW OFFICE OF CHARLES O. KWARTENG & ASSOCIATES
6215 Harford Road
P.O. Box 24568
Baltimore, MD  21214
Email: charleskwarteng@cs.com

*Counsel for plaintiffs*


Angela Ranel Williams
HOWARD UNIVERSITY
2400 Sixth Street, NW, Suite 321
Washington, DC  20059
Email: a_r_williams@howard.edu

*Counsel for Howard defendants*


David R. Warner
Todd J. Horn
VENABLE LLP
575 7th Street, NW
Washington, DC  20004
Email: drwarner@venable.com

*Counsel for Sodexho defendants*

# United States Court of Appeals

RECEIVED NOV 7 2006

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-7116**

**September Term, 2006**

04cv00538
04cv01240

**Filed On:**

Samuel H. Mwabira-Simera and John E.
Simera-Nandala,
      Appellants

   v.

Sodexho Marriot Management Services, et al.,
      Appellees



UNITED STATES COURT OF APPEALS
FOR **DISTRICT OF COLUMBIA CIRCUIT**
FILED

NOV 3 2006

CLERK

Consolidated with 05-7117

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Rogers, Griffith, and Kavanaugh, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. <u>See</u> Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed June 30, 2005 and November 2, 2005 be affirmed. The district court correctly determined that appellant Mwabira-Simera's claims against Sodexho Marriot Management Services and its employees were barred by a settlement agreement. <u>Cf.</u> <u>Francis v. Rodman Local Union 201 Pension Fund</u>, 367 F.3d 937, 940-41 (D.C. Cir. 2004) (holding that claim against pension fund barred by individual settlement agreement); <u>Saksenasingh v. Sec'y of Educ.</u>, 126 F.3d 347, 350 (D.C. Cir. 1997) (recognizing that if settlement agreement is not breached, it bars claim). The district court did not abuse its discretion in dismissing appellant Simera-Nandala's claims pursuant to Federal Rule of Civil Procedure 37. <u>See</u> <u>Founding Church of Scientology of Washington, D.C. v. Webster</u>, 802 F.2d 1448, 1457-59 (D.C. Cir. 1986). The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over the pendent state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Shekoyan v. Sibley Intern.</u>, 409 F.3d 414, 423-24 (D.C. Cir. 2005).

**EXHIBIT**

5

tabbies

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-7116**                    **September Term, 2006**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FILED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## In the United States District Court for the District of Columbia

Samuel H. Mwabira-Simera           }
    And                              }
Esther E. Mutonyi-Simera           }
1835 Central Pl. #14  P.O. Box 1405 }
Washington, DC 20013               }
                               }
   Plaintiffs                      }
                               }
Vs                                 }

Sodexho/Marriot Management Services
Attn.Ardra M.O'Neal
Senior Attorney, Labor & Employment Law
9801 Washingtonian Blvd
Gaithersburg, MD 20678

And                                }
Donna McCants, Marcus Worley, and Vincent Jones }
Sodexho Campus Services, Howard University }
Blackburn Center                   }
2400 6th Street, NW                }
Washington, DC 20059              }
                               }
Defendants                         }

CASE NUMBER  1:06CV02052

JUDGE: Richard W. Roberts

DECK TYPE: Employment Discrimination

DATE STAMP: 11 30 /2006

*JURY ACTION*

### Complaint and Prayer for Jury Trial

1. Samuel H. Mwabira-Simera (hereinafter "Plaintiff Mwabira-Simera") and Esther Mutonyi-Simera (hereinafter "Plaintiff Mutonyi-Simera"), sue Defendants Sodexho/Marriot Management Services (hereinafter "Sodexho"), Howard University (hereinafter "Howard"), Donna McCants (hereinafter "McCants"), and Marcus Worley (hereinafter "Worley"), and Vincent Jones (hereinafter "Jones") and state the following:

### Parties

2. Plaintiff Mwabira-Simera is a forty-five year-old African male, of Ugandan national origin, and is, at all times relevant, a resident of Washington, District of Columbia.

3. Plaintiff Mutonyi-Simera is a twenty-two year old, daughter of the Plaintiff Mwabira-Simera, of African, Ugandan national origin, and, is at all times relevant, a resident of Washington, D.C.

# RECEIVED

OCT 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT

6

4. Defendant Sodexho is a corporation doing business in Washington, D.C. Defendant carries on a regular business in this District, including but not limited to its food care services at Howard University at 2400 6th Street, N.W. Washington, D.C. 20059.

5. Defendant McCants, is and was at all times a relevant agent, servant, and employee as Unit Manager of defendant Sodexho, defendant Worley, is and was at all times a relevant agent, servant, and employee as Executive Chef of defendant Sodexho, and defendant Jones is and was at all times a relevant agent, servant, and employee as Chief Chef of defendant Sodexho located at Howard University 2400 6th Street N.W Washington, D.C.20059

## Jurisdiction and Venue

6. This Court has jurisdiction over this action by virtue of Plaintiff Mwabira-Simera's claim under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et sequel* 5(f)(3) as amended and Retaliation (sec.704 (a) as amended. Plaintiff Mwabira–Simera also sues defendant Sodexho for the following-: (1) under Title I the Americans with Disability Act (ADA) 1990, 42 USCA Section 12101 *et sequel,* (2) under Title VII of the Civil Rights Act of 1964 42 USC 2000e *et sequel* 5(f)(3),; under Section 504 of the Rehabilitation Act of 1973; (3) (4) under Title IX Gender and Minority Act (G&M) of 1972, as amended; (5) under the Fair Housing and Employment Act (G&E) of 1971 and Title VII of the Civil Rights Act of 1971, (6) under Family, and Medical Leave Act (G&E) of 1971 and (7) under the civil Rights Act of 1866 Title 42 U.S.C.A 1981; (8) Plaintiffs Mwabira-Simera, and Mutonyi-Simera also sue defendant Sodexho Under Constitutional rights under Title 42 U.S.C.A 1983; (9) Fourth Amendment: "[t]he right of the people to be secure ... against unreasonable searches and seizures;" (10) and, Due Process Clause of the Fifth Amendment of the United States Constitution. Plaintiffs further plead for relief for pendent claims for all counts under the laws of the District of Columbia, and common law, as the pendent claims arise from a "common nucleus of operative facts" for Sodexho's persistent and egregious discrimination customs, and traditions[1] in violation of Rights, guaranteed by a Statutory federal statute conferring jurisdiction on this Court.

---

[1] A discrimination case was filed by Cynthia McReyolds and Ellen Early on behalf of more than 2,400 minorities currently working with Sodexho Inc., which boasts one of the highest rates of job availability for minorities-But, according to a class lawsuit claim, only as long as they are content to remain in the lower ranks for their entire careers. Company spokeswoman Leslie Aun "called the action groundless Sodexho has won awards for its work placesity," she said *The Examiner Newspaper,* Monday, April 25, 2005.

Sodexho Inc., the Gaithersburg based food and facilities management, agreed Wednesday to pay 80 million dollars to settle a lawsuit that claimed it systematically denied 3400 blacks mid-level management positions. *The Washington Post,* Thursday April 28th, 2005.

**Administrative Prerequisites**

7. Plaintiff Mwabira-Simera timely filed charges of employment discrimination against defendant Sodexho, under Title VII of the Civil Rights Act of 1964, as amended, and under the ADA were filed with the U.S. EEOC, on or about August 4, 2003, July 2003, January 2005 and attached hereto as Plaintiff's **Exhibit 1A, Exhibit 1B,** and **Exhibit IC**. Plaintiff Mwabira-Simera received notices of the right to sue, which are attached hereto as evidenced by Plaintiff's **Exhibit 2A, Exhibit 2B** and **Exhibit 2C**. Plaintiffs Mwabira-Simera and Mutonyi have met all conditions precedent to filling this suit.

**Facts Common to all Counts**

8. Plaintiff Mwabira-Simera was employed by Defendant Sodexho, since March 26, 2001, as a Utility worker at Defendant's place of business at Howard University, located at 2400 6th Street N.W., Washington, D.C.

9. At all times relevant, Plaintiff Mwabira-Simera performed his duties in a satisfactory manner. **(Exhibit 3)**

10. While still a Sodexho employee, Sodexho and its agents, employees, and servants, have willingly and knowingly subjected Appellant Mwabira-Simera to racial discrimination, harassment, bullying, a hostile working environment, false imprisonment, illegal arrest, derogatory epithets about Plaintiff's national origin, ethnic jokes, slurs, and disability, falsification, malicious prosecution, abuse such as smelling like "urine", "mops", "cats", **(Exhibit 4)** "unhygienic", "gluttony", invasion of privacy (daily strip searches, bags searches, his body & car searches), denial of breaks **(Exhibit 5)**, to use bathroom, denial to eat at work, assignment of unpleasant and dangerous tasks, and defamatory events [spying on him as thief] monitoring, on occasions where similarly situated employees of American national origin, were permitted to eat. All these acts and or omissions were carried out by Sodexho, its agents, employees, and servants within the course and scope of employment at Sodexho.

11. Defendant Sodexho, an employer, is vicariously liable for the acts and/or omissions of her employees and supervisors done in the scope and course of the academic year, which deprived plaintiff of his rights as alleged herein.

**Count I (Unlawful Discrimination Based on National Origin (Under Title VII of the Civil Rights Act, 1964, as amended, 42 USCA 2000e et sequel)**

12. Plaintiff Mwabira sues defendant Sodexho on the basis of Sodexho's unlawful discrimination (right to sue on discriminations see. *Pierce v. Ortho Pharmaceutical Corp.* (N.J.1980)); *United States v. Price*, 383 U.S. 787, 800 (1966)(statute precludes interference with all rights protected by Constitution or federal statutes); *Washington State Serv. Employees* (NLRB 1971) against Plaintiff Mwabira-Simera on the basis of his African (Ugandan) national origin, sues defendant, under Title VII of the Civil Rights Act of 1964, as amended, and incorporates, by reference, the allegations in paragraph 1 through paragraph 11, as set forth herein, and further states.

13. Plaintiff Mwabira-Simera is and was an "employee" within the meaning of Title VII and belongs to a class protected under the statute, based on his African (Ugandan) national origin. Defendant Sodexho is an "employer" and defendants McCants, Worley, and Jones are/were "agents" of the employer within the meaning of the Titles VII.

14. On several occasions, while Plaintiff Mwabira-Simera is and was still employed by Sodexho, defendant Sodexho and her agents, servants, and employees, including, but not limited to Defendant s McCants, Worley, and Jones, intentionally discriminated against Plaintiff Mwabira-Simera on the basis of his African, Ugandan national origin, violating Plaintiff Mwabira-Simera's right to be free of racial and national origin discrimination under Titles VII of the Civil Rights Act of 1964, as amended.

15. Defendant Sodexho's discriminatory customs, policies, and practices covered a wide spectrum of the terms, conditions, and privileges of employment, including, but not limited to the following:

A) Plaintiff was deformed, falsely arrested/imprisoned, reprimanded daily, and denied use of bathroom, regular breaks and eating that were given to similarly situated employees who are American-born, African-American, and/or persons of Latin American national origin.

B) Agents, servants, and employees of Sodexho made derogatory, insulting, and humiliating ethnic slurs and comments about Plaintiff Mwabira-Simera, based on his African, Ugandan, national origin, including, but not limited to, his physical characteristics, his "long African name", his "funny accent", and his "smelly African odor". Defendants McCants and Worley (managers, and African Americans)

were some of the people who made such derogatory ethnic comments about Plaintiff Mwabira-Simera while he was at work.

C) Plaintiff was subjected to searches of his body and properties on numerous occasions, including, but not limited to, February 28 2002, June 29, 2002; August 2004, 2005 [daily] Plaintiff's locker and bag was illegally searched on January 10, 2002; his car was illegally searched by Sodexho employees on January 11, 2002, by Tony Stewart; Tony Steward searched trash cans on 06/1, 2003, 08/19/2003. McCants falsely imprisoned insinuating that Plaintiff Mwabira-Simera has stolen food. None of the employees who are American-born was subjected to such indignities and discriminatory treatment.

16. Discrimination against Plaintiff also involved assigning multiple and difficult tasks to him, working hours were cut, denied transfer and promotions which were assigned to similarly situated employees [juniors] who are American-born.

17. Plaintiff Mwabira-Simera complained about these discriminatory practices to defendant McCants, Unit Manager of Sodexho, on or about June 2, 2003, as well as Mohamed, director of Operations, and John parker, General Manager, but the discriminatory treatment against Plaintiff continued, and Defendant Sodexho failed to take measures to rectify the situation of Sodexho's persistent and egregious discrimination customs, and traditions. **(Exhibit 6)**

18. Defendant Sodexho maintains a custom, policy, usage, and practices of intentional discrimination against persons born in foreign countries, such as Africa, and persons with distinctive foreign names, accents, and physical characteristics, such as the plaintiff.

19. Defendant Sodexho treated plaintiff differently and in a less favorable manner than other similarly situated employees, who were American-born, African American, Caribbean Black, and Caucasian, in terms, conditions, and privileges of employment.

20. Defendant Sodexho condoned, ratified, and tolerated intentional discrimination against plaintiff Mwabira-Simera with malice and a callous indifference to his federally protected rights.

21. The stated acts and omissions of defendant Sodexho and her agents, servants, and employees, as

alleged, constitute unlawful employment practices and violate Title VII of the Civil Rights Act of 1964, as amended, 42 USCA, Section 2000e *et sequel see Fitzpatrick v.Bitzer*, 427 U.S.445 (1976).

22. As a direct and proximate result of Defendants' acts, omissions, and conduct in discriminating against Plaintiff on the basis of his African (Ugandan) national origin, Plaintiff suffered damages, including physical pains, loss of self-esteem, headaches, loss of appetite, and emotional distress.

Wherefore Plaintiff Mwabira-Simera seeks judgment against defendant Sodexho as follows: a) 5,000,000.00 (five million dollars) as compensatory damages b) 15,000,000 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous discrimination, and indifference to violations of plaintiff's rights c) attorney fees and costs.

## Count II Retaliation [twice] under Title VII of Civil Rights Act of 1964, as amended (sec.704 (a)

23. Plaintiff Mwabira-Simera sues defendant Sodexho under Title VII of Civil Rights Act of 1964, (sec.704 (a), as amended, for defendant's violation of Plaintiff's right to be free from unlawful retaliation [twice] (right to sue for retaliation see. *Frampton v. Central Indiana Co.* (Ind.1973); *Washington State Serv. Employees* (NLRB 1971); *Tennessee v. Garner*, 471 U.S. 1 (1985)(elements of the Constitutional violation in the context of 42 U.S.C. §1983) because he was engaged in activities protected by Title VII of the Civil Rights Act of 1964, as amended, and incorporates, by reference, the allegations in paragraph 1 through paragraph 22, as set forth herein, and further states:

24. Plaintiff is a member of the employee's Union at Sodexho.

25. Plaintiff Mwabira-Simera complained to the Hotel and Restaurant Employees Union (HERE), filed a wrongful termination to deprive Plaintiff of relief Benefits 28 U.S.C §246[2] which was characterized under color of law whereby Donna McCants, and Marcus Worley in a conspiracy with Howard University Security Officer ones were involved leading to a release agreement of arbitration case

---

[2]Deprivation of the relief Benefits 28 U.S.C §246 states:  Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or any other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this article, or imprisoned not more than one year, or both.

FMSC #041211-51307-A of March15th 2004. Plaintiff filed EEOC three charges [discrimination, retaliation, and re-retaliation] against my employer Sodexho.

26. EEOC issued Plaintiff with the right to sue in all three cases, a suit of the first [discrimination, and retaliation] two consolidated against my employer is still pending in Court and the most recent was on September 2006 giving rise to seeking injunctions relief in this Civil Action for retaliation of federally protected Statutes against Sodexho "persistent and egregious discrimination" against Plaintiff. My employer has intensified her acts of hostility, retaliation, and discrimination against me. Sodexho denied me Uniform, and food, short term disability benefits, rehabilitation, re-assigning me as casher, hours cut, denied health insurance benefit which forced me to seek other treatment, and fell into debts while money was still being deducted for the same health benefits and privileges, which were given to similarly situated employees who are female and African American born, Abney Laneford, James Houck, Lambert Valencia, McKinley Kevin, Robinson Sodonia, Thomas Smoot, Halloman Tyrone Tyrone Johnson, Jack Hobart, Hispanic, Nelson Cardova, and others. (**Exhibit7**).

27. On 1/05/05, Donna McCants, Café Unit Manager ordered me to quit because I had filed a case against Sodexho and had consistently told me that she would fire me, if I did not quit. On1/05/05 Donna McCants reprimanded for stealing food [without proof]. Donna McCants has reprimanded me many times including but limited for not working on a day that I attended a deposition in November 2004, which McCants attended as a party in the suit. My employer maintained an abusive and hostile work environment, including strip-searches on me, example on 08/18/2004, when my daughter, Esther Mutonyi-Simera, and myself, were harassed and stripped searched on employer's premises for no reason. On 11/17/2004, my employer falsely accused me of stealing food, intending to use that as justification for terminating my employment.

28. Said complaints resulted in more discriminatory treatment. In or about January 2002, 2003, 2004, and 2005 Plaintiff Mwabira-Simera's car, lockers, bags, and pockets were unlawfully searched by Sodexho, her agents, employees, and servants. In or about September 2005, Marcus coercing Donna Anderson, Director for Catering, denied Plaintiff from driving a truck [stated]: "You are not the type of person we can allow to drive and be in this company because you filed a case against Sodexho."

29. On numerous occasions and instances, including, but not limited to, on or about the August 11th,

2004, Sodexho authorized employees, Jones and Worley, reprimanded Plaintiff for not reporting to them for visiting the bathroom. When plaintiff Mwabira-Simera was on the toilet, they shouted that "Donna wants you out", referring to defendant McCants.

30. Other times were 2/12[th], 2005, 1/30[th], 2005 including January 05th, 2005 by Jones, Supervisor James Houck, and Worley searched my locker.The same day Donna McCants told me to quit for filing a case against Sodexho 12/12[th]/13[th], 2004 Jones searched my locker, called on Supervisor Bryant Nasheka, and General Manager John Parker with what he called evidence of food theft for firing me. Later, John Parker summoned Samuel Dorothy to reprimand me.

31. Defendant's acts of retaliation against plaintiff Mwabira-Simera included but not limited to making insulting remarks about Plaintiff and reducing his work hours, denied Family and Medical leave [Act of 1993] benefits, cashers position as compared to similarly situated employees [Junior] which is contrary to Union pre-bargaining Agreement; said retaliation being the result of plaintiff's complaints about defendant's unlawful employment practices.

32. I believe my employer intentionally retaliated and discriminated against me, in violation of my rights under Title VII of the Civil Rights Act of 1964, as amended, on account of race, sex, and national origin. As a direct and proximate result of defendant's malicious defamation and retaliation against Plaintiff Mwabira-Simera suffered damages.

33. Wherefore Plaintiff Mwabira-Simera seeks judgment against Defendant Sodexho as follows: a) 5,000,000.00 (five million dollars) as compensatory damages b) 15,000,000 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous retaliation against plaintiff, and indifference to violation of Plaintiff's rights c) attorney fees and costs.

**Count III Unlawful Discrimination under Title VII of the Civil Rights Act of 1964 42 USC 2000e _et sequel_ 5(f)(3) Section 504 of the Rehabilitation Act of 1973; Family, and Medical Leave Act (G&E) of 1993, and Occupation Safety and Health (OSHAct) of 1970 P.L.91-596**

34. Plaintiff Mwabira-Simera also sues defendant Sodexho under Title VII of the Civil Rights Act of 1964, 42USC 2000e _et sequel_ 5(f)(3) under Section 504 of the Rehabilitation Act of 1973; under the Fair Housing and Employment Act; Family and Medical Leave Act (G&E) of 1993, and Title VII of

the Civil Rights Act of 1971, as amended, and Occupation Safety and Health (OSH. Act) of 1970 P.L.91-596, as set forth herein and further states:

35. Plaintiff provided Defendant Sodexho with all the medical documents and filed for sick leave to undergo surgery on his left ankle. Plaintiff was denied rehabilitation and as a means of finding a way to dismissing Plaintiff. When Plaintiff reported for duty became a victim of discrimination, harassed and bullied on 1/10/2006, 1/15/2006, 2/13/2006 and most recently 10/2/2006, see *Nevada Department of Resources v.Hibbs*, 538 U.S.721 (2003). *Tennessee v.Lane*, 541 U.S.509 (2004) (**Exhibit4**).

36. On May 16th, 2006, Plaintiff could not be assisted by Defendant McCants as Unit Manager on duty when he was struck by about 200 pound hand driven wreck at work in violation of Occupation Safety and Health (OSH. Act) of 1970 P.L.91-596 which provides that: "Occupation Safety and Health Administration in Department of Labor assures safe and healthful working conditions for men and women throughout the nation". Donna McCants coercing other employees scorned that Plaintiff was seeking for free money yet Sodexho failed to provide safe and healthful working conditions.

37. Defendant Sodexho retaliatory action violates a Federally Protected Institutions by bullying, and intimidating him and finding a way of dismissing Plaintiff, and denied Plaintiff the short-term disability like other employees of American born like Valencia, and others.(**Exhibit 5**). This was a cruel and unusual punishment as compared to similarly situated employees; said retaliation being the result of plaintiff's complaints about defendant's unlawful employment practices see. 42 U.S.C§(2000);*Tennessee v.Lane* 541 U.S.509(2004);*United States v.Georgia* No.04-1203, 04-1236, 2006 WL.43973. Defendant Sodexho treated plaintiff differently and in a less favorable manner than other similarly situated employees, who are American-born, African American, Caribbean Black, and Caucasian, in terms, conditions, and privileges of employment.

Wherefore Plaintiff Mwabira-Simera seeks judgment against defendant Sodexho as follows: a) 5,000,000.00 (five million dollars) as compensatory damages b) 15,000,000 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous discrimination, and indifference to violation of plaintiff's rights c) attorney fees and costs.

**Counts IV Title VII (Hostile and Abusive Work Environment of substantive provisions of the Protective clause)**

38. Plaintiff Mwabira-Simera sues defendant Sodexho for maintaining an abusive, hostile and work environment under Title VII of the Civil Rights Act of 1964, as amended, and defendant's violation of Plaintiff Mwabira-Simera's right to be free from an abusive and hostile work environment. Plaintiff incorporates, by references, the allegations in paragraph 1 through paragraph 37, as set forth herein and further states.

39. Defendant Sodexho is/was an "employer", and Plaintiff is/was an "employee" as defined under Title VII and belongs to a class protected under said statute based on his African (Ugandan) national origin.

40. Defendant Sodexho intentionally discriminated against Plaintiff, in violation of plaintiff Mwabira-Simera's right to be free from discrimination including but not limited to re-assigning Plaintiff's position to a less qualified employee of American national origin and terminating him from employment while retaining similarly situated employees of American national origin.

41. Plaintiff's bags were searched on numerous occasions for no legal reason, except to harass him. Plaintiff was subjected to verbal abuse and ethnic comments based on his African physical characteristics, like his long name.

42. Several co-workers made fun of Plaintiff Mwabira-Simera and told him, in the presence of other co-workers, that he smelled like cats, like "urine", and unhygienic. Defendants' filed false charges against Plaintiff is because of his African national origin.

43. Plaintiff had to seek permission from his superiors before visiting the washroom, even though, similarly situated employees [always basking in the sun], who were American-born, did not have to.

44. Said acts and omissions as alleged, constitute an abusive and hostile work environment based on Plaintiff's African (Ugandan) national origin, violating Plaintiff's right to be free from an abusive and hostile work environment, under Title VII of the Civil Rights Act of 1964, as amended.

45. As a direct result of Sodexho's acts and omissions in engaging in an abusive and hostile work

environment, based on plaintiff Mwabira-Simera's Ugandan, African national origin, Plaintiff suffered damages including but not limited to severe and extreme emotional distress, loss of income, loss of reputation, and physical harm.

Wherefore Plaintiff Mwabira-Simera seeks judgment against Defendant Sodexho as follows: a) 5,000,000.00 (five million dollars) as compensatory damages b) 15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous maintenance of abusive and hostile work environment, and indifference to violation of plaintiff's rights c) attorney fees and costs.

## Count V Violation of Plaintiff Mwabira's Rights Under the Americans With Disability Act (ADA) of 1990 42 USCA, Section 12101 et sequel

46. Plaintiff Mwabira-Simera sues defendant Sodexho for violating his rights secured under the American with Disability Act of 1990, 42 USCA, section 12101 *et sequel*. Plaintiff re-alleges the allegations in paragraph 1 through paragraph 45, as set forth herein, and states.

47. Plaintiff Mwabira-Simera filed a complaint under the ADA with the U.S. EEOC prior to filing this suit, and has complied with all conditions precedent to filing suit under the ADA, as indicated by the Exhibits 1A, 1B, 1C attached herein, as part of this Complaint.

48. Plaintiff Mwabira-Simera is and was an employee, within the meaning of the ADA.

49. Plaintiff Mwabira-Simera is disabled, as defined by the Americans with Disability Act (ADA). Plaintiff is an individual with a disability, having physical and mental impairment that substantially limits Plaintiffs major life activity (walking, hearing, speaking, working, interacting with others, and sleeping). **(Exhibit 6)**. Plaintiff is otherwise qualified to perform the essential functions of his job as a utility worker, casher or even higher positions.

50. Plaintiff Mwabira-Simera is a victim of state-sponsored torture, as evidenced by **Exhibit 7**, attached herein as part of his Complaint.

51. Defendant Sodexho intentionally discriminated against plaintiff Mwabira-Simera because of his disability by denying the Plaintiff a chance to walk out through "punch out".

52. Plaintiff Mwabira-Simera has a hearing impairment and difficulty walking and bending. Defendant Sodexho co-workers and supervisors made fun of him because of his disabilities, told him that he could not take certain assignments, and omitted information throughout the scope and course of his employment with Sodexho.

53. All of defendant Sodexho's agents, servants, and employees acted illegally, or failed to act, and such acts and omissions were conducted within the scope and course of his employment with defendant Sodexho see *Nevada Department of Human resources v. Hibbs*,538 U.S.721 (2003);*Tennessee v.Lane*,541 U.S.509 (2004); 42 U.S.C 12132 (2000)

54. Defendant Howard is vicariously liable for the tortuous acts and omissions of defendant Jones.

55. Plaintiff Mwabira-Simera informed Defendants about this unlawful search, but defendants failed to act and otherwise ratified these acts.

56. At all times relevant, plaintiff Mwabira-Simera had a reasonable expectation of privacy for his person, bags, and clothing, and Defendants acts and/or omissions constituted intentional intrusion, which was unjustified and would be offensive to a reasonable person in plaintiff's situation, upon the seclusion and private affairs of Plaintiffs.

57. As a direct and proximate result of Defendants' invasion of Plaintiffs' privacy, plaintiff Mwabira-Simera and plaintiff Mutonyi suffered damages.

Wherefore Plaintiff Mwabira-Simera and plaintiff Mutonyi individually seek judgment against Defendant Sodexho, jointly and/or separately, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights c) attorney fees and costs.

**Count VI Invasion of Privacy**

58. Plaintiff Mwabira-Simera and Plaintiff Mutonyi-Simera individually sue defendant Sodexho,

defendant Worley, and defendant Jones for invasion of privacy [searches in violation of Fourth Amendment[3] ] See *Katz v. United States*, 389 U.S.347 (1967)), and re-allege the allegations in paragraph 1 through paragraph 57, as set forth herein and state.

59. Without plaintiff Mwabira-Simera's consent, defendant Sodexho, and its agents, servants, employees strip searched plaintiff Mwabira-Simera on numerous occasions.

(A) The searches included, but not limited to, on or about August 7th, 2004 at 11:00, Sodexho authorized employees, Vincent Jones and Marcus Worley to spy on plaintiff Mwabira-Simera while plaintiff Mwabira-Simera was getting something from his locker for plaintiff Mutonyi-Simera because Vincent Jones and Worley Marcus wanted to incriminate both plaintiffs Mwabira-Simera and Esther Mutonyi-Simera for the glass of water they [Jones & Marcus] served Esther Mutonyi-Simera.. Defendants Vincent Jones Chief Chef searched my locker and strip-searched me. At 11; 25 Marcus Worley Executive Chef searched plaintiffs Mwabira-Simera and Esther Mutonyi-Simera in front of information center on first floor on Blackburn Center

(B) On 11/19th,/2004 Donna McCant, then Unit Manger Bethune, Supervisor James Houck, Worley, and Jones searched my locker and coercing Herman, Unit Manger, Blackburn Café to fire me for not working on 9/19th, 2004 while attending deposition [McCants did attend same depositions] because that Plaintiff filed a case against Sodexho. Herman reprimanded Plaintiff [plaintiff was off that day].

(C) On 10/ 16th, 2004 Supervisor James Hague, Worley, and Jones searched my locker. On 10/ 16th/ 2004 Supervisor James Houck, Worley, and Jones continued searching my locker, other lockers, and Roofs picked some trash which they brought to Supervisor Bryant Nasheda and Samuels Dorothy Shop Steward as evidence of stealing and demanded that I be fired. On 9/ 22nd, 2004 Jones, rebuked Antonia Thompson, General utility not to speak to me because I am not an American, type of person, and because I filed a case against Sodexho.

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath of affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., Amdt, 4.

(D) On 9/ 19th/ 2004 Vincent Jones, Chief Chef coercing Lisa Brown, then assistant Manager, and now Putch-Out Unit Manager pulled me out of the queue of employers for breakfast that I have taken Sodexho to court. On 9/ 20th,/2004 Donna Anderson catering Coordinator, and Worley ejected me from driving a vehicle where Mr. Mohammad Abdelilah, Director of Operations had assigned me to deliver some items to Howard University West Campus-Law School that I was not the type of person they want because I filled a case against Sodexho. On 9/18[th], 2004 Jones after searching my Locker denied me to help Troy in Putch-out, because I was [only employee] prohibited to be near or in Punch Out at anytime.

(E)On 8/29[tst]/ 2004, Supervisor James Houck, Worley, and Jones searched my locker, and other lockers to find what I had stolen. On 8/ 21[tst]/ 2004, Supervisor James Hague in corroborations with both Worley and Jones for the fifth time broke into my locker in the Locker room destroyed my bag equipped with a watch, compass, tore it, and dumped other items [clothes, books and assignments] threw them in toilet and urinal bowels. James Houck on more than once, threw all my clothes, books, assignments, and stole one black pair of new working shoes and the bag and forced me out of his way at the locker room door. I called on Mr.Muhammed Abdelilah Director of Operations who went to the locker room and witnessed these evil acts, and harassments. James Houck kept telling me that they [Sodexho, McCants, Worley and Jones] maintain that I stink, unhygienic, thief and eat too much.

55. Plaintiff made many times reports to Muhammad, Director of Operations who saw the acts in the locker room, later to General Manager Mr. John Packer and Herman, the Unit manager. Mr.Muhammed Abdelilah Director of Operations entrusted Mr. Herman to investigate the matter, but failed to do it. On November 15th, 2004, Plaintiff filed a grievance with Shop steward Sam Foster, and in this meeting, I requested Mr. Herman to tell Mr. Hague [McCants, Worley & Jones mouth piece] to stop any informal or formal talking with me. Because McCants, Worley, and Jones, were coercing James Houck, they technically reversed the course of this complaint that I was to be suspended for harassing James Houck, and my report was trashed.

56. All agents, servants, and employees of defendant Sodexho acted, or failed to act, and such acts and omissions were conducted within the scope and course of his employment with defendant Sodexho.

57. From the moment Plaintiff Mutonyi entered Defendant Sodexho's cafeteria at Blackburn Center to

talk with Plaintiff Mwabira-Simera, Plaintiffs were under constant surveillances and spied on by defendant Worley, and Jones. When Plaintiffs went downstairs to the employees' locker room, they were immediately followed and searched by the Defendant Jones and Defendant Worley, and did not leave the locker room until plaintiff Mutonyi exited the building and plaintiff Mwabira-Simera returned to work.

58. At all times relevant, defendant McCants, Worley, and Jones, and Houck were acting within the scope and course of his employment with Sodexho, and defendant Jones was acting within the scope of his employment with defendant Sodexho.

59. As a direct and proximate result of defamation of plaintiffs Mwabira-Simera and Mutonyi-Simera suffered damages, including but not limited to reputation.

Wherefore, Plaintiff Mwabira-Simera and plaintiff Mutonyi-Simera individually seek judgment against Defendant Sodexho, jointly and/or separately, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights c) attorney fees and costs.

## Count VII Negligence

60. Plaintiff Mwabira-Simera and Plaintiff Mutonyi-Simera individually sue Defendant Sodexho for negligence and incorporates, by reference, the allegations made in paragraph 1 through paragraph 59, as set forth herein and states.

61. Defendant Sodexho owed a duty toward plaintiff Mwabira-Simera to provide a working environment free from discrimination, intimidation, and harassment, as promised by defendants in their employment manual. Further, defendants Sodexho owed a duty to plaintiffs Mwabira-Simera and Mutonyi-Simera to use reasonable care in hiring, retaining, supervising, and disciplining her workers, including but not limited to defendants McCants, Steward, Worley, and Jones, so as not to cause harm to plaintiffs, including violation of their rights to be free from intimidation and spying.

62. Defendants Sodexho are vicariously liable for the acts and omissions of their agents, servants, and

employees committed in the course and scope of employment. Defendant Sodexho was negligent in hiring, training, retaining, and supervising defendant Worley, her employee.

63. Defendants Sodexho breached its duty of reasonable care owed toward Plaintiffs by failing to properly investigate facts of harassment, intimidation, and hostility when Plaintiff Mwabira-Simera informed defendants of them and by negligently recruiting, training, supervising, and retaining defendants McCants, Worley, Tony Steward, and Jones.

64. Defendants had a duty to properly investigate these facts and to make appropriate decisions, so as to prevent further harm to plaintiffs.

65. As a direct and proximate result of defendants' acts and/or omissions, plaintiffs Mwabira-Simera and Mutonyi-Simera suffered damages, including but not limited to loss of reputation, emotional distress, and loss of weight.

Wherefore, Plaintiff Mwabira-Simera and plaintiff Mutonyi-Simera individually seek judgment against Defendant Sodexho, jointly and/or separately, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights c) attorney fees and costs.

## COUNT VIII DEFARMATION

66. Plaintiff Mwabira-Simera and plaintiff Mutonyi-Simera individually sue defendants Sodexho, Donna McCants, Marcus Worley, and Vincent Jones for intentional infliction of emotional distress and re-allege the allegations in paragraph 1 through paragraph 65, as set forth herein.

67. On many occasions but not limited to February 3rd, 2005, March 2nd, 2005 at about 10:10am and other above mentioned dates, Donna McCants, Marcus Worley, Jones and Houck acting within the scope and course of their employments summoned Shop Stewards Sam Foster and Dorotti Samuels to accompany them to search for stolen box of fresh chickens hidden in men's locker room by Plaintiff Mwabira-Simera. After searching the locker room, they found none of the items.

68. On Other incidences but not limited to incidence at 5:15 pm, Sunday January 30th, 2005 Vincent Jones, harassed me with a wrong card [Mandaline Nguimbous] insinuating to fire me for cheating time for break and eating. At 11:15 am, and 7:15 pm Saturday January 29th, 2005 McCants, was monitoring my movements me. At 8;45 pm Wednesday January12[th], 2005 Donna McCant Unit Manager, Blackburn Center Cafe, and Vincent Jones Chie Chef continued searching my locker, and accused me of stealing Sodas. McCant reprimanded me unprecedented.

69. The truth of the matter turned out that Donna McCants, Marcus Worley, and Vincent Jones had kept the box of chickens in the freezer and they only wanted to find something to use as evidence to incriminate and fire Plaintiff Mwabira-Simera. Plaintiff shifts by the way started at twelve thirty pm.

70. Said statements, acts and mission were false, and Donna McCants, Marcus Worley, Houck, and Vincent Jones knew of the falsity when they planned to execute their mission.

71. Defendant Sodexho adopted the statements as true and benefited from the defamatory statement.

72. This was an "intertwined conspiracy episode" between Defendants McCants and Jones, under color of law malicious defamation,[4] oppressive, and in reckless disregard for the truth (**Exhibit 1**). *see Martin Marrietta Corp v. Lorenz (Colo.1992); Harless v. First Nat. Bank in Fairmount (W.Va1978); McQuary v. Bel Air Convalescent Home, Inc. (Or.App.1984).* Defendants Sodexho's' full caption for complaint was deceit-overt false representation[5] of a material fact under the color of law (**Exhibit5**).

---

[4] Citation: "*Plaintiff entitled to punitive damages in slander suit where defendant stated to others that Plaintiff had been convicted of a crime in a falsity statement with disregard of truth. See Davis v. Schmit 166 App DC 351 510 F2d 731 4*). Monroe v. Pape, 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law). 5.*Griffin v. Maryland*, 378 U.S. 130 (1964)("If an individual is possessed of state authority and purports to act under that authority, his action is state action...").

[5] Misrepresentation
The Defendants knew of their falsity and yet made fraudulent misrepresentation with such reckless indifference to the truth that it would be reasonable to charge them with knowledge of this falsity
The Defendant made the fraudulent misrepresentation intending that the plaintiff would act in reliance on it. By willfully and knowingly falsifying material fact violates statute article 18 USC § 1001 which states:
Whoever willfully and knowingly falsifies a material fact or makes use of a false statement or makes use of a false document will be fined up to U.S. $10,000 or imprisoned up to five years or both. Also must be charged under penalty of perjury 28 U.S.C. §1731

73. As a direct and proximate result of defamation of plaintiffs Mwabira-Simera and Mutonyi-Simera, they suffered damages, including but not limited to reputation.

Wherefore, Plaintiff Mwabira-Simera and plaintiff Mutonyi-Simera individually seek judgment against Defendant Sodexho, jointly and/or separately, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights c) attorney fees and costs.

**Intentional Infliction of Emotional Distress**

74. Plaintiff Mwabira-Simera and plaintiff Mutonyi-Simera individually sue defendants Sodexho, Donna McCants, Marcus Worley, James Houck, and Vincent Jones and Vincent Jones for intentional infliction of emotional distress and re-allege the allegations in paragraph 1 through paragraph 71, as set forth herein.

75. Defendants' conduct were intentional, reckless and in deliberate disregard of a high probability that emotional distress would result to plaintiff Mutonyi-Simera and her father plaintiff Mwabira-Simera who witnessed the reckless conduct of the defendant harassing the plaintiffs.

76. The aforesaid conduct of defendants was extreme, outrageous, and beyond the bounds of decency in society, and defendants Worley knew that said acts would cause, and did cause, severe and extreme emotional distress to plaintiffs. At all times defendant Sodexho were vicariously liable for the acts and omissions of their employees that were committed in the course and scope of employment, and they ratified these acts and/or benefited from the acts.

77. As a direct and proximate result of the acts of defendants McCants, Worley, Houck, and Jones plaintiffs suffered damages, including but not limited to severe and extreme emotional distress leading to mental hospitalization, and neurological surgery at Howard University Hospital, loss of appetite, headaches, physical pains, and suffering which still keep him under psychiatric care. (**Exhibit8**)

Wherefore, Plaintiff Mwabira-Simera and plaintiff Mutonyi-Simera individually seek judgment against Defendant Sodexho, jointly and/or separately, as follows: a) $5,000,000.00 (five million dollars) as compensatory damages b) $15,000,000.00 (fifteen million dollars) as punitive damages for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights c) attorney fees and costs.

**<u>Plaintiffs hereby request a trial by jury in this matter</u>**

Respectfully submitted

Samuel H.Mwabira-Simera
and Esther Mutonyi
Esther E.Mutonyi-Simera
P.O.Box 1405
Washington D.C 20013
Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that the motions, Complaints, and sermons for judgments against Sodexho Marriott Management Services, Donna McCants, Marcus Worley, and Vincent Jones for a good cause was mailed to Defendants by Process Server on 10/22/2006 to

Sodexho Marriott Management Services,
Attn.Ardra M.O'Neal,
Senior Attorney, Labor & Employment Law
9801 Washingtonian Blvd
Gaithersburg, MD 20678

Donna McCants, Marcus Worley, Vincent Jones
Sodexho Campus Services, Howard University, Blackburn Center
2400 6th Street, NW, Washington, DC 20059

Respectfully submitted

Samuel H.Mwabira-Simera and
Esther E.Mutonyi-Simera