**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| SAMUEL H. MWABIRA-SIMERA, ) | |
| et al., ) | |
| ) | |
|      Plaintiffs, ) | |
| ) | |
|     v. ) | Civil Action No. 06-2052 (RWR) |
| ) | |
| SODEXHO MARRIOTT MANAGEMENT ) | |
| SERVICES, et al., ) | |
| ) | |
|      Defendants. ) | |
| _____ ) | |

## ORDER TO SHOW CAUSE

Defendants have filed a Notice of Related Cases.  According to defendants, plaintiffs brought these same claims in two prior lawsuits in this court, Case Nos. 04-538 and 04-1240. Judge Bates' decisions dismissing the cases were affirmed by the Court of Appeals. *See Mwabira-Simera v. Sodexho Marriott Mgmt. Services*, 240 Fed Appx. 902 (D.C. Cir. 2006).

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment in a case, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the earlier case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *GAF Corp. v. United States*, 818 F.2d 901, 911 (D.C. Cir. 1987); *Elliott v. FDIC*, 305 F. Supp. 2d 79, 83-84 (D.D.C. 2004). In order for collateral estoppel to apply, (1) the issue must have actually been litigated, i.e., contested by the parties and determined by

- 2 -

the court; (2) the issue must have been necessary to the court's

disposition of the case; and (3) the relitigation bar in the

second action would not create an unfairness against the party as

to whom the issue preclusion is imposed. *United States v. TDC*

*Mgmt. Corp.*, 24 F.3d 292, 295 (D.C. Cir. 1994); *Meng v. Schwartz*,

305 F. Supp. 2d 49, 57 (D.D.C. 2004).

It is hereby

ORDERED that the plaintiffs show cause in writing by June

20, 2007 why this case should not be dismissed based on the

grounds of collateral estoppel.


_____                    _____/s/_____
                           RICHARD W. ROBERTS
                           United States District Judge


DATE: May 30, 2007