**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMUEL H. MWABIRA-SIMERA, *et al.*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 06 Civ. 2052 (RWR)<br>) |
| SODEXHO MARRIOT MANAGEMENT SERVICES, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 83.6(c), Stefan Shaibani, attorney for plaintiff Samuel Mwabira-Simera, respectfully requests the Court's leave to withdraw as counsel in this case. On June 1, 2007, Todd Horn, counsel for defendant Sodexho, indicated that he consented to the relief sought in this motion. On June 1, 2007, counsel sent a disengagement notice to plaintiff advising him that counsel is seeking the Court's leave to withdraw as counsel. A copy of this letter is attached to this motion.

Although counsel had interviewed witnesses, obtained statements, and prepared a first amended complaint setting forth allegations occurring after the execution of the settlement agreement in Case Nos. 04-538 and 04-1240, which would render plaintiff's instant suit immune to a jurisdictional attack based upon collateral estoppel, counsel was unable to reach agreement with plaintiff with respect to his expectations and key strategic issues. Counsel attempted on

several occasions to obtain plaintiff's consent to these issues but was unable to do so. Consequently, counsel can no longer represent plaintiff in this case and wishes to withdraw.[1]

For the above reasons, Stefan Shaibani respectfully requests the Court to grant this motion to withdraw as counsel.

Respectfully submitted,

Dated: June 1, 2007

/s/ Stefan Shaibani
Stefan Shaibani (Bar No. 490024)
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
Tel: (202) 862-4335
Fax: (202) 828-4130

*Attorney for Plaintiff*

---

[1] Counsel did not enter a notice of appearance for Esther Mutonyi-Simera (the other plaintiff in this case) and does not represent her.

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed and caused to be served by first class mail "MOTION TO WITHDRAW AS COUNSEL," and "PROPOSED ORDER" to the following:

Todd Horn
VENABLE, LLP
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, MD 21201
*Counsel for Sodexho*

Samuel Mwabira-Simera
P.O. Box 1405
Washington, DC 20013

Esther Mutonyi-Simera
1835 Central Place
P.O. Box 1405
Apartment 14
Washington, DC 20013

/s/ Stefan Shaibani

**LITIGATION ASSOCIATE, PLLC**

CONNECTICUT BUILDING, NINTH FLOOR, 1150 CONNECTICUT AVENUE, NW, WASHINGTON, DC 20036
TELEPHONE: (202) 862-4335
FAX: (202) 828-4130

**By First Class Mail**                                          June 1, 2007
Samuel H. Mwabira-Simera
P.O. Box 1405
Washington, DC 20013
Tel: (202) 635-0595

**Re: Notice of Disengagement of Legal Representation**

Dear Mr. Simera:

    This is to inform you that we filed a motion to withdraw as counsel today in your case against Sodexho, Case No. 06-2052. As you know, we previously requested you to execute certain documents in order for us to represent you. However, you repeatedly declined to do so and manifested strategic differences as to how your case should be conducted. Consequently, we are no longer in a position to represent you in your suit against Sodexho. Please make arrangements to pick up your case files from our office.

    Pursuant to Local Civil Rule 83.6(c), we advise you to find another attorney or notify the Clerk of the Court in writing whether you intend to proceed in this case pro se or object to our motion to withdraw as counsel within five days of today. The Court has issued an Order to Show Cause why your case should not be dismissed on the basis of collateral estoppel. A copy of the Order to Show Cause is attached to this letter. You must respond to the Order to Show Cause by June 20, 2007 or your case will be dismissed.

    We wish you the best in obtaining legal representation and achieving a just outcome in your case.

Very truly yours,

*[signature]*

Stefan Shaibani

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMUEL H. MWABIRA-SIMERA, et al., ) ) ) Plaintiffs, ) ) v. ) SODEXHO MARRIOTT MANAGEMENT ) SERVICES, et al., ) ) Defendants. ) ) | Civil Action No. 06-2052 (RWR) |

### ORDER TO SHOW CAUSE

Defendants have filed a Notice of Related Cases. According to defendants, plaintiffs brought these same claims in two prior lawsuits in this court, Case Nos. 04-538 and 04-1240. Judge Bates' decisions dismissing the cases were affirmed by the Court of Appeals. *See Mwabira-Simera v. Sodexho Marriott Mgmt. Services*, 240 Fed Appx. 902 (D.C. Cir. 2006).

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment in a case, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the earlier case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *GAF Corp. v. United States*, 818 F.2d 901, 911 (D.C. Cir. 1987); *Elliott v. FDIC*, 305 F. Supp. 2d 79, 83-84 (D.D.C. 2004). In order for collateral estoppel to apply, (1) the issue must have actually been litigated, i.e., contested by the parties and determined by

- 2 -

the court; (2) the issue must have been necessary to the court's disposition of the case; and (3) the relitigation bar in the second action would not create an unfairness against the party as to whom the issue preclusion is imposed. *United States v. TDC Mgmt. Corp.*, 24 F.3d 292, 295 (D.C. Cir. 1994); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 57 (D.D.C. 2004).

It is hereby

ORDERED that the plaintiffs show cause in writing by June 20, 2007 why this case should not be dismissed based on the grounds of collateral estoppel.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: May 30, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL H. MWABIRA-SIMERA, *et al.*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 06 Civ. 2052 (RWR) ) |
| SODEXHO MARRIOT MANAGEMENT SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Upon consideration of Stefan Shaibani's Motion to Withdraw as Counsel, notice of this motion having been mailed to plaintiff, defendant's consenting to this motion, and all pertinent papers, it is hereby

ORDERED that the motion is GRANTED; it is further

ORDERED that Stefan Shaibani is hereby given leave to withdraw and shall forthwith no longer be attorney of record for the plaintiff in this matter.


Dated: _____, 2007            _____
                                                Judge