*Cause to file*

*GRANTED.*

*[signature]*

*USDJ.*

*7/23/07*

## In the United States District Court for the District of Columbia

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JUN 17  AM 8: 12

NANCY M.
MAYER-WHITTINGTON
CLERK

Samuel H. Mwabira-Simera
And
Esther E. Mutonyi-Simera

Plaintiffs

Vs

Sodexho Marriot Management Services et al,

Defendants

Civil Action#:062052 (RWR)

### OPPOSITION TO DEFENDANTS' MOTION TO DIMISS

1. Plaintiffs Samuel H. Mwabira-Simera (hereinafter "Mwabira-Simera") and Esther Mutonyi-Simera (hereinafter "Mutonyi-Simera"), move this Court with opposition to Defendants Sodexho Marriot Management Services (hereinafter "Sodexho"), Donna McCants (hereinafter "McCants"), and Marcus Worley (hereinafter "Worley"), and Vincent Jones (hereinafter "Jones") collectively hereafter defendants "Sodexho"),' motion to dismiss and state the following: (A). Defendants have not shown that their rhetoric raises a substantial question of law for their persistent and egregious discrimination. (B) Nor that the fact is likely to result in dismissal Pursuant to Rule 12(b)(6) and (c); (C) Defendants have failed to preclude by introducing evidence and facts to support their motions but are relying on Hearsay evidence that would not normally be admissible pursuant to Federal Rule of Evidence 801(d)(2)(E) and are bared. (D) This fact is true even where resolving the employee's claims pursuant to different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers. (E) Sodexho's persistent and egregious discrimination is admissible pursuant to Fed.R.C.P.404(b).

Wherefore, Plaintiffs should be given opportunity to award Pretrial statement to avoid dismissal. See *Gormov.Gill* 277 A 2d 104,Pursuant to *Sweezy v.New Hampshire*, 354 US 234, 263 (1957), and Pursuant to Mr. Justice Frankfurter articulated the freedom of institutions to make fair decisions for all, and Chief Justice Charles Evans Hughes October 13th, 1932..."The Republic endure and this is the symbol of faith". Therefore, Defendants' motion should be denied.

### 2. Facts

Sodexho fails to concede that, Sodexho has committed more than one crime that the Equal Employment Opportunity Commission (EEOC) issued to Plaintiff three rights Right to sue addition

to wrongful termination. Sodexho wants all four persistent and egregious crimes of wrongful termination, discrimination, first retaliation and second retaliation to be solved by fraudulently misrepresenting through the prism of interpreting a Labor Collective Bargaining Agreement of wrongful termination and is even questionable pursuant to 18 U.S.C § 924(c)(1) defines two offenses or alternative means of committing a single crime. Judge John B.Bates, erroneously like many lower courts continue to struggle with this issue of statutory interpretation failed to hold that that the statue criminalizes two or more separate offenses. Judge Bates error should have served as a warning to Sodexho, but instead they abused and thought is a reward of immunity

(A) Defendant Sodexho is a corporation doing business in Washington, D.C. Defendant carries on a regular business in this District. Defendant McCants a Unit Manager of defendant Sodexho, defendant Worley an Executive Chef of defendant Sodexho, and defendant Jones a chief Chef acted within their capacity as employees of defendant Sodexho.

(B) Plaintiff Mwabira-Simera timely filed charges of employment [racial, disability, and abusive, and hostile environment] discrimination against defendant Sodexho, under Title VII of the Civil Rights Act of 1964, as amended, and under the ADA were filed with the U.S. EEOC, on or about August 4, 2003,July 2003, January 2005 and which were original motion attached hereto as Plaintiff's Exhibit 1A, Exhibit 1B, and Exhibit IC.

(C) Plaintiff Mwabira-Simera. Filed with EEOC three charges [discrimination, retaliation, and re-retaliation] against the employer Sodexho received three notices of the right to sue, which were original motion attached hereto as evidenced by Plaintiff's Exhibit 2A, Exhibit 2B and Exhibit 2C demonstrating *Sodexho's persistent and egregious discrimination*.

( D) EEOC issued Plaintiff with the right to sue in all three cases, a suit of the first [Sodexho as employer maintained an abusive and hostile work environment, including strip-searches on me, example on 08/18/2004, when Mutonyi-Simera, and Mwabira-Simera, were harassed and stripped searched on employer's premises for no reason. On many occasions including but limited to 11/17/2004, Sodexho persistently and falsely accused Mwabira-Simera of stealing food, intending to use that as justification for terminating Mwabira-Simera employment. under color of law whereby Donna McCants, and Marcus Worley in a conspiracy with Howard University Security Officer Jones were involved leading to labor Collective Bargaining arbitration and subsequently a release agreement of arbitration case FMSC #041211-51307-A of March15th 2004.

EEOC issued Plaintiff with the right to sue in all three cases, a suit of the first two Civil Actions [discrimination Civil Action 04 cv 00538 which involved John Nandala-Simera and Mwabira-

Simera false arrests and deformation, and first retaliation 04 cv 01240 for reporting Sodexho to EEOC] were erroneously [Ineffective Assistance of Counsel] consolidated against Sodexho is still pending in U.S.Supreme Court. The third and the most recent was on September 2006 giving rise to seeking injunctions relief in this Civil Action for second retaliation of federally protected Statutes against Sodexho "persistent and egregious discrimination" against Plaintiff. This followed Sodexho who intensified her acts of abusive, hostility, second retaliation, and discrimination against me which, included but limited to Sodexho denying me Uniform, and food, short term disability benefits, rehabilitation, re-assigning me as casher, hours cut, denied health insurance benefit which forced me to seek other treatment, and fell into debts while money was still being deducted for the same health benefits, denied provision of escort to emergence when plaintiff was struck by about two hundred pound wreck in violation of Occupation and public safety and privileges, which were given to similarly situated employees who are female and African American born, Abney Laneford, James Houck, Lambert Valencia, McKinley Kevin, Robinson Sodonia, Thomas Smoot, Holloman Tyrone, Johnson, Jack Hobart, Hispanic, Nelson Cardova, and others which was originally attached as Exhibit7. There are other threats which included but limited to on 1/05/05, Donna McCants, Café Unit Manager ordered Mwabira-Simera to quit because Mwabira-Simera had filed a case against Sodexho and she had consistently told me that she would fire me, if I did not quit, and on several occasions reprimanded for stealing food [without proof].

(E) Defendant Sodexho is sued for the arrest of Plaintiff and John Nandala-Simera hereafter referred to as "Minor" or "Nandala-Simera" and wrongful termination on 9/19/2003. This is an incidence that involved Howard University Security Officer Kevin Jones, hereafter Defendant "Jones" on duty at Blackburn Center, wearing full police's uniform, and Donna McCants grabbed, searched, kidnapped and hauled Nandala-Simera into the who were at the scene. The uniformed Officer Jones, who arrested him for doing nothing wrong except that he was an African from Uganda, traumatized the minor. Both Plaintiffs Mwabira-Simera and Nandala-Simera were held[1] in a

---

[1] The "holding" violates Title 18 U.S.C §1581 (a)-Peonage, and Slavery which states: Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in, or returning him to a condition of peonage, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from violation of this section…the Defendant shall be fined under this title or imprisoned for ant term of years or life, or both. "When the trauma is inflicted by another person, is especially intense, or the traumatized person is extremely close to the trauma, the severity of traumatization may be especially profound" Robert C Scaer, MD, Author, The Body bears the Burden: Trauma, Dissociation and Disease Persistent symptoms of increased arousal (not present before the trauma) as indicated by at least two of the following:1. Difficulty falling or staying asleep . . . 3. Difficulty concentrating. The disturbance causes clinically significant distress or impairment in social, occupational or other important areas of functioning.

3

cubic in the dining hall of the Cafeteria in Blackburn Center for about 6 hours. Donna McCants and Defendants Jones called Metro Police Department (MTP) to come and pick Plaintiff and Minor, who had been labeled thieves and dangerous criminals over served food on a plate, but the MTP declined to come when they learned that it was just served food alleged to have been stolen. Defendant's Sodexho General Manger Mr. John G.Parker of Sodexho Campus Services based at Howard Blackburn Center invited the Minor, who had just been discharged from the mental hospital, and authorized the service of cafeteria food just like Donna McCants does serve her visitors and take any item including food to her home [McCants admitted of serving her visitors and taking home Sodexho's items on September (9th, 2005 at Plaintiff's deposition]. The only difference of McCants visitors is that they are African Americans and the Minor belongs to the jungle family of Mwabira-Simera.

1. Defendants Officer Kevin Jones was a security Officer on duty as Howard University, agent and Employee of Howard University at the Blackburn Center, Howard University.

2. Donna McCants was a Unit Manager, an employee and agent of Sodexho Marriot Management Services.

3. Defendants Jones and McCants motivated with racial hate negligently grabbed, searched, interrogated and kidnapped the Minor hauling him through the back door. Plaintiff was even denied permission to attend to minor who had been hospitalized at Howard University Hospital and Washington Adventist children mental hospitals as the result of mental illness after having been assaulted by a gang of four men, and discriminated against, harassed, and bullied[2] by students, and the school principle, because they did not like him.

5. Defendant Jones recklessly, negligently, and falsely imprisoned, and illegally arrested the Plaintiffs for about 6 hours.

6. Defendants Jones recklessly, negligently, and falsely incriminated Plaintiffs when he claimed that they [McCants and Jones] witnessed Mwabira-Simera handing over a bag of something to his son.

---

- The focus of PTSD is a single life-threatening event or threat to integrity. Examples include: repeated violations such as in verbal abuse; regular intrusion and violation, both physical and psychological, as in bullying, stalking, harassment, domestic violence, etc

[3]In the UK at least 16 children kill themselves each year because they are being bullied at school. This figure is established in the book *Bullycide: death at playtime*. Each year 19,000 children attempt suicide in the UK - one every half hour. In the UK, suicide is the number one cause of death for 18-24-year-old males. Females also attempt suicide in large numbers but 9 tend to use less successful means.

7. Defendants Jones, and McCants called Metro Police Department (MTP) to come and pick Plaintiff and Minor, who had been labeled thieves over served food on a plate and as dangerous criminals.

8. MTP declined to come when they learnt that it was a plate of served food alleged to have been stolen.

10. Defendants Jones' report caused Plaintiff Mwabira-Simera to be deprived of the relief Benefits 28 U.S.C §246[3] and minor were charged with theft.

11. Plaintiff lost employment, and healthy benefits and unable to provide basics of life for the family. Plaintiff and Minor are still suffering from the traumatization and have been undergoing psychiatric care. This situation led to a Collective Bargaining arbitration hearing after the Union-representing Plaintiff failed to have Mwabira-Simera re-instated.

It was at the arbitration hearing on March 15 2003 that Officer Kevin Jones brought up the decision to deprive Plaintiff Appellant of relief Benefits 28 U.S.C §246, was after MTP failed to pick the falsely arrested Plaintiffs Mwabira-Simera, and Minor. At the same arbitration case FMSC #041211-51307-A), Defendant Jones also reported "I did not see Mwabira-Simera, it was McCants who told me that she observed Mwabira-Simera pass a bag of something to his son."[4] Sodexho failed to object to Officer Jones voluntary confession of telling a lie in his report written sometime after November. This was an "intertwined conspiracy episode" between Defendants McCants and Jones, under color of law malicious defamation,[5] oppressive, and in reckless disregard for the truth.

(G). This was a voluntary admission of lying in his written report [wrote after seven months of incidence] that originally read as: "...Manager McCants and I saw Mwabira-Simera pass a bag of something to his son in Lobby..."

(H) This lead to Sodexho Counsels seeking for settlement to sooth them from this shameful act of wrongful termination. Today, Sodexho carries this settlement as the only reason that can be used to dismiss EEOC issued Plaintiff with the right to sue in all three cases Plaintiff's cases.

---

[3] Deprivation of the relief Benefits 28 U.S.C §246 states: Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or any other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this article, or imprisoned not more than one year, or both.

[4] Officer Kevin Jones repeated this statement at a deposition at Howard University General Counsel Office on September 12, 2005.

[5] Citation: "*Plaintiff entitled to punitive damages in slander suit where defendant stated to others that Plaintiff had been convicted of a crime in a falsity statement with disregard of truth. See Davis v. Schmit 166 App DC 351 510 F2d 731 4*). *Monroe v. Pape,* 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law). 5.*Griffin v. Maryland,* 378 U.S. 130 (1964)("If an individual is possessed of state authority and purports to act under that authority, his action is state action...").

5

(I) [I]t is true that in America, there are two Americans, one is the poor and destitute who still lacks judicial and constitutional protection; the other American is the rich and powerful who still feels that Affirmative actions are a violation of their powerful and racist behaviors and who still treat workers at-will-employment. That is why Sodexho was allowed to dismiss these formerly EEOC Right to sue two cases which the US Court of Appeals for the District of Columbia Circuit failed to overturn the District Court "Order" and provide remedies for victimizing Plaintiff.

As a result of this, Plaintiff suffered damages, including physical pains, loss of self-esteem, headaches, loss of appetite, school concentrations, and emotional distress that lead to mental hospitalization and neurological surgery at Howard University Hospital in December 2001, February 2002, 2003, and continues to be under psychiatric care especially after the traumatization, giving rise to this cause of seeking legal relief injunctions in Civil Action No.04-0538 & Civil Retaliation Civil Action No.04-1240 of federally protected Statutes against Sodexho. These civil actions are separate from this arbitration case FMSC #041211-51307-A", and the Circuit failed to overturn the US District Court ORDER of June 30th, 2005.

Defendant Sodexho has intensified her acts of hostility, retaliation, retaliation, and discrimination against me. Sodexho denied me Uniform, and food, short term disability benefits, rehabilitation, re-assigning me as casher, hours cut, denied health insurance benefit which forced me to seek other treatment, and fell into debts while money was still being deducted for the same health benefits and privileges, which were given to similarly situated employees who are female and African American born, Abney Laneford, James Houck, Lambert Valencia, McKinley Kevin, Robinson Sodonia, Thomas Smoot, Holloman Tyrone Johnson, Jack Hobart, Hispanic, Nelson Cardova, and others as in original complaint as Exhibit7. For example On 1/05/05, Donna McCants, Café Unit Manager ordered me to quit because I had filed a case against Sodexho and had consistently told me that she would fire me, if I did not quit. On many occasions including but not limited to1/05/05 Donna McCants reprimanded me for stealing food [without proof]. Donna McCants has reprimanded me many times including but limited for not working on a day that I attended a deposition in November 2004, which McCants attended as a party in the suit. My employer maintained an abusive and hostile work environment, including strip-searches on me, example on 08/18/2004, when my daughter, Esther Mutonyi-Simera, and myself, were harassed and stripped searched on employer's premises for no reason. On 11/17/2004, my employer falsely accused me of stealing food, intending to use that as justification for terminating my employment. Defendant Sodexho retaliatory action violates a Federally Protected Institutions by bullying, and intimidating him and finding a way of dismissing Plaintiff, and denied Plaintiff the short-term

disability like other employees of American born like Valencia, and others as original complaint in Exhibit 5. This was a cruel and unusual punishment as compared to similarly situated employees; said retaliation being the result of plaintiff's complaints about defendant's unlawful employment practices see. 42 U.S.C§(2000); *Tennessee v. Lane* 541 U.S.509(2004); *United States v.Georgia* No.04-1203, 04-1236, 2006 WL.43973. Defendant Sodexho treated plaintiff differently and in a less favorable manner than other similarly situated employees, who are American-born, African American, Caribbean Black, and Caucasian, in terms, conditions, and privileges of employment.

Plaintiff Mwabira-Simera also attached the Labor pre-bargaining release agreement of the wrongful termination of March 15th, 2004 which was not consolidated with any of the EECO cases and was a totally separate incidence with its own merits, scope and lacked jurisdictions over EEOC cases

Plaintiffs Mwabira-Simera and Mutonyi have met all conditions precedent to filling this suit. This Court has jurisdiction over this action by virtue of Plaintiff Mwabira-Simera claim under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et sequel* 5(f)(3) as amended and Retaliation (sec.704 (a) as amended. Plaintiff Mwabira–Simera also sues defendant Sodexho for the following-: (1) under Title I the Americans with Disability Act (ADA) 1990, 42 USCA Section 12101 *et sequel,* (2) under Title VII of the Civil Rights Act of 1964 42 USC 2000e *et sequel* 5(f)(3),; under Section 504 of the Rehabilitation Act of 1973; (3) (4) under Title IX Gender and Minority Act (G&M) of 1972, as amended; (5) under the Fair Housing and Employment Act (G&E) of 1971 and Title VII of the Civil Rights Act of 1971, (6) under Family, and Medical Leave Act (G&E) of 1971 and (7) under the civil Rights Act of 1866 Title 42 U.S.C.A 1981; (8) Plaintiffs Mwabira-Simera, and Mutonyi-Simera also sue defendant Sodexho Under Constitutional rights under Title 42 U.S.C.A 1983; (9) Fourth Amendment: "[t]he right of the people to be secure ... against unreasonable searches and seizures;" (10) and, Due Process Clause of the Fifth Amendment of the United States Constitution. Plaintiffs further plead for relief for pendent claims for all counts under the laws of the District of Columbia, and common law, as the pendent claims arise from a "common nucleus of operative facts" for Sodexho's persistent and egregious discrimination customs, and traditions[6] in violation of Rights, guaranteed by a Statutory federal statute conferring jurisdiction on this Court.

---

[6] A discrimination case was filed by Cynthia McReyolds and Ellen Early on behalf of more than 2,400 minorities currently working with Sodexho Inc., which boasts one of the highest rates of job availability for minorities-But, according to a class lawsuit claim, only as long as they are content to remain in the lower ranks for their entire careers. Company spokeswoman Leslie Aun "called the action groundless Sodexho has won awards for its work placesity," she said *The Examiner Newspaper*, Monday, April 25, 2005.

Administrative Prerequisites, Plaintiff Mwabira-Simera timely filed charges of employment discrimination against defendant Sodexho, under Title VII of the Civil Rights Act of 1964, as amended, and under the ADA were filed with the U.S. EEOC, on or about August 4, 2003, July 2003, January 2005 and attached hereto as Plaintiff's Exhibit 1A, Exhibit 1B, and Exhibit IC. Plaintiff Mwabira-Simera received notices of the right to sue, which are attached hereto as evidenced by Plaintiff's Exhibit 2A, Exhibit 2B and Exhibit 2C. Plaintiffs Mwabira-Simera and Mutonyi have met all conditions precedent to filling this suit.

Plaintiff Mwabira-Simera was employed by Defendant Sodexho, since March 26, 2001, as a Utility worker at Defendant's place of business at Howard University, located at 2400 6th Street N.W., Washington, D.C. At all times relevant, Plaintiff Mwabira-Simera performed his duties in a satisfactory manner as shown in original complaint as. (Exhibit 3)

While still a Sodexho employee, Sodexho and its agents, employees, and servants, have willingly and knowingly subjected Appellant Mwabira-Simera to racial discrimination, harassment, bullying, a hostile working environment, false imprisonment, illegal arrest, derogatory epithets about Plaintiff's national origin, ethnic jokes, slurs, and disability, falsification, malicious prosecution, abuse such as smelling like "urine", "mops", "cats", (Exhibit 4) "unhygienic", "gluttony", invasion of privacy (daily strip searches, bags searches, his body & car searches), denial of breaks (Exhibit 5), to use bathroom, denial to eat at work, assignment of unpleasant and dangerous tasks, and defamatory events [spying on him as thief] monitoring, on occasions where similarly situated employees of American national origin, were permitted to eat. Sodexho, its agents, employees, and servants within the course and scope of employment at Sodexho carried out all these acts and or omissions.

Defendant Sodexho, an employer, is vicariously liable for the acts and/or omissions of her employees and supervisors done in the scope and course of all the years as a worker, which deprived plaintiff of his rights as alleged herein **Unlawful Discrimination Based on National Origin (Under Title II and Title VII of the Civil Rights Act, 1964, as amended, 42 USCA 2000e et sequel and maintaining a abusive and hostile environment)**

Plaintiff Mwabira sues defendant Sodexho on the basis of Sodexho's persistent and egregious unlawful discrimination (right to sue on discriminations see. *Pierce v. Ortho Pharmaceutical Corp.*

---

Sodexho Inc., the Gaithersburg based food and facilities management, agreed Wednesday to pay 80 million dollars to settle a lawsuit that claimed it systematically denied 3400 blacks mid-level management positions. *The Washington Post*, Thursday April 28th, 2005.

(N.J.1980)); *United States v. Price,* 383 U.S. 787, 800 (1966)(statute precludes interference with all rights protected by Constitution or federal statutes); *Washington State Serv. Employees* (NLRB 1971) against Plaintiff Mwabira-Simera on the basis of his African (Ugandan) national origin. Defendants Jones' report caused Plaintiff Mwabira-Simera to be deprived of the relief Benefits 28 U.S.C §246[7]; both Plaintiff and minor were charged with theft. Plaintiff lost employment, and healthy benefits. Plaintiff and Minor are still suffering from the traumatization and have been undergoing psychiatric care.

## COUNT III. LEGAL ARGUMENT

It was at the arbitration hearing on March 15 2003 that Officer Kevin Jones brought up the decision to terminate Plaintiff. Defendant Jones also reported "I did not see Mwabira-Simera, pass a bag of something to his son."[8] This was an "intertwined conspiracy episode" between Donna McCants and Defendants Jones, under color of law malicious defamation,[9] oppressive, and in reckless disregard for the truth.

Plaintiffs sued Sodexho and Howard individually for due process in the following: (Count 1) for racial discrimination in violation of Titles II and VII; (Count 2) Retaliation for Plaintiff Mwabira-Simera reporting Sodexho to EEOC; (Count 3); in violation of Section 504 of the Rehabilitation Act of 1973;(Count 4) in violation of Title I of the Americans with Disability Act of 1990 (ADA), 42 USCA Section 12101 *et sequel;* (Count 5) Criminal Civil Rights Conspiracy in violation of Titles 18 U.S.C. § 241; (Count 6) Deprivation of Rights in violation of acting under Color of Law in violation of Titles 18 U.S.C. § 242: (Count 7) Deprivation of Relief Benefits in violation of Titles 18 U.S.C. § 246; (Count 8) in violation of the statutory provisions of the Administrative Procedure Act, 5 U.S.C §§

---

[7]Deprivation of the relief Benefits 28 U.S.C §246 states:  Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or any other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this article, or imprisoned not more than one year, or both.

[8] Officer Kevin Jones repeated this statement at a deposition at Howard University General Counsel Office on September 12, 2005.

[9] Citation: "*Plaintiff entitled to punitive damages in slander suit where defendant stated to others that Plaintiff had been convicted of a crime in a falsity statement with disregard of truth. See Davis v. Schmit 166 App DC 351 510 F2d 731 4*). *Monroe v. Pape,* 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law). 5.*Griffin v. Maryland,* 378 U.S. 130 (1964)("If an individual is possessed of state authority and purports to act under that authority, his action is state action…").

554(b), 555(b), 555(e), and 701 *et seq*.,; (Count 9) in violation of the civil Rights Act of 1866 Title 42 U.S.C.A 1981; (Count 10) in violation of Constitutional rights under Title 42 U.S.C.A 1983; (Count 11) in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;" (Count 12) in violation of Due Process Clause of the Fifth Amendment of the United States Constitution that are federal statutes conferring jurisdiction on this Court pendent claims for all counts under laws of the District of Columbia, and common law, as the pendent claims arise from a "common nucleus of operative facts" as a result of Sodexho and Howard's illegal persistent and egregious violation of Appellant's Rights, guaranteed by the Constitution.

### Collective bargaining agreement of a wrongful termination

The US District of Columbia Court based its discretion on fraudulent misrepresentation and extending terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 collective agreement Pursuant to Labor Relations Act of 1955, sect 8 to dismiss the Plaintiffs' Civil Action No.04-0538 and Civil Action No.04-1240 was an error because it failed to enforce the terms of the agreement and rewrote the release agreement of arbitration case FMSC #041211-51307-A of March 15[th] 2003.

    The transcript P.1

        Hotel & Restaurant Employees Local 25, AFL-CIO Grievance Form Step1:
            Nature of grievance; wrongful termination.

Transcript P.1 Second Paragraph

Sodexho [McCants affidavit]: Mwabira-Simera was fired because of theft and
            reinstatement in exchange for waving all claims

    Transcript P.1:

    The Court: Plaintiff alleges that in the course of his employment he
            was subjected to a series of discriminatory and harassing
            acts, culminating in an incident in which he was fired after
            being accused of passing cafeteria food to his son, also a
            plaintiff in one case

Transcript: P.1.

Release Agreement arbitration case FMCS#041211-51307 No# 5:
      In reaching this agreement, Sodexho, the HERE, and
      Mr.Mwabira all deny any wrongdoing...This agreement shall
      not be deemed or construed in any way as an admission of
      liability, or a violation of any applicable law, rule,
      regulation or order, of any kind, by any party.

All language refers to the scope and merits of the arbitration agreement. Defendants failed to *establish the severity of Plaintiff's wrong doing* to result in <u>re-instatement in exchange</u> for waiving all claims which Judge John Bates clearly based his ruling.

Mwabira-Simera did not have any settlements with Sodexho and Howard on these two Civil Actions cases outside the arbitration case. Sodexho failed to stop EEOC from issuing a right to sue in Civil Action 04-1240, and withdrawing Civil Action 04-538 by eluding that the arbitration pre-empted any future claims. There was no probative value or any evidence in those relationships that were relevant to charges pursuant to Fed. Rule 403 (see. *United States v. Gurtmon*, 146 F.3d 1015 (D.C. Cir. 1999)). The termination was abusive, and intruded into established public policy under title 18 U.S.C.§ 246. The Plaintiff is seeking the court to provide a remedy as the victim of discrimination in Civil Action 04-538 and Retaliation in Civil Action 04-1240 that includes remedial Rights not precluded under a collective bargaining agreement. see *Cagle v. Burns & Roe, Inc.*(Wash.1986),and *Monge v. Beebe Rubber Co.* (N.H.1974) Termination includes claim of lost wages, consequential damages naturally flowing from the Sodexho's wrongful termination case-deprivation of Relief Benefits inviolation of 18 U.S.C§ 246, including pain, suffering, emotional distress, loss of reputation and, in addition, punitive damages have to be awarded. The whole language, and terms are referring to.

.   In *Podbberesky v. Kirwan* (4th Cir.1994); *Franks v. Bowman Transp.Co.* (S.Ct.1976); *Wygant v. Jackson BD of Education*, (S.Ct.1986); Mack A. Player: *Federal Law of Employment discrimination*, 4[th]Edition chs.1-1.04 & 20.10.pg 78, US District Court for the 4th Circuit held that a judicial finding of employer's "persistent and egregious discrimination" will allow, if not compel, the court to provide a remedy to the victim of discrimination that includes remedial seniority running from the date of the illegal treatment. Rights under a collective bargaining agreement do not preclude such a remedy.

The release agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 was to resolve and settle Sodexho's wrongful termination of Plaintiff under Title18 U.S.C. §246 as

amended. *see Martin Marrietta Corp v. Lorenz (Colo.1992);Harless v. First Nat. Bank in Fairmount (W.Va1978); McQuary v. Bel Air Convalescent Home, Inc. (*Or.App.1984*),* by applying Conspiracy against rights under 18 U.S.C§ 241 and acting under color of law, 18 U.S.C§ 242 of September 19th, 2003, see *Miriam Webster Pocket Dictionary* (1974)(oppress defined as "to crush by abuse of power or authority."); *Williams v. United States*, 341 U.S. 97, 99-100 (1951)(misuse of lawful authority Can constitute action taken under color of law). This release was extended to cover up Sodexho's persistent and egregious discrimination traditions, and customs of Civil Action No.04-0538; and Retaliation Civil Action No.04-1240 based on Plaintiff reporting the Defendant's day to day knowingly, and willful racial, persistent, and egregious discrimination in violations of protected statutory rights to the Equal Employment Opportunity Commission (EEOC) and his place of origin. This release agreement was not consolidated to these other two Civil Actions as Judge Bates stated in June 30th, Order line one of his discretion basing on fraudulent misrepresentation and extending terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 (Exhibit 2B), of Court Ordered Arbitration hearing Pursuant to Labor Relations Act of 1955, sect 8[10] that led to a release agreement, on March 15th, 2004 to dismiss the Plaintiffs' Civil Action No.04-0538 and Civil Action No.04-1240.

In *Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 158 (2d Cir.2002); In *Al-Fayaed*, 254 F.3d at 303-04; In *Gillispie*, 203 F.3d at 386; Pursuant to *28.U.S.C §1291: Martin's Herand Imp.195 F3d at 769-70 (*A grant of permanent injunction is reviewed of discretion*). Aponte v. Calderon,* 284 F3d 184, 191, the court of 2nd Circuit held that a court abuses its discretion by issuing an injunction that contains an error in its form of substance. Judge Bates' erred by failing to enforce the terms of the agreement and accepting the rewrite in release agreement of arbitration case FMSC #041211-51307-A of March 15th, 2003. Numbers #1, 2, 3, 4 of the agreement are mainly about the parties, waving the back pay. There is no waving all the claims in *exchange for reinstatement*. No#5 States:...In reaching this agreement Sodexho, HERE, Mr. Mwabira-Simera all deny any wrong doing whatsoever . . .". The language of exchange for reinstatement does not exist in the release agreement of arbitration case FMSC #041211-51307-A of March 15th 2003 nor does state or grant immunity for any future criminal cases.

---

[10] "...That a single employee was helpless in dealing with an employer; that he was dependant ordinarily on his daily wage for the maintenance of himself and family; if the employer refused to pay him the wage that he thought fair, he was nevertheless unable to leave the employ, and resist arbitrary and unfair treatment; that the Union was essential to give laborers opportunity to deal on an equality with their employer. see *American Steel Foundries v. Tri-City Central Trades Council, 257 U.S.184,209.*

## Intent, if sufficiently expressed, should be conclusive

Transcript P.2

The Court: The settlement agreement goes on to state that Mwabira-Simera agrees to "wave any and all claims for back pay, benefits, and other economic damages..."

In *Ray v. Industrial Acc. Commission* (1956) 303 P.2d 793,146 C.A.2d 393.District court of State of California §1542 held that any compensation which may accrue by reason of serious and willful misconduct of an employer in violation of a safety measure is separate and distinct from ordinary compensation benefits provided by Labor Laws, and therefore a compromise and release agreement entered into between an employer's insurance carrier and employee covering ordinary compensation benefits did not defeat employee's claim for additional benefits predicted upon serious, and willful misconduct of employer. In *Mairo v. Yellow Cab Co. of Cal.* (1929) 281 P. 66, 208 C. 350 the district court held that releases of personal injury claim obtained by taking advantage of plaintiff's ignorance or necessities and misrepresenting true character of releases are void.

## Ambiguous language

Transcript P.3

The Court:Mwabira-Simera's various attempted to avoid the terms of the settlement are unavailing...However, the law is clear that a broad and unambiguous release need not list every conceivable cause of action that might come within its term:

Sodexho fails to concede that there is a split among the circuits on the central question presented here, whether 18 U.S.C § 924(c)(1) defines two offenses or alternative means of committing a single crime. Moreover, the lower courts continue to struggle with this issue of statutory interpretation because, Sodexho has committed more than one crime that the Equal Employment Opportunity Commission issued three rights Right to Plaintiff to sue. Sodexho wants all four crimes [wrongful termination, discrimination, retaliation and retaliation] of her persistent and egregious discrimination to be solved by fraudulently misrepresenting through the prism of interpreting a Labor Collective Bargaining Agreement of wrongful termination.

In *Chung v. Johnston* (1954) 274 P.2d 922, 128 C.A.2d 157 District court of State of California §1542 held that any general release does not extend to claims which the creditor does not

know or suspect to exist in his favor at the time of execution and which, if known by him, must have materially affected his settlement. also see *Larsen v. Johannes* (1970) 86 Cal.Rptr. 744, 7 C.A.3d. *Commercial Ins. Co. of Newark, N.J. v. Copeland* (1967) 56 Cal. Rptr. 794, 248 C.A.2d 561. <u>The court created everlasting immunity for Sodexho's knowingly and willful persistent egregious discriminations</u>. Even on ambiguous language Justice Antoine Scalia and Judge Frank Eastbrook, in their "assault on the concept and utility of concept," of interpreting statutes intent state;

> "...The general purpose of the statute may suggest an answer different than a literal reading of the language, which itself may not jibe with legislative history... Where there is a conflict, the Chief Justice has to appoint a panel to help interpret the intent to what extend of the law...and where the actual lawyers who made the agreement available, they have to be contacted for their intent..."

> Judge Posner's "communication" theory of legislation is a useful starting point.
> ".... The Court's opinions sometimes seemingly do misuse legislative history, exalting it as more important than the statute itself. Judicial opinions also sometimes appear more mechanical than reflective... the exact way in which the payoff should be modeled as a function of outcomes and correctness is unclear." **See** Kaplan, *Pittson Coal Group v. Sebben*, 109 S.Ct.414 (1988) (Scalia J), *Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.*108.S.Ct.1350 (1988) (Scalia J).
> The district court, Sodexho, and Howard's interpretations, were more mechanical than

reflective interpretation, of the intent of the release agreement and the court failed to take action to contact the HERE Union Local 25 of Hotels and Restaurant Employees of Washington Area, who even submitted their affidavit about the intent of ambiguous language of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004. The lower courts continue to struggle with this issue of statutory interpretation in holding that that the statue criminalizes one offence in two more separate offenses

The court holds laws that demand good faith on part of release and full understanding by person injured as to his legal rights. *Id* In *Berry v. Struble* (1937) 66 P.2d 746, 20 C.A.2d 299 and *Carmichael v. Industrial Acc. Commission* (1965) 44 Cal.Rptr. 470, 234 C.A.2d 311. The district court held that all claims arising from an accident, whether injuries are known or unknown, and other things being equal, question is one of intent, and if sufficiently expressed, should be conclusive. In the present case, the indictment contained only one count in September 2003 without involving Mr. John G. Parker, General manager, Sodexho campus Services had been invited The mentally sick Minor and authorized Mwabira-Simera to serve him [Simera-Nandala] with food just like Donna McCants, a junior manager takes home and also serves her relatives and visitors with Company food an other items [McCants stated this at the Plaintiff's deposition on September 9th,

14

2005].That a pardon of illegal practice exist in Sodexho's company. Sodexho and Howard University Blackburn center violated applicable statutes and case law. Sodexho and Howard lack sufficient evidence to support the claims. Furthermore, special evidentiary rules apply where a conspiracy is charged. Hearsay evidence that would not normally be admissible against the nondeclarant may be introduced against a co-conspirator under Federal Rule of Evidence 801(d)(2)(E), which allows admission of statements of a party opponent on the theory that one concospirator is the agent of another. see *Anderson v. United States*, 417 US 211, 218 n.6 (1974). To be admissible in support of a conspiracy theory, however, the statements must be made during or in furtherance of the conspiracy. *Id*; *Dutton v. Evans*, 400 US 74 (1970). In the present case, Donna McCants [Sodexho Manager] the conspirator and Officer Kevin Jones [Howard security officer], the co-conspirator made written statements during or in furtherance of the charged conspiracy.

### An expert witness

2.    Plaintiffs Mwabira-Simera and Simera-Nandala were also substantially prejudiced by the court's failure to have a witness express some opinion about the intent effect of traumatization of the mentally depressed people with a narcotics offense . . . when it is expressed in some way from which one might infer that the witness has special knowledge about the intent of the Plaintiffs and to order Sodexho to produce materials, such as the tapes of the arbitration case on March 15, 2004, Sodexho's interview of some of her employees on these cases, Defendants, and Plaintiff's depositions at Howard University and Sodexho counsel's Office. Simera-Nandala obviously had a Fifth Amendment privilege not to testify at both depositions because of insanity and for being traumatized by McCants and Jones during September 19th, 2003 invents. see *United States v. Cruz*, 363 F.3d 187 (2nd Cir 2004). Sodexho did not provide a summary of an expert expected testimony, which would have been used by the district's order to provide remedies to Plaintiffs as victims of discrimination.

    Transcript Pg.1

The Court: June 30th, Order line one.:
    These consolidated actions involve the employment and eventual
    termination of plaintiff Samuel H.Mwabira-Simera, a utility
    worker at a cafeteria that defendant Sodexho Marriot Management
    Services ("Sodexho") operated for defendant Howard University
    ("Howard").

Transcript P.1:

US District Court ORDER of June 30th, 2005:

> Plaintiff alleges that in the course of his employment he was subjected to a series of
> discriminatory and harassing acts, culminating in an incidence in which he was fired
> after being accused of passing cafeteria food to his son, also plaintiff in one case

Sodexho applied the release agreement of arbitration case FMSC #041211-51307-A" of March

15th, 2004 which was to resolve and settle Sodexho's wrongful termination of Mwabira-Simera under

Title18 U.S.C. §246 as amended. *see Martin Marrietta Corp v. Lorenz (Colo.1992);Harless v. First*

*Nat. Bank in Fairmount (*W.Va1978*); McQuary v. Bel Air Convalescent Home, Inc. (*Or.App.1984*),*

by applying Conspiracy against rights under 18 U.S.C§ 241 and acting under color of law, 18 U.S.C§

242 of September 19th, 2003  see *Miriam Webster Pocket Dictionary* (1974)(oppress defined as "to

crush by abuse of power or authority."); *Williams v. United States*, 341 U.S. 97, 99-100

(1951)(misuse of lawful authority Can constitute action taken under color of law); as the only

evidence in their defense on Sodexho's persistent and egregious discrimination traditions, and

customs in violations of protected statutory rights. This release agreement did not include the EEOC

cases and was not consolidated to these other two EEOC Civil Actions.

> Transcript P.2

> The Court: The Court agrees that Mwabira-Simera claims against the
> Sodexho defendants are foreclosed by the plain language of
> the settlement agreement, and therefore must be dismissed

> Transcript P.1

> The release agreement of arbitration case FMSC #0141211-51307-A No#3,4:
> Sodexho agrees to reinstate Mr.Mwabira-Simera to a General
> Utility Person position. Mr. Mwabira and HERE agree to waive
> any and all claims for back pay, benefits and other economic
> damages through that date of his reinstatement.

In *Alexander v. Gardner-Denver Co.* (S.Ct.1974); and *Gilmer v. Interstate/Johnson
Lane.*(S.Ct.1991)  the courts held that Collective bargaining provisions do not preclude the
*individual* employee from pursuing federal statutory rights, Agreements by *individuals* not covered
by collective agreements to submit contract grievances to arbitration may, however, preclude judicial
remedies for statutory rights.

In *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman
Transportation Co.*, 424 U.S. 747. 763 (1976) the courts held that Civil rights statutes and almost all

16

statutes providing protections to workers in this country are, in the main, remedial legislation with considerable discretion to right the wrong before it.. (Congress vested broad equitable discretion in the courts to order such action as may be appropriate...)

> Transcript P.4.
> Court: finally, Mwabira-Simera argues that he chose not to make claims
>      of harassment and other similar charges in his union grievance,
>      and therefore, should not be foreclosed from asserting those
>      claims here...this assertion misreads the agreement...

Fed.R.C.P.R.26(c) allows litigants to make amendments based on the jurisdiction which the Union lacks and could not adjudicate the EEOC HERE Union Local 25 of Hotels and Restaurant arbitration case FMSC #041211-51307-A" of March 15th, 2004, which lacked the jurisdiction to adjudicate EECO cases.

The Courts are vested with these broad powers. Why did, a Federal Judge decline to rule over some parts of the Plaintiffs claim for lack of jurisdiction and at the same time expect the Labor Arbitration for a collective bargaining agreement to have jurisdiction over Equal Employment Opportunity Commission Cases?

Sodexho and McCants lies contended in their [motion] firing Plaintiff [at will] because of theft and *reinstatement in exchange for waving all claims but failed to establish the severity of Plaintiffs wrong doing*. There was no waving of all the claims in *exchange for reinstatement.* see *Payne v. Western & A,RR* (Tenn. 1884); *Howard V. Wolff Broadcasting Corp.* (Ala.1992) (dismissal of female radio announcer because of her sex states no common law claims); in violation of Labor Relations Act of 1955, sect 8.

Transcript P.1 Nos #5 of the release agreement of arbitration case FMSC #041211-51307-A of March15[th] 2003 exonerated Plaintiffs of any wrong doing].

> Transcript Pg.2
>
> Court: when Mwabira-Simera was terminated, his union filed a
>      grievance against Sodexho challenging his termination. The
>      Grievance led to an arbitration proceeding, and during a break
>      in the proceedings, the parties reached an agreement. According
>      to the terms of the settlement agreement bearing Mwabira-
>      Simera's [signed by a representative of Mwabira-Simera's union
>      and an official of [Sodexho] signature, Sodexho agreed to
>      reinstate Mwabira-Simera as a utility person without any loss of
>      seniority, in exchange for which Mwabira-Simera agreed to "fully
>      and finally  resolve, settle and release" Sodexho and its

employees "from any and all disputes and claims that were or could have been alleged in the grievance underlying" the arbitration.

Transcript P.1
Howard University Campus Police Department, Incident/Offense Report Form [Officer Kevin Jones]9/19/03:
> Mr. Simera is also the same person that this writer saw in the lobby with the youth at the time that Mrs McCants approached this writer.

Transcript P.1
Sodexho Report [Manager Donna McCants] 9/19/03:
> Officer Jones and myself Donna McCants saw Mr.Mwabira pass a bag of something to his son.

Transcript P.5
HERE Union question [arbitration case March 15th,2003]:
> Officer Kevin Jones, Did you see Mr.Mwabira-Simera "Mwasi" give something to his son on the September 19th, 2003?

Howard [Officer Kevin Jones] answer:
No, I did not see Mr. Simera.

Transcript P.9
Plaintiff Counsel question Deposition 09/12th, 2005
> Officer Kevin Jones did you see Mr.Mwabira-Simera give anything to his son on the]9/19/03:

Howard [Officer Kevin Jones] answer:
No, I did not see him

The District Court first of all re-wrote the agreement that included "reinstate Mwabira-Simera as a utility worker without any loss of seniority, in exchange..."The District Court failed to acknowledge that there was a lack of evidence presented to support the claim that the Plaintiff stole from the cafeteria. Officer Kevin Jones voluntarily confession left Sodexho claims as mere deceits and deformation. Sodexho failed to present any evidence of the Plaintiff's participation in the crimes alleged against them, any interest on the Plaintiff's behalf in the criminal venture, or any steps taken by the Plaintiff to help the crimes succeed nor did they prove beyond a reasonable doubt that any other employer other than the Defendant committed such offense. (*U.S. v. Labat, 905 F.2d 18-23 (2nd Cir.1990)*) Officer Kevin Jones admitted to having lied on September 19, 2003 at the time

18

Donna McCants and Kevin Jones hijacked the mentally sick Simera-Nandala. Sodexho used Officer Jones' false report as grounds to terminate Mwabira-Simera.

## Ineffective Assistance of Counsel

The Counsel for Mwabira-Simera and Simera-Nandala was not functioning as warranted by the 6th Amendment. Counsel was informed by the Plaintiff on numerous occasions during the course that the arbitration Transcripts clearly show no evidence presented to establish that the Plaintiff committed the alleged offenses of stealing cafeteria food since Officer Kevin Jones admitted he did not see the Plaintiff do this. Counsel refused to address the issue and was ineffective for not objecting the theft label that was attached to each count and which the court adapted in its June 31 Order of dismissing the cases. In doing so, it prejudiced the Plaintiffs. The 6th Amendment right to competent counsel does not permit unfettered communication between the accused and his lawyer during proceedings. See (*Jones v. Vacco, 126 F.3d 408, 415-416(2nd Cir.1997)* Counsel finally decided to unofficially withdraw from the case before informing the Plaintiffs after enough damages. The counsel could not defend the mentally depressed people who are protected by affirmative action 18 § U.S.C. 17. Counsel realized his grave mistake and accepted responsibility for his error.

Transcript P. 3 Order June 31st

> The court: He suggests that releases of Title VII and ADA
> claims are void against public policy but does not
> cite any law for this proposition.

These errors by Plaintiff counsel make it clear that there can be no reasonable explanation why an attorney following "prevailing professional standards," would not have objected to waving false claims in exchange for reinstatement when it's clear that the evidence in the release agreement did not establish Plaintiff's guilt of stealing. As a result of Arbitration of March 15 2004 in which co-conspirator Jones changed his first report; even though, Plaintiff's counsel had the transcripts of the collective bargaining in the arbitration of March 15, 2004 in which Jones states that he "witnessed Mwabira-Simera pass a bag of something to his son." In this same transcripts you see that Donna McCants and Jones called *Metro Police Department (MTP)* to pick up the Plaintiffs in arbitration case FMSC #041211-51307-A) march 15th, 2004. Jones also reported to have talked with McCants at length which reveals that this was an "intertwined conspiracy episode" between Defendants McCants and Jones, under color of law malicious defamation, oppressive, and in reckless disregard for the truth.

19

Counsel was also ineffective due to his opening statements in July 2005 in which he put the Plaintiff Simera-Nandala, a mentally depressed sick person, in a comprising and prejudicial position to have him deposed and testify on his own behalf. Counsel impressed upon the Court the notion that the Plaintiff will testify. In his mental state, Plaintiff declined and it crippled his defense leaving nothing to defend.

> Defense Counsel: The boy is sick and depressed. The boy will be
>         available for deposition.

Counsel's statement had the Court anticipating the Plaintiffs testimony. Being counsel he gave them intimate knowledge that was unsupported by any information that was previously on the record, which compelled the Plaintiff to be deposed and testify on his own behalf to cure counsel's error. Had Plaintiff been protected by affirmative Action 18 § U.S.C. 17 and not been deposed or even forced to answer the interrogatories the outcome would have been different. Consequently, a litigant's claim that the counsel forced him to testify must satisfy the two-prong test of Strickland. see (*Sexton v. French, 163 F.3d 874-882, 1998*)

<u>Insufficient Evidence</u>

Throughout the entire period, Sodexho and Howard failed to challenge or and present any sufficient evidence that was capable of proving beyond a reasonable doubt that the Plaintiffs waived claims with the intent to exchange for reinstatement. The District Court's definition of a settlement agreement of an ambiguous language requires that the court request the Chief Justice to provide a panel to satisfy the possible interpretations on the intent of the ambiguous language. Nonetheless, at no point during that period did Sodexho and Howard establish or attempt to establish the fact that the Plaintiff claims were not true or attempted or intended to dispute the facts set forth. The District Court was well aware of said factor being the bothersome reports that were relied upon to return an indictment charging both "Plaintiffs with intent to steal" alleged prior to EEOC right to sue to the Plaintiff. The District Court was aware that Sodexho and Howard failed to introduce any evidence that supports the theft element and yet the District Court dismissed the whole case extracting the theft element.

The District Court also was fully aware of the affirmative action, which is not a mere novel but it is a constitutional provision, that states that anybody who is proven to be insane is not to be deposed. The court erred when it admitted Sodexho and Howard's motion to dismiss Plaintiffs that Mwabira-Simera and Nandala-Simera's claims violated the court orders to depositions. This violates the constitutional rights as accorded to any body who is insane under Title 18 §§ 1753. Both Sodexho and Howard obtained information about the mental hospitalizations from Howard University, Washington Adventist Hospital, and Kaizer Permanente Hospitals.

The court could reject and accept such evidence only if it was supported by an accepted expert witness as provided for under Rule 702 and 704 of the Federal Rules of Evidence ("FRE") governs the admissibility of expert testimony. The rules provides that:

> If scientific, technical, or other specialized knowledge will assist the tier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In addition to the requirements of FRE 702, FRCP 16(a)(1)(G) requires Sodexho and Howard to submit to Plaintiffs written summary of the expert testimony that it intends to use during its case-in-chief. The summary must "describe the witnesses" opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." It is well established that when the court admits expert testimony, it "must serve as a gatekeeper." *Cruz*, 363 F.3d at 192.

The Plaintiffs submit, therefore, that the district court violated Rule 704(b) of the Federal Rules Evidence that the error was not cured by the arbitration case question posed to Mr. John Parker, and that the error was not harmless. *United States v. Salamanca*, 990 F.2d 629, 637 (DC Cir) *cert denied*, 510 US 928 (1993)(this Court reviews a trial judge's admission of evidence for abuse of discretion).

> Pursuant to Fed. Rule 704(b) provides: No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matter for the tier of fact alone.

In response to questions based on circumstances, which exactly mirrored the situation of this case, McCants made clear that the intent of the agreement was to waive the claims for exchange of reinstatement and Judge John bates relied on this affidavits. Plaintiffs submit that both Sodexho and

Howard testimony clearly violated Rule 704(b) and the court's support to Sodexho and Howard's lengthy motions did not cure this blatant error.

Finally, Plaintiffs submit that the error was not harmless because it had a "substantial and injurious effect" on the verdict. *See, United States v. Smith*, 77F F.3d 511, 515 n.1(DC Cir 1996)(proper measure of harmlessness is whether the error had "substantial and injurious effect" on verdict). In *Smart, supra*, this Circuit held that "[i]n cases where the error is fundamental or where the other, admissible evidence against the Plaintiffs is ambiguous, a court will always conclude that the error affected the verdict." *Smart*, 98 F.3d at 1390. As noted in court error and summary *Argument, supra*, there was insufficient evidence to support a finding that Plaintiffs waived his claims in exchange of re-instatement in March 15, 2003 or that Plaintiffs intended for those claims to be void and barred. Therefore, Ms. McCants testimony substantially prejudiced Plaintiffs' case by simply telling the judge that the Plaintiffs were barred. Plaintiffs submit, therefore, that the case should proceed under jury trial

Transcript Pg.765

> The Court Order of November 2, 2005: Upon consideration of Defendants' motions to dismiss and the entire record herein, and for the reasons stated in the memorandum Opinion issued on this date, it is 2nd,day of November 2005, hereby Ordered that [38] the Sodexho defendants motion to dismiss plaintiff Nandala's claims and [42] the Howard defendant's motion to dismiss plaintiff Nandala's claims are GRANTED; it is further ORDERED that plaintiff Nandala's claims are DISMISSED, without prejudice pursuant to FEd.R.Civ.P.37(d); it is further ORDERED that Plaintiff Mwabira's claims against Howard defendants are DISMISSED, without prejudice, for what of subject-matter jurisdiction.

In discussion of *Albermarle Paper CO. v. Moody, and Franks v. Bowman Transportation Co. supra.* (Congress vested broad equitable discretion in the courts to order such action as may be appropriate...) The case did not need to be dismissed with its entire record for lack of jurisdiction, yet the same Judge John Bates legislating from the bench rules that Plaintiffs' claims be dismissed because of a Labor Collective Bargaining Agreement The evidence was presented on false

imprisonment and arrest to support a finding of guilt in using and acting under color of law in its furtherance. The indictment charges are as follows:

On or about September 19th, 2003, in the Sodexho Cafeteria Howard University Campus District of Columbia, Donna McCants, an employee of Sodexho, and Kevin Jones, an employee of Howard University, the Defendants, unlawfully, willingly, and knowingly, during and in relation to this crime for which they could be prosecuted in a Court of the United States with the imprisonment and arrest offense charged in count one of this indictment, kidnapped a mentally sick person through the back of the cafeteria into Sodexho kitchen and put both Plaintiffs under arrest in a small cubic in the dining room with intent to transfer them to the Washington Metro Police. In the end, Plaintiff Mwabira-Simera was wrongfully terminated because of the alleged crime when the Police declined to show up after about six hours.

Sodexho and Howard failed to establish any evidence or facts capable of proving beyond a reasonable doubt that the Plaintiff was a thief. Sodexho and Howard repeatedly insisted on fabricating testimony and feeding it to the judge as facts.

Transcripts Pg.1 Paragraph 3

Sodexho [McCants Affidavit July 2004]: Mwabira-Simera signed an agreement and now his claims must be barred, he is enjoying his job.

Transcripts Pg.

Sodexho and Howard: John Simera-Nandala was ordered several Times to appear for his deposition but he failed. He has a habit of falling to attend in his deposition. The only sanction is to dismiss his case.

Plaintiff Counsel: Could not even raise the question of what happened to the mental-medical related documents Sodexho and Howard obtained? He was so ineffective that he could not question and object to fictitious testimony.

Plaintiff Counsel: Was so ineffective that he could not raise the issue of Kevin Jones admitting that he did not see Plaintiff with his son.

Plaintiff Counsel: Position was totally out of faction to use all available evidence to demonstrate that.

Defendants have a duty not to present false evidence and to correct the record if such evidence is presented, and this duty that Plaintiff passed a bag of something to his son. The evidence proved that Jones did not see Mwabira-Simera at the time there in. Sodexho failed to produce any sufficient evidence to support any theory of stealing and could not deny charges including false imprisonment with intent to transport Plaintiffs to Metro Police.

The District Court denied the Plaintiff's Motion for a permanent injunctive relief. The Court of Appeals for the District of Columbia Circuit affirmed both the June 31st and November 2nd 2005 Orders:The release agreement of the Arbitration March 2004: based on the finding that the acts proved to have been committed by the Defendants were sufficient to make them guilty as a principle. The inclusion of the theft crime was not erroneous.

### Ineffective Assistance of Counsel:

Here the Plaintiff cannot show a reasonable probability but had it not been for his counsel's failure to timely object to the defense counsel and court instruction, the result would have been different. Plaintiffs note that if counsel had clarified Kevin Jones confession by citing the laws and authorities and a better definition that the court might have found Sodexho and Howard guilty under that theory. First, as the evidence of Sodexho and Howard guilt was so compelling, the probability that any earlier objection by counsel would have made any meaningful difference in the outcome. Secondly, at the time it was made, this Court can not say that there was a reasonable probability that the District Judge would have changed the charge had it been timely raised.

### Insufficient Evidence:

The court clearly could have credited Jones' written confession, contracting his earlier report as the policies testimony, and physical evidence, not withstanding some minor inconsistencies. Howard was

sued differently for its involvement with false imprisonment; arrest, misrepresentation, and using false statement in violation of 18 U.S.C. 1001 detach violation of fourth Amendment intentional infliction of mental stress. Plaintiffs never made any agreements to bar them from seeking injunctive relief.

In the arbitration case, the indictment contained only one count, which said that the Plaintiffs had stolen food from the cafeteria in September 2003 without involving Mr. John Parker, who authorized Plaintiff to serve food to the mentally sick minor. The actions of Sodexho and Howard agents at the Howard University Blackburn center violated applicable statutes and case law. There was no authority to take appellants into custody at Blackburn Center with intent to hand them over to the Metro Police. In the alternative, therefore, the district court erred in denying Plaintiffs' motions for judgment and injunctive relief. The present ruling on the case lacks sufficient evidence to support the court's denial of Plaintiff's claims. Furthermore, special evidentiary rules apply where a conspiracy is charged. To be admissible in support of a conspiracy theory, however, the statements must be made during or in furtherance of the conspiracy. *Id*; *Dutton v. Evans*, 400 US 74 (1970).

In the present case, co-Plaintiff Simera-Nandala statements were not made either during or in furtherance of the charged conspiracy when Plaintiffs McCant and Jones had grabbed him, tossed out the cup of juice, and hauled him [hijacked] back to the building [deposition on September 9 and 12, 2005] as witnessed by Howard University employees. This excessive force violates 1960 *Miranda v. Arizona ruling* requiring a suspect to be informed of his\her Fifth Amendment rights. In 1981 *Edwards v. Arizonna* ruling made it even clear; After being duly informed of the right to remain silent, once a suspect asks to speak to a lawyer all forms of police interrogation must stop until legal counsel arrives, and security Officer to inform the Minor to request for lawyer to be present when a minor is interrogated.

 Sodexho and Howard's later position was clearly inconsistent with their earlier position. The first factor is not satisfied because Defendants present position is not consistent with their first prior positions at the arbitration hearing in motions to dismiss: Now in this Second Motion, the same Defendants have indicated they can behave and do anything contrary to rule of law by merely fraudulent misrepresentation which incorporates the facts above of the summons and complaints seeking relief. The second and third factors are not satisfying because the Defendants eluded lies could not persuade the court to accept their fraudulent position of dismissing the suit. This

25

acquiesces with Defendants' position and the Defendant will derive an unfair advantage or impose unfair detriment on the Plaintiffs.

The Plaintiffs correctly cited *New Hampshire* standing for the preposition that "where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed assume a contrary position especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him". The Defendants in this case acquiesced in the position by Plaintiff in the prior (their motions to dismiss).

Plaintiffs incorporated, by reference, the allegations contained in counts two, three, four-six above, and state further that Defendants could not be granted relief in dismissing the cases because of their failures and omissions to correct a violation of Institution Codes of rules and regulation governing institution to the aforementioned violations constitutes a breach of the warranty implied by law into all cases in the United States Federal and District of Columbia. Insult, negligence, harassment, bullying, searches, false imprisonment, and discrimination, retaliation are tort liability and are abusive and hostile to the Federal Statutory systems.

The United States Supreme Court has recently spoken on the doctrine as well and noted that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he (Defendants) may not thereafter, simply because their interests have changed assumed a contrary position especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him."

## D.C. Code Ann. §§ 1-606.3(c), (d)

(II) Any employee or agency may appeal the decision of the Office to the US/Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary. Civil rights statutes, and almost all statutes providing protections to workers in this country, are, in the main, remedial legislation. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman Transportation Co.,* 424 U.S. 747. 763 (1976). Furthermore, one of the fundamental principles of equity is "make-whole" relief; that is, relief that would put the person in the position that one would have been in but for the violations of one's rights. Civil rights statutes, and almost all statutes providing protections to workers in this country, are, in the main, remedial legislation, and where, as here, a court decides a controversy brought pursuant to a remedial statute, the Court always sits with equitable powers, and is given considerable discretion to right the wrong

before it. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman Transportation Co.,* 424 U.S. 747. 763 (1976).

III) These irreparable injuries (mental hospitalization, neurological surgery, and continued psychiatric care) due to traumatization challenge the legality and constitutionality of unreasonable responses, denial, and/or delays in processing, responses, and applications have varying experiences of delay in the administrative procedures encountered in Plaintiffs' requests from the Defendants Sodexho and Howard under the Act. 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq.*" In determining whether there is an issue of material fact, this court must view the record in the light most favorable to the nonmoving party." *O'Mally, III v. Chevy Chase Bank*, 766 A.2d 964 (D.C. App2001).

Here, the district court failed to comprehend the extent of its equitable authority to fashion a remedy which would have made Mwabira-Simera and minor whole for the Sodexho's and Howard's deprivation of Civil Rights 1964 Articles I; VII; XI; 5 U.S.C §§ 554(b), 555(b), 555(e), and 701; 42 U.S.C.A §1983, §12101; 18 U.S.C. § 241; 18 U.S.C. § 242 which will make whole for the Defendants' deprivation of Plaintiffs' rights. Respondent Sodexho argued to the US DC Circuit that exchanging re-instatement waved all of Samuel H. Mwabira-Simera's remedies for the violations of his rights by Sodexho's illegal acts which are disproved by facts in all Counts.

Thus under the US Supreme  Court general equitable powers, the court may award attorney fees, or such other relief as the Court deems necessary and proper in a petition for review of an agency adverse employment action. Plaintiff Mwabira-Simera would have also been eligible for an award of fees under the Back Pay Act, 5 U.S.C. § 5596. *Hunt v. District of Columbia.* 520 A.2d 300 (D.C. App. 1987). Thus, under the US Supreme Court equitable powers, it may require a much broader relief than Plaintiffs Mwabira-Simera and Simera-Nandala may have been entitled to under the federal court action brought by the HERE union.

This encompass back pay, severance pay, sustainable compensatory damages (Falsifying evidence, False imprisonment, Malicious Prosecution, Deformation, Deprivation of Relief Benefits, and Negligent causing Infliction of Mental Distress), and a determination of the Company employees' retention rights are not pre-empted under the collective bargaining agreement.

Findings of facts are reviewed for clear error, and conclusions of law are reviewed *de novo. I.d.* Findings of Facts based on the evidence proved that District Court erred by relying on Defendant McCants who lied and deprived Plaintiff of Relief Benefits which lead to arbitration case FMSC

27

#041211-51307-A", and resulted in "release Agreement" as a separate case which was a conspiracy between Defendants McCants, and Jones acting under color of law to oppress, acted willfully, and knowingly in disregard of the law. *See. Defendant John's Testimony on transcript contradicting his report and with Defendant McCants'.*

In *EEOC v. Waffle House Inc.*, the Supreme Court citing the law held that an agreement to arbitrate employment-related does not bar the Equal Employment Opportunity Commission from pursuing victim-specific judicial relief, such as back pay, reinstatement, and damages, in action to enforce Title I of the Americans with Disabilities Act 1990. Based on this ruling, the EEOC of Washington Area rejected Sodexho's request to withdraw all Plaintiff's claims under pretext that Release Agreement of Arbitration case FMSC #041211-51307-A" of March 15th, 2004 waved off the claims. This abuse of discretion by the District Court and United States Court of Appeals for the District of Columbia Circuit in this case affirming the "Orders", Plaintiffs have respectfully petitioned for a Writ of Certiorari to review the judgment to provide remedies to Plaintiffs' victimization.

Findings reviewed for clear error, and questions of law show that the district Court discretion was based on Defendant Sodexho's and Howard's fraudulent misrepresentations, and thereby request the Honorable Supreme Court of Appeals over turn this Order, and grant Plaintiffs full injunctive Relief *see Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 158 (2d Cir.2002); *Al-Fayaed, 254 F.3d at 303-04; Gillispie, 203 F.3d at 386. see. 28.U.S.C §1291: Martin's Herand Imp.195 F3d at 769-70 (A grant of permanent injunction is reviewed of discretion. Aponte v. Calderon, 284 F3d 184, 191.*

In summary, Plaintiffs has shown himself capable of and willing to do good work while with Sodexho, had it not been for McCants, Worley, and Jones racially discriminating him at every turn. Where there are any unresolved issues of damages, a case cannot be considered moot. *Board of Pardons v. Allen,* 482 U.S. 369, 370-71 n. 1 (1987). And, there is nothing in the law to prohibit Company employees in this particular case, Mwabira-Simera who was wrongfully terminated or deprived of relief benefits under the color of law, but won reinstatement in another forum, from going to the US Supreme Court to obtain the other elements of relief listed above, and other costs such as attorney fees, which the initial forum did not, or could not, grant for lack of jurisdiction. See: *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54 (1980).

Finally, Plaintiffs Mwabira-Simera and Simera-Nandala were also substantially prejudiced by the court's failure to order Defendant Sodexho to produce all the documents it was holding, and provide a summary of an expert expected testimony which it relied on. Simera-Nandala obviously had a Fifth Amendment privilege not to testify at both depositions because of a traumatized mental health as protected by Title 18 USC § 1753. A trial court's decision to admit or exclude expert testimony is reviewed for abuse of discretion. *United States v. Cruz*, 363 F.3d 187 (2nd Cir 2004).

A district court's decision whether to order Sodexho and Howard to produce discovery prior to trial is subject to review under an abuse of discretion standard. *United States v. Jackson*, 508 F.2d 1001, 1007-08 (7th Cir 1975). Therefore the Plaintiffs request this court to overturn the district's order and provide remedies to Plaintiffs as victims of the discrimination.

The court erred when it admitted Sodexho and Howard's motion to dismiss Plaintiffs Mwabira-Simera and Nandala-Simera claiming that they violated the court orders to depositions. This violates the constitutional rights as accorded to any body who is insane under Title 18 §§ 1753. Both Sodexho and Howard obtained information about the mental hospitalizations from Howard University, Washington Adventist Hospital, and Kaizer Permanente Hospitals.

Plaintiffs submit that there was insufficient evidence to bar them and their claims. Sodexho did not have the authority to abrogate any provisions of the collective bargaining agreement between the HERE union, Mwabira-Simera, and Sodexho. Sodexho defended the suit by alleging that it was following the instructions of the US Laws by fraudulent misrepresentations in manner, which specifically contravened the provisions of the agreement as supported by facts in Count

**Factual findings are reviewed for questions of Law de novo id.**

The summons and complaints about their hate crimes violated the protected class under the Civil Rights Acts include but not limited to Eighth Amendment's Prohibition of Cruel and Unusual Punishment see *United States v. Georgia*. They now elude non-factual denials and on top of these, they assert they should not be held liable for the hate crimes, which were a prime motive of all their unlawful acts,

Pursuant to Rule 11 (3) requires that the allegations and the other factual contentions have evidential support or if specifically so identified are likely to have evidential support after a reasonable opportunity for further investigation or discovery. Rule ll (4) require that the denials of

29

factual contentions are warranted on the evidence or if specifically identified are reasonably based on a lack of information or belief. Defendant Howard et al has not demonstrated any warranted evidentially support to denials of factual contentions. The Defendants are now bringing in issues like a case in the united States of which was dismissed based on Court's abuse of discretion. See *Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 158 (2d Cir.2002); Al-Fayaed, 254 F.3d at 303-04; Gillispie, 203 F.3d at 386. see. 28.U.S.C §1291: *Martin's Herand Imp.*195 F3d at 769-70 *(A grant of permanent injunction is reviewed of discretion. Aponte v. Calderon, 284 F3d 184, 191.*These defendants have the burden to articulate specific facts to support their motion and cannot rely on speculative or conclusory statements.

This court should admit the testimony of the two witnesses [Officer Kevin Jones and Donna McCants of Sodexho Inc.] pursuant to the provision of Fed. R. Crim. Pro. 404(b). That rule provides that evidence of other crimes is admissible to establish "motive, opportunity, intent, preparation; plan, knowledge, identity, or absence of mistake or accident."

Moreover, Rule 404(b) is a rule of inclusion rather than a rule of exclusion. Thus, in United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc), cert. denied, 525 U.S. 1149 (1999), the Court of Appeals noted that:

> We have recognized before that although the first sentence of Rule 404(b) is "framed restrictively," the rule itself is "quite permissive," prohibiting the admission of other crimes evidence "in but one circumstance" -- for the purpose of proving that a person's actions conformed to his character. *United States v. Jenkins*, 928 F.2d 1175 (D.C. Cir. 1991).

Similarly, McCants, involvement with co-conspirators defendant Howard and Jones is relevant to show their relationship. *United States v. Gaviria,* 116 F.3d 1498, 1532-33 (D.C. Cir. 1997), cert. Denied, 522 U.S. 1082 (1998) (other crimes evidence properly admitted where it shows or tends to show the existence of a relationship between the defendants, and whether it shows or tends to show the defendants had a common scheme or plan which included the offenses for which they are now charged). See *United States v. Graham*, 83 F.3d 1466 (D.C. Cir. 1996), cert denied, 519 U.S. 1132 (1997) (evidence of the criminal activity preceding the charged conspiracy help explain the subsequent formation of the larger conspiracy). The fact that defendants McCants, and Jones were involved in activities together is likewise relevant in helping the court to understand their relationship and its relevancy to "inextricably intertwined" criminal episode that led to wrongful termination and eventually arbitration case.see *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963, 973 (E.D.Pa.1977).

30

In Plaintiffs' Petition for Review, HERE Union on his behalf stated that the Sodexho's action in terminating Plaintiff was arbitrary, capricious, unreasonable, an abuse of discretion, and was not supported by substantial evidence and Officer Kevin Jones' Testimony proved to be a Lie. see *Martins Herend Imps.* 195 F.3d at 769-70; Miriam Webster Pocket Dictionary (1974)(oppress defined as "to crush by abuse of Power or authority."); *Griffin v. Maryland,* 378 U.S. 130 (1964)("If an individual is possessed of state authority and purports to act under that authority, his action is state action…"); Mitchell *v. Village Supper Market, Inc.,* 926 F.Supp. 476, 479-81 (D.N.J 1996); *Monroe v. Pape,* 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law) *Williams v. United States*, 341 U.S. 97, 99-100 (1951)(misuse of lawful authority can constitute action taken under color of law).

WHEREFORE, The negligent racially motivated falsification Civil Actions of Defendants were based on hate, intentional, deliberate, and willful and taken in disregard for the laws as incorporated in Counts 1- VII. The Plaintiffs have shown that the defendants injured, interfered with and intimidated Plaintiffs. see 1968 U.S. Code Cong. and Admin. News 1837, 1838-40, 1843, 1845; United States' Proposed Instruction No. 24.

## COUNT VI. MOTION TO DISMISS: THE LEGAL STANDARD

The Court should dismiss a claim under Rule 12 only if it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him relief. "*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), (quoted in *Perry v. District of Columbia,* 474 A.2d 824, 826 (D.C. App. 1984). "Even a doubt as to whether a genuine issue [of fact] exists is sufficient to preclude summary judgment." *Bason v. Am. Univ.,* 414 A.2d 522, 525 (D.C. 1980). In passing upon a motion to dismiss, the Court must assume as true all allegations pleaded in the complaint. *Zhore v. Jennifer Mall Restaurant,* 534 A.2d 1268, 1269 (D.C. App. 1987). All pleadings should be liberally construed in favor of the party bringing the action so as to do substantial justice. *Bagley Realty, Inc. v. Laufer,* 482 A.2d 359. 364 (D.C. App. 1984). "In determining whether there is an issue of material fact, this court must view the record in the light most favorable to the nonmoving party." *O'Mally, III v. Chevy Chase Bank,* 766 A.2d 964 (D.C. App. 2001).

Here, the District Court has to comprehend the extent of its equitable authority to fashion a remedy of Defendants violation of Civil Rights 1964 Articles I; VII; XI; 5 U.S.C §§ 554(b), 555(b),

31

555(e), and 701; 42 U.S.C.A §1983, §12101; 18 U.S.C. § 241; 18 U.S.C. § 242 which will make whole for the Defendants' deprivation of Plaintiffs' rights. The Sodexho and Howard's Institutional racial decisions were not true however even if it had been true, it is settled law that the Plaintiffs are simultaneously pursuing their rights under available statutory remedies. Cf., *Alexander v. Gardner – Denver Co.*, 415 U.S. 36 (1974); *J.I. Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944); *Cf., Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974); J.I. *Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944).

This fact is true even where resolving the employee's claims pursuant to different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) citing Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

Defendants Sodexho and Howard's Institutional racial decisions were not true however even if it had been true, it is settled law that the Plaintiffs are simultaneously pursuing their rights under available statutory remedies. *Cf., Alexander v. Gardner –Denver Co.*, 415 U.S. 36 (1974); J.I. *Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944); *Cf.* This fact is true even where resolving the employee's claims pursuant to a collective bargaining agreement and resolving the matter pursuant to a state statute required the two forums to address the exact same set of facts. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409-410 (1988); "notwithstanding the strong policies encouraging arbitration [as required by a collective bargaining agreement], 'different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) *citing* Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

The Willett court rule on the issue of whether a wrongful termination action brought under the Elliott-Larsen Civil Rights Act by a unionized employee was removable because it was preempted by the Labor Management Relations Act and held that: "under the decisions of the Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96L.E.D.2d 318 (1987), and *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d

410 (1988), and their progeny in the Sixth Circuit. . . such an action is not preempted and may not properly be removed." Willett at 614. .

Such an action is not preempted and may not properly be removed." <u>Willett</u> at 614. Also noteworthy, the District courts of New Jersey have consistently determined that an employee's claim based on rights arising out of a state stature is separate and independent from the terms of the relative labor contract. *Mitchell v. Village Super Market, Inc.*, 926 F.Supp. 476, 479-81 (D.N.J. 1996); *Kube v. New Penn Motor Express, Inc.*, 865 F.Supp. 221, 228-230 (D.N.J. 1994); *Carrington v. RCA Global Communications, Inc.*, 726 F.Supp. 632, 639-42 (D.N.J. 1991). As such, these courts have concluded that the Labor Management Relations Act (LMRA) does not preempt New Jersey Law Against Discrimination (NJLAD) claims. *See* <u>Mitchell</u> at 479-81; <u>Kube</u> at 228-230; <u>Carrington</u> at 639-42.

The <u>Carrington</u> court exhaustively reviewed the pertinent case law and determined that the LMRA did not preempt NJLAD racial discrimination claims. *See* <u>Carrington</u> at 640-42. In that case, the court held that "both the existence and the scope of the plaintiff's state lay discrimination claims under NJLAD are derived independently from state law, and not from the obligations assumed by the parties under the labor agreement." *Id.* At 641; *see also* <u>Mitchell</u> at 480 ("[T]he right not to be discriminated against is *defined and enforced under state law without reference to the terms of any collective bargaining agreement even where the labor contract itself prohibits discrimination."* [internal quotations omitted]).

The Third Circuit has cautioned that a complaint alleging violations of civil rights must be pleaded with specificity in order to withstand motion to dismiss. *Kuaffman v. Moss*, 420 R.2d 1270, 1275 (3d Cir. 1970). The counts I-VII does contain specificity of facts related to these two cases and release agreement of arbitration cases.

Moreover, Jones testified that he did not see the Plaintiffs Mwabira-Simera pass a bag of something to his son Plaintiff Nandala-Simera. This is a critical element of proof against Howard. Without the testimony, this case did not hold water, which formed the basis for the arrest and termination. In considering the sufficiency of the evidence claim, this Court reviews "the evidence de novo, in the light most favorable to the Plaintiff in order to determine whether a 'rational tier of the fact could have found the essential elements of the Sodexho's crime beyond a reasonable doubt.'" This testimony again proves that Sodexho has no evidence of severity that would have created terms such as "Plaintiff waved his claims for exchange of re-instatement", a fraudulent

33

misrepresentation and extending terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 quotation that Judge John Bates cited in his dismissal of Plaintiffs' cases. Such Error in admission of statement affected substantial rights

Plaintiffs Simera-Nandala and Mwabira-Simera move this honorable court to deny Defendant's motion to dismiss and grant Plaintiffs judgment by default against Defendants on the ground that Defendants have referred their defenses on a fraudulent misrepresentation which claimed that Plaintiffs were seen passing a bag of Sodexho cafeteria food to his son, and then later contradicted that the case is barred by the doctrine of judicial estoppels in the District of Columbia. This doctrine applies where a party [Officer Kevin Jones and Donna McCants] contradicted in a lawsuit of their sworn statement in previous litigation.

Because of Sodexho's persistent and egregious discrimination of second time retaliation, Plaintiff Simera filed this civil action 06-2052 against Defendants, Howard, Sodexho Marriott Management Services ("hereafter Sodexho"), Marcus Worley (hereafter "Worley"), and Donna McCants (hereinafter "McCants"), under 1. Fraud, and Falsifying of Material Fact; 2. Violation of Privacy-Strip search; 3. Violation of Plaintiffs human rights Title VI of Civil Rights Act of 1964: 3. Intentional Negligence, 4. Collateral Damages. 5. Malicious Defamation, Nuisance. 6. Unlawful Discrimination Based on National Origin (Under Title VII of the Civil Rights Act, 19, as amended, 2 USCA 2000e et sequel) and 1991 105 stat. 1071, 7. Title VII Hostile, Abusive, Bullying, Harassing of Work Environment; 8. Violation of Deprivation of Rights under Color of Law; 9. Violation of the Elements - Criminal Civil Rights Conspiracy - 18 U.S.C. § 241 -- Criminal Civil Rights Conspiracy Elements Under Color of Law -- 18 U.S.C. § 242 -- Deprivation of Rights 18 U.S.C. § 246; 10. Deformations; 11. Intentional Infliction of Emotional Distress-- Interference with Federally Protected activities and the grievance was timely entered on September 14th, 2006.

During the course of September 19th, 2003, the Defendant; maliciously, and in reckless disregard for the truth, falsely accused plaintiffs by being a key material witness to the claims of Sodexho. Citations are based in part on the following non-exclusive list of relevant statutes and cases see *Plough Inc. v. Nat'l Academy of Sciences*, 530 A.2d 1152 (D.C. 1987); *Lofchie v. Washington Square Ltd. Partnership* 580 A.2d 665 (D.C 1990); *New Hampshire v. Maine* 553 US, 742 749 (20010 5D. Defendant's false accusations were deliberately done in a malicious effort to hold the Plaintiffs up to a public, ridicule, scorn, and to run the plaintiff out of their home. Said statements, acts and mission were false, and Jones knew of the falsity when they planned to execute their mission. Defendant Howard adopted the statements as true and benefited from the defamatory statement. This

34

was an "intertwined conspiracy episode" between Defendants Howard, Sodexho, McCants, Worley, and Jones, under color of law malicious defamation,[11] oppressive, and in reckless disregard for the truth. *see Martin Marrietta Corp v. Lorenz (Colo.1992);Harless v. First Nat. Bank in Fairmount (W.Va1978); McQuary v. Bel Air Convalescent Home, Inc. (*Or.App.1984). Defendants' full caption for complaint was deceit-overt false representation[12] of a material fact under the color of law.

As a direct and proximate result of defamation of plaintiffs, Plaintiffs suffered damages, including but not limited to reputation. *See Davis v. Schmit* 166 App DC 351 510 F2d 731.

(A). As a direct result of defendant's malicious defamations, Plaintiffs became the subject of public scorn and jokes, and has suffered great emotional trauma.

(B). As a result of the aforesaid, Defendant created a private nuisance due to extremely lack of important documents for applications and demonstration.

C) As a result of this, Plaintiffs suffered damages, including physical pains, loss of self-esteem, headaches, loss of appetite, and emotional distress, and continues to be under psychiatric care especially after the traumatization, giving rise to this cause of seeking legal relief injunctions in this Civil Action of federally protected Statutes against Defendant Howard illegal acts, willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights and persisted in their egregious *Hostile, Abusive, Bullying, and Harassing Work Environment*

In *Dutton v. Evans*, 400 US 74 (1970) which is like in the previous case, co-Plaintiff Simera-Nandala statements were not made either during or in furtherance of the charged conspiracy when Defendants McCants and Jones had grabbed him, tossed out the cup of juice, and hauled him [hijacked] back to the cafeteria kitchen [deposition on September 9 and 12, 2005] as witnessed by

---

[11] Citation: *"Plaintiff entitled to punitive damages in slander suit where defendant stated to others that Plaintiff had been convicted of a crime in a falsity statement with disregard of truth. See Davis v. Schmit 166 App DC 351 510 F2d 731 4*). *Monroe v. Pape,* 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law). 5.*Griffin v. Maryland,* 378 U.S. 130 (1964)("If an individual is possessed of state authority and purports to act under that authority, his action is state action...").

[12] Misrepresentation

The Defendants knew of their falsity and yet made fraudulent misrepresentation with such reckless indifference to the truth that it would be reasonable to charge them with knowledge of this falsity

The Defendant made the fraudulent misrepresentation intending that the plaintiff would act in reliance on it. By willfully and knowingly falsifying material fact violates statute article 18 USC § 1001 which states:

Whoever willfully and knowingly falsifies a material fact or makes use of a false statement or makes use of a false document will be fined up to U.S. $10,000 or imprisoned up to five years or both. Also must be charged under penalty of perjury 28 U.S.C. §1731

Howard University employees as Defendants Jones and McCants just proceeded searching, and interrogations which traumatized the mental sick minor. The use of excessive force was abusive and violated 1960 *Miranda v. Arizona* and the 1981 *Edwards v. Arizona* ruling made it even clearer, requiring a suspect to be informed of his/her Fifth Amendment rights and that all forms of police interrogation must stop until legal counsel arrives. Officer Jones did not make any report at the time therein. University Rules and Regulations give security officers ultimate power of making the final decisions, like a "Judge" in a situation. Officer Jones had the final decision in the dismissal of Plaintiff on September 19th, 20, which lead to arbitration Collective Bargaining Agreement. Sodexho is using this agreement in violation of Fed.R.Ev.R.801 (a), which prohibits hearsay evidence that is not admissible.

A) Defendants Donna McCants, Marcus Worley, Vincent Jones with their persistent harassment and egregious discriminated and dismissed Plaintiff Mwabira-Simera based on the fact that Plaintiff's race and origin is African and the claim that Officer Kevin Jones witnessed Plaintiff give a bag of something to his son.

B) Defendant Donna McCants and Jones instituted criminal proceedings against Plaintiffs for allegations which were falsely fabricated against Plaintiffs on September 19, 2003, as evidenced.

C) Defendant Howard's abuse and hostility included but is not limited to violations of Statutory Provisions of Administrative Procedure and Conspiracy.

By instituting the legal process against Plaintiffs, Defendants McCants and Jones willfully misused the criminal process for an improper purpose, namely, as a device to disgrace Plaintiff and to have a basis of retaliation by terminating Plaintiff's employment. Defendant Jones has copies of rules and regulations that govern the proper protocol for a security officer, yet he was engaged in a hate crime (18 USC Conspiracy under color of law) See. *Miriam Webster Pocket Dictionary (1974)*(oppress defined as "to crush by abuse of power or authority.") (1) To be free from the deprivation of liberty without due process of law, which includes the right to be secure in their persons, that is, the right to be free from the intentional use of unreasonable force by one acting under color of law; (2) To be free from the deprivation of liberty without due process of law, which includes the right not to have false evidence knowingly presented against by one acting under color of law.

Every person has a constitutional right, as established by the Fourth and Fourteenth Amendments, to be free from a deprivation of liberty resulting from the *intentional presentation of false evidence* by someone acting under color of law. See *United States v. Price,* 383 U.S. 787, 800 (1966)(statute precludes interference with all rights protected by Constitution or federal statutes).*Napue v. Illinois,* 360 U.S. 264 (1959)(presentation of false evidence). *Williams v. United States,* 341 U.S. 97, 101(1951)

Defendants Sodexho maintain an abusive, hostile work environment under Titles VII of the Civil Rights Act of 1964, as amended, Administrative Procedure Act, 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq.,* and defendant's violation of his right to be free from an abusive and hostile academic and work environment based on his African, Ugandan, national origin.

Defendant intentionally discriminated against Plaintiff in violation of his right to be free from discrimination, including, but not limited to the intertwined conspiracy episode between Donna McCants, and Jones, and Marcus Worley, abused, bullied, and intimidated on numerous occasions for no legal reason, except to harass him. Plaintiff was subjected to verbal abuse [example when he was insulted that he smells like urine] and ethnic slurs and epithets comments based on his African physical characteristics, like his long name. Several Sodexho employees and students of Howard made fun of plaintiff and Defendant filed false charges against plaintiff and dismissed Plaintiff on the basis of his African national origin.

Said acts and omissions as alleged, constitute an abusive and hostile work environment based on Plaintiff's African (Ugandan) national origin, violating Plaintiff's right to be free from an abusive and hostile work environment, under Title VII of the Civil Rights Act of 1964, as amended. As a direct result of Howard University's acts, and omissions in engaging in an abusive, bully, and hostile work environment, based on Plaintiff's African, Ugandan, national origin, Plaintiff suffered damages including but not limited to severe and Intentional Infliction of Emotional Distress and extreme emotional distress, which keeps him in psychiatric care, loss of appetite, complications, headaches, physical pains and suffering, loss of income, loss of reputation, and physical harm for defendant's willful, intentional, and callous invasion of the privacy of plaintiffs, and indifference to violation of Plaintiffs rights.

The aforesaid conduct of defendants was extreme, outrageous, and beyond the bounds of decency in society, and defendant Jones knew that said acts would cause, and did cause, severe and extreme emotional distress to plaintiffs. At all times defendant Howard was vicariously liable for the acts and omissions of their employees that were committed in the course and scope of employment,

37

and they ratified these acts and/or benefited from the acts. Jones testifying that he did not see the Plaintiffs Mwabira-Simera pass a bag of something to his son Plaintiff Nandala-Simera is a critical element of Howard's proof, which formed the basis for the arrest and termination. In considering the sufficiency of the evidence claim, this Court reviews "the evidence de novo, in the light most favorable to the Plaintiff in order to determine whether a 'rational tier of the fact could have found the essential elements of the crime beyond a reasonable doubt.'"

Factual findings are reviewed for questions of Law de novo id. This court should admit the testimony of the two witnesses pursuant to the provision of Fed. R. C. Pro. 404(b). That rule provides that evidence of other crimes is admissible to establish "motive, opportunity, intent, preparation; plan, knowledge, identity, or absence of mistake or accident." Moreover, Rule 404(b) is a rule of inclusion rather than a rule of exclusion. Thus, in *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc), cert. denied, 525 U.S. 1149 (1999), the Court of Appeals noted that:

> "We have recognized before that although the first sentence of Rule 404(b) is "framed restrictively," the rule itself is "quite permissive," prohibiting the admission of other crimes evidence "in but one circumstance" -- for the purpose of proving that a person's actions conformed to his character see. *United States v. Jenkins*, 928 F.2d 1175 (D.C. Cir. 1991).

Sodexho's action in terminating Plaintiff was arbitrary, capricious, unreasonable, an abuse of discretion, and was not supported by substantial evidence and Officer Kevin Jones' Testimony proved to be a Lie.

This fact is true even where resolving the employee's claims pursuant to different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) citing *Lingle* at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

The Third Circuit has cautioned that a complaint alleging violations of civil rights must be pleaded with specificity in order to withstand motion to dismiss. *Kuaffman v. Moss*, 420 R.2d 1270, 1275 (3d Cir. 1970). The counts do contain specificity of facts.

The United States Supreme Court stated that (II) Any employee or agency may appeal the decision of the Office to the US/Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary. And where, as here, a court decides a controversy brought

38

pursuant to a remedial statute, the Court always sits with equitable powers, and is given considerable discretion to right the wrong before it. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman* Transportation Co., 424 U.S. 747. 763 (1976). Something the District Court failed to do and instead issued a controversy over the controversy -*abuse of discretion*.

Furthermore, one of the fundamental principles of equity is "make-whole" relief. That is relief that would put the person in the position that one would have been in but for the violations of one's rights. See discussion in *Albermarle Paper CO. v. Moody*, and *Franks v. Bowman Transportation Co. supra.* (Congress vested broad equitable discretion in the courts to order such action as may be appropriate or any other equitable relief as the court deems necessary to put the Plaintiffs in the position that they would have been in but for the Defendants Sodexho, McCants, Worley, Jones, Howard and Jones illegal action). Again abuse of discretion when Judge bates [belonging to the America of the rich and powerful] dismissed the whole two consolidated cases claiming that he had not jurisdictions, which is a blatant judicial error.

"In determining whether there is an issue of material fact, this court must view the record in the light most favorable to the nonmoving party." *O'Mally, III v. Chevy Chase Bank*, 766 A.2d 964 (D.C. App2001).

US District Courts have held each of these (Falsifying evidence, arrest, Malicious Prosecution, Deformation, Deprivation of Relief Benefits, and Negligent causing Infliction of Mental Distress, wrongful termination), encompass back pay, severance pay, sustainable compensatory damages and a determination of the Company employees' retention rights are not preempted under the collective bargaining agreement. Plaintiff had to loose these back pay, and other compensatory tortuous damages [No.#4 in Collective agreement of march 15th, 2004] under Title 28 U.S.C.§ 264. In order for Mwabira-Simera to be placed in the position he would have been in but for the Sodexho" illegal acts, Mwabira-Simera would have had to be reinstated to his full-time position, with full back pay, restoration of all fringe benefits, retirement pay (with employer contributions), with interest on all payments, and obtain costs, expenses and attorney fees.

In *Podbberesky v. Kirwan* (4th Cir.1994); *Franks v. Bowman Transp. Co.* (S.Ct.1976); *Wygant v. Jackson BD of Education*, (S.Ct.1986); Mack A. Player: *Federal Law of Employment discrimination*, 4thEdition chs.1-1.04 & 20.10.pg 78, US District Court for the 4th Circuit held that a judicial finding of employer's "persistent and egregious discrimination" will allow, if not compel, the court to provide a remedy to the victim of discrimination that includes remedial seniority running from the date of the illegal treatment. Rights under a collective bargaining agreement do not

39

preclude such a remedy. The US District of Columbia Court (By Judge John Bates) abused its discretion basing on fraudulent misrepresentation and extending terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 (Exhibit 2B), of Labor Ordered Arbitration hearing Pursuant to Labor Relations Act of 1955, sect 8[13] that led to a release agreement, on March 15th, 2004 to dismiss the Plaintiffs' Civil Action No.04-0538 and Civil Action No.04-1240.

See. In Cromwell Invs., Inc. v. NASD Regulation, Inc., 279 F.3d 155, 158 (2d Cir.2002); In Al-Fayaed, 254 F.3d at 303-04; In Gillispie, 203 F.3d at 386; Pursuant to  28.U.S.C §1291: Martin's Herand Imp.195 F3d at 769-70 (A grant of permanent injunction is reviewed of discretion). Aponte v. Calderon, 284 F3d 184, 191, the court of 2nd Circuit held that a court abuses its discretion by issuing an injunction that contains an error in its form of substance. Wherefore Plaintiff's requests this Honorable Court to grant Plaintiffs full injunctive Relief. See. Chung v. Johnston (1954) 274 P.2d 922, 128 C.A.2d 157. In Larsen v. Johannes (1970) 86 Cal.Rptr. 744, 7 C.A.3d. Commercial Ins. Co. of Newark, N.J. v. Copeland (1967) 56 Cal. Rptr. 794, 248 C.A.2d 561. The court abused its discretion by creating everlasting immunity for Sodexho knowingly and willful persistent egregious discriminations (Exhibit 2C.Forms of Agreement, Employee Settlement and Release Agreement). See Kaplan, *Decision Theory and the Fact finding Process*, 20 STAN. L. Rev. 1065, 1066-71 (1968); M. Shubik: *Game theory in the Social Sciences; Concepts and Solutions* 417-24 (1987); E. Stokey & R. Zeckhauser, *A Primer for Policy Analysis* 237-54 (1978). **See** cases *Pittson Coal Group v. Sebben,* 109 S.Ct.414 (1988) (Scalia J), *Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.*108.S.Ct.1350 (1988) (Scalia J).

Pursuant to Rule 14, the District court abused its discretion in admitting Donna McCants affidavit as conclusive evidence. It is clear that the evidence was not intrinsic to the Civil Actions 04-0538 and 04-01240 and was inadmissible under Rule 404(b) because the prejudice far outweighed the probative value. This is admissibility intrinsic evidence as governed by rule 404(b). The rule provides that such evidence is admissible only if it is relevant, probative of a material issue, other than the defendant's character, and more probative than prejudicial. *see United States v. Mathis,* 216 F 3d 18,26 (DC cir.2000)

> The Fifth Circuit explained that "Other act" evidence is "intrinsic" when the evidence of the other act and evidence of the crime charged are "inextricably intertwined" or both acts are

---

[13] "...That a single employee was helpless in dealing with an employer; that he was dependant ordinarily on his daily wage for the maintenance of himself and family; if the employer refused to pay him the wage that he thought fair, he was nevertheless unable to leave the employ, and resist arbitrary and unfair treatment; that the Union was essential to give laborers opportunity to deal on an equality with their employer. see *American Steel Foundries v. Tri-City Central Trades Council, 257 U.S.184,209.*

part of a single criminal episode or "other acts were necessary preliminaries" to the crime charged.

Defendant's Officer Kevin and Mr. John Parker's testimony was conclusive evidence that cleared Plaintiffs "of any wrong doing whatsoever" (see agreement No.#5 and all transcripts). This shows that the arbitration case must be admitted as another act of Sodexho's persistent and egregious discrimination or intertwined with discrimination Civil Action 04-538 and retaliation Civil Action 04-01240, and now Civil Action 06-2052. This civil Action 06 cv2052 is second retaliation and not a duplicate of these other discrimination Civil Action 04-538 and retaliation Civil Action 04-01240 as defendants content.

The sought injunctive relief by the Plaintiffs should be granted for the following reasons: First, in order for the Defendant to be found guilt of "racial and disability discrimination", "harassments", "bullying", "insults ["smell like urine]", "false imprisonment and arrest", searches", "deceit and deformation", "conspiracy", "acting under color of law", "retaliation" and "infliction of mental distress", the Plaintiffs must prove beyond a reasonable doubt that Defendants actually committed the offenses with which they are charged; Second, that the Defendants knowingly and willfully conspired together to make all these crime succeed. see (*U.S. v. Labat, 905 F.2d 18-23 2nd Cir. 1990*). In Plaintiffs cases, there is sufficient evidence capable of demonstrating beyond a reasonable doubt that these individuals committed the charged offense and there is no evidence that can prove beyond a reasonable doubt that the Defendant took actions to see that the crime succeed. Furthermore, Sodexho and Howard defendants were present at the scene of the crime, therefore there is sufficient evidence to prove their guilt. see (*U.S. v. Johnson, 513 F.2d 819-824 2nd Cir.1975*)

There is evidence of purposeful behavior, and their presence at the scene of crime, even coupled with knowledge that there were committing a crime is sufficient to support this action. In order to be a co-conspirator, the Defendant must associate himself/herself with the criminal venture in some fashion, by participating in it as something he wishes to bring about, or seeks by some action so as to succeed. This is exactly what Defendants Sodexho and Howard did. The Court of Appeals inappropriately relied on Becerra, 97 F.3d 669-672 2nd Cir.1996; Knoll, 16 F.3d 1313-1323 2nd Cir.1994; and Peterson, 768 F.2d 64-67 2nd Cir.1985, to dismiss of Plaintiff's claims. Each of the above mentioned cases consist of co-defendants. The case at hand contains the essential factor. Kevin Jones testified that he did not see Mwabira-Simera near or with Nandala-Simera, which was a critical element with this case otherwise would have established the severity of Mwabira-Simera's offense that waived future claims with exchange of reinstatement. This Court must review the admission for plain error. The error must have been obvious to the district court and one that "affect[s] substantial rights."

*United States v. Olano*, 507 US 725, 732 (1993), quoting *Hormel v. Helvering*, 312 US 552, 557 (1941). Plaintiffs submit that an error of such constitutional magnitude was obvious and its admission substantially affected Plaintiff's right to a fair trial. First, a concern about Confrontation Clause violations in the admission of codefendants' affidavit is well-established law and not a novel area with which a federal judge might have been unfamiliar. Therefore, the error in admitting affidavit that spreads blame to a codefendant is "plain" within the meaning of *Olano*.

Counsel was not functioning as guaranteed by the 6th Amendment. Counsel overlooked Sodexho and Howard's failure to introduce any evidence of theft and refused to object in a timely fashion, in which any conscious attorney would have recognized and brought to the Court's attention in a timely objection. see (*Jones v. Vacco, 126 F.3d 408-416 2nd Cir.1997)* "The 6th Amendment right to competent counsel does not permit unfettered communication between the counsel and the litigant during trail proceedings." Whereas in Mwabira-Simera and Simera-Nandala case, Plaintiff brought the issue to Counsel's attention on a number of occasions prior to the court's orders. Under (*Murray v. Carrier, 417 U.S. 478 1986)* "The right to ineffective assistance of counsel may be violated by an isolated error of counsel if that error is sufficiently egregious and prejudicial." Then in (*Kimmelman v. Morrison, 477 U.S. 365-383 1986*) "A single serious error may support a claim of ineffective assistance." In this civil action, the Plaintiffs suffered such a serious prejudicial error that cannot be deemed harmless when counsel failed to make a timely objection to Defendants fraudulent misrepresentation. The Counsel's opening statements raised a significant anticipation within the Court and defense to hear the Simera-Nandala's testimony because the counsel's opening statements was not supported by anything previously entered into record.

Then there's the Defendants claim of the release agreement that Mwabira-Simera waived his claims in exchange of reinstatement, but left Defendant Jones admission to knowing his conspiracy so that everything that he said was false and the evidence proved to be false.

In the case, the evidence viewed most favorably to Sodexho and Howard failed to establish a Prima Facie Case on any count. Sodexho and Howard's evidence failed to establish the fact that the Plaintiffs were present and were in possession of Cafeteria food and had prior felonies.

In *Burlington Industries, Inc. v. Ellerth* (S.Ct.1998), the United States Supreme Court definition of discrimination and harassment, and Hostile environment as including but not limited to "...denial to tangible benefits...become a victim of...such as psychological harm and in fact interferes with performance...Tangible benefits action taken by supervisor becomes for Title VII purposes the act of

42

employer."

In *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct.2405 (2006) the U.S.Supreme Court ruled on ant-retaliation provision, unlike the substantive provision is not limited to discriminatory conditions that affect the terms and conditions of employment/study programs...and found that standard of judging harm must be objective... justice took significant pains to differentiate harmful acts and ...minor annoyances . . ."

Plaintiffs submit that there was insufficient evidence to bar them and their claims under their Constitutionary protected statutes. In considering the sufficiency of the evidence claim, this Court reviews "the evidence *de novo*, in the light most favorable to the Plaintiffs in order to determine whether a 'rational tier of the fact could have found the essential elements of the crime beyond a reasonable doubt.'"

Plaintiffs submit that there was insufficient evidence to bar them and their claims under their Constitutionary protected statutes. This includes the Defendants fraudulent misrepresentation, that they relied on in their motion to dismiss this Civil Action case Number 06-2052, which resulted from Sodexho's persistent and egregious discriminatory illegal acts. In considering the sufficiency of the evidence claim, this Court reviews "the evidence *de novo*, in the light most favorable to the Plaintiffs in order to determine whether a 'rational tier of the fact could have found the essential elements of the crime beyond a reasonable doubt.'"

Pursuant to Ruling on Evidence Federal Rules of Civil Procedure Rule 103(a)(1).); U.S.C 28 §1731 Evidence deposition: Ruling on evidence, Sodexho chose not to object to this evidence, the testimony, and all the transcripts available for the use by District Court of the arbitration case which was originally Exhibit 2B

Justice Geoffrey Samuel' *Law of Obligations and Legal Remedies*: 2nd ed.2001 States that Judges are not restricted in the application of the law, however, the judge is the one who knows and applies the rules of law applicable to the proven facts. And that a Judge must precisely categorize the facts without stopping at the legal categories put forward by parties, Judge must raise ex officio any questions of law irrespective of those advanced by the parties and request parties to provide further particulars. *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 973 (E.D.Pa.1977). *Judge J. Bates only accepted whatever Sodexho and Howard said*.

WHEREFORE, the hate Civil Actions of Defendants were intentional, deliberate, and willful and taken in disregard for the laws as incorporated in all accounts. The Plaintiff has shown that the

defendants injured, interfered with and intimidated Plaintiffs. see 1968 U.S. Code Cong. and Admin. News 1837, 1838-40, 1843, 1845; United States' Proposed Instruction No. 24.

Where there are any unresolved issues of damages, a case cannot be considered moot. see *Board of Pardons v. Allen,* 482 U.S. 369, 370-71 n. 1 (1987). And, there is nothing in the law to prohibit Company employees in this particular case, Mwabira-Simera who was wrongfully terminated or deprived of relief benefits under the color of law, but won reinstatement in another forum, from going to the US District Court to obtain the other elements of relief (those "other than…" listed above), and other costs such as attorney fees, which the initial forum did not, or could not, grant. See, for example, *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980).

Moreover, the lower courts continue to struggle with this issue of statutory interpretation. The District of Columbia Circuit has differs from the Sixth Circuit and the Eastern District of Virginia, in holding that that the statue criminalizes two separate offenses. Without deciding the issue in a published opinion, the Fifth and Eleventh Circuits have also struggled with the question, and the issue has repeatedly resurfaced in Sixth Circuit decisions both published and unpublished. As with any rift in the judicial body, the longer it is left to fester, the more substantial the scars will be once the issue is finally resolved. This Court should grant this second retaliation case for Sodexho's persistent and egregious discriminatory customs and culture and quickly resolve the untenable uncertainty that the split amongst the circuits has created.

**Conclusion**

In conclusion, Plaintiffs Mwabira-Simera and Mutonyi Simera do hereby respectfully request this honourable court to deny Defendants' persistent and egregious discrimination under cover of the Collective bargaining settlement used as "bumper sticker and slogan" motion to dismiss with prejudice. Thus, under the District Court's equitable powers, it may order much broader relief than in the view of procedures would clearly entitle Plaintiffs to relief, equitable and legal including the summarily judgment

Respectfully----------------------- submitted,

Samuel H. Mwabira-Simera
and Esther Mutonyi- Simera
P.O. Box 1405
Washington DC 20013
(202) 635-0595
Plaintiffs

44

**CERTIFICATE OF SERVICE**

I hereby certify that the motion to US DC Court to show cause for a good cause to deny Defendants motion based on USDC Court's Order of June 30th, and November 25th, 2005 was mailed by Process Server on 06/15/2007 to Defendants Todd Horn, and David R. Warner, esq. Venable LL.P, 575 7th Street N.W., Washington, D.C. 20004

Plaintiffs

**In the United States District Court for the District of Columbia**

Samuel H. Mwabira-Simera          }
                Plaintiff       }
                             }
Vs                          }       **Civil Action#:050441-(RWR)**
Howard University et al,         }
             Defendants    }

**ORDER**

       Having considered Plaintiff's request motion to US DC Court to show cause for a good cause to deny Defendants motion based on USDC Court's Order of June 30th, and November 25th, 20, thereto, it is hereby

**ORDERED**

**that Plaintiff's Motion is GRANTED; and it is further**

**ORDERED**

**Defendants' motions is hereby   DENIED**

_____
HON.JUDGE RICHARD W.ROBERTS

_____
DATE

46