IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL H. MWABIRA-SIMERA,        *
    et al.,

                                *

        Plaintiffs,

                                *

    v.                               Case No. 1:06-CV-02052

                                *

SODEXHO MARRIOTT                     (Judge Richard W. Roberts)
MANAGEMENT SERVICES, et al.,      *

        Defendants.                  *

*     *     *     *     *     *     *     *     *     *     *     *

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

        On December 7, 2006, Defendants filed a Notice of Related Cases to bring to the Court's attention the fact that the above-captioned lawsuit is virtually identical to lawsuits that Plaintiff Samuel Mwabira-Simera ("Plaintiff Mwabira") had previously filed in this Court.  The Honorable John D. Bates dismissed those lawsuits, and the Court of Appeals for the D.C. Circuit affirmed in every respect.  Plaintiff Mwabira thereafter filed a Petition for a Writ of Certiorari to the United States Supreme Court, which was denied on June 25, 2007.  See Ex. 1.

        On May 30, 2007, the Court issued an Order to Show Cause requiring that Plaintiffs demonstrate why this lawsuit should not be dismissed on the grounds of collateral estoppel.  In response, Plaintiffs filed a pleading

entitled "Opposition to Defendants' Motion to Dismiss." (herein "Plaintiffs'
Opposition").[1]

Plaintiffs' Opposition actually ***supports*** the dismissal of their
latest lawsuit on the grounds of collateral estoppel and/or res judicata. Although
disjointed and confusing, Plaintiffs' Opposition re-argues the merits of the
earlier lawsuits filed by Plaintiff Mwabira and his son, John Nandala-Simera.[2]
In fact, Plaintiffs apparently created their Opposition by copying – almost
verbatim – the materials they filed in their appeal of this Court's previous
dismissal decisions. Compare, for example, Plaintiffs' Opposition at 30 with Ex.
2, Plaintiffs' brief before the United States Court of Appeals for the D.C. Circuit
at 19-20; compare Plaintiffs' Opposition at pages 9-28 with Ex. 3, Plaintiffs'
*certiorari* petition at pages 3-27; compare Plaintiffs' Opposition at 32-33 with Ex.
4, Plaintiffs' *certiorari* petition reply at 17.

Because Plaintiffs literally retread the allegations and arguments
they raised in their defunct lawsuits, it is clear that their instant lawsuit runs
aground on the shoals of collateral estoppel and/or res judicata.

In addition, Plaintiffs fail to articulate a sufficient factual predicate
to support the claims they assert, as they are required to do. See Runkle v.

---

[1]    Plaintiffs were represented by counsel in their earlier lawsuits. They also
were represented in this case until their counsel withdrew last month.
Plaintiffs now are proceeding *pro se*.

[2]    Plaintiff Esther E. Mutonyi-Simera (who is Plaintiff Mwabira's daughter),
was not a party to the earlier lawsuits. Her presence in this case does not
change the fact that Plaintiffs' Opposition simply rehashes old arguments.

- 2 -

<u>Gonzales</u>, 391 F. Supp 2d 210, 221-22 (D.D.C. 2005) ("the types of allegations plaintiff makes here – even when assumed as true – do not amount to legally cognizable adverse actions [under Title VII].") (citation omitted).  Their opposition is a compendium of conclusory allegations and citations to cases, statutes and arguments which, to the extent they are comprehensible at all, do not support an actionable claim – even assuming they could survive collateral estoppel.

Because Plaintiffs have failed to demonstrate why their instant lawsuit is not barred by the doctrine of collateral estoppel, the Court should dismiss it.

Respectfully submitted,


_____/s/_____
Todd J. Horn, Bar No. 470780
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland  21201
Phone:  (410) 244-7400
Fax:  (410) 244-7742
E-mail: thorn@venable.com

Counsel for Defendants
Sodexho Marriott Management
Services, Sodexho Campus Services,
Donna McCants, Marcus Worley, and
Vincent Jones.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July 2007, a copy of the foregoing Defendants' Reply to Plaintiffs' Response to the Court's Order to Show Cause was mailed, first class, postage prepaid, to:

> Samuel H. Mwabira-Simera
> and
> Esther Mutonyi-Simera
> P. O. Box 1405
> Washington, D.C.  20013
> Plaintiffs (*pro se*)

_____/s/_____
Todd J. Horn

- 4 -

# EXHIBIT 1

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

June 25, 2007

Mr. Todd J. Horn
Venable, Baetjer, et al.
Two Hopkins Plaza, Suite 1800
Baltimore, MD  21201-2978

RECEIVED

JUN 28 2007

VENABLE

      Re:  Samuel H. Mwabira-Simera
           v. Sodexho Marriot Management Services, et al.
           No. 06-11471

Dear Mr. Horn:

      The Court today entered the following order in the above-entitled case:

      The petition for a writ of certiorari is denied.

           Sincerely,

           William K. Suter

           **William K. Suter**, Clerk

# EXHIBIT 2

Request for Oral argument



UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NO. 05-7116

September Term 2005
04 cv 00538
04 cv 01240

Samuel H. Mwabira-Simera
*And*
John E.Simera-Nandala
         Plaintiffs-Appellants

vs.

Sodexho Marriot Management Services *et* al
and
Howard University *et* al
         Defendants-Appellees

Consolidated with NO. 05-7117

---

**BRIEF FOR APPELLANTS**

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

Samuel H. Mwabira-Simera
And
John E.Simera-Nandala
1835 Central Place NE P.O.Box 1405
Washington DC 20013
         Plaintiffs-Appellants

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**PARTIES and AMICI:** The parties below were Plaintiff/Appellants Samuel H. Mwabira Simera and John E.M. Simera-Nandala, and Defendant/Appellees Sodexho Marriott Management Services ("Sodexho") Donna McCants, Worley Marcus and Howard University ("Howard") and Kevin Jones. The parties in this Court are the same. There are no intervenors or *amici*, either in the district court or this Court.

**RULINGS UNDER REVIEW:** This is an appeal from the judgment of United States District Judge John D. Bates in a civil no. 04-538 and 04-1240. Appellants challenge the following rulings: the district court's denial of appellants' motions for judgment of injunctive relief; the unconstitutionality barred appellants' claims; the admission of highly prejudicial evidence of other crimes; the admission of defendants Donna McCants and Kevin Jones statement implicating appellants Samuel H. Mwabira-Simera, and John E.M Simera-Nandala; the absence of expert witness testimony on the ultimate issue; the failure to require Sodexho, and Howard disclose evidence material obtained from Sodexho employees, pre-trial stages, mental hospitals to plaintiffs, and the denial of appellants' motion for claims dismissed for lack of jurisdiction.

**RELATED CASES:** There are no other related cases.

# TABLE OF CONTENTS

Certificate to Parties, Rulings,and Related Cases

Table of Contents................................................................................ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...2

COUNT I. JUSIRDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...5

COUNT II. ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...6

COUNT III. STATEMENTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...6

*COUNT IV. STATEMENT OF PERTINENT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...8

A) History of Samuel H. Mwabira-Simera with Sodexho............................... .....8

B) The US District of Columbia Circuit Courts Ruling............................. . . .....9

C) Perjury under Title 28 USC § 1743 charges against Donna McCants and Sodexho..........., ....9

**COUNT V.  SUMMARY OF THE ARGUMENT** ...................................... . ...12

Civil Conspiracy.............. .......................................................... ..10

Defendants' Deprivation of relief benefits results in Infliction of Mental Distress-Negligent. ....13

Malicious Defamation, and Nuisance.......................................................13

Misrepresentation and falsification of material fact....................................... ..11

Sodexho actions under color of state law..................................................10

**COUNT VI THE ARGUMENT.** ...............

A. Factual findings are reviewed for questions of Law *de novo id*........................13

*The Court erred that Samuel H. Mwabira-Simera, and John E.M.Simera-Nandala's case was

     mooted by the ruling Of the U.S. District of Columbia Court........... . . . . . . . . . . . . . .14

B. Charges supported by the following authorities and laws ........................ . . . . . . . . . . . . .21

C. Motion to dismiss: The Legal Standard.......................................25

D. The case must be Remanded for granting the injunctive relief in the light of the Supreme

Court's Decision in Mwabira-Simera and Simera-Nandala v. Sodexho and Howard at al. . . . . . . .

COUNT VII.  Findings & conclusions......................................26

## TABLE OF AUTHORITIES AND CASES

Albemarle Paper Co. Moody, 422 U.S. 405, 417 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Aponte v. Calderon 284 F.3d 184 191 (1st Cir 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1,7,26

Bagley Realty, Inc. v. Laufer, 482 A.2d 359, 364 (D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Bason v. American University . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

Board of Pardons v. Allen, 482 U.S. 369, 370-71 n. 1 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

Carrington v. RCA Global Communications, Inc., 762 F. Supp. 632, 639 (D.N.J 1991) . . . . . . . . . . . 22

Casewell v. Califano, supra, 583 F.2d 9, 15-16 (1st Cir. 1978); . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Caterpillar Inc. v. Williams, 482 U.S. 386 (19987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

Conley v. Gibson, 355 U.S. 41, 45-46 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

E.Stokey & R. Zeckhauser; A Primer for Policy Analysis 237-54 (1978). . . . . . . . . . . . . . . . . . . . . . .16

Franks v. Bowman Transportation CO., 424 U.S. 747, 763 (1976) . . . . . . . . . . . . . . . . . . . . . . .3,13,24

*Griffin v. Maryland, 378 U.S. 130 (1964)("If an individual is possessed of state authority

      And purports to act under that authority, his action is state action...") . . . . . . . . . . . . . . . . . . 6

Hunt v. District of Columbia, 520 A.2d 300 (D.C. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

J.I. Case CO. v. National Labor Relations Bd., 321 U.S. 332, 338-39 (1944) . . . . . . . . . . . . . . . . . . . .24

Judge Posner's "communication" theory of legislation is a useful starting point. . . . . . . . . . . . . . . . . .24

Justice Antomin Scalia and Judge Frank Eastbrook, in their "assault on the concept and

      utility of concept. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

Kaplan, Decision Theory and Fact finding Process, 20 STAN,L.Rev.1065,1066-71 (19968). . . . . . . . . .9

Kube v. New Penn Motor Express, Inc., 865 F.Supp. 221, 228-30 (D.N.J 1994) . . . . . . . . . . . . . . . . .21

Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S, 399, 409-10 (1988) . . . . . . . . . . . . . . . . . . . . . . .21

M.Shubik; Concept Theory in the social sciences: Concept and Solution 417-24 (1987). . . . . . . . . . . .1

Martins Herend Imps. 195 F.3d at 769-70. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7,26

*Miriam Webster Pocket Dictionary (1974)(oppress defined as "to crush by abuse of

      Power or authority."). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mitchell v. Village Supper Market, Inc., 926 F.Supp. 476, 479-81 (D.N.J 1996) . . . . . . . . . . . . . . 21,22

*Monroe v. Pape, 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of

power possessed by virtue of state law and made possible because the  wrongdoer is clothed with

the authority of state law). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New York Gaslight Club, Inc. v. Carey, 447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

New York Gaslight Club v. Carey, 447 U.S. 54 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

O'Malley, III v. Chevy Chase Bank, 766 A.2d 964 (D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Payne v. Western & A,RR (Tenn. 1884) and Howard V. Wolff Broadcasting Corp. (Ala. 1992)(dismissal of female radio announcer because of her sex states no common law claims)....16

*Perry v. District of Columbia, 474 A.2d 824, 826 (D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..........21

*Tennessee v. Garner, 471 U.S. 1 (1985)(elements of the Constitutional violation in United States' Proposed Instruction No. 24. ........................................................... .... . 3

United States v. Johns, 615 F.2d 672 (5th Cir. 1980); Griffin, 525 F.2d 710;........................... 13

*United States v. Price, 383 U.S. 787, 800 (1966)(statute precludes interference with all rights protected by Constitution or federal statutes)............................................ . . . . . . . . . . . ...2

Willet v. General Motors Corp., 904 F.Supp. 612, 613 (E.D. Mich. 1995) . . . . . . . . . . . . . . . . . . . ...21

*Williams v. United States, 341 U.S. 97, 99-100 (1951)(misuse of lawful authority can constitute action taken under color of law)....... ................................................................. . ...5

Zhore v. Jennifer Mall Restaurant, 534 A.2d 1268, 1269 (D.C. 1987) . . . . . . . . . . . . . . . . . ...21

## STATUTES

*District of Columbia Comprehensive Merit Personnel Act, D.C. Code Ann. § 1-606.3 (c),(d)...... ..24

*Conspiracy 18 U.S.C § 241............................................................ . . . . . . . . . . . ...2,5,13,24

Evidence deposition-Hand written 28 U.S.C. §1731 ....................................... .... 13

*Insanity Defence Title18US.C.§17............................................................................2,13

*Peonage and Slavery Title 18 U.S.C § 1581.............................................................2,6

*Statutory Provisions of the Administrative Procedure(1980) Act 5 U.S.C §§ 554(b),555(b), 555(e), and 701 et seq...... .......................................................... . . . . . . . . . . . . . 2,24

The context of 42 U.S.C. §1983. ..................................................... . . . . . .. .24

*U.S. Code Cong. and Admin. News 1837, 1838-40, 1843, 1845...... ................................ . . . 24

*The appeal as a right 28 U.S.C.§1291....... .................................................... 1

*Under color of law 18 U.S.C. § 242..................................... . . . . . . . . . . . . . . 2,6,24

*Willfully and Knowingly falsifies a material of fact Title 18 U.S.C §1001...........................  . . . 13

*Wrongful termination case-deprivation of Relief Benefit 18 U.S.C. § 246............... . . . . . . . . . 6, 9

*The Fed, Procedure Rule of Evidence Rule 301(a)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..................... 16

*The Fed, Procedure Rule of Evidence Rule 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ........... 11,18

*The Fed, Procedure Rule of Evidence Rule 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... 19,24

*The Fed, Procedure Rule of Evidence Rule 801(b)...........................................................20

Appendix/Addendum...............................................................................27

A: US District Court for the DC Ruling June 30th, and November 2nd, 2005 Orders    ....................28

1:  Sodexho (Donna McCants) Affidavit (Fraudulent Misrepresentation of release Agreement)..........29

*Payne v. Western & A,RR (Tenn. 1884) and Howard V. Wolff Broadcasting Corp. (Ala. 1992)(dismissal of female radio announcer because of her sex states no common law claims)....16

*Perry v. District of Columbia, 474 A.2d 824, 826 (D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .........21

*Tennessee v. Garner, 471 U.S. 1 (1985)(elements of the Constitutional violation in
    United States' Proposed Instruction No. 24. . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . 3

United States v. Johns, 615 F.2d 672 (5th Cir. 1980); Griffin, 525 F.2d 710;. . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Price, 383 U.S. 787, 800 (1966)(statute precludes interference with all rights
    protected by Constitution or federal statutes). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... 2

Willet v. General Motors Corp., 904 F.Supp. 612, 613 (E.D. Mich. 1995) . . . . . . . . . . . . . . . . . . . . .21

*Williams v. United States, 341 U.S. 97, 99-100 (1951)(misuse of lawful authority can constitute
    action taken under color of law). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....5

Zhore v. Jennifer Mall Restaurant, 534 A.2d 1268, 1269 (D.C. 1987) . . . . . . . . . . . . . . . . . . . .21


## STATUTES

*District of Columbia Comprehensive Merit Personnel Act, D.C. Code Ann. § 1-606.3 (c),(d)....... ..24

*Conspiracy 18 U.S.C § 241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...2,5,13,24

Evidence deposition-Hand written 28 U.S.C. §1731 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .... 13

*Insanity Defence Title18US.C.§17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,13

*Peonage and Slavery Title 18 U.S.C § 1581. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,6

*Statutory Provisions of the Administrative Procedure(1980) Act 5 U.S.C §§ 554(b),555(b),
    555(e), and 701 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,24

The context of 42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .. ..24

*U.S. Code Cong. and Admin. News 1837, 1838-40, 1843, 1845.... . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*The appeal as a right 28 U.S.C.§1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... 1

*Under color of law 18 U.S.C. § 242. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2,6,24

*Willfully and Knowingly falsifies a material of fact Title 18 U.S.C §1001. . . . . . . . . . . . . . . . . . . . . 13

*Wrongful termination case-deprivation of Relief Benefit 18 U.S.C. § 246. . . . . . . . . . . . . . . . . . 6, 9
*The Fed, Procedure Rule of Evidence Rule 301(a)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . . . . . . . . 16

*The Fed, Procedure Rule of Evidence Rule 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ......... 11,18

*The Fed, Procedure Rule of Evidence Rule 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ........ 19,24

*The Fed, Procedure Rule of Evidence Rule 801(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20


## Appendix/Addendum

A: US District Court for the DC Ruling June 30th, and November 2nd, 2005 Orders

1: Sodexho (Donna McCants) Affidavit (Fraudulent Misrepresentation of release Agreement)

2:    Appellants Appeal Against Wrong Termination to HERE Union Local 25

2A: HERE Union Local 25 (Lawyers) Affidavit (Lack of Jurisdictions to Adjudicate EEOC Cases

2B: Release Agreement of Arbitration case FMSC #041211-51307-A" of March 15[th], 2004

2C: Forms and Agreement Preview (Employee Settlements and Release Agreement Legal Standard)

3:    Equal Employment Opportunity Commission (EEOC) Right to Sue (Discrimination)

3A: Equal Employment Opportunity Commission (EEOC) Right to Sue (Retaliation)

4:    Howard University *et al* (Officer Kevin Jones) Report (Falsification under color of Law)

4A:   Sodexho *et al* (Donna McCants) Report (Falsification under color of Law)

4B:    Some of the Insults from Sodexho *et al* (Marcus Worley) to Appellant smell like urine etc

5:    Sodexho *et al* In Settlement for persistent and egregious discrimination customs and traditions

5A: Sodexho *et al* Falsifying to withdraw right to sue from EEOC using Release Agreement

6 :   PTSD: Effect of Traumatization

6A:   Judicial Finding of Employer's persistent and egregious discrimination victimization

7 Appellants Mwabira-Simera, and Simera-Nandala's medical documents

8.Letter from Sodexho [counsel] refusing to send relevant documents and Court orders for
  Appellants to answer all interrogatory questions, and minor to be deposed.

9.Other Statutes-Law of evidence and discriminations

*Cases chiefly relied upon are marked with asterisks.

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-7116

Samuel H. Mwabira-Simera
*And*
John E.Simera-Nandala
Plaintiffs-Appellants

vs.

Sodexho Marriott Management Services *et al*
and
Howard University *et al*
Defendants-Appellees

Consolidated with No.05-7117

---

**BRIEF FOR APPELLANTS**

---

## COUNT I. JURISDICTIONAL STATEMENT

The district court has jurisdiction over these civil cases pursuant to 28 U.S.C. § 1291(see *Martins Herend Imps*. 195 F.3d at 769-70; *Aponte v. Calderon* 284 F.3d 184 191 (1st Cir 2002); and Federal Civil Procedure Rules 3 and 4. The case being considered for treatment is Pursuant to Rule 34(j) of the general Rules. Pursuant to the U.S. Court of Appeals for the District of Columbia Circuit Rule 4(a)(4(B)(i)[1] the notice of appeal from the June 30th and November 2nd,205 Orders were timely filed on July 26, 2005.**(Exhibit A)** This Court has jurisdiction over this action by virtue of Appellant Samuel H. Mwabira-Simera and John E. Nandala's, hereby referred to as "minor", claims (1) under Titles VII of the Civil Rights Act of 1964 42 USC 2000e *et sequel* 5(f)(3); under Section 504 of the Rehabilitation Act of 1973; (2) Retaliation under Title VII of Civil Rights Act of 1964, as amended (sec.704 (a); (3) under Title IX Gender and Minority Act (G&M) of 1972, as amended; (4) under Title I of the Americans with Disability Act of 1990 (ADA), 42 USCA Section 12101 *et sequel;*  (5)

---

[1] If a party files a notice of appeal after the court announces or enters a judgment-but before it disposes of any motion listed in Rule 4(a)(4)(A)-the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

under Titles 18 USC § 17 Insanity (6) Criminal Civil Rights Conspiracy under Titles 18 U.S.C. § 241;

Deprivation of Rights Under Color of Law under Titles 18 U.S.C. § 242: (7) Deprivation of Relief

Benefits under Titles 18 U.S.C. § 242,  (7) slavery and peonage under Title 18 USC § 1581 (8) under

the statutory provisions of the Administrative Procedure Act, 5 U.S.C §§ 554(b), 555(b), 555(e), and

701 *et seq*.,; and  (9) under  the civil Rights Act of 1866 Title 42 U.S.C.A 1981; (10) Under

Constitutional rights under Title 42 U.S.C.A 1983; (11) Title 18 § 17(a)  (12) Fourth Amendment:

"[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

searches and seizures;" (13) Due Process Clause of the Fifth Amendment of the United States

Constitution that are federal statutes conferring jurisdiction on this Court. Appellant further pleaded for relief

from pendent claims for all counts under laws of the District of Columbia, and common law, as the

pendent claims arise from a "common nucleus of operative facts" as a result of Sodexho and Howard's

illegal persistent and egregious discrimination in violation of Appellant's Statutory protected Rights,

guaranteed by the Constitution, since 2001 up to today.

## COUNT II. STATEMENT OF THE ISSUES

**I.** Whether there was sufficient evidence to bar appellants claim for injunctive relief under Titles I, VII,

18, 28, 42, Fourth Amendment, and Fifth Amendment Act.

**II.** Whether the case should be remanded for re-trial in light of Appellants Samuel H. Mwabira Simera

and minor v. Appellees Sodexho Marriott Management Services, Donna McCants, Worley Marcus,

Howard University, and Kevin Jones for discrimination, harassment, false imprisonment, and retaliation

claims on basis of internalized racism, national origin, and a variety of common law claims were barred

by the release of the agreement arbitration case FMSC #041211-51307-A" of March 15[th], 2004 as moot.

**III.** Factual findings are reviewed for questions of Law *de novo id*. Whether the decision of U.S.

District Court in dismissing Appellant's claim for injunctive relief for being deprived of constitutional

Rights by Appellee since 2001, in due process, are moot was clear error.

## COUNT III. STATEMENT OF THE CASE

In April 2004, Appellants Samuel Mwabira-Simera ("Mwabira-Simera") and John Simera

Nandala ("Simera-Nandala) here referred to as a "minor" filed lawsuit 04-0538 against Sodexho

Marriott Management Services ("Sodexho") Donna McCants ("McCants"), Marcus Worley ("Worley"),

Howard University ("Howard") and Kevin Jones ("Jones") for due process in the following: Civil

Action No.04-0538 (right to sue on discriminations see. *Pierce v. Ortho Pharmaceutical Corp.* (N.J.1980)); *United States v. Price,* 383 U.S. 787, 800 (1966)(statute precludes interference with all rights protected by Constitution or federal statutes); *Washington State Serv. Employees* (NLRB 1971).

In July 2004, Appellant Mwabira-Simera filed retaliation case Civil Action No.04-1240 (right to sue for retaliation see. *Frampton v. Central Indiana Co.* (Ind.1973); *Washington State Serv. Employees* (NLRB 1971); *Tennessee v. Garner,* 471 U.S. 1 (1985)(elements of the Constitutional violation in the context of 42 U.S.C. §1983) by Sodexho's persistent and egregious discrimination customs, and traditions[2]. **(Exhibit 5)** Appellee's agents knowingly and willfully subjected Appellant to daily discriminatory treatment that violated his federally protected statutes leading to the filing Appellant's three cases with Equal Employment Opportunity Commission (EEOC), Washington Area. EEOC issued rights to sue in two of these cases Civil Action No.04-0538 and Retaliation Civil Action No.04-1240. In September 2004 these two cases were consolidated.

The June 30th 2005 "Order" from the District Court, by Judge John D. Bates, barred the claims alleging: (1) Appellant Mwabira-Simera waived all claims in exchange for re-instatement in the release agreement of arbitration case FMSC #041211-51307-A; (2) the November 2nd, 2005 "Order," from the same court and Judge, dismissed all the Appellants claims because the [mentally sick minor] failed to attend his depositions, and lack of jurisdiction. The court granted immunity to Sodexho's persistent and egregious discrimination customs and traditions. A timely notice of appeal was filed.

## COUNT IV. STATEMENT OF PERTINENT FACTS

### A) History of Samuel H. Mwabira-Simera, John Simera-Nandala, and Howard/Sodexho's Persistent and Egregious Discrimination

1.    In *Podbberesky v. Kirwan* (4th Cir.1994); Calloway v. Partners National Health Plans (11th Cir. 1993); *Franks v. Bowman Transp .Co.* (S.Ct.1976); *Wygant v. Jackson BD of Education,* (S.Ct.1986); Mack A. Player: *Federal Law of Employment discrimination,* 4[th]Edition chs.1-1.04 & 20.10.pg 78, US District Court for the 4th Circuit held that a judicial finding of employer's "persistent and agregious discrimination" will allow, if not compel, the court to provide a remedy to the victim of discrimination

---

[2] A discrimination case was filed by Cynthia McReyolds and Ellen Early on behalf of more than 2,400 minorities currently working with Sodexho Inc., which boasts one of the highest rates of job availability for minorities-But, according to a class lawsuit claim, only as long as they are content to remain in the lower ranks for their entire careers. Company spokeswoman Leslie Aun "called the action groundless Sodexho has won awards for its work placesity," she said *The Examiner Newspaper,* Monday, April 25, 2005.

    Sodexho Inc., the Gaithersburg based food and facilities management, agreed Wednesday to pay 80 million dollars to settle a lawsuit that claimed it systematically denied 3400 blacks mid-level management positions. *The Washington Post,* Thursday April 28th, 2005.

that includes remedial seniority running from the date of the illegal treatment. Rights under a collective bargaining agreement do not preclude such a remedy. The US Court of Appeals for the District of Columbia Circuit has to overturn the District Court "Orders" and provide remedies to Appellants' victimization (**Exhibit 6B**).

Appellant Mwabira-Simera was and is an "employee" within the meaning of the Titles VII of Appellee Sodexho at Howard University Dinning Services Blackburn Center Cafeteria under supervision of John G. Parker is, and was general Manager, Donna McCants is, and was Unit Manager, Worley Marcus is, and was Executive Chef, Tony Steward was Chief Chef and is Unit Manager, and Danola Darby is, and was Supervisor, as Appellee Sodexho's authorized agents. Appellant Simera-Nandala is and was Appellant Mwabira-Simera's son.

Since March 2001, Appellee Sodexho's authorized agents have willingly and knowingly subjected Appellant Mwabira-Simera to racial discrimination, harassment, bullying, and a hostile working environment derogatory epithets about Appellant's national origin, ethnic jokes, slurs, and disability, falsification, malicious prosecution, abuse such as "smelling like urine", "smelling like mops", "smelling like cats", "unhygienic", "gluttony", invasion of privacy (daily strip searches of his bags and car in violation of Fourth Amendment[3] (See *Katz v. United States*, 389 U.S.347 (1967)), denial to use bathroom, denial to eat at work, assignment of unpleasant and dangerous tasks, and defamatory events (**Exhibit 4B**). Reports were made to the then Resident Manager Stephen Gibbs, Assistant Resident Manager Kimberly Davis, and Director of Operations John G. Parker, now General Manager but the treatment, however, worsened leading to mental hospitalization, and neurosurgery at Howard Hospital November 31st, 2001 and February 2002 (**Exhibit 7**). None of these agents cared; Appellant filed grievance with shops stewards, HERE union local 25, the Human Rights Washington Office, and Equal Employment Opportunity Commission (EEOC) Washington Office. EEOC arranged mediation failed after a Retaliation case was filed as Appellant's situation worsened with threats that included, but were not limited to, planning to poison, kill, and/or arrest Appellant and hand him over to the Metro Police for sentencing [arbitration case]. Appellant was even denied permission to attend to minor who had been hospitalized at Howard University Hospital and Washington Adventist children mental hospitals as

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath of affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., Amdt, 4.

-4-

the result of mental illness after having been assaulted by a gang, and discriminated against, harassed, and bullied[4] by students, and the school principle [based on hate[internalized racism]].

On September 19th, 2003, the minor, who had just been discharged from the mental hospital, accompanied Appellant Mwabira-Simera to work at 9:00am, at the invitation of Mr. Parker for possible voluntary work to be motivated before minor resume school. Mr. Parker authorized the minor to be served with cafeteria breakfast. Appellant Mwabira-Simera served the minor with a donut, an apple, about 10 pieces of chips on a plate, a folk, knife, and a cup of fruit punch juice. The minor was escorted in the restaurant to wait for Mr. Parker.

At about 10:35am, Appellant Mwabira-Simera was hauling a cart full of trays and dishes, when he was approached by Appellee McCants and was ordered to follow her to the back of the house. The Appellant found Mr. Parker, Worley, Officer Jones, and a trembling minor all standing around a table with half a donut, an apple, five pieces of chips, a plastic knife, and a fork all on a paper plate sitting at the edge of the table. Appellee McCants, the only person who spoke with authority at the time, stated: "this is the exhibit for Appellants theft." Appellee McCants ordered both Appellants to be held[5] in a cubic in the dining hall by Appellee Jones until a decision was made after about 6 hours. Appellant was then called to the back of the house, dismissed at about 4:45pm, and charged with theft [Appellee's McCants and Worley's report included Appellee Jones as a witness who saw Appellant Mwabira-Simera passing a bag of something to his son], and escorted off the premises by Steward Leroy Chandlery. Appellee Jones did not write a police report of this incidence as required by the Police Code

---

[4]In the UK at least 16 children kill themselves each year because they are being bullied at school. This figure is established in the book *Bullycide: death at playtime*. Each year 19,000 children attempt suicide in the UK - one every half hour. In the UK, suicide is the number one cause of death for 18-24-year-old males. Females also attempt suicide in large numbers but 9 tend to use less successful means.

[5] The "holding" violates Title 18 U.S.C §1581 (a)-Peonage, and Slavery which state: Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in, or returning him to a condition of peonage, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from violation of this section...the Defendant shall be fined under this title or imprisoned for a term of years or life or both.

"When the trauma is inflicted by another person, is especially intense, or the traumatized person is extremely close to the trauma, the severity of traumatization may be especially profound" Robert C Scaer, MD, Author, The Body bears the Burden: Trauma, Dissociation and Disease Persistent symptoms of increased arousal (not present before the trauma) as indicated by at least two of the following:1. Difficulty falling or staying asleep . . . 3. Difficulty concentrating. The disturbance causes clinically significant distress or impairment in social, occupational or other important areas of functioning.

The focus of PTSD is a single life-threatening event or threat to integrity. Examples include: repeated violations such as in verbal abuse; regular intrusion and violation, both physical and psychological, as in bullying, stalking, harassment, domestic violence, etc

The minor was crying and terrified because Appellees Jones, who was in police uniform and wearing a gun and other items around his waist, together with McCants, grabbed one hand, trounced the cup of juice to the ground, conducted the grand search, and interrogations [Donna McCants testified at arbitration and September 8th 2005 deposition] with without telling the minor to remain silent until a counsel is provided in the fifth Amendments' rights. see 1966 *Miranda v.Arizona* and 1981 *Edwards v.Arizon* . These Appellees traumatized the boy and even some Howard workers were witnesses at the scene. This led to an arbitration case.

At the arbitration hearing on March 15, 2003, Appellee Jones testified that the decision to deprive Appellant of relief Benefits 28 U.S.C §246[6] was made after Appellee Sodexho and Appellee Jones called *Metro Police Department (MTPD) to come and pick up the Appellants who had been labeled thieves and dangerous criminals (over served food on a plate), but the MTPD declined to come when they learnt it was a plate of food that had been allegedly stolen (see Appellee Jones testimony)*. In arbitration case FMSC #041211-51307-A), Appellee Jones also stated "I did not see Mwabira-Simera pass a bag of something to his son."[7] This contradicted the "intertwined conspiracy episode" between Appellee McCants and Appellee Jones, which is characterized under color of law as malicious defamation,[8] oppressive, and in reckless disregard for the truth [In Appellee McCants' motion to dismiss she states, "I was doing my job"] **(Exhibit 1).** [Addendum I]

The release agreement of arbitration case FMSC #041211-51307-A" of March 15[th], 2004 was to resolve and settle Sodexho's wrongful termination of Appellant under Title18 U.S.C. §246 as amended. see *Martin Marrietta Corp v. Lorenz (Colo.1992);Harless v. First Nat. Bank in Fairmount (*W.Va1978*); McQuary v. Bel Air Convalescent Home, Inc. (*Or.App.1984*),* by applying Conspiracy against rights under 18 U.S.C§ 241 and acting under color of law, 18 U.S.C§ 242 of September 19[th], 2003 see *Miriam Webster Pocket Dictionary* (1974)(oppress defined as "to crush by abuse of power or authority."); *Williams v. United States,* 341 U.S. 97, 99-100 (1951)(misuse of lawful authority Can constitute action taken under color of law).

---

[6]Deprivation of the relief Benefits 28 U.S.C §246 states: Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or any other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this article, or imprisoned not more than one year, or both.

[7] Officer Kevin Jones repeated this testimony at a deposition taken Howard University General Counsel Office on September 12, 2005.

[8] Citation: "*Plaintiff entitled to punitive damages in slander suit where defendant stated to others that Plaintiff had been convicted of a crime in a falsity statement with disregard of truth. See Davis v. Schmit 166 App DC 351 510 F2d 731 4*). *Monroe v. Pape,* 365 U.S. 167, 183-187 (1961)("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law). 5.*Griffin v. Maryland,* 378 U.S. 130 (1964)("If an individual is possessed of state authority and purports to act under that authority, his action is state action…").

This arbitration case is now admissible as evidence of Sodexho's persistent and egregious discrimination traditions, and customs based on Appellant reporting the Appellee's day to day knowingly and willful hate crime acts in violations of protected statutory rights to the Equal Employment Opportunity Commission (EEOC) and his place of origin. This arbitration case was not consolidated to these other two Civil Actions which Judge Bates stated in June 30th Order line one.

As a result of this, Appellants suffered damages, including physical pains, loss of self-esteem, headaches, loss of appetite, school concentrations, and an increase of emotional distress that lead to mental hospitalization and neurological surgery at Howard University Hospital in December 2001, February 2002, 2003, and continues to be under psychiatric care especially after the traumatization [Exhibit 6], giving rise to seeking legal relief injunctions in Civil Action No.04-0538 and Civil Retaliation Civil Action No.04-1240 of federally protected Statutes against Sodexho, which are separate from this arbitration case FMSC #041211-51307-A". Therefore the court must overturn the US District Court Orders of June 30[th] and November 2[nd] 2005.

## B) The US District Court Erred in Its Ruling-Discretion

In *Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 158 (2d Cir.2002); In *Al-Fayaed*, 254 F.3d at 303-04; In *Gillispie*, 203 F.3d at 386; Pursuant to *28.U.S.C §1291: Martin's Herand Imp.195 F3d at 769-70 (*A grant of permanent injunction is reviewed of discretion). *Aponte v. Calderon*, 284 F3d 184, 191, the court of 2nd Circuit held that a court abuses its discretion by issuing an injunction that contains an error in its form of substance. In this appeal, The Court erred by basing its decision on Appellee Sodexho's fraudulent misrepresentations. Wherefore Appellants' requests this Honorable Court to overturn this Order, and grant Appellants full injunctive Relief. The US District of Columbia Court (By Judge John Bates) abused its discretion to dismiss the Appellants' Civil Action No.04-0538 and Civil Action No.04-1240 basing it on Appellee Sodexho's fraudulent misrepresentation and failing to enforce the terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15[th], 2004 **(Exhibit 2B)**, Pursuant to Federal Civil Procedure Rule 68 and Title 9 U.S.C §11, and according to Labor Relations Act of 1955, sect 8[9].

Judge Bates' erred by collaborating with Appellee Sodexho in rewriting release agreement of arbitration case FMSC #041211-51307-A of March15[th] 2003. Numbers #1, 2, 3, 4 of the agreement are mainly about the parties waving the back pay. It also prohibits any party to use it as admissible evidence

---

[9] "...That a single employee was helpless in dealing with an employer; that he was dependant ordinarily on his daily wage for the maintenance of himself and family; if the employer refused to pay him the wage that he thought fair, he was nevertheless unable to leave the employ, and resist arbitrary and unfair treatment; that the Union was essential to give laborers opportunity to deal on an equality with their employer. see *American Steel Foundries v. Tri-City Central Trades Council, 257 U.S.184,209.*

other than to enforce this agreement. Appellees Sodexho and McCants lies contented in their firing

Appellant because of theft and *reinstatement in exchange for waving all claims but failed to establish*

*the severity of Appellants wrong doing*. There was no waving of all the claims in *exchange for*

*reinstatement*. see *Payne v. Western & A,RR* (Tenn. 1884) and *Howard V. Wolff Broadcasting Corp.*

(Ala. 1992)(dismissal of female radio announcer because of her sex states no common law claims).

Sodexho is relying on employment at will relying on *Payne v. Western and Howard V. Wolff*

*Broadcasting Corp.* and *Price Warehouse* supra in dismissing Mckennon. In *Shattack v.Kinetic*

*Concepts,Inc.*(5th,Circuit 1995); *Wallace v.Dunn Const.Co.*(11th, Circuit 1995), The District court

ordered Price warehouse to pay *McKennon* back pay , other costs including for punitive damages to

*McKennon*. When *McKennon* challenged dismissal, the only defense *Price warehouse* gave was that

*McKennon* had given misstatements which was not the actual cause Price Warehouse based its decisions

to dismiss him.

Again here Sodexho is using wrong precedence because in the release agreement of arbitration case

FMSC #041211-51307-A of March15[th] 2003, No#5 States:"…In reaching this agreement Sodexho,

HERE, Mr. Mwabira-Simera all deny any wrong doing whatsoever ." [Appellant was exonerated of any

wrong doing]. "The agreement constitutes the entire agreement pertaining to the subject contained in it

and supersedes all prior contemporaneous agreements, representations and understandings between the

parties those subjects **(Exhibit 2A&B #9)**. In No's#6, 7, 8,9,10 of the agreement Sodexho agreed to

remove all disciplinary records from Appellant's file. All language refers to the scope and merits of the

arbitration agreement.

    The court abused its discretion when it justifiably based its ruling on Appellees Sodexho and

McCants' affidavit. "Any other" became the heart of Appellee Sodexho for Judge J. Bates' ruling. Pilon

v. Univ.of Minn, 710 F.2d 466, 467-67 (8th cir. 1983) and Samman v. Wharton Econometric Forecasting

Assoc. Inc. 577 F.Supp. 934 (DC 1984) concurs with Defendant Sodexho by and through their counsel

Todd Horn Esq., who has based frivolous and fraudulent arguments in their motion to dismiss. citing

Francis v. Rodmand Local Union 201 Pension Fund, 367 F.3d 937 (D.C. Cir. 2004) and Isaac v. First

Nat'l Bank of Maryland, D.C., 647 A.2d 1159, 1162 (D.C. 1994); Maceda v. Billington, 2003 U.S. Dist.

LEXIS 19263 (D.D.C. Jan 7. 2003) entered into settlement agreements to resolve and settle their cases

at hand. They turned around raised claims that pertained to these cases and settlements.

    Again here Sodexho is using wrong precedence. The district court erred by failing to examine

the origin of these cases by ordering Appeellees Sodexho and Howard to produce these documents

[(1)What the Appelees McCants and Jones discussions in their conspiracy to institute criminal proceedings against Appellants for alleged theft; (2) arbitration transcripts; (3) depositions transcripts of 11/18[th], 2004;9/9[th],and 12th, 2005; and (4) testimonies obtained from Sodexho Employees in Mr. John Parker, the General Manager's Office of Sodexho campus Services, Blackburn center, Howard University, and (5) hospital documents along with their expert witness testimony] they relied. In fact the Appeellee Sodexho refused to release these documents when I requested for them to be included in this motion as the exhibit. (Exhibit 8). The Court only ordered Appellants to answer all interrogatories.

Appellant Mwabira-Simera did not have any settlements with Appellee on these two Civil Actions cases. Appellee Sodexho failed to stop EEOC from issuing a right to sue in Civil Action 04-1240, and withdrawing Civil Action 04-538 by eluding lies that the arbitration pre-empted any future claims. (Exhibit 5A). The district court abused its discretion by failing to exercise laws for granting injunction to Appellants claims and allowing Sodexho to void the terms of the agreement by basing its ruling on a wrong precedence. Indeed there was no probative value or any evidence in those relationships that were relevant to charges pursuant to Fed. Rule 403 (see. *United States v. Gurtmon*, 146 F.3d 1015 (D.C. Cir. 1999)). The arbitration case was abusive, and intruded into established public policy under title 18 U.S.C. § 246. The *Appellant is seeking the court to provide a remedy as the victim of discrimination* in Civil Action 04-538 and Retaliation in Civil Action 04-1240 and Arbitration Case FM8C #041211-51307-A that includes remedial Rights not precluded undera collective bargaining agreement of wrongful termination: In *Cagle v. Burns & Roe, Inc.*(Wash.1986),and *Monge v. Beebe Rubber Co.* (N.H.1974,) District Court held that wrongful termination includes claim of lost wages, consequential damages naturally flowing from the [Sodexho's] wrongful termination case-deprivation of Relief Benefits protected under 18 U.S.C§ 246, including pain, suffering, emotional distress, loss of reputation which should be awarded to Mwabira-Simera. In addition, punitive damages have to be awarded since the Appellants showed clear and convincing evidence that Appellee Sodexho, in conspiracy with Appellee Howard, acted in a malicious and oppressive way to punish Mwabira-Simera who attempted to advance public policies *and his place of origin.*

The district court abused its discretion because in *Ray v. Industrial Acc. Commission* (1956) 303 P.2d 793,146 C.A.2d 393 the District court of State of California §1542 held that any compensation which may accrue by reason of serious and willful misconduct of an employer in violation of a safety measure is separate and distinct from ordinary compensation benefits provided by Labor Laws, and therefore a compromise and release agreement entered into between an employer's insurance carrier and employee covering ordinary compensation benefits did not defeat employee's claim for additional benefits

-9-

predicted upon serious, and willful misconduct of employer. In *Mairo v. Yellow Cab Co. of Cal.* (1929) 281 P. 66, 208 C. 350 the district court held that releases of personal injury claim obtained by taking advantage of plaintiff's ignorance or necessities and misrepresenting true character of releases are void.

In *Chung v. Johnston* (1954) 274 P.2d 922, 128 C.A.2d 157 District court of State of California §1542 held that any general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of execution and which, if known by him, must have materially affected his settlement. In *Larsen v. Johannes* (1970) 86 Cal.Rptr. 744, 7 C.A.3d. *Commercial Ins. Co. of Newark, N.J. v. Copeland* (1967) 56 Cal. Rptr. 794, 248 C.A.2d 561. The court abused its discretion by creating everlasting immunity for Sodexho's knowing and willful persistent egregious discriminations (Exhibit 2C.Forms of Agreement, Employee Settlement and Release Agreement). Even on ambiguous language Justice Antomin Scalia and Judge Frank Eastbrook, in their "assault on the concept and utility of concept," of interpreting statutes intent states:

> "...The general purpose of the statute may suggest an answer different than a literal reading of the language, which itself may not jibe with legislative history. Where there is a conflict, the Chief Justice has to appoint a panel to help interpret the intent to what extend of the law...and where the actual lawyers who made the agreement available, they have to be contacted for their intent..." Judge Posner's "communication" theory of legislation is a useful starting point.[10] "....The Court's opinions sometimes seemingly do misuse legislative history, exalting it as more important than the statute itself. Judicial opinions also sometimes appear more mechanical than reflective..."[11] function of outcomes and correctness is unclear." See Kaplan, *Decision Theory and the Fact finding Process*, 20 STAN. L. Rev. 1065, 1066-71 (1968); See cases *Pittson Coal Group v. Sebben*, 109 S.Ct.414 (1988) (Scalia J), *Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.*108.S.Ct.1350 (1988) (Scalia J).
> The court holds laws that demand good faith on part of release and full understanding by person injured as to his legal rights. *Id*, *Berry v. Struble* (1937) 66 P.2d 746, 20 C.A.2d 299, and *Carmichael v. Industrial Acc. Commission* (1965) 44 Cal.Rptr. 470, 234 C.A.2d 311. The district court held that all claims arising from an accident, whether injuries are known or unknown, and other things being equal, question is one of intent, and if sufficiently expressed, should be conclusive.

The district court abused its discretion by Judge John Bates corroboration with Appellees Sodexho and Howard in their interpretation of the intent of the release agreement in a more mechanical than reflective, and the court failed to enforce the agreement of the arbitration case. The court ignored Justice Scalia's advice by failing to refer the "ambiguous language" to either the Chief Justice, who

---

[10] Posner, *supra* note 9, at 189-90

[11] Consider Joseph Vining's view of the opinions produced by the current Supreme Court: "They are too much things of patchwork, things which seem, on their face, to express more the institutional process of their making than thinking, feeling, and reasoning of the author and those persuaded with him." Vining, *Justice, Bureaucracy, and Legal Method*, 80 MICH. L. Rev. 248, 251 (1981).

could have had a panel to help interpret the "ambiguous language," or the HERE union to clarify their intent in the arbitration agreement. HERE Union Local 25 of Hotels and Restaurant Employees of Washington Area (See (**Exhibit 2A** HERE Union lawyer affidavit)) has cooperated by having the intent of the agreement of arbitration case FMSC #041211-51307-A" of March 15[th], 2004, which lacked the jurisdiction to adjudicate EECO cases.

### C) Charges of Perjury under Title 28 USC § 1724 against Donna McCants and Sodexho

The district court abused its discretion by not using its broad powers to up hold charges of perjury against Donna McCants under <u>Title 28 USC § 1724</u>.[12] (**Exhibit 4B**) Donna McCants read the release agreement yet her Affidavit was a furtherance of Appellee Sodexho's wilful and knowing falsification and misrepresentation in all accounts Nos.1-VII, which is charged under penalty of perjury.

### COUNT V.  SUMMARY OF THE ARGUMENT

1.     For a claim of constitutionary error, this court reviews the error to determine "[w]hether it appears beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained *Weder v. Unites States*, 527 US 1.15 (1999) quoting *Chapman v. California*, 306 US 18, 24 (1967). Appellants Samuel Mwabira-Simera and John Simera-Nandala assert that there was insufficient evidence provided by Appellees Sodexho and Howard to the district court at its ruling to hold appellants accountable for the half donut, an apple, five pieces of chips on a plate, a plastic folk and knife seized on September 2003 as tantamount to granting their motion for judgment of injunctive relief. Pursuant to Rule 14, the District court abused its discretion in admitting the elicited dirty lies of Appellees Sodexho, and McCants affidavit as conclusive evidence. It is clear that the evidence was not intrinsic to the Civil Actions 04-0538 and 04-01240 and was inadmissible under Rule 404(b) because the prejudice far outweighed the probative value. This is admissibility intrinsic evidence as governed by rule 404(b).

> The rule provides that such evidence is admissible only if it is relevant, probative of a material issue, other than the defendant's character, and more probative than prejudicial. *see United States v. Mathis*, 216 F 3d 18,26 (DC cir.2000) The Fifth Circuit explained that "Other act" evidence is "intrinsic" when the evidence of the other act and evidence of the crime charged are "inextricably intertwined" or both acts are part of a single criminal episode or "other acts were necessary preliminaries" to the crime charged.

---

[12] "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established proved by sworn declaration…or affidavit, in writing of the person making the same…executed within the United States, Its Territories, possessions, or commonwealth:" "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date), and signature will be charged with penalty of perjury.

Further Pursuant to Ruling on Evidence Federal Rules of Civil Procedure Rule 103(a)(1).);
U.S.C 28 §1731 Evidence deposition, Appellee Sodexho chose not to object to the Appellees Jones and Mr.
John Parker's [arbitration] testimony, which was conclusive evidence that exonerated Appellant "of any wrong
doing whatsoever" (see agreement No.#5 and all transcripts available for the use by District Court of the
arbitration case (Exhibit 2B)). This shows that the arbitration case must be admitted as another act of
Sodexho's persistent and egregious discrimination or intertwined with discrimination Civil Action 04-
538 and retaliation Civil Action 04-01240.

Based on this information, the district court abused its discretion when it failed to admit the
arbitration case as a probative of a material issue to the two civil actions but instead admitted Appellee's
fraudulent misrepresentation of a material fact.

Judge John D. Bates, Appellee Sodexho, and Howard had been told that the Minor
John Simera-Nandala) was suffering from depression, yet the court (Judge D. Bates), collaborating with
Appellees, issued an order that Appellant Mwabira-simera must answer all interrogatory questions in
violation of F.R.C.P.R. 26(c), and demanding the Minor be deposed without making a request for
medical-depression related information. Judge John D. Bates, erred by not ordering Appellees Sodexho
and Howard to produce all the documents they are holding (Exhibit 8) which they relied on.

On September 9th, Appellee McCants admitted that Appellee McCants and other Employees'
[African Americans] families visit and take any items they want from Sodexho Store. Appellee
McCants admitted that Appellee Sodexho never called security and Metro Police when other employees
[African Americans] were caught stealing. Appellee McCants also said she and Appellee Jones talked at
length about a threatening to institute criminal proceedings against the Appellants for alleged theft
which Appellee Jones confirmed at the deposition of September 12th, 2005 at General Counsel Howard
University. This is admissible evidence of the racial discrimination [hate] with intertwined conspiracy
with Appellees Howard and Jones to evade the law.

Based on Judge J. D. Bates error in discretion, in collaboration with Sodexho and Howard,
appellants submit that it was especially incumbent upon the district court to exercise its discretion in the
spirit of Rules 16, to "provide [appellants]" with the widest possible opportunity to inspect and receive
such [all] materials in the possession of Sodexho and Howard that may have aided [them] in presenting
[their] side of the case" *Poidexter*, 727 F.Supp, 1473.

The district court abused its discretion by admitting Appellees Sodexho and Howard to issue the
orders for compelling a mentally sick Appellant Nandala-Simera to be deposed even in answering
interrogatories. The appellees had all the documents relating to the mental hospitalization and had

all the opportunities to call an expert witness pursuant to the effect of traumatization of a mentally sick child. see. *McNerney v. Archer Daniels Midland Co.*, D.C.N.Y.1995, 164 F.R.D. 584 and *Wouters v. Martin County*, C.A.11[th], 1993, 9 F.3d 924. The court therefore abused its discretion because the failure was substantially justified. This is a clear indication that even an innocent failure is subject to sanctions, though the reason for the failure is relevant in determining what sanction, if any, to impose. In Gocolay v. New Mexico Federal Sav. & Loan Ass'n, C.A.10[th], 1992, 968 F.2d 1017 and Societè Internationale Pour Participations Industrielles et Commerciales, *S.A. v. Rogers*, 1958, 78 S.Ct.1087, 357 U.S. 197, 2 L.Ed.2d 1255 the Supreme Court held that dismissal without prejudices was improper as a sanction for plaintiff's failure to appear for his deposition. Medical evidence indicated that plaintiff suffered from chronic health problems rendering him physically unable to comply with the court's discovery order, and the dismissal would bar the claim due to the passage of the limitations period.

The district court abused its discretion by disregarding other evidence of Sodexho's and Howard's willful, deliberate, and persistent abuses when it allowed Appellees Sodexho and Howard to ask speculative and, at times, burdensome and embarrassing questions in violation of Rule 11 and failed to require the Appellees to provide non overbroad but clear evidence in accordance with Rule 702 of Federal Rules of evidence [Addendum II Exhibit II]. The district court abused its discretion by admitting hearsay evidence that would not normally be admissible against the non declarant may be introduced against a conspirator under Federal Rule of evidence of 801(d)(2)(E) which allows admission of statements of a party the theory that one conspirator is the agent of an other. *Anderson v. United States*, 417 US 211, 218 n.6(1974).

Appellees Sodexho, McCants, Howard University, and Jones full caption for complaint was deceit-overt false representation[13] of a material fact under the color of law (**Exhibit4A&B**). Judge Bates's reliance was unjustified and the court abused its discretion for failing to provide remedies for victims of discrimination. Every person has a constitutional right, as established by the Fourth and Fourteenth Amendments, to be free from a deprivation of liberty resulting from the *intentional presentation of false evidence* by someone acting under color of law.[14] This was pure Negligence-

---

[13] Misrepresentation
The Defendants knew of their falsity and yet made fraudulent misrepresentation with such reckless indifference to the truth that it would be reasonable to charge them with knowledge of this falsity
The Defendant made the fraudulent misrepresentation intending that the plaintiff would act in reliance on it. By willfully and knowingly falsifying material fact violates statute article 18 USC § 1001 which states:
Whoever willfully and knowingly falsifies a material fact or makes use of a false statement or makes use of a false document will be fined up to U.S. $10,000 or imprisoned up to five years or both. Also must be charged under penalty of perjury 28 U.S.C. §1731
[14] The elements of the cause of action are (1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the plaintiff, (3) absence of a probable cause for the proceeding, and

General.[15] The appellants' abuses resulted in infliction of Mental Distress-Negligent and violates Title 18, U.S.C § 1001. Also, these Appellees acted because of the Appellant's Race and National Origin under a Federally Protected Activity see Griffin, 525 F.2d 710; given the existence of the appellee's motive was willfully and purposely to interfere, deny, and dismiss Appellate's enjoyment of a work and the presence of other motives, such as Appellees' anger, does not justify Appellees' conduct see *United States v. Johns*, 615 F.2d 672 (5th Cir. 1980); Griffin v. Maryland, 525 F.2d 710; *United States v. Franklin*, 704 F.2d 1183, 1192 (10th Cir. 1983); Sodexho and Howard elicited dirty tactics when they contended in their motion to dismiss that they had no information about appellants mental hospitalization which violated Rule 16(1)(E). Yet they had obtained all documents relating to the arbitration cases of March 15, 2004, documents relating to the EEOC right to sue in Civil Actions 04-538 and 04-1240, and documents of mental hospitalization provided in violation of Title 18 § 17(a) which states:

> "It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant as a result of a severe mental disease or defect was unable to appreciate the nature and quality or the wrongfulness of his acts."

In *Podbberesky v. Kirwan* (4th Cir.1994); *Franks v. Bowman Transp. Co.* (S.Ct.1976); *Wygant v. Jackson BD of Education*, (S.Ct.1986); and Mack A. Player: *Federal Law of Employment discrimination*, 4th Edition chs.1-1.04 & 20.10.pg 78, US District Court for the 4th Circuit held that a judicial finding of employer's "persistent and egregious discrimination" will allow, if not compel, the court to provide a remedy to the victim of discrimination that includes remedial seniority running form the date of the illegal treatment, and Courts to order employers to undertake affirmative action programs as a class remedy that override contractual seniority rights. Rights under a collective bargaining agreement do not preclude such a remedy.

---

(4) malice or a primary purpose of instituting the proceeding other than that of brining an offender to justice. *See* MPJI (Civil-3d Edition) 17:1 as a reference. 18 U.S.C. § 241 that provides as follows: If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States... [t]hey shall be fined not more than $10,000 or imprisoned not more than ten years, or both; and if death results, they shall be subject to imprisonment for any term of years or for life. To be free from the deprivation of liberty without due process of law, which includes the right to be secure for all persons, that is, the right to be free from the intentional use of unreasonable force by one acting under color of law; (2) To be free from the deprivation of liberty without due process of law, which includes the right not to have false evidence knowingly presented against them by one acting under color of law.

[15] The elements of the cause of action are (1) negligent conduct of the defendant (2) causing (3) mental distress that is (4) manifested by clearly apparent and substantial symptoms. *See* MPJI (Civil-3d Edition) Chapter 19 as a reference.
*See also* Chapter Eleven (Deceit) of MPJI (Civil-2nd Edition) and, in particular, MPJI]]:] as a reference. *Cf.* MPJI (Civil-2nd Edition) 19:2A (Negligent Misrepresentation). Title 18, U.S.C.§ 1001 states that: whoever willfully and knowingly falsifies a material fact, makes a false statement, or makes use of a false document will be fined up to $10,000 or imprisoned up to five years or both, plus interest and the costs of this action.

In *Hargraves v. Capital City Mortgage Corp.*, D.C.D.C.2000, 140 F.Supp.2d the Court of Appeal held that two missed appointments with defendant's doctor were not sufficient to warrant the severe sanction of barring plaintiff's evidence of emotional distress at trial. Plaintiff allegedly missed the first appointment due to failure to record the correct date in appointment calendar, and on second occasion she allegedly had to stay at home with her children. In *Williams v. City of Belvedere*, (App. 1 (Dist 1999) 84 Cal) the Court of Appeal held that the district court erred when it dismissed appellants claims on implied factual finding bringing severe sanctions against appellants for failing to answer interrogatories and attending to the depositions. The court abused its discretion by exercising the authority of judicial finding in favor of Sodexho and Howard's prejudice evidence and willful, fragrant bad faith, and callous disregard for responsibility of a litigant. *See*, *Star-Kist Foods Inc. v. SIS Achoraje*, D.C.Tex.1983, 97, F.R.D 527.

**Pursuant to Rule 37** (c)(2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Appellants Samuel Mwabira-Simera and minor assert that the district court's finding at the ruling that Appellees Sodexho and Howard had provided insufficient evidence and guideline range at the order amounted to denial appellants' motion for judgment of injunctive relief. There were no statements made by appellants to Sodexho and Howard police following their false imprisonment, instead they implicated appellant Mwabira Simera in the charged conspiracy and violated appellant's Sixth Amendment rights to confront witnesses because they did not testify either on September 19th, 2003 nor testified at arbitration case. The district court erred in failing to order Appellees Sodexho and Howard to provide a bill of particulars of Appellee McCants or Appellee Jones denial,"I did not see Mwabira-Simera steal..." provided in the depositions and Arbitration case. In the present case, the indictment contained only one count, which said that the appellants had stolen food from the cafeteria in September 2003 without involving Mr. John Parker, who authorized Appellant to serve food to the mentally sick minor, instead it included inadmissible evidence. The actions of Sodexho and Howard agents at the Howard University Blackburn center violated applicable statutes and case law. There was no authority to take appellants into custody at Blackburn Center with intent to hand them over to the Metro Police. In the alternative, therefore, the district court erred in denying appellants' motions for judgment and injunctive relief. The present ruling on the case lacks sufficient evidence to support the

-15-

court's denial of appellant's claims. Furthermore, special evidentiary rules apply where a conspiracy is charged. To be admissible in support of a conspiracy theory, however, the statements must be made during or in furtherance of the conspiracy. *Id*; *Dutton v. Evans*, 400 US 74 (1970). In the present case, co-appellant Simera-Nandala statements were not made either during or in furtherance of the charged conspiracy when Appellees McCant and Jones had grabbed him, tossed out the cup of juice, and hauled him [hijacked] back to the building [deposition on September 9 and 12, 2005] and witnessed by Howard University employees. This excessive force violates 1960 *Mirand v. Arizona ruling* requiring a suspect to be informed of his\her Fifth Amendment rights. In 1981 Edwards v.Arizonna ruling made it even clear;After being duly informed of the right to remain silent, once a suspect asks to speak to a lawyer all forms of police interrogation must stop until legal counsel arrives, and security Officer to inform the Minor to request for lawyer to be present when a minor is interrogated.

Moreover, Appellee Jones testified that he did not see the appellant Mwabira-Simera pass something to his son [Simera-Nandala]. This is a critical element of Sodexho's proof of Mwabira-Simera's guilt. Even without the testimony, Sodexho's case did not hold water as to the half a donut, one apple, and five pieces of chips on a plate, which formed the basis for the arrest and termination.

## Error in admission of statement affected substantial rights

Since appellants were denied opportunity to object to the admission of Appellee McCants' affidavit as a violation of the Confrontation Clause, this Court must review the admission for plain error that is the error must have been obvious to the district court and one that "affect[s] substantial rights." *United States v. Olano*, 507 US 725, 732 (1993), quoting *Hormel v. Helvering*, 312 US 552, 557 (1941). Appellants submit that an error of such constitutional magnitude was obvious and its admission substantially affected appellants' right to a fair trial. First, concerns about Confrontation Clause violations in the admission of codefendants' affidavit is well-established law and not a novel area with which a federal judge might have been unfamiliar. Therefore, the error in admitting affidavit that spreads blame to a codefendant is "plain" within the meaning of *Olano*.

The district court abused its discretion in permitting provision of Sodexho and Howard to elicit the opinion of its expert witness on the ultimate issue of fact. The district court should have told Sodexho and Howard that "his Circuit is very concerned about having a witness to press some opinion about the intent effect of traumatization of the mentally depressed people with a narcotics offense . . . when it is expressed in some way from which one might infer that the witness has special knowledge about the intent of the Appellants."

-16-

Appellants submit, therefore, that the district court abused its discretion and violated Rule 704(b) of the Federal Rules Evidence, that the error was not cured by the arbitration case question posed to Mr. John Parker, and that the error was not harmless. *United States v. Salamanca*, 990 F.2d 629, 637 (DC Cir) *cert denied*, 510 US 928 (1993)(this Court reviews a trial judge's admission of evidence for abuse of discretion).

> Pursuant to Fed.Rule 704(b) provides: No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matter for the trier of fact alone.

In response to questions based on circumstances which exactly mirrored the situation of this case, Appellees Sodexho and McCant made clear that the intent of the agreement was to waive the claims for exchange of reinstatement. Appellants submit that both Sodexho and Howard testimony clearly violated Rule 704(b) and the court's support of Sodexho and Howard's lengthy motions did not cure this blatant error.

Appellants submit that the error was not harmless because it had a "substantial and injurious effect" on the verdict. *See, United States v. Smith*, 77F F.3d 511, 515 n.1(DC Cir 1996)(proper measure of harmlessness is whether error had "substantial and injurious effect" on verdict). In *Smart, supra*, this Circuit held that "[i]n cases where the error is fundamental or where the other, admissible evidence against the Appellants is ambiguous, a court will always conclude that the error affected the verdict." *Smart*, 98 F.3d at 1390. As noted in court error and summary *Argument, supra*, there was no evidence to support a finding that appellant Mwabira-Simera waived his claims in exchange for re-instatement in March 15, 2003 nor that appellants intended for those claims to be void and barred. Therefore, Appellee McCants' testimony substantially prejudiced appellants' case by simply telling the judge that the appellants were barred. Appellants submit, therefore, that the orders must be reversed.

Finally, appellant Mwabira-Simera and Simera-Nandala were also substantially prejudiced by the court's failure to order Appellee Sodexho to produce all the documents it was holding, and provide a summary of an expert expected testimony which it relied on. Simera-Nandala obviously had a Fifth Amendment privilege not to testify at both depositions because of a traumatized mental health as protected by Title 18 USC § 1753. A trial court's decision to admit or exclude expert testimony is reviewed for abuse of discretion. *United States v. Cruz*, 363 F.3d 187 (2nd Cir 2004).

A district court's decision whether to order Sodexho and Howard to produce discovery prior to trial is subject to review under an abuse of discretion standard. *United States v. Jackson*, 508 F.2d 1001,

-17-

1007-08 (7th Cir 1975). Therefore the Appellants request this court to overturn the district's order and provide remedies to appellants as the victims of the discrimination.

The court erred when it admitted Sodexho and Howard's motion to dismiss Appellants Mwabira-Simera and Nandala-Simera's claims violated the court orders to depositions. This violates the constitutional rights as accorded to any body who is insane under Title 18 §§ 1753. Both Sodexho and Howard obtained information about the mental hospitalizations from Howard University, Washington Adventist Hospital, and Kaizer Permanente Hospitals.

The court could accept such evidence only if it supported an accepted expert witness as provided for under Rule 702 of the Federal Rules of Evidence ("FRE") governs the admissibility of expert testimony. The rules provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In addition to the requirements of FRE 702, FRCP 16(a)(1)(G) requires Sodexho and Howard to submit to Appellant's written summary of the expert testimony that it intends to use during its case-in-chief. The summary must "describe the witnesses" opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." It is well-established that when the court admits expert testimony, it "must serve as a gatekeeper." *Cruz*, 363 F.3d at 192.

The United States Supreme Court held in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) that the federal evidence "assign to the trial judge the task of ensuring that an expert's testimony rests both on reliable foundation and is relevant to the task at hand." *Id* at 597. In order to comply with its "gatekeeping" responsibilities, the district court must "analyze whether [the] proffered expert testimony is relevant that is whether it has any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Cruz*, 363 F.3d at 192, quoting *Amorgianos v. AMTRAK*, 303 F.3d 256, 265 (2d Cir 1995). *Cruz* at 192, quoting *Campbell v. Metro. Prop. And Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir 2001). Explicitly considering the five dismissal factors, the record would review independently to determine whether the order of dismissal was an abuse of discretion. *Malone v. United States Postal Service*, 9 Fed Rules Serv. 3d 897, 833 F.2d 128 (CA9 1987).

Appellants submit that there was insufficient evidence to bar them and their claims under their

Constitutionary protected statutes. In considering the sufficiency of the evidence claim, this Court reviews "the evidence *de novo*, in the light most favorable to the Appellees in order to determine whether a 'rational trier of the fact could have found the essential elements of the crime beyond a reasonable doubt.'"

## COUNT VI THE ARGUMENT

### A. Factual findings are reviewed for questions of Law *de novo id.*

1. This court should admit the testimony of the two witnesses [McCants and Jones] pursuant to the provision of Fed. R. Crim. Pro. 404(b). That rule provides that evidence of other crimes is admissible to establish "motive, opportunity, intent, preparation; plan, knowledge, identity, or absence of mistake or accident." Moreover, Rule 404(b) is a rule of inclusion rather than a rule of exclusion. Thus, in *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*), *cert. denied*, 525 U.S. 1149 (1999), the Court of Appeals noted that:

> We have recognized before that although the first sentence of Rule 404(b) is "framed restrictively," the rule itself is "quite permissive," prohibiting the admission of other crimes evidence "in but one circumstance" -- for the purpose of proving that a person's actions conformed to his character. *United States v. Jenkins*, 928 F.2d 1175 (D.C. Cir. 1991).

Similarly, Appellees Sodexho, McCants, and Worley involvement in prior discrimination and retaliation cases that involved co-conspirators defendant Howard and Jones is relevant to show their relationship. *United States v. Gaviria*, 116 F.3d 1498, 1532-33 (D.C. Cir. 1997), *cert. Denied*, 522 U.S. 1082 (1998) (other crimes evidence properly admitted where it shows or tends to show the existence of a relationship between the defendants, and whether it shows or tends to show the defendants had a common scheme or plan which included the offenses for which they are now charged). See *United States v. Graham*, 83 F.3d 1466 (D.C. Cir. 1996), *cert denied*, 519 U.S. 1132 (1997) (evidence of the criminal activity preceding the charged conspiracy helped explain the subsequent formation of the larger conspiracy). The fact that Appellees Sodexho, and McCants were previously involved in discrimination and retaliation activities together is likewise relevant in helping the court to understand their relationship with Appellees Howard and Worley and their relevancy to "inextricably intertwined" criminal episode that constituted the arbitration case of March 15th, 2004. The counts above demonstrate this arbitration case was discriminatory in nature that it is relevant, and probative admissible evidence.

Other admissible evidences of Sodexho persistent and egregious discrimination is the case filed by Carter-Cynthia McReyolds and Ellen Early on behalf of more than 2,400 minorities, and the arbitration case has a probative value as to motive, opportunity, and intent of the conspiracy acting

-19-

under law to crush and oppress prior to similar violations is integral to proving essential elements of the charged violations in Civil Actions 04-538 and 04-0240 and any potential prejudice in accordance with Rule 404(b). *Jones*, 248 F.3d at 676; *Huff*, 959 F.2d at 737.

2. Sodexho fraudulent misrepresentation of material of facts could not have persuaded the court from granting permanent injunctions-final judgment. This injunction standard legality applies on a clearly erroneous finding of a fact, and/or issuing an injunction that contains an error in its form or substance of the court abusing its discretion. *see:* Injunction is limited to deciding whether the district court clearly abused its discretion. *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir.2002); *Al-Fayed v. CIA*, 254 F.3d 300, 303-04 (D.C. Cir.2001); *SG Cowen Sec. Corp. v. Messih*, 224 F.3d 79, 81 (2d Cir.2000). A court abuses its discretion by applying an incorrect legal standard, basing the injunction on a clearly erroneous finding of fact, or issuing an injunction that contains an error in its form of substance. *Fundamental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 999 (2d Cir.1997); *see, e.g., Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1529-30 (11th Cir.1994) (court abused its discretion when it froze D's assets pending trail for fraud when only monetary damages were sought).

Justice Geoffrey Samuel' *Law of Obligations and Legal Remedies*: 2nd ed.2001 States that Judges are not restricted in the application of the law, however, the judge is the one who knows and applies the rules of law applicable to the proven facts. And that a Judge must precisely categorize the facts without stopping at the legal categories put forward by parties, Judge must raise ex officio any questions of law irrespective of those advanced by the parties and request parties to provide further particulars. *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 973 (E.D.Pa.1977). _Judge J._ _Bates only accepted whatever Sodexho and Howard said and denied Protective orders to Appellants_ .

3. In Appellants' Petition for Review, HERE Union on his behalf stated that the Sodexho's action in terminating Appellant was arbitrary, capricious, unreasonable, an abuse of discretion, and was not supported by substantial evidence. See. *Mr John Parker General Manager, and Officer Kevin Jones' Testimony proved that Donna McCants Lied thereby Donna McCants has to be charged for perjury s.* WHEREFORE, The discriminatory Civil Actions 04-0538 and 04-1240 and arbitration case FMSC#041211-51307-A of Appellees Acts were intentional, deliberate, and willful and taken in disregard for the laws, injured, interfered with and intimidated Appellants. see 1968 U.S. Code Cong. and Admin. News 1837, 1838-40, 1843, 1845; United States' Proposed Instruction No. 24 as incorporated in Counts 1- VII.

## B. <u>Charges supported by the following authorities and laws:</u>

The court abused its discretion by failing to instruct Appellee Sodexho that it did not have the authority to abrogate any provisions of the collective bargaining agreement between the HERE union, Mwabira-Simera, and Sodexho. Sodexho defended the suit by alleging that it was following the instructions of the US Laws by fraudulently misrepresentations in manner (**Exhibit 1**), which specifically contravened the provisions of the collective bargaining agreement as supported by facts in Count I-VII above (**Exhibit 2A&B**).

In the US Court of Appeals DC Cicuirts' the precedent of common law for example:
On February 3, 1998, the U.S. District Court of Appeals for D.C. Circuit ruled that the Control Board did not have the authority to abrogate the terms of the collective bargaining agreement between UDC and the faculty union, and, therefore, the RFI claim was void. The University and the Control Board appealed the decision to the U.S. Court Appeals for the D.C. Circuit. On December 22, 1998, the U.S. Court of Appeals for the D.C. Circuit affirmed the opinion of the District Court. The case was then remanded back to the U.S. District Court to determine if the faculty union's contract claims should be submitted to arbitration. The U.S. District Court ordered the parties to submit the case to arbitration. Rather than submit the case to arbitration, the parties to the district court suit entered into a settlement agreement. The <u>settlement agreement resolved all outstanding issues, which the UDC faculty association had raised in its lawsuit. Those faculty members who were terminated out of seniority order were reinstated with back pay and back benefits</u>. Those faculty members who were RIFed in seniority also received back pay and benefits. All faculty members were allowed to assert their "bumping" rights claims, per the original collective bargaining agreement. The agreement was silent with respect to the dozens of UDC faculty members who had followed the instructions in their final agency decisions and filed appeals of their dismissals in the Superior Court.

Similar to Appellants cases, the Court's discretions should not have been based on Sodexho's fraudulent misrepresentations of agreement to dismiss Civil Actions and claim under Rule 12:

## C. <u>MOTION TO DISMISS: THE LEGAL STANDARD</u>

The Court should dismiss a claim under Rule 12 only if it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him relief. "*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), (quoted in *Perry v. District of Columbia*, 474 A.2d 824, 826 (D.C. App. 1984). "Even a doubt as to whether a genuine issue [of fact] exists is sufficient to preclude

summary judgment." *Bason v. Am. Univ.*, 414 A.2d 522, 525 (D.C. 1980). In passing upon a motion to dismiss, the Court must assume as true all allegations pleaded in the complaint. *Zhore v. Jennifer Mall Restaurant*, 534 A.2d 1268, 1269 (D.C. App. 1987). All pleadings should be liberally construed in favor of the party bringing the action so as to do substantial justice. *Bagley Realty, Inc. v. Laufer*, 482 A.2d 359, 364 (D.C. App. 1984).

Appellees Sodexho and Howard's Institutional racial decisions were not true however even if it had been true, it is settled law that the Appellants are simultaneously pursuing their rights under available statutory remedies. *Cf., Alexander v. Gardner –Denver Co.*, 415 U.S. 36 (1974); J.I. *Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944); *Cf.* This fact is true even where resolving the employee's claims pursuant to a collective bargaining agreement and resolving the matter pursuant to a state statute required the two forums to address the exact same set of facts. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409-410 (1988); "notwithstanding the strong policies encouraging arbitration [as required by a collective bargaining agreement], 'different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) *citing* Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

The <u>Willett</u> court rule on the issue of whether a wrongful termination action brought under the Elliott-Larsen Civil Rights Act by a unionized employee was removable because it was preempted by the Labor Management Relations Act and held that: "under the decisions of the Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96L.E.D.2d 318 (1987), and *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and their progeny in the Sixth Circuit. . such an action is not preempted and may not properly be removed." <u>Willett</u> at 614. Also noteworthy, the District courts of New Jersey have consistently determined that an employee's claim based on rights arising out of a state stature is separate and independent from the terms of the relative labor contract. *Mitchell v. Village Super Market, Inc.*, 926 F.Supp. 476, 479-81 (D.N.J. 1996); <u>*Kube v.New Penn Motor Express, Inc.*</u>, 865 F.Supp. 221, 228-230 (D.N.J. 1994); *Carrington v. RCA Global Communications, Inc.*, 726 F.Supp. 632, 639-42 (D.N.J. 1991). As such, these courts have concluded that the Labor Management Relations Act (LMRA) does not preempt New Jersey Law Against Discrimination (NJLAD) claims. See <u>Mitchell</u> at 479-81; <u>Kube</u> at 228-230; <u>Carrington</u> at 639-42.

The <u>Carrington</u> court exhaustively reviewed the pertinent case law and determined that the LMRA did not preempt NJLAD racial discrimination claims. See <u>Carrington</u> at 640-42. In that case, the

court held that "both the existence and the scope of the plaintiff's state lay discrimination claims under NJLAD are derived independently from state law, and not from the obligations assumed by the parties under the labor agreement." *Id.* At 641; *see* also <u>Mitchell</u> at 480 ("[T]he right not to be discriminated against is defined and enforced under state law without reference to the terms of any collective bargaining agreement even where the labor contract itself prohibits discrimination." [internal quotations omitted]).

The Third Circuit has cautioned that a complaint alleging violations of civil rights must be pleaded with specificity in order to withstand motion to dismiss. *Kuaffman v. Moss*, 420 R.2d 1270, 1275 (3d Cir. 1970). The counts I-VII does contain specificity of facts related to these two cases and release agreement of arbitration cases. A Copy of specificity agreement is hereby attached (see **Exhibit 2C**).

The Appellees have failed to establish that the doctrine of judicial estoppels is applicable to Appellate. For judicial estoppels to apply the following factors are considered: (1) whether the party's later position is clearly inconsistent with its earlier position. (2) Whether the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create a "perception that either the first or second court was misled" and **(3)** Whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose unfair detriment on the opposing party if not estoppels. *New Hampshire v. Maine,* 532 U.S. 742,750-51 (2001). The Appellees failed to establish that the three factors stated in New *Hampshire v. Maine.* 532 U.S. 742,750-51 (2001), are satisfied. The first factor is not satisfied because Appellees' present position is not consistent with their first prior positions at the arbitration hearing in motions to dismiss: Second Motion the same Appellees have indicated they can behave and do anything contrary to rule of law by merely fraudulent misrepresentation which incorporates the facts above of the summons and complaints seeking relief. The second and third factors are not satisfying because the Appellees eluded lies could not persuade the court to accept their fraudulent position of dismissing the suit. This acquiesces with Appellants' position and the Appellee will derive an unfair advantage or impose unfair detriment on the Appellants.

The Appellants correctly cited <u>*New Hampshire*</u> standing for the preposition that "where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed assume a contrary position especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him". The Appellees in this case acquiesced in the position by Appellant in the prior (their motions to dismiss).

As a result of the defenses raised by the Appellants, the Appellees acquiesced in Appellants

-23-

position and moved the court through their counsels to dismiss the cases with prejudice. The Appellants have caused the Appellees to change their position as such is judicially estoppels from taking a position inconsistent with the position previously taken in their motions because it is prejudicial to the Appellants. See *Plough Inc. v. Nat'l Academy of Science,* 530 A.2d 1152, 1159n.10(D.C.1987). The Appellees are playing fast and loose telling every fraud and lie to the court by changing position to suit their interest.

Appellants incorporated, by reference, the allegations contained in counts two, three, four-six above, and state further that Appellees could not be granted relief in dismissing the cases because of their failures and omissions to correct a violation of Institution Codes of rules and regulation governing institution to the aforementioned violations constitutes a breach of the warranty implied by law into all cases in the United States Federal and District of Columbia. Insult, negligence, harassment, bullying, searches, false imprisonment, and discrimination, retaliation are tort liability and are abusive and hostile to the Federal Statutory systems.

The United States Supreme Court has recently spoken on the doctrine as well and noted that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he (Appelles) may not thereafter, simply because his interests have changed assumed a contrary position especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him."

**D.C. Code Ann. §§ 1-606.3(c), (d)**

(I) . . . Any decision by a Hearing examiner . . . shall include a statement of any further process available to the plaintiff including, as appropriate, a petition or a review or a petition for enforcement and judicial review . . . After issuing the initial decision, the Hearing Examiner shall retain jurisdiction over the case only to extent necessary to correct the record, rule on a motion for attorney fees, or process any petition for enforcement filed under authority of the Office.

(II) Any employee or agency may appeal the decision of the Office to the US/Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary. Civil rights statutes, and almost all statutes providing protections to workers in this country, are, in the main, remedial legislation, and where, as here, a court decides a controversy brought pursuant to a remedial statute, the Court always sits with equitable powers, and is given considerable discretion to right the wrong before it. See, *Albemarle Paper Co. v. Moody,* 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman Transportation Co.,* 424 U.S. 747. 763 (1976). Furthermore, one of the fundamental principles of equity

is "make-whole" relief. That is relief that would put the person in the position that one would have been in but for the violations of one's rights. See discussion in *Albermarle Paper CO. v. Moody, and Franks v. Bowman Transportation Co. supra.* (Congress vested broad equitable discretion in the courts to order such action as may be appropriate, or any other equitable relief as the court deems necessary to put the Appellate in the position that he or she would have been in but for the Academic Institution/employer's illegal action).

III) These irreparable injuries (mental hospitalization, neurological surgery, and continued psychiatric care) due to traumatization challenge the legality and constitutionality of unreasonable responses, denial, and/or delays in processing, responses, and applications have varying experiences of delay in the administrative procedures encountered in Appellants' requests from theAppellee Sodexho and Howard under the Act. 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq.*"In determining whether there is an issue of material fact, this court must view the record in the light most favorable to the nonmoving party." *O'Mally, III v. Chevy Chase Bank*, 766 A.2d 964 (D.C. App2001).

Here; the district court failed to comprehend the extent of its equitable authority to fashion a remedy which would have made Mwabira-Simera and minor whole for the Sodexho's and Howard's deprivation of Civil Rights 1964 Articles I; VII; XI; 5 U.S.C §§ 554(b), 555(b), 555(e), and 701; 42 U.S.C.A §1983, §12101; 18 U.S.C. § 241; 18 U.S.C. § 242 which will make whole for the Defendants' deprivation of Appellants' rights. Respondent Sodexho argued to the US DC Circuit that exchanging re-instatement waved all of Samuel H. Mwabira-Simera's remedies for the violations of his rights by Sodexho's illegal acts which are disproved by facts in Counts 1-VII. (see **Exhibit 2A&B**).

Thus under the US Court of Appeal for DC Circuit's general equitable powers, the court may award attorney fees, or such other relief as the Court deems necessary and proper in a petition for review of an agency adverse employment action. Appellant Mwabira-Simera would have also been eligible for an award of fees under the Back Pay Act, 5 U.S.C. § 5596. *Hunt v. District of Columbia.* 520 A.2d 300 (D.C. App. 1987). Thus, under the US District Court of Columbia Court of Appeals' equitable powers, it may require a much broader relief than Appellants Mwabira-Simera and Simera-Nandala may have been entitled to under the federal court action brought by the HERE union.

US District Courts have held this encompass back pay, severance pay, sustainable compensatory damages (Falsifying evidence, False imprisonment, Malicious Prosecution, Deformation, Deprivation of Relief Benefits, and Negligent causing Infliction of Mental Distress), and a determination of the Company employees' retention rights are not pre-empted under the collective bargaining agreement. Plaintiff had to loose these back pay, and other compensatory tortuous damages

under Title 28 U.S.C.§ 264. In order for Mwabira-Simera to be placed in the position he would have been in but for the Sodexho" illegal acts, Mwabira-Simera would have had to be reinstated to his full-time position, with full back pay, restoration of all fringe benefits, retirement pay (with employer contributions), with interest on all payments, and obtain costs, expenses and attorney fees.

Where there are any unresolved issues of damages, a case cannot be considered moot. *Board of Pardons v. Allen,* 482 U.S. 369, 370-71 n. 1 (1987). And, there is nothing in the law to prohibit Company employees in this particular case, Mwabira-Simera who was wrongfully terminated or deprived of relief benefits under the color of law, but won reinstatement in another forum, from going to the US District Court to obtain the other elements of relief listed above, and other costs such as attorney fees, which the initial forum did not, or could not, grant for lack of jurisdiction. See, for example, *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54 (1980).

## COUNT VII.  Findings & Conclusions.

Findings of facts are reviewed for clear error, and conclusions of law are reviewed *de novo. I.d.* Findings of Facts based on the evidence proved that Judge J. Bates of the United States District Court for the District of Columbia Circuit erred by relying on Appellee McCants who lied and deprived Appellant of Relief Benefits which lead to arbitration case FMSC #041211-51307-A", and resulted in "release Agreement" as a separate case which was a conspiracy between Appellees McCants, and Jones acting under color of law to oppress acted willfully and knowingly in disregard of the law. *See. Defendant John's Testimony on transcript tcontradicting his report and with Defendant McCants'.*

In *EEOC v. Waffle House Inc.,* the Supreme Court citing the law held that an agreement to arbitrate employment-related does not bar the Equal Employment Opportunity Commission from pursuing victim-specific judicial relief, such as back pay, reinstatement, and damages, in action to enforce Title I of the Americans with Disabilities Act 1990. (**Exhibit 6**) The US Court of Appeals for the District of Columbia Circuit has to overturn the District Court "Order" and provide remedies to Appellants' victimization.

## The question of law are reviewed *de novo.* Id.

Findings reviewed for clear error, and questions of law show that the Court discretion's basing on Appellee Sodexho's and Howard's fraudulent misrepresentations, the Court abused its discretion, and thereby request the Honorable District Circuit Court of Appeals over turn this Order, and grant Appellants full injunctive Relief *see Cromwell Invs., Inc. v. NASD Regulation, Inc.,* 279 F.3d 155, 158 (2d

Cir.2002); *Al-Fayaed*, 254 F.3d at 303-04; *Gillispie*, 203 F.3d at 386. see. 28.U.S.C §1291: *Martin's Herand Imp.195 F3d at 769-70 (A grant of permanent injunction is reviewed of discretion.* Aponte v. Calderon, *284 F3d 184, 191.*

## Conclusion

In conclusion, the prejudice was not cured by cautionary instructions from the court because it gave none. Given the district court's clear abuse of discretion and the resulting uncured prejudice, Appellants Mwabira-Simera and Simera-Nandala do hereby respectfully request this honourable court to over turn US DC Order of June 30th and November 2, 2005. The Court orders such references, as it deems necessary and proper and shall accord a right of trial as required by any statute of the United States, and the summarily judgment be granted by the Court. Court order such action as may be appropriate or any other equitable relief as the court deems necessary to put the Appellents in the position that they should have been in by granting a new trial.

Pursuant to 18 U.S.C. § 248(c)(1)(B), (2)(B), and (3)(B) Plaintiff prays that, "[a]n immediate injunctive relief be issued that would enjoin the defendants, their agents, servants, employees, and all individuals acting in concert with them from violating, or from aiding, abetting, directing or inciting others to violate the provisions of Federally protected statute of the United States. See *Terry v. Reno*, 101 F.3d 1412, 1415-18 (D.C. Cir. 1996); *sub nom Hatch v. United States*, __ U.S. __, 117 S.Ct. 508 (1996). *See also United States v. Weslin*, 1997 WL 251466, *6 (W.D.N.Y. 1997); *United States v. Scott*, 958 F. Supp. 761, 778 (D. Conn. 1997)

Respectfully----------------------- submitted,

Samuel H. Mwabira-Simera
and John E. Simera-Nandala
P.O. Box 1405
Washington DC 20013
(202) 635-0595
Plaintiffs/Appellants

## Request for Oral Argument
Appellants request that they be allowed an oral argument in this case.

## CERTIFICATE OF LENGTH
I hereby certify that in accordance with Fed. R. App. P. 32(a)(7)(B) this brief contains 9894 words.

## CERTIFICATE OF SERVICE

I hereby certify that the Appellants Brief to US DC Court of Appeal for a good cause to overturn USDC Court's Order of June 30th, 2005 was mailed to Appelleess by Process Server on 06/20/2006 to;David R. Warner, esq. Venable LL.P 575 7th Street N.W.Washington, D.C. 20004 and Angela R. Williams esq. Office of the General Counsel, Howard University, 2400 6th, Street, NW, Suite #321, Washington DC 20059

Respectfully submitted,
Samuel H. Mwabira-Simera, 
and John E.Simera-Nandala

# EXHIBIT 3

No. _____

_____

### IN THE

## SUPREME COURT OF THE UNITED STATES

_____

SAMUEL H. MWABIRA-SIMERA etal PETITIONER
(Your Name)

### VS.

SODEXHO MARRIOT MANAGEMENT SERVICES etal
HOWARD UNIVERSITY et al — RESPONDENT(S)

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

[   ] Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

_____

_____

[   ] Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

Petitioner's affidavit or declaration in support of this motion is attached hereto.

_____
(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, _____, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 280 | $ n\A | $ 70 | $ n\A |
| Self-employment | $ n\A | $ n\A | $ n\A | $ n\A |
| Income from real property (such as rental income) | $ n\A | $ n\A | $ n\A | $ n\A |
| Interest and dividends | $ n\A | $ n/A | $ n\A | $ n/A |
| Gifts | $ n/A | $ n\A | $ n\A | $ n/A |
| Alimony | $ n/A | $ n\A | $ n\A | $ n\A |
| Child Support | $ n/A | $ n/A | $ n\A | $ n\A |
| Retirement (such as social security, pensions, annuities, insurance) | $ n/A | $ n/A | $ n/A | $ n/A |
| Disability (such as social security, insurance payments) | $ n/A | $ n\A | $ n/A | $ n/A |
| Unemployment payments | $ n/A | $ n/A | $ n/A | $ n/A |
| Public-assistance (such as welfare) | $ n/A | $ n/A | $ n/A | $ n/A |
| Other (specify): n/A | $ n/A | $ n/A | $ n/A | $ n/A |
| **Total monthly income:** | $ 70 | $ n/A | $ n/A | $ n/A |

2. List your employment history for the past two years, most recent first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| SODEXHO INC. | 2400 6th St NW | March 2001 ~ 2006 | $ 70 |
| | Washington DC | | $ |
| | 20059 | | $ |

3. List your spouse's employment history for the past two years, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/A | n/A | n/A | $ n/A |
| n/A | n/A | n/A | $ n/A |
| n/A | n/A | n/A | $ n/A |

4. How much cash do you and your spouse have? $ 0.0000 00
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| none | none | $ none | $ none |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

☐ Home
Value none

☐ Other real estate
Value none

☐ Motor Vehicle #1
Year, make & model none none
Value none

☐ Motor Vehicle #2
Year, make & model none
Value none

☐ Other assets
Description none
Value none

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| none | $ NONE | $ none |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| none | none | none |
| none | none | none |
| none | none | none |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.   Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real estate taxes included? ☐ Yes ☑ No Is property insurance included? ☐ Yes ☑ No | $ none | $ none |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ none | $ none |
| Home maintenance (repairs and upkeep) | $ none | $ none |
| Food | $ none | $ none |
| Clothing | $ none | $ none |
| Laundry and dry-cleaning | $ none | $ none |
| Medical and dental expenses | $ n/a | $ n/a |

|  | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ none | $ none |
| Recreation, entertainment, newspapers, magazines, etc. | $ n/A | $ n/A |

Insurance (not deducted from wages or included in mortgage payments)

| Homeowner's or renter's | $ n/A | $ n/A |
|---|---|---|
| Life | $ n/A | $ n/A |
| Health | $ n/A | $ n/A |
| Motor Vehicle | $ n/A | $ n/A |
| Other: _____n/A_____ | $ n/A | $ n/A |

Taxes (not deducted from wages or included in mortgage payments)

| (specify): ____none____ | $ none | $ none |
|---|---|---|

Installment payments

| Motor Vehicle | $ n/A | $ n/A |
|---|---|---|
| Credit card(s) | $ n/A | $ n/A |
| Department store(s) | $ n/A | $ n/A |
| Other: __Commisary__ | $ 50 | $ n/A |

| Alimony, maintenance, and support paid to others | $ n/A | $ n/A |
|---|---|---|
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ n/A | $ n/A |
| Other (specify): _____ | $ n/A | $ n/n |
| **Total monthly expenses:** | $ 50 | $ n/A |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ☐ Yes    ☑ No       If yes, describe on an attached sheet.


10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes    ☑ No

    If yes, how much? _____

    If yes, state the attorney's name, address, and telephone number:


11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

    ☐ Yes    ☑ No

    If yes, how much? _____

If yes, state the person's name, address, and telephone number:


12. Provide any other information that will help explain why you cannot pay the costs of this case.
    I ONLY RECIEVE FROM $0 - $70 A MONTH FROM PROGRAM


I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___FEBRUARY  28_____ , 20_0 7

                                        _____
                                                (Signature)

IN THE SUPREME COURT OF THE UNITED STATES

September Term 2005
04 cv 00538
04 cv 01240

NO. 05-7116

Samuel H. Mwabira-Simera
and
John E.Simera-Nandala
Plaintiffs-Petitioners
vs.
Sodexho Marriott Management
and
Donna McCants,
and
Worley Marcus,
and
Howard University,
and
Kevin Jones
Defendants-Respondents

Consolidated with NO. 05-7117

---

Petition for Writ of Certiorari to the

United States Court of Appeal for the

District of Columbia Circuit

---

Samuel H. Mwabira-Simera
And
John E.Simera-Nandala
#14-1835 Central Place NE
P.O.Box 1405
Washington DC 20013
Pro Se Litigants

## Questions Presented

1)  Can [T]he right not to be retaliated, retaliated [twice],
bullied,  harassed and discriminated against be defined and enforced
under state law , without reference to the terms of any collective
bargaining agreement of a wrongful termination even where the Labor
contract itself prohibits discrimination?

2) Is it not true that whether injuries are known or unknown, and
other things being equal, the question is one of intent, and if
sufficiently expressed, should be conclusive?

3) What must the trial courts do in interpreting intent of an
"ambiguous language" of a Labor Union release agreement entered into
between an employer's lawyers and employee's Union upon serious and
willful misconduct of employer in violation of statutory provisions
of a protected class?

4) Is it not true that having an expert witness to express some
opinion about the effect of traumatization of the mentally depressed
people to the Court . . . when it is expressed in some way from
which one might infer that the witness has special knowledge about
the intent covered by affirmative action to individuals protected by
Title 18 U.S.C. §17 about the oppressor party taking advantage of
victimizes ignorance or necessities and misrepresenting true
character of releases?

i

Parties to the Proceeding

The parties to the proceeding are those named in the caption.

ii

## Table of Contents

Page

Questions Presented. . . . . . . . . . . . . . . . . . . .  I

Parties to the Proceeding. . . . . . . . . . . . . . . . .  II

Table of Contents. . . . . . . . . . . . . . . . . . . . . III

Table of Cites Authority. . . . . . . . . . . . . . . . .  IV

Table of Statutes. . . . . . . . . . . . . . . . . . . . .  V

Statement of Jurisdiction. . . . . . . . . . . . . . . . .  1

Statement of Case. . . . . . . . . . . . . . . . . . . . 1

Preliminary Statement. . . . . . . . . . . . . . . . . . 1-11

Reasons for Granting Writ. . . . . . . . . . . . . . . .  9

## Table of Appendices

Appendix A-The Court of Appeals of Opinion. . . . . . . . . 1A

Appendix B-Summary Order from the United States Court

           of Appeals for the Second Circuit. . . . . . . . . 1B

Appendix C-The order denying rehearing . . . . . . . . . . 1C

Appendix D-Union Request for arbitration and Affidavit.........1D

Table of Cited Authority

Case                                                                                    Pages

**TABLE OF AUTHORITIES AND CASES**

Albemarle Paper Co. Moody, 422 U.S. 405, 417 (1975)...................................................13,21,30

Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974)….................................................12,33

Anderson v. United States, 417 US 211, 218 n.6 (1974)...............................................................10

Bagley Realty, Inc. v. Laufer, 482 A.2d 359, 364 (D.C. 1984)...................................................33

Bason v. American University...............................................................................……….........33

Berry v. Struble (1937) 66 P.2d 746, 20 C.A.2d 299.........................................................................9

Board of Pardons v. Allen, 482 U.S. 369, 370-71 n. 1 (1987).......................................................32

Burlington Industries, Inc. v. Ellerth (S.Ct.1998)...........................................................................27

Burlington N. & Santa Fe Ry. Co. v. White, 126 S.Ct.2405 (2006)...............................................27

Cagle v. Burns & Roe Inc. (Wash.1986).........................................................................................7

Carmichael v. Industrial Acc. Commission (1965) 44 Cal.Rptr. 470, 234 C.A.2d 311.................9

Carrington v. RCA Global Communications, Inc., 762 F. Supp. 632, 639 (D.N.J 1991)...........….........34

Caterpillar Inc. v. Williams, 482 U.S. 386 (19987)........................................................…….........34

Chung v. Johnston (1954) 274 P.2d 922, 128 C.A.2d 157...............................................................8

Commercial Ins. Co. of Newark, N.J. v. Copeland (1967) 56 Cal. Rptr. 794, 248 C.A.2d 561...................8

Conley v. Gibson, 355 U.S. 41, 45-46 (1975)................................................................................33

Dutton v. Evans, 400 US 74 (1970)..........................................................................................10, 28

EEOC v. Waffle House Inc...............................................................................................................31

Francis v. Rodman Local Union 21 Pension Fund 367 F.3d 937, 940-41 (D.C.2004)...............................25

Franks v. Bowman Transportation CO., 424 U.S. 747, 763 (1976)…...............................13,21,30

Gilmer v. Interstate/Johnson Lane (S.Ct.1991)...........................................................................12

Harless v. First Nat. Bank in Fairmount (W.Val1978)...................................................................11

Howard v. Wolff Broadcasting Corp. (Ala.1992) (dismissal of female radio annoucer because

of her sex states no common law claims)...................................................................................13

Hunt v. District of Columbia, 520 A.2d 300 (D.C. 1987)..................................................…..........31

J.I. Case CO. v. National Labor Relations Bd., 321 U.S. 332, 338-39 (1944)...........................…..........34

Jones v. Vacco, 126 F.3d 408, 415-416 (2nd Cir.1997)..................................................................16

Kimmelman v. Morrison, 477 U.S. 365-383 1986........................................................................26

Kuaffman v. Moss, 420 R.2d 1270, 1275 (3d Cir.1970)................................................................35

Kube v. New Penn Motor Express, Inc., 865 F.Supp. 221, 228-30 (D.N.J 1994)......................................34

Larsen v. Johannes (1970) 86 Cal.Rptr. 744, 7 C.A.3d..............................................................8

Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S, 399, 409-10 (1988)...................................34

Mairo v. Yellow Cab Co. of Cali. (1929) 281 P. 66, 208 C. 250.............................................8

Martin Marrietta Corp v. Lorenz (Colo.1992)......................................................................11

McQuary v. Bel Air Convalescent Home, Inc. (Or.App.1984).................................................11

Mitchell v. Village Supper Market, Inc., 926 F.Supp. 476, 479-81 (D.N.J 1996).....................34

Monge v. Beebe Rubber Co. (N.H.1974)..............................................................................7

Murray v. Carrier, 417 U.S. 478 1986................................................................................26

New York Gaslight Club v. Carey, 447 U.S. 54 (1980)...........................................................32

O'Malley, III v. Chevy Chase Bank, 766 A.2d 964 (D.C. 2001).............................................30

*Payne v. Western & A,RR (Tenn. 1884)............................................................................13

Pittson Coal Group v. Sebben, 109 S.Ct.414 (1988)(Scalia J)..................................................9

Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp. 108 S.Ct.1350 (1998)(Scalia J)......9

Ray v. Industrial Acc. Commission (1956) 303 P.2d 793, 146 C.A.2d 393.................................7

Sexton v. French, 163 F.3d 874-882, 1998............................................................................18

United States v. Cruz, 363 F.3d 187 (2nd Cir 2004)...........................................................10,32

United States v. Gaviria, 116 F.3d 1498, 1532-33 (D.C. Cir.1997), *cert. Denied*, 522 U.S. 1082 (1998)...28

United States v. Graham, 83 F.3d 1466 (D.C.Cir.1996), *cert denied*, 519 U.S. 1132 (1997).....................29

United States v. Gurtmon, 146 F.3d 1015 (D.C. Cir. 1999)........................................................7

United States v. Johnson, 513 F.2d 819-824 2nd Cir.1975.......................................................24

United States Labat, 905 F.2d 18-23 (2nd Cir.1990)...........................................................15,24

United States v. Olano, 507 US 725, 732 (1993), quoting Hormel v. Helvering, 312 US 552, 557 (1941)..25

United States v. Salamanca, 990 F.2d 629, 637 (DC Cir) *cert denied*, 510 US 928 (1993).......................19

United States v. Smith, 77 F.3d 511, 515 n.1(DC Cir.1996).....................................................20

Willet v. General Motors Corp., 904 F.Supp. 612, 613 (E.D. Mich. 1995)................................34

*Williams v. United States, 341 U.S. 97, 99-100 (1951)(misuse of lawful authority can constitute

    action taken under color of law)...............................................................................12

Zhore v. Jennifer Mall Restaurant, 534 A.2d 1268, 1269 (D.C. 1987)......................................33

## STATUTES

*District of Columbia Comprehensive Merit Personnel Act, D.C. Code Ann. § 1-606.3 (c),(d).........30,34

*Conspiracy 18 U.S.C § 241..............................................................................................4,11

*Insanity Defence Title18US.C.§17...................................................................................16,18

*Title18 U.S.C.§1753.....................................................................................................19,33

*Statutory Provisions of the Administrative Procedure(1980) Act 5 U.S.C §§ 554(b),555(b), 555(e), and 701 *et seq*.............................................................................................5

*Under color of law 18 U.S.C. § 242……………………………………............................................4,11

*Willfully and Knowingly falsifies a material of fact Title 18 U.S.C §1001……...……….…................23

*Wrongful termination case-deprivation of Relief Benefit 18 U.S.C. § 246………….............................4,7,11
*The Fed, Procedure Rule of Evidence Rule 404(b)............................................................................28

*The Fed, Procedure Rule of Evidence Rule 702..........................................................................19

*The Fed, Procedure Rule of Evidence Rule 801(b)………………………………………….……..10

## Appendix/Addendum

Appendix A- Summary Order from the United States Court of
            Appeals for the District of Columbia Circuit..........................1A

Appendix B- US District Court for the DC Ruling June 30th, and
            November 2nd, 2005 Orders .. . . . . . .  ...................................1B

Appendix C- The denial for re-hearing Court of Appeals of Opinion...IC

Appendix D-HERE Union Local 25 Affidavit (Lack of Jurisdictions
            to Adjudicate EEOC)..................................................................ID

IN THE SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that writ of certiorari issue to review the judgment below.

### OPINIONS BELOW

[ *] For cases from **federal courts:**

The opinion of the United States court of appeals appears at Appendix __A___ to the petition and is

[  ] reported at _____; or,
[  ] has been designated for publication but is not yet reported; or,
[ *] is unpublished.

The opinion of the United State district court appears at Appendix __B___ to the petition and is

[  ] reported at _____; or,
[  ] has been designated for publication but is not yet reported; or,
[* ] is unpublished.

[  ] For cases fro **state court:**

The opinion of the highest state court to review the merits appears at Appendix _____ to the petition and is

[  ] reported at _____; or,
[  ] has been designated for publication but is not yet reported; or,
[  ] is unpublished.

The opinion of the _____ court
Appears at Appendix ___ ____ to the petition and is

[  ] reported at _____; or,
[  ] has been designated for publication but is not yet reported; or,
[  ] is unpublished.

vii

Petitioners respectfully petition for a Writ of Certiorari to review the judgment of the United States Court of Appeals for the District of Columbia Circuit in this case.

.Citation to Opinion Below.

The Court of Appeals opinion appears in the Appendix here to (App. A) and is unpublished.

Statement of Jurisdiction

The Court of Appeals entered its opinion of November 3, 2006 and also entered a Summary Order on February 15th, 2007. The Jurisdiction of the Court is invoked under *28 U.S.C.§1254(1)*.

**JURISDICTION**

[*] For cases from **federal courts:**

The date on which the United States Court of Appeals decided our cases were November 3rd, 2006

[ ] No petition for rehearing was timely filed in my case.

[*] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: ___ February 15th, 2007__. and a copy of the order denying rehearing appears at Appendix _C_____.

[ ] An extension for time to file the petition for a write of certiorari was granted to and including _____ (date) on _____ (date) in Application No._____ A_____.

-1-

Statement of the Case

1) District Court and Court of Appeals for the District of Columbia
Circuit denied Plaintiffs' class claims for injunctive relief on
"racial and disability discrimination", "harassments", "bullying",
"insults ["smell like urine]", "false imprisonment and arrest",
searches", "deceit and deformation", "conspiracy", "acting under
color of law", "retaliation" and "infliction of mental distress",
based on the evidence in this case, primarily focused on the
Plaintiff different and separate release agreement of a collective
bargaining arbitration of March 15th, 2004 for wrongful termination
alleged of  stealing cafeteria [Sodexho] food, in the Blackburn
Center, Howard University, Washington, District of Columbia. Sodexho
evidence was comprised of law enforcements (Howard University
security) testimony of what was seized on September 19th, 2003.

What was being served was half a donut, one apple, five pieces
of chips on a plastic plate with a plastic knife and folk. In
addition, there was no written statement made against any of
Plaintiffs nevertheless during the time of the incidence, one of the
Defendants [Howard University Security Officer Kevin Jones, "Jones"
or "Howard"] admitted responsibility of conspiracy [lying] with
other co-Defendant [Sodexho manager Donna McCants("McCants") or
("Sodexho")]. Jones was acting in his capacity as Howard Security
Officer in collaboration with McCant, who was acting in her capacity
as a Sodexho employee, kicked the cup from the mentally sick Minor's

-2-

hand and kidnapped him through the back of the cafeteria. Jones and McCants falsely imprisoned and arrested both Plaintiffs within Sodexho's small cubic in the Dinning room with intent to transfer them to Washington Metro Police. The Police declined to pick the Plaintiffs which lead to Mwabira-Simera being terminated after about six hours.

2.Petitioners sued Sodexho and Howard individually for due process in the following: (Count 1) for racial discrimination in violation of Titles II and VII; (Count 2) Retaliation for Plaintiff Mwabira-Simera reporting Sodexho to EEOC; (Count 3); in violation of Section 504 of the Rehabilitation Act of 1973;(Count 4) in violation of Title I of the Americans with Disability Act of 1990 (ADA), 42 USCA Section 12101 *et sequel;* (Count 5) Criminal Civil Rights Conspiracy in violation of Titles 18 U.S.C. § 241; (Count 6) Deprivation of Rights in violation of acting under Color of Law in violation of Titles 18 U.S.C. § 242: (Count 7) Deprivation of Relief Benefits in violation of Titles 18 U.S.C. § 246; (Count 8) in violation of the statutory provisions of the Administrative Procedure Act, 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq.,;* (Count 9) in violation of the civil Rights Act of 1866 Title 42 U.S.C.A 1981; (Count 10) in violation of Constitutional rights under Title 42 U.S.C.A 1983; (Count 11) in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses, papers, and effects,

-3-

against unreasonable searches and seizures;" (Count12) in violation

of Due Process Clause of the Fifth Amendment of the United States

Constitution that are federal statutes conferring jurisdiction on

this Court pendent claims for all counts under laws of the District

of Columbia, and common law, as the pendent claims arise from a

"common nucleus of operative facts" as a result of Sodexho and

Howard's illegal persistent and egregious violation of Plaintiff's

Rights, guaranteed by the Constitution.


### Wrongful termination

3.    The US District of Columbia Court based its discretion on
fraudulent misrepresentation and extending terms of the agreement
of arbitration case FMSC #041211-51307-A" of March 15th, 2004
collective agreement Pursuant to Labor Relations Act of 1955,
sect 8 to dismiss the Plaintiffs' Civil Action No.04-0538 and
Civil Action No.04-1240 was an error because it failed to enforce
the terms of the agreement and rewrote the release agreement of
arbitration case FMSC #041211-51307-A of  March15th 2003.

The transcript P.1

 Hotel & Restruant Employees Local 25, AFL-CIO Grievance
 Form Step1:  Nature of grievance; wrongful termination.

Transcript P.1 Second Paragraph

Sodexho [McCants affidvit]: Mwabira-Simera was fired because of
                            theft and reinstatement in exchange
                            for waving all claims

-4-

Transcript P.1:

The Court: Plaintiff alleges that in the course of his
           employment he was subjected to a series of
           discriminatory and harassing acts, culminating in
           an incident in which he was fired after being
           accused of passing cafeteria food to his son,
           also a plaintiff in one case

Transcript: P.1.

Release Agreement arbitration case FMCS#041211-51307 No# 5:
           In reaching this agreement, Sodexho, the HERE, and
           Mr.Mwabira all deny any wrongdoing...This
           agreement shall not be deemed or construed in any
           way as an admission of liability, or a violation
           of any applicable law, rule, regulation or order,
           of any kind, by any party.

All language refers to the scope and merits of the
arbitration agreement and does not contain the language of
"reinstatement in exchange". Defendants failed to *establish the
severity of Plaintiff's wrong doing* to result in re-instatement
in exchange for waiving all claims.

      Mwabira-Simera did not have any settlements with Sodexho
and Howard on these two Civil Actions cases outside the
arbitration case.  Sodexho failed to stop EEOC from issuing a
right to sue in Civil Action 04-1240, and withdrawing Civil
Action 04-538 by eluding that the arbitration pre-empted any
future claims.  There was no probative value or any evidence in
those relationships that were relevant to charges pursuant to
Fed. Rule 403 (see. *United States v. Gurtmon*, 146 F.3d 1015 (D.C.
Cir. 1999)). The termination was abusive, and intruded into
established public policy under title 18 U.S.C.§ 246. The
Plaintiff is seeking the court to provide a remedy as the victim
of discrimination in Civil Action 04-538 and Retaliation in Civil
Action 04-1240 that includes remedial Rights not precluded under

-5-

a collective bargaining agreement. see *Cagle v. Burns & Roe, Inc.* (Wash.1986), and *Monge v. Beebe Rubber Co.* (N.H.1974) Termination includes claim of lost wages, consequential damages naturally flowing from the Sodexho's wrongful termination case-deprivation of Relief Benefits in violation of 18 U.S.C§ 246, including pain, suffering, emotional distress, loss of reputation and, in addition, punitive damages have to be awarded. The whole language, and terms are referring to the agreement.

### Conclusive Intent

Transcript P.2
The Court: The settlement agreement goes on to state that
          Mwabira-Simera agrees to "wave any and all claims
          for back pay, benefits, and other economic
          damages..."

In *Ray v. Industrial Acc. Commission* (1956) 303 P.2d 793,146 C.A.2d 393. District court of State of California §1542 held that any compensation which may accrue by reason of serious and willful misconduct of an employer in violation of a safety measure is separate and distinct from ordinary compensation benefits provided by Labor Laws, and therefore a compromise and release agreement entered into between an employer's insurance carrier and employee covering ordinary compensation benefits did not defeat employee's claim for additional benefits predicted upon serious, and willful misconduct of employer. In *Mairo v. Yellow Cab Co. of Cal.* (1929) 281 P. 66, 208 C. 350 the district court held that releases of personal injury claim obtained by taking advantage of plaintiff's ignorance or necessities and misrepresenting true character of releases are void.

-6-

**Ambiguous language**

```
Transcript P.3
The Court:Mwabira-Simera's various attempts to avoid the
          terms of the settlement are unavailing...However,
          the law is clear that a broad and unambiguous
          release need not list every conceivable cause of
          action that might come within its term.
```

In *Chung v. Johnston* (1954) 274 P.2d 922, 128 C.A.2d 157 District court of State of California §1542 held that any general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of execution and which, if known by him, must have materially affected his settlement. also see *Larsen v. Johannes* (1970) 86 Cal.Rptr. 744, 7 C.A.3d. *Commercial Ins. Co. of Newark, N.J. v. Copeland* (1967) 56 Cal. Rptr. 794, 248 C.A.2d 561. *The court created everlasting immunity for Sodexho knowingly and willful persistent egregious discriminations*. Even on ambiguous language Justice Antoine Scalia and Judge Frank Eastbrook, in their "assault on the concept and utility of concept," of interpreting statutes intent state:

> "...The general purpose of the statute may suggest an answer different than a literal reading of the language, which itself may not jibe with legislative history... Where there is a conflict, the Chief Justice has to appoint a panel to help interpret the intent to what extend of the law...and where the actual lawyers who made the agreement available, they have to be contacted for their intent..."

> Judge Posner's "communication" theory of legislation is a useful starting point. ".... The Court's opinions sometimes seemingly do misuse legislative history, exalting it as more important than the statute itself. Judicial opinions also sometimes appear more mechanical than reflective... the exact way in which the payoff should be modeled as a function of outcomes and correctness is unclear." See *Pittson Coal Group v. Sebben,* 109 S.Ct.414 (1988) (Scalia J), *Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.*108.S.Ct.1350 (1988) (Scalia J).

The district court, Sodexho, and Howard's interpretations, were more mechanical than reflective interpretation, of the intent of the release agreement and the court failed to take

-7-

action to contact the HERE Union Local 25 of Hotels and
Restaurant Employees of Washington Area, who even submitted their
affidavit about the intent of ambiguous language of the agreement
of arbitration case FMSC #041211-51307-A" of March 15th, 2004.

The court holds laws that demand good faith on part of
release and full understanding by person injured as to his legal
rights. *Id* In *Berry v. Struble* (1937) 66 P.2d 746, 20 C.A.2d 299
and *Carmichael v. Industrial Acc. Commission* (1965) 44 Cal.Rptr.
470, 234 C.A.2d 311. The district court held that all claims
arising from an accident, whether injuries are known or unknown,
and other things being equal, question is one of intent, and if
sufficiently expressed, should be conclusive. In the present
case, the indictment contained only one count in September 2003
without involving Mr. John G. Parker, General manager, Sodexho
campus Services. The mentally sick Minor had been invited by Mr.
Parker, who authorized Mwabira-Simera to serve him [Simera-
Nandala] with food. Sodexho and Howard violated applicable
statutes and case law and lacks sufficient evidence to support
the claims. Furthermore, special evidentiary rules apply where a
conspiracy is charged. Hearsay evidence that would not normally
be admissible against the nondeclarant may be introduced against
a co-conspirator under Federal Rule of Evidence 801(d)(2)(E),
which allows admission of statements of a party opponent on the
theory that one co-conspirator is the agent of another. *Anderson
v. United States*, 417 US 211, 218 n.6 (1974). To be admissible in
support of a conspiracy theory, however, the statements must be
made during or in furtherance of the conspiracy. *Id*; *Dutton v.
Evans*, 400 US 74 (1970). In the present case, Donna
McCants[Sodexho Manager] the conspirator and Officer Kevin
Jones[Howard security officer], the co-conspirator made written
statements during or in furtherance of the charged conspiracy.

-8-

## An expert witness

2.    Petitioners Mwabira-Simera and Simera-Nandala were also
substantially prejudiced by the court's failure to have a witness
express some opinion about the intent effect of traumatization of
the mentally depressed people when it is expressed in some way
from which one might infer that the witness has special knowledge
about the intent of the Plaintiffs and to order Sodexho to
produce tapes of the arbitration case on March 15, 2004,
Defendants, and Plaintiff's depositions at Howard University and
Sodexho counsel office. Simera-Nandala obviously had a Fifth
Amendment privilege not to testify at both depositions because of
insanity and for being traumatized by McCants and Jones during
September 19th, 2003 invents. see *United States v. Cruz*, 363 F.3d
187 (2nd Cir 2004). Sodexho did not provide a summary of an expert
expected testimony which would have been used by the district's
order to provide remedies to Plaintiffs as victims of
discrimination.


            Transcript Pg.1

The Court:   June 30th, Order line one.:
            These consolidated actions involve the employment and
            eventual termination of plaintiff Samuel H.Mwabira-Simera,
            a utility worker at a cafeteria that defendant Sodexho
            Marriot Management Services ("Sodexho") operated for
            defendant Howard University "Howard").

Transcript P.1:

US District Court ORDER of June 30th, 2005:

            Plaintiff alleges that in the course of his employment
            he was subjected to a series of discriminatory and
            harassing acts, culminating in an incidence in which he
            was fired after being accused of passing cafeteria food
            to his son, also plaintiff in one case.

                            -9-

Sodexho applied the release agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 which was to resolve and settle Sodexho's wrongful termination of Mwabira-Simera under Title18 U.S.C. §246 as amended. *see Martin Marrietta Corp v. Lorenz (Colo.1992);Harless v. First Nat. Bank in Fairmount (W.Va1978); McQuary v. Bel Air Convalescent Home, Inc. (Or.App.1984),* by applying Conspiracy against rights under 18 U.S.C§ 241 and acting under color of law, 18 U.S.C§ 242 of September 19th, 2003  see *Miriam Webster Pocket Dictionary* (1974)(oppress defined as "to crush by abuse of power or authority."); *Williams v. United States,* 341 U.S. 97, 99-100 (1951)(misuse of lawful authority Can constitute action taken under color of law); as the only evidence in their defense on Sodexho's persistent and egregious discrimination traditions, and customs in violations of protected statutory rights. This release agreement did not include the EEOC cases and was not consolidated to these other two EEOC Civil Actions.

Transcript P.2
The Court: The Court agrees that Mwabira-Simera claims
           against the Sodexho defendants are foreclosed by
           the plain language of the settlement agreement,
           and therefore must be dismissed

Transcrip P.1
The release agreement of arbitration case FMSC #0141211-
51307-A No#3,4:
           Sodexho agrees to reinstate Mr.Mwabira-Simera to a
           General Utility Person position. Mr.mwabira and
           HERE agree to waive any and all claims for back
           pay, benefits and other economic damages through
           that date of his reinstatement.

-10-

Collective bargaining provisions do not preclude the *individual* employee from pursuing federal statutory rights, *Alexander v.Gardner-Denver Co.*(S.Ct.1974). Agreements by *individuals* not covered by collective agreements to submit contract grievances to arbitration may, however, preclude judicial remedies for statutory rights. *Gilmer v.Interstate/Johnson Lane.*(S.Ct.1991)

Civil rights statutes and almost all statutes providing protections to workers in this country are, in the main, remedial legislation with considerable discretion to right the wrong before it. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman Transportation Co.,* 424 U.S. 747. 763 (1976). (Congress vested broad equitable discretion in the courts to order such action as may be appropriate…)

> Transcript P.4.
> Court: finally, Mwabira-Simera argues that he chose not to make claims of harassments and other similar charges in his union grievance, and therefore should not be foreclosed from asserting those claims here. This assertion misreads the agreement...

Fed.R.C.P.R.26(c) allows litigants to make amendments based on the jurisdiction which the Union lacks and could not adjudicate the EEOC HERE Union Local 25 of Hotels and Restaurant arbitration case FMSC #041211-51307-A" of March 15[th], 2004, which lacked the jurisdiction to adjudicate EECO cases.

The Courts are vested with these broad powers. Why did, a Federal Judge decline to rule over some parts of the Plaintiffs claim for lack of jurisdiction and at the same time expect the Labor Arbitration for a collective bargaining agreement to have jurisdiction over Equal Employment Opportunity Commission Cases?

Sodexho and McCants lies contented in their [motion] firing Plaintiff [at will] because of theft and *reinstatement in exchange for waving all claims but failed to establish the*

-11-

*severity of Plaintiffs wrong doing.* There was no waving of all
the claims in *exchange for reinstatement.* see *Payne v. Western &
A,RR* (Tenn. 1884); *Howard V. Wolff Broadcasting Corp.* (Ala.1992)
(dismissal of female radio announcer because of her sex states no
common law claims); in violation of Labor Relations Act of 1955,
sect 8. Transcript P.1 Nos #5 of the release agreement of
arbitration case FMSC #041211-51307-A of March15[th] 2003 exonerated
Plaintiffs of any wrong doing].

  Transcript Pg.2

   Court:when Mwabira-Simera was terminated, his union filed a
     grievance against Sodexho challenging his termination.
     The grievance led to an arbitration proceeding, and
     during a break in the proceedings, the parties reached
     an agreement. According to the terms of the settlement
     agreement bearing Mwabira-Simera's [signed by a
     representative of Mwabira-Simera's union and an official
     of [Sodexho] signature, Sodexho agreed to reinstate
     Mwabira-Simera as a utility person without any loss
     of seniority, in exchange for which Mwabira-Simera agreed
     to "fully and finally  resolve, settle and release"
     Sodexho and its employees "from any and all disputes and
     claims that were or could have been alleged in the
     grievance underlying" the arbitration.

 Transcript P.1
  Howard University Campus Police Department,
  Incident/Offense Report From [Officer Kevin Jones]9/19/03:
    Mr. Simera is also the same person that this writer
    saw in the lobby with the youth at the time that Mrs.
    McCants approached this writer.

  Transcript P.1
  Sodexho Report [Manager Donna McCants]9/19/03:
    Officer Jones and myself Donna McCants saw
    Mr.Mwabira pass a bag of something to his son

  Transcript P.5
  HERE Union question[arbitration case March 15th,2003]:
    Officer Kevin Jones, Did you see Mr.Mwabira-
    Simera "Mwasi" give something to his son on the
    September 19th, 2003?

Howard [Officer Kevin Jones] answer:
    No, I did not see Mr. Simera.

Transcript P.9
Plaintiffs' Counsel question Deposition 09/12th, 2005
    Officer Kevin Jones did you see Mr.Mwabira-Simera
    Give anything to his son on the] 9/19/03:

Howard [Officer Kevin Jones] answer:
    No, I did not see him

4) The District Court first of all re-wrote the agreement that
included "reinstate Mwabira-Simera as a utility worker without any
loss of seniority, in exchange...".The District Court failed to
acknowledge that there was a lack of evidence presented to support
the claim that the Plaintiff stole from the cafeteria. Officer Kevin
Jones voluntarily confession left Sodexho claims as mere deceits and
deformation. Sodexho failed to present any evidence of the
Plaintiff's participation in the crimes alleged against them. (U.S.
v. Labat, 905 F.2d 18-23 (2nd Cir.1990))Officer Kevin Jones admitted
to having lied on September 19, 2003 at the time Donna McCants and
Kevin Jones hijacked the mentally sick Simera-Nandala. Sodexho used
Officer Jones false report as ground to terminate Mwabira-Simera.


                    Ineffective Assistance of Counsel
5) In Mwabira-Simera and Simera-Nandala case, Counsel was not
functioning as warranted by the 6th Amendment. Counsel was informed
by the Plaintiff on numerous occasions during the course that the
arbitration Transcripts clearly show no evidence presented to
establish that the Plaintiff committed alleged offenses of stealing
cafeteria food since Officer Kevin Jones admitted he did not see the
Plaintiff do this. Counsel refused to address the issue and was
ineffective for not objecting the theft label that was attached to
each count and which the court adapted in its June 31 Order of
dismissing the cases. In doing so, it prejudiced the Plaintiffs.

                              -13-

The 6th Amendment right to competent counsel does not permit unfettered communication between the accused and his lawyer during proceedings. See (*Jones v. Vacco, 126 F.3d 408, 415-416(2nd Cir.1997)* Counsel finally decided to unofficially withdraw from the case before informing the Plaintiffs after enough damages. The counsel could not defend the mentally depressed people who are protected by affirmative action 18 § U.S.C. 17. Counsel realized his grave mistake and accepted responsibility for his error.

> Transcript P. 3 Order June 31st
> The court: He suggests that releases of Title VII and
> ADA claims are void against public policy
> but does not cite any law for this proposition.

These errors by Plaintiff's counsel make it clear that there can be no reasonable explanation why an attorney following "prevailing professional standards," would not have objected to waving false claims in exchange for reinstatement when it's clear that the evidence in the release agreement did not establish Plaintiff's guilt of stealing. As a result of Arbitration of March 15 2004 in which co-conspirator Jones changed his first report; even though, Plaintiff's counsel had the transcripts of the collective bargaining in the arbitration of March 15, 2004. Jones also reported to have talked with McCants at length which reveals that this was an "intertwined conspiracy episode" between Defendants McCants and Jones, under color of law malicious defamation, oppressive, and in reckless disregard for the truth. Counsel was also ineffective due to his opening statements in July 2005 in which he put the Plaintiff Simera-Nandala, a mentally depressed sick person, in a comprising and prejudicial position to have him deposed and testifies on his own behalf. Counsel impressed upon the Court the notion that the Plaintiff will testify. In his mental state, Plaintiff declined and it crippled his defense leaving nothing to defend.

-14-

Plaintiff Counsel: The boy is sick and depressed. The boy will be
available for depositions. Counsel's statement had the Court
anticipating the Plaintiffs testimony gave the court intimate
knowledge that was unsupported by any information that was
previously on the record which compelled the Plaintiff to be deposed
and testify on his own behalf to cure counsel's error. Had Plaintiff
been protected by affirmative Action 18 § U.S.C. 17 and not been
deposed or even forced to answer the interrogatories the outcome
would have been different. Consequently, a litigant's claim that the
counsel forced him to testify must satisfy the two prong test of
Strickland. see (Sexton v. French, 163 F.3d 874-882, 1998)

## Insufficient Evidence

Throughout the entire period, Sodexho and Howard failed to
challenge or present any sufficient evidence that was capable of
proving beyond a reasonable doubt that the Plaintiffs waived claims
with the intent to exchange for reinstatement. For t he District
Court's definition of a settlement agreement of an ambiguous
language requires that the court request the Chief Justice to
provide a panel to satisfy the possible interpretation on the intent
of the ambiguous language. Nonetheless, at no point during that
period did Sodexho and Howard establish or attempt to establish the
fact that the Plaintiff claims were not true or attempted or
intended to dispute the facts set forth. The District Court was well
aware of said factor being the bothersome reports that were relied
upon to return an indictment charging both "Plaintiffs with intent
to steal" alleged prior EEOC right to sue the Plaintiff. The
District Court was aware that Sodexho and Howard failed to introduce
any evidence that supports the theft element and yet the District
Court dismissed the whole case extracting the theft element.
District Court also was fully aware of the affirmative

-15-

The action, which is not a mere novel but it is a constitutional provision, that states that anybody who is proven to be insane is not to be deposed yet the court admitted Sodexho and Howard's motion to dismiss Plaintiffs that Mwabira-Simera and Nandala-Simera's claims violated the court orders to depositions. This violates the constitutional rights as accorded to any body who is insane under Title 18 §§ 1753. The defendants obtained information about the mental hospitalizations from the Hospitals. Such evidence is supported by an accepted expert witness as provided for under Rule 702 and 704 of the Federal Rules of Evidence ("FRE") governs the admissibility of expert testimony.

Plaintiffs submit, therefore, that there were violations of Rule 704(b) of the Federal Rules Evidence, that the error was not cured by the arbitration case question posed to Mr. John Parker, and that the error was not harmless. *United States v. Salamanca*, 990 F.2d 629, 637 (DC Cir) *cert denied*, 510 US 928 (1993) (this Court reviews a trial judge's admission of evidence for abuse of discretion). Plaintiffs submit that both Sodexho and Howard testimony clearly violated Rule 704(b) and the court's support to Sodexho and Howard's lengthy motions did not cure this blatant error. Plaintiffs submit that the error was not harmless because it had a "substantial and injurious effect" on the verdict. *See*, *United States v. Smith*, 77F F.3d 511, 515 n.1 (DC Cir 1996) (proper measure of harmlessness is whether the error had "substantial and injurious effect" on verdict). As noted in court error and summary *Argument*, *supra*, there was insufficient evidence to support a finding that Plaintiffs waived his claims in exchange of re-instatement in March 15, 2003 or that Plaintiffs intended for those claims to be void and barred. Therefore, Ms. McCants testimony substantially prejudiced Plaintiffs by telling the judge that the Plaintiffs were barred. Plaintiffs submit, therefore, that the order must be reversed

-16-

Transcript Pg.765

  The Court Order of November 2, 2005: Upon consideration of
    defendants' motions to dismiss and the entire record
    herein, and for the reasons stated in the memorandum
    Opinion issued on this date, it is 2nd,day of November
    2005, hereby Ordered that [38] the Sodexho defendants
    motion to dismiss plaintiffs Nandala's claims and [42]
    the Howard defendant's motion to dismiss plaintiff
    Nandala's claims are GRANTED; it is further ORDERED
    that plaintiff Nandala's claims are DISMISSED, without
    prejudice pursuant to FEd.R.Civ.P.37(d); it is further
    ORDERED that Plaintiff Mwabira's claims against Howard
    defendants are DISMISSED, without prejudice, for what
    of subject-matter jurisdiction.

  In discussion of *Albermarle Paper CO. v. Moody, and Franks v.
Bowman Transportation Co. supra.* (Congress vested broad equitable
discretion in the courts to order such action as may be
appropriate...) The case did not need to be dismissed with its entire
record for lack of jurisdiction. The evidence presented on false
imprisonment and arrest is evidence to support a finding of guilt of
Defendants acting under color of law in furtherance. The indictment
charges are as follows:

  On or about September 19th, 2003, in the Sodexho Cafeteria
Howard University Campus District of Columbia, Donna McCants, an
employee of Sodexho, and Kevin Jones, an employee of Howard
University, the Defendants, unlawfully, willingly, and knowingly,
during and in relation to this crime for which they could be
prosecuted in a Court of the United States with the imprisonment
and arrest offense charged in count one of this indictment,
kidnapped a mentally sick person through the back of the
cafeteria into Sodexho kitchen and put both Plaintiffs under arrest
in a small cubic in the dining room with intent to transfer them to
the Washington  Metro Police. In the end, Plaintiff Mwabria-Simera
was wrongfully terminated because of the alleged crime when the

-17-

Police declined to show up after about six hours. Sodexho and Howard
failed to establish any evidence or facts capable of proving beyond
a reasonable doubt that the Plaintiff was a thief. Defendants
repeatedly insisted on fabricating testimony and feeding it to the
judge as facts.

> Transcripts Pg.1 Paragraph 3
> Sodexho [McCants Affidavit July 2004]: Mwabira-Simera
>     Exchanged his reinstatement with waving off his
>     claims and now his claims must be barred.
>
> Transcripts Pg.2
> Sodexho and Howard: John Simera-Nandala was ordered
>     Several Times to appear for his deposition but he
>     failed. He has a habit of failing to attend in his
>     deposition. The only sanction is to dismiss his case.

Plaintiff Counsel was so ineffective that we could not
raise the issue of Kevin Jones admitting that he did not see
Plaintiff with his son. His Position was totally out of faction to
use all available evidence to demonstrate that perjury charges.

Defendants have a duty not to present false evidence and
to correct the record if such evidence is presented, and this duty
applies to testimony by a witness that does not technically amount
to perjury. Sodexho claimed Jones witnessed Plaintiff pass a bag of
something to his son. The evidence proved that Jones confessed not
to have seen Mwabira-Simera at the time there in. Sodexho failed to
produce any sufficient evidence to support any theory of stealing
and could not deny any of the charges including false imprisonment
with intent to transport Plaintiffs to Metro Police. The Court of
Appeals for the District of Columbia Circuit affirmed both the June
31st and November 2nd 2005 Orders. The release agreement of the
Arbitration March 2004 based on the finding that the acts proved to
have been committed by the Defendants were sufficient to make them
guilty as a principle. The inclusion of the theft crime was not
erroneous but a pre-meditated crime.

-18-

## Ineffective Assistance of Counsel:

Here the Plaintiff cannot show a reasonable probability but had it not been for his counsel's failure to timely object to the defense counsel and court instruction, the result would have been different. Plaintiffs note that if counsel had clarified Kevin Jones confession by citing the laws and authorities and a better definition that the court might have found Sodexho and Howard guilty under that theory. First, as the evidence of Sodexho and Howard guilt was so compelling, the probability that any earlier objection by counsel would have made any meaningful difference in the outcome. Secondly, at the time it was made, this Court can not say that there was a reasonable probability that the District Judge would have changed the charge had it been timely raised.

## Insufficient Evidence:

The court clearly could have credited Jones' written confession, contracting his earlier report as the policies testimony, and physical evidence, not withstanding some minor inconsistencies. Howard was sued differently for its involvement with false imprisonment, arrest, misrepresentation, and using false statement in violation of 18 U.S.C. 1001 detach violation of fourth Amendment intentional infliction of mental stress. Plaintiffs never made any agreements to bar them from seeking injunctive relief with both Sodexho and Howard.

## The Petition for a Writ of Certiorari Follows

## Reasons for Granting the Writ

The Petition should be granted for the following reasons. First, in order for a Defendant to be found guilt of "racial and

-19-

disability discrimination", "harassments", "bullying", "insults
["smell like urine]", "false imprisonment and arrest", searches",
"deceit and deformation", "conspiracy", "acting under color of law",
"retaliation" and "infliction of mental distress",the Plaintiffs
must prove beyond a reasonable doubt that Defendants actually
committed the offenses with which they are charged; and that the
Defendants knowingly and willfully conspired together to make the
crime succeed. see (*U.S. v. Labat, 905 F.2d 18-23 2nd Cir. 1990*). In
Plaintiffs cases, there is sufficient evidence capable of
demonstrating beyond a reasonable doubt that these individuals
committed the charged offense and there is no evidence that can
prove beyond a reasonable doubt that the Defendant took actions to
see that the crime succeed. Furthermore, Sodexho and Howard
defendants were present at the scene of the crime this is a
sufficient charge to prove their guilt. see (*U.S. v. Johnson, 513
F.2d 819-824 2nd Cir.1975*). In order to be a co-conspirator, the
Defendant must associate himself/herself with the criminal venture
in some fashion, by participating in it as something he wishes to
bring about, or seeks by some action so as to succeed. This is
exactly what Defendants Sodexho and Howard did. The Court of Appeals
inappropriately relied on Francis v Rodman Local Union 21 Pension
Fund 367F, 3d 937,940-41 (DC 2004), to dismiss Plaintiffs' claims.
Each of the above mentioned cases consist of co-defendants. The case
at hand contains the essential factor. Moreover, Kevin Jones
testified that he did not see Mwabira-Simera near or with
Nandala-Simera, which was a critical element with this case. This
proof would have established the severity of Mwabira-Simera's
offense that meant waived future claims with exchange of
reinstatement. Without Jones' testimony, Sodexho's case did not hold
water as to the half a donut, one apple, and five pieces of chips on
a plate, which formed the basis for the arrest and termination as a

-20-

violation of the Confrontation Clause. This Court must review the admission for plain error. The error must have been obvious to the district court and one that "affect[s] substantial rights." *United States v. Olano*, 507 US 725, 732 (1993), quoting *Hormel v. Helvering*, 312 US 552, 557 (1941). Plaintiffs submit that an error of such constitutional magnitude was obvious and its admission substantially affected Plaintiff's right to a fair trial. First, a concern about Confrontation Clause violations in the admission of codefendants' affidavit is well-established law and not a novel area with which a federal judge might have been unfamiliar. Therefore, the error in admitting affidavit that spreads blame to a codefendant is "plain" within the meaning of *Olano*.

Counsel was not functioning as guaranteed by the 6th Amendment. Counsel overlooked Sodexho and Howard's failure to introduce any evidence of theft and refused to object in a timely fashion, in which any conscious attorney would have recognized and brought to the Court's attention in a timely objection. see (*Jones v. Vacco, 126 F.3d 408-416 2nd Cir.1997*) "The 6th Amendment right to competent counsel does not permit unfettered communication between the counsel and the litigant during trail proceedings." Whereas, Plaintiff brought the issue to Counsel's attention on a number of occasions prior to the court's orders. Under (*Murray v. Carrier, 417 U.S. 478 1986*) "The right to ineffective assistance of counsel may be violated by an isolated error of counsel if that error is sufficiently egregious and prejudicial."

Then in (*Kimmelman v. Morrison, 477 U.S. 365-383 1986*) "A single serious error may support a claim of ineffective assistance." The Plaintiffs suffered such a serious prejudicial error that cannot be deemed harmless when counsel failed to make a timely objection to Defendants fraudulent misrepresentation. The Counsel's opening statements raised a significant anticipation

-21-

within the Court and defense to hear the Simera-Nandala's testimony because the counsel's opening statement was not supported by anything previously entered into record. Then there's the Defendants claim of the release agreement that Mwabira-Simera waived his claims in exchange of reinstatement, but left Kevin Jones admission to knowing his conspiracy as false and the evidence proved to be false. In the case, the evidence viewed most favorably to Sodexho and Howard failed to establish a Prima Facie Case on any count. Sodexho and Howard's evidence failed to establish the fact that the Plaintiffs were present and were in possession of Cafeteria food and had prior felonies.

In *Burlington Industries, Inc. v. Ellerth* (S.Ct.1998), the United States Supreme Court definition of discrimination and harassment, and Hostile environment as including but not limited to "…denial to tangible benefits…become a victim of…such as psychological harm and in fact interferes with performance…Tangible benefits action taken by supervisor becomes for Title VII purposes the act of employer." Also In *Burlington N. & Santa Fe Ry. Co. v. White,* 126 S.Ct.2405 (2006) the U.S.Supreme Court ruled on ant-retaliation provision, unlike the substantive provision is not limited to discriminatory conditions that affect the terms and conditions of employment…and found that standard of judging harm must be objective... justice took significant pains to differentiate harmful acts and …minor annoyances . . ." Plaintiffs submit that there was insufficient evidence to bar them and their claims under their Constitution protected statutes. The Defendants' actions at the Howard University Blackburn center violated applicable statutes and case law. There was no authority to take Plaintiffs into custody at Blackburn Center with intent to hand them over to the Metro Police. In the alternative, therefore, the district court erred in denying Plaintiffs' motions for judgment and injunctive relief. The present

-22-

ruling on the case lacks sufficient evidence to support the court's denial of Plaintiff's claims. Furthermore, special evidentiary rules apply where a conspiracy is charged. To be admissible in support of a conspiracy theory, however, the statements must be made during or in furtherance of the conspiracy. *Id; Dutton v. Evans*, 400 US 74 (1970).

In the present case, co-Plaintiff Simera-Nandala statements were not made either during or in furtherance of the charged conspiracy by Defendants as witnessed by Howard University employees. This excessive force violates 1960 *Miranda v. Arizona ruling* requiring a suspect to be informed of his\her Fifth Amendment rights. In 1981 Edwards v.Arizonna ruling made it even clear; After being duly informed of the right to remain silent, once a suspect asks to speak to a lawyer all forms of police interrogation must stop until legal counsel arrives, and security Officer to inform the Minor to request for lawyer to be present when a minor is interrogated. This court should admit the testimony of the two witnesses [McCants and Jones] pursuant to the provision of Fed. R. Crim. Pro. 404(b). That rule provides that evidence of other crimes is admissible to establish "motive, opportunity, intent, preparation; plan, knowledge, identity, or absence of mistake or accident." Moreover, Rule 404(b) is a rule of inclusion rather than a rule of exclusion.

Similarly, Defendants Sodexho, McCants, and Worley involvement in prior discrimination and retaliation cases that involved co-conspirators defendant Howard and Jones is relevant to show their relationship. *United States v. Gaviria*, 116 F.3d 1498, 1532-33 (D.C. Cir. 1997), *cert. Denied*, 522 U.S. 1082 (1998) (other crimes evidence properly admitted where it shows or tends to show the existence of a relationship between the defendants, and whether it shows or tends to show the defendants had a common scheme or plan which included the offenses for which they are now charged).

-23-

*See United States v. Graham*, 83 F.3d 1466 (D.C. Cir. 1996), *cert denied*, 519 U.S. 1132 (1997) (evidence of the criminal activity preceding the charged conspiracy helped explain the subsequent formation of the larger conspiracy). The fact that Defendants Sodexho, and McCants were previously involved in discrimination and retaliation activities together is likewise relevant in helping the court to understand their relationship with Defendants Howard and Worley and their relevancy to "inextricably intertwined" criminal episode that constituted the arbitration case of March 15th, 2004. The counts above demonstrate this arbitration case was discriminatory in nature that it is relevant, and probative admissible evidence.

Sodexho and Howard's later position is clearly inconsistent with its earlier position. The Defendants' eluded lies could not persuade the court to accept their fraudulent position of dismissing the suit. This acquiesces with Defendants' position and the Defendant will derive an unfair advantage or impose unfair detriment on the Plaintiffs, especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him". The Defendants in this case acquiesced in the position by Plaintiff in the prior (their motions to dismiss).

Plaintiffs incorporated, by reference, the allegations contained in all counts and state further that Defendants could not be granted relief in dismissing the cases because of their failures and omissions to correct a violation of Institution Codes of rules and regulation governing institution to the aforementioned violations constitutes a breach of the warranty implied by law into all cases in the United States Federal and District of Columbia. Insult, negligence, harassment, bullying, searches, false imprisonment, and discrimination, retaliation are tort liability and are abusive and hostile to the Federal Statutory systems.

-24-

The United States Supreme Court has recently spoken on the doctrine as well and noted that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he (Defendants) may not thereafter, simply because their interests have changed assumed a contrary position especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him."

In D.C. Code Ann. §§ 1-606.3(c), (d) (II) Any employee or agency may appeal the decision of the Office to the US Supreme Court for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary. Civil rights statutes, and almost all statutes providing protections to workers in this country, are, in the main, remedial legislation, and where, as here, a court decides a controversy brought pursuant to a remedial statute, the Court always sits with equitable powers, and is given considerable discretion to right the wrong before it. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); *Franks v. Bowman Transportation Co.,* 424 U.S. 747. 763 (1976); *O'Mally, III v. Chevy Chase Bank*, 766 A.2d 964 (D.C. App2001). Furthermore, one of the fundamental principles of equity is "make-whole" relief that would put the person in the position that one would have been in but for the violations of one's rights.

Plaintiffs request this honorable court for remedies for the violations of their rights by Sodexho and Howard's illegal acts proved by facts in all Counts.

Thus under the US Supreme Court general equitable powers, the court may award attorney fees, or such other relief as the Court deems necessary and proper in a petition for review of an agency adverse employment action. Plaintiff Mwabira-Simera would have also been eligible for an award of fees under the Back Pay Act, 5 U.S.C.

§ 5596. *Hunt v. District of Columbia.* 520 A.2d 300 (D.C. App. 1987). Thus, under the US Supreme Court equitable powers, it may require a much broader relief than Plaintiffs Mwabira-Simera and Simera-Nandala may have been entitled to under the federal court action brought by the HERE union.

This encompass back pay, severance pay, sustainable compensatory damages (Falsifying evidence, False imprisonment, Malicious Prosecution, Deformation, Deprivation of Relief Benefits, and Negligent causing Infliction of Mental Distress), and a determination of the Company employees' retention rights are not pre-empted under the collective bargaining agreement.

Findings of facts are reviewed for clear error, and conclusions of law are reviewed *de novo. I.d.* Findings of Facts based on the evidence proved there was a conspiracy between Defendants McCants, and Jones acting under color of law to oppress, acted willfully, and knowingly in disregard of the law. *See. Defendant Jones' Testimony on transcript contradicted his report with Defendant McCants'.*

In *EEOC v. Waffle House Inc.,* the Supreme Court citing the law held that an agreement to arbitrate employment-related does not bar the Equal Employment Opportunity Commission from pursuing victim-specific judicial relief, such as back pay, reinstatement, and damages, in action to enforce Title I of the Americans with Disabilities Act 1990.  The US Supreme Court  has to overturn the District Court "Order" and provide remedies to Plaintiffs' victimization. Plaintiffs has shown himself capable of and willing to do good work while with Sodexho, had it not been for McCants, Worley, and Jones racially discriminating him at every turn.

Where there are any unresolved issues of damages, a case cannot be considered moot. *Board of Pardons v. Allen,* 482 U.S. 369, 370-71 n. 1 (1987). And, there is nothing in the law to prohibit Company employees in this particular case, Mwabira-Simera who was wrongfully

terminated or deprived of relief benefits under the color of law,
but won reinstatement in another forum, from going to the US Supreme
Court to obtain the other elements of relief listed above, and other
costs such as attorney fees, which the initial forum did not, or
could not, grant for lack of jurisdiction. See: *New York Gaslight
Club, Inc. v. Carey*, 447 U.S. 54 (1980).

Finally, Plaintiffs Mwabira-Simera and Simera-Nandala were also
substantially prejudiced by the court's failure to order Defendant
Sodexho to produce all the documents it was holding, and provide a
summary of an expert expected testimony which it relied on. Simera-
Nandala obviously had a Fifth Amendment privilege not to testify at
both depositions because of a traumatized mental health as protected
by Title 18 USC § 1753. A trial court's decision to admit or exclude
expert testimony is reviewed for abuse of discretion. *United States
v. Cruz*, 363 F.3d 187 (2nd Cir 2004).

The court erred when it admitted Sodexho and Howard's motion to
dismiss Plaintiffs Mwabira-Simera and Nandala-Simera's claims in
violation of the court orders to depositions. This violates the
constitutional rights as accorded to any body who is insane under
Title 18 §§ 1753. Both Sodexho and Howard obtained  information
about the mental hospitalizations from Howard University, Washington
Adventist Hospital, and Kaizer Permanente Hospitals.

Plaintiffs submit that there was insufficient evidence to bar them
and their claims. Sodexho did not have the authority to abrogate any
provisions of the collective bargaining agreement between the HERE
union, Mwabira-Simera, and Sodexho. Sodexho defended the suit by
alleging that it was following the instructions of the US Laws by
fraudulently misrepresentations in manner, which specifically
contravened the provisions of the agreement as supported by facts in
all Counts

The Court should dismiss a claim under Rule 12 only if it

appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him relief. "*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), (quoted in *Perry v. District of Columbia*, 474 A.2d 824, 826 (D.C. App. 1984). "Even a doubt as to whether a genuine issue [of fact] exists is sufficient to preclude summary judgment." *Bason v. Am. Univ.,* 414 A.2d 522, 525 (D.C. 1980). In passing upon a motion to dismiss, the Court must assume as true all allegations pleaded in the complaint. *Zhore v. Jennifer Mall Restaurant*, 534 A.2d 1268, 1269 (D.C. App. 1987). All pleadings should be liberally construed in favor of the party bringing the action so as to do substantial justice. *Bagley Realty, Inc. v. Laufer,* 482 A.2d 359. 364 (D.C. App. 1984).

Defendants Sodexho and Howard's Institutional racial decisions were not true however even if it had been true, it is settled law that the Plaintiffs are simultaneously pursuing their rights under available statutory remedies. *Cf., Alexander v. Gardner -Denver Co.,* 415 U.S. 36 (1974); J.I. *Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944); *Cf*. This fact is true even where resolving the employee's claims pursuant to a collective bargaining agreement and resolving the matter pursuant to a state statute required the two forums to address the exact same set of facts.

*Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 409-410

(1988); "notwithstanding the strong policies encouraging arbitration [as required by a collective bargaining agreement], different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers." *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) *citing* Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost

-28-

all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

The Willett court rule on the issue of whether a wrongful termination action brought under the Elliott-Larsen Civil Rights Act by a unionized employee was removable because it was preempted by the Labor Management Relations Act and held that: "under the decisions of the Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96L.E.D.2d 318 (1987), and *Lingle v. Norge Div. Of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and their progeny in the Sixth Circuit, Such an action is not preempted and may not properly be removed." Willett at 614. Also noteworthy, the District courts of New Jersey have consistently determined that an employee's claim based on rights arising out of a state stature is separate and independent from the terms of the relative labor contract. *Mitchell v. Village Super Market, Inc.*, 926 F.Supp. 476, 479-81 (D.N.J. 1996); *Kube v.New Penn Motor Express, Inc.*, 865 F.Supp. 221, 228-230 (D.N.J. 1994); *Carrington v. RCA Global Communications, Inc.*, 726 F.Supp. 632, 639-42 (D.N.J. 1991). As such, these courts have concluded that the Labor Management Relations Act (LMRA) does not preempt New Jersey Law against Discrimination (NJLAD) claims. *See* Mitchell at 479-81; Kube at 228-230; Carrington at 639-42.

The Carrington court exhaustively reviewed the pertinent case law and determined that the LMRA did not preempt NJLAD racial discrimination claims. *See* Carrington at 640-42. In that case, the court held that "both the existence and the scope of the plaintiff's state lay discrimination claims under NJLAD are derived independently from state law, and not from the obligations assumed by the parties under the labor agreement." *Id.* At 641; *see also* Mitchell at 480 ("[T]he right not to be discriminated against is

-29-

defined and enforced under state law without reference to the terms of any collective bargaining agreement even where the labor contract itself prohibits discrimination." [Internal quotations omitted]).

Plaintiffs' complaint of these two cases and release agreement of arbitration cases alleging violations of civil rights has been pleaded with specificity. see *Kuaffman v. Moss*, 420 R.2d 1270, 1275 (3d Cir. 1970).

## Conclusion

For the reasons set forth above, the Petition for a Writ of Certiorari should be granted.

Respectfully Submitted,

_____

Samuel H.Mwabira-Simera et al
#14-1835 Central Place NE
P.O.Box 1405
Washington DC 20013
Pro Se Petitioners

-30-

# EXHIBIT 4

IN THE SUPREME COURT OF THE UNITED STATES

No. 06-11471

FEBRUARY TERM, 2007

Samuel H.Mwabira-Simera et al

Petitioners,

vs.

Sodexho Marriot Management services et al
And
Howard University et al

Respondents.

**ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**PETITIONER'S REPLY TO SODEXHO MARRIOT MANAGEMENT SERVICES et al AND HOWARD UNIVERSITY et al's OPPOSITION**

**SAMUEL H.MWABIRA-SIMERA
ALSO REPRESENTING
JOHN E SIMERA-NANDALA
P.O.BOX 1405
WASHINGTON D.C 20013
(202) 635-0595**

**Pro se Litigants**

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT IN REPLY...................................1

ARGUMTENT...........................................................................................................2

I   THIS COURT SHOULD GRANT CERTIORARI BECAUSE THE CIRCUITS CONTINUE
    TO STRUGGLE WITH THE QUESTION OF STATUTORY INTERPRETATION
    PRESENTED HERE.........................................................................///.....................2

II   THE QUESTION IS CLEARLY PRESENTED IN THIS CASE EVEN UNDER A PLAIN
     ERROR STANDARD......................................................................................6

III   BECAUSE THE DISTRIC OF COLUMBIA CIRCUIT'S ANALYSIS OF § 924(C) IS
FLAWED IN KEY RESPECTS, AND IS THE ONLY COURT TO FIND THAT § 924(C)
CREATES ONLY ONE OFFENSE, THIS CASE IS A PARTICULARLY GOOD CASE TO
REVIEW.................................................................................................10

     CONCLUSION.........................................................................................12

**TABLE OF AUTHORITIES**

Albemarle Paper Co. v. Moody, 422 U.S. 405. 417-418 (1975)............................................17
Carrington v. RCA Global Communications, Inc., 726 F.Supp. 632, 639-42 (D.N.J. 1991)..........16
Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S. Ct. 2425, 96L.E.D.2d 318 (1987)...................15
C.f. Alexander v. Gardner –Denver Co., 415 U.S. 36 (1974)..............................................15
Edwards v. Arizona (1981)...............................................................................4,5
Franks v. Bowman Transportation Co., 424 U.S. 747. 763 (1976)..................................7,16
Gocolay v. New Mexico Federal Sav. & Loan Ass'n, C.A.10th, 1992, 968 F.2d 1017...................8
Hargraves v. Capital City Mortgage Corp., D.C.D.C.2000, 140 F.Supp.......................................9
J.I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 338-39 (1944)...........................15
Katz v. United State 389 U.S.347 (1967)...............................................................4,5
Kuaffman v. Moss, 420 R.2d 1270, 1275 (3d Cir. 1970)...............................................16
Kube v.New Penn Motor Express, Inc., 865 F.Supp. 221, 228-230 (D.N.J. 1994)........................16
Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-410 (1988)................................15
McNerney v. Archer Daniels Midland Co., D.C.N.Y.1995, 164 F.R.D. 584...............................8
Mitchell v. Village Super Market, Inc., 926 F.Supp. 476, 479-81 (D.N.J. 1996).........................16
Miranda v. Arizona.......................................................................................4,5
Payne v. Western & A, RR (Tenn. 1884) and Howard V. Wolff Broadcasting Corp.
    (Ala. 1992)(dismissal of female radio announcer because of her sex states
    no common law claims)..............................................................................6
Podbberesky v. Kirwan (4th Cir.1994)..................................................................7
Shattack v. Kinetic Concepts, Inc.(5th,Circuit 1995)...................................................6
Societe Internationale Pour Participations Industrielles et Commericales, S.A. v. Rogers, 1958......7,8
Tennessee v. Lane 541 U.S.509(2004)...................................................................7,8
United States v. Arreola, 467 F.3d 1153 (9th Cir. 2006)..........................................passim
United States v. Combs, 369 F.3d 925 (6th Cir. 2004)...........................................5,6,10,12,13
United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006), cert. denied, U.S., 127 S.Ct. 605, 166
    L.Ed.2d 449......................................................................................3,11
United States v. Georgia No.04-1203, 04-1236, 2006 WL.43973..........................................7
United States v. Horne, 198 Fed.Appx. 865, 872, 2006 WL 2668919 **7
    (11th Cir. Sept. 18, 2006)........................................................................9
United States v. List, 200 Fed.Appx. 535, 540-541, 2006 WL 2952761 **4-5
    (6th Cir. Oct. 12, 2006).........................................................................10
United States v. Lloyd, 462 F.3d 510, 513-514 (6th Cir. 2006)................................9,10,12,13
United States v. Lowe 172 Fed.Appx. 91, 94-97, 2006 WL 473598 **3-5
    (6th Cir. Feb 28, 2006)..........................................................................10
United States v. McGilberry, 480 F.3d 326 (5th Cir. 2007)..............................................6
United States v. Owens 2007 WL 1119054 (5th Cir. Apr. 16, 2007)....................................6
United States v. Pleasant, 125 F. Supp. 2d 173 (E.D. Va. 2000)...................................5,11
United States v. Savoires, 430 F.3d 376 (6th Cir. 2005)........................................10,12,13
United States v. Smith, 77F F.3d 511, 515 n.1(DC Cir 1996)(proper measure of harmlessness is
whether error had "substantial and injurious effect" on verdict)........................................9
Wallace v. Dunn Const. Co. (11th, Circuit 1995).........................................................6
Willet v. Genera Motors Corporation, 904 F. Supp. 612, 613 (E.D. Mich. 1995)
    citing Lingle at 412...........................................................................15,16,17
Wouters v. Martin County, C.A.11th, 1993, 9 F.3d 924...................................................8
Wygant v. Jackson BD of Education, (S.Ct.1986)........................................................7

# FEDERAL STATUS

5 U.S.C §§ 554(b), 555(b), 555(e), and 701 et seq…………………………………………………..3

D.C. Code Ann. § 1-601.2.………………………………………………………………………15,17

D.C. Code Ann. §§ 1-606.3(c), (d)………………………………………………………………… 16

Federal Civil Procedure Rule 68………………………………………………………………………7

Fourth Amendment……………………………………………………………………………………5

Labor Relations Act of 1955, sect 8…………………………………………………………………3

Mack A. Player: Federal Law of Employment discrimination,
    4th Edition chs.1-1.04 & 20.10.pg 78 42…………………………………………………………7

42 U.S.C§ (2000)……………………………………………………………………………………7

Fed, R.Civ.Pr.Rule 16(1)(E)…………………………………………………………………………8

Fed, R.Civ.Ev.Rule 68………………………………………………………………………………8

Fed, R.Civ.Ev.Rule 103(a)(1)…………………………………………………………………………7

Fed,R.Civ.Ev.Rule 404(b)…………………………………………………………………………7

The Civil Rights Act of 1866……………………………………………………………………………3

Title 42 U.S.C.A 1981………………………………………………………………………………3

Title 18 § 17(a)………………………………………………………………………………………8

Title 18 U.S.C. § 924(c)(1)………………………………………………………………..passim

Title 18 U.S.C. § 241……………………………………………………………………………3,4,5

Title 18 U.S.C. § 242……………………………………………………………………………3,4,5

Title 18 U.S.C. § 246……………………………………………………………………..passim

Title 18 USC § 1581………………………………………………………………………………4,5

Title 18 USC § 1001………………………………………………………………………………4,5

Title 28 USC § 1724………………………………………………………………………………4,5

Title 42 U.S.C.A 1983………………………………………………………………………………3

## INTRODUCTION AND SUMMARY OF ARGUMENT IN REPLY

Sodexho Marriot Management Services, "Sodexho" and Howard University, "Howard" fails to concede that there is a split among the circuits on the central question presented here, whether 18 U.S.C § 924(c)(1) defines two or more violations as a single crime or alternative means of committing a single crime. Respondent contends that the District Court and District of Columbia Circuit was correct in its analysis by fraudulently misrepresenting through the prism of interpreting that extended a Collective bargaining agreement of a wrongful termination to dismiss Petitioners civil Action No.04-0538, and Action No.04-1240. These civil actions were based on Sodexho and Howard's false imprisonment/ arrest, abusive and hostile environment, harassment, bullying, racial and disability discrimination customs and culture which victimized Petitioners that formed Action No.04-0538. Sodexho's persistent and egregious customs and culture formed first retaliation Civil Action No.04-1240. Sodexho's persistent and egregious customs and culture lead to Petitioner filing a second retaliation Civil Action#:06-2052, and in concluding otherwise. Respondents further contend that because Petitioners are illiterates from the jungles failed to read the Collective bargaining agreement of a wrongful termination, Petitioner would not be entitled to relief even if the District of Columbia Circuit's interpretation were erroneous, because there was no plain error. Thus, Respondent suggests that this case is thus a poor vehicle for resolving the conflict.

Respondent's claims, however, do not withstand scrutiny. The District of Columbia Circuit's analysis on the merits is flawed. Despite the lack of Petitioners to be given opportunity to award Pretrial statement at a jury trial to avoid dismissal, the error in failing to require jury verdict form based on as unanimous verdict are plain and jumbled; even the District of Columbia Circuit failed to concede that the Court's "Orders" were not based upon a finding of defendants' persistent and egregious misconducts that are underlined criminalized by the statute. The issue is thus ripe for decision.

-1-

These clear demonstrations of the lower courts continue to struggle with this issue of statutory interpretation. The District of Columbia Circuit differs from the Sixth Circuit and the Eastern District of Virginia, in holding that the statute criminalizes one offence for all persistent and egregious offenses. The District of Columbia Circuit struggle with this issue of statutory interpretation differs from the State of California laws that prohibit extending one claim to another claim, which is unknown. The District of Columbia Circuit struggle with this issue of statutory interpretation differs from the Third Circuit and the New Jersey Law Against Discrimination (NJLAD) claims that have concluded the Labor Management Relations Act (LMRA) do not preempt racial discrimination claims derived independently from state law, and not from the obligations assumed by the parties under the labor agreement. ("[T]he right not to be discriminated against is *defined and enforced under state law without reference to the terms of any collective bargaining agreement even where the labor contract itself prohibits discrimination.*" Civil rights statutes and almost all statutes providing protections to workers in this country are, in the main, remedial legislation with considerable discretion to right the wrong before it. The district court conceded that wrongful termination was discriminatory in nature.

Without deciding the issue in a published opinion, the District of Columbia Circuit has also struggled with the question, and the issue has repeatedly resurfaced in District of Columbia decisions both published and unpublished. As with any rift in the judicial body, the longer it is left to fester, the more substantial the scars will be once the issue is finally resolved. This Court should grant this Petition and quickly resolve the untenable uncertainty that the circuit has created.

## ARGUMENT

**I.    THIS COURT SHOULD GRANT CERTIORARI BECAUSE THE CIRCUITS CONTINUE TO STRUGGLE WITH THE QUESTION OF STATUTORY INTERPRETATION PRESENTED HERE.**

Sodexho and Howard contend that this Court should deny this important issue. Yet, a review of a case law unpublished demonstrates that the lower courts continue to struggle with the issue, which is recurring with some frequency. This indicates review by this Court is urgently needed.

In <u>United States v. Gamboa</u>, 439 F.3d 796 (8th Cir. 2006), <u>cert</u>. <u>denied</u>, U.S., 127 S.Ct. 605, 166 L.Ed.2d 449, the Eighth Circuit has now joined the Sixth Circuit in holding that § 924(c)(1) creates two or more separate offenses. The Petitioners Samuel Mwabira-Simera "Mwabira-Simera" indictment charged the Respondents Sodexho and Howard individually and John Simera-Nandala "Simera-Nandala" indictment charged the Respondents Sodexho and Howard individually with multiple violations for due process in the following:

(A) Mwabira-Simera s' indictment charged Sodexho [Civil Action 04 cv 00538] with, (Count 1) for racial discrimination in violation of Titles VII Human Rights Act of 1964 and DC human rights Act of 1977 Title I of Chapter 25;  (Count 2); in violation of Section 504 of the Rehabilitation Act of 1973;(Count 3) Disability discrimination in violation of Title I of the Americans with Disability Act of 1990 (ADA), 42 USCA Section 12101 *et sequel;*  (Count 4) Criminal Civil Rights Conspiracy in violation of Titles 18 U.S.C. § 241; (Count 5) Deprivation of Rights in violation of acting under Color of Law in violation of Titles 18 U.S.C. § 242: (Count 6) Deprivation of Relief Benefits in violation of Titles 18 U.S.C. § 246; (Count 7) in violation of the statutory provisions of the Administrative Procedure Act, 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq*.,; (Count 8) in violation of  the Civil Rights Act of 1866 Title 42 U.S.C.A 1981; (Count 9) in violation of Constitutional rights under Title 42 U.S.C.A 1983; (Count 10) search and invasion of privacy in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses,

-3-

papers, and effects, against unreasonable searches and seizures;"*Katz v. United State* 389 U.S.347 (1967). (Count11) False arrest/ imprisonment in violation of statute slavery and peonage under Title 18 USC § 1581; (12) Abusive, and hostile environment which included denial to use bathroom, denial to eat at work, assignment of unpleasant and dangerous tasks on addition to insults such as "smell like urine"; (Count13) in violation of Due Process Clause of the Fifth Amendment of the United States Constitution and of § 924(c)(1) in separate counts.

B) In the same Civil case04 cv 00538, Mwabira-Simera s' indictment charged Respondent Howard with (Count 1) Criminal Civil Rights Conspiracy in violation of 18 U.S.C. § 241; (Count 2) Deprivation of Rights under Color of Law in violation of 18 U.S.C. § 242; (Count 3) Reckless and Negligence; (Count 4) invasion of Privacy- Strip search in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;"*Katz v. United State*; (Count 5) Unlawful Discrimination Based on Race and National Origin in violation of Title VII of Civil Rights Act of 1964, and DC human rights Act of 1977 Title I of Chapter 25 of the DC Code and Human Rights Act of 1964; (Count 6)  Felony and Fraud  in violation of Title 28 USC § 1724; (Count 7)  Falsifying of Material Fact in violation of statute article 18 USC § 1001; (Count 8) Gross Intentional Negligence; (Count 9) Collateral Damages; (Count10) Malicious defamation and Nuisance in violation of statute article 18 USC § 1001; (Count11) Hostile, Abusive, Bullying, and Harassing Work Environment; (Count12) False arrest/imprisonment in violation of statute slavery and peonage Title 18 USC § 1581;(Count 13) Use of aggressive and excessive force in violation of 1966 *Miranda v. Arizona* and 1981 *Edwards v. Arizona*

(C) The second Mwabira-Simera indictment charged Sodexho [Civil Action 04 cv 01240] (Count 1) Retaliation for Plaintiff Mwabira-Simera reporting Sodexho's culture and customs of

-4-

racial and disability discrimination, bullying, harassment, abusive and hostile environment to EEOC

(This was apparently in response to the Combs and Pleasant decisions).

(D) Mwabira-Simera had no indictment charged Sodexho related to Labor collective bargaining

agreement Arbitration case FMSC #041211-51307-A" of March 15[th], 2004, which was as a result

Sodexho's wrongful termination of Petitioner Mwabira-Simera in violation of Title18 U.S.C. §246 as

amended. Sodexho however wants to add this wrongful termination to the two civil actions. Therefore

it was not consolidated with Civil Action 04 cv 00538 and 04 cv 01240 [06/30/05 Court Order p.1]

(E) Simera-Nandala indictment charged the Respondents Sodexho and Howard individually

[Civil Action 04 cv 00538] with, (Count 1) for racial discrimination in violation of Titles VII Human

Rights Act of 1964 and DC human rights Act of 1977 Title I of Chapter 25; (Count 2) Criminal Civil

Rights Conspiracy in violation of Titles 18 U.S.C. § 241; (Count 3) search and invasion of privacy in

violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses,

papers, and effects, against unreasonable searches and seizures;" *Katz v. United State* 389 U.S.347

(1967). (Count 4) Felony and Fraud in violation of Title 28 USC § 1724; (Count 5) Falsifying of

Material Fact in violation of statute article 18 USC § 1001; (Count 6) Gross Intentional Negligence;

(Count 7) Intentional infliction of mental stress; (Count 8) Collateral Damages; (Count 9) Malicious

defamation and Nuisance in violation of statute article 18 USC § 1001; (Count10) Hostile, Abusive,

Bullying, and Harassing Work Environment; (Count11) False arrest/imprisonment in violation of

statute slavery and peonage Title 18 USC § 1581;(Count 12) Use of aggressive and excessive force

in violation of 1966 *Miranda v. Arizona* and 1981 *Edwards v. Arizona*

On appeal, the District of Columbia Circuit failed to follow the Sixth Circuit's decision in

Combs and held that the statute does not criminalizes these multiple offences as "separate criminal

offenses," and thus there were no double jeopardy violations in convicting the Respondents Sodexho

and Howard of each count. Id. on page one. The District of Columbia Circuit holding directly

erroneously agrees with the Ninth Circuit's opinion below which holds that "it would seem absurd to

permit multiple punishment of a defendant who violates both the 'use or carries' clause and the

'possesses' clause." *United States v. Arreola,* 467 F.3d 1153, 1160 (9th Cir. 2006). Thus, contrary to

Respondent's argument, there is a square conflict" between the circuits. (See Sodexho Opposition

[hereafter: "Opp."] page one).

In *United States v. McGilberry*, 480 F.3d 326 (5th Cir. 2007), the issue has arisen in

published and unpublished decisions in both the Fifth and Eleventh Circuits the indictment

erroneously charged the defendant with possession of firearm during and in relation to a drug

trafficking crime, although the statue criminalizes possession only when it is "in furtherance of" a

drug trafficking crime. This is the same struggle the District of Columbia Circuit faced when

interpreting Petitioners civil actions as one case done in furtherance of a non-criminized wrongful

termination case which was totally separate from the two consolidated civil actions. This was plain

error that the District of Columbia Circuit holding directly a Collective bargaining agreement of

wrongful termination is the only reason Defendants Sodexho and Howard have not received multiple

punishments for their multiple crimes. In so holding, the Court also acknowledged but did not

decided the question presented here, whether § 924(c)(1) contains two separate offenses or

alternative means. Id. at page one.

In *United States v. Owens* 2007 WL 1119054 (5th Cir. Apr. 16, 2007), a recent unpublished

opinion, however, the Fifth Circuit followed Combs and held that "Section 924(c) criminalizes two

separate offense." Because the Court found the facts admitted by the defendant did not constitute a

crime, the Court found plain error and set aside the defendant's guilty plea. Id. at *1. In Petitioners

cases, the facts presented establish multiple crimes, all of which must be criminalized as separate

offences, committed arrogantly, persistently, and egregiously by Defendants Sodexho and Howard in addition to wrongful termination, which the district court conceded was also discriminatory in nature because it was retaliation that resulted from plaintiff's complaints about defendant's unlawful employment practices see. 42 U.S.C§(2000); *Tennessee v. Lane* 541 U.S.509(2004); *United States v.Georgia* No.04-1203, 04-1236, 2006 WL.43973 that has been Sodexho's persistent and egregious disability and racial discrimination customs, and traditions in violation of Rights, guaranteed by a Statutory federal statute conferring jurisdiction on this Court.

In *Podbberesky v. Kirwan* (4th Cir.1994); *Franks v. Bowman Transp.Co.* (S.Ct.1976); *Wygant v. Jackson BD of Education*, (S.Ct.1986); Mack A. Player: *Federal Law of Employment discrimination*, 4th Edition chs.1-1.04 & 20.10.pg 78, US District Court for the 4th Circuit held that a judicial finding of employer's "persistent and egregious discrimination" will allow, if not compel, the court to provide a remedy to the victim of discrimination that includes remedial seniority running from the date of the illegal treatment. Rights under a collective bargaining agreement do not preclude such a remedy.

Pursuant to Fed.R.Ev. Rule 404(b), it is clear that the use of Collective Bargaining agreement Arbitration case FMSC #041211-51307-A" of March 15th, 2004, which was as a result of Sodexho's wrongful termination of Petitioner, to bar Petitioners' claims as the only evidence was not intrinsic to the Civil Actions 04-0538 and 04-01240 and was inadmissible under Rule 404(b) because the prejudice far outweighed the probative value. This is admissibility intrinsic evidence as governed by rule 404(b).

> The rule provides that such evidence is admissible only if it is relevant, probative of a material issue, other than the defendant's character, and more probative than prejudicial. *see United States v. Mathis,* 216 F 3d 18,26 (DC cir.2000) The Fifth Circuit explained that "Other act" evidence is "intrinsic" when the evidence of the other act and evidence of the crime charged are "inextricably intertwined" or both acts are part of a single criminal episode or "other acts were necessary preliminaries" to the crime charged.

-7-

Further, Pursuant to Ruling on Evidence Federal Rules of Civil Procedure Rule 103(a)(1).)

Sodexho never objected to Howard University' Security [Officer Kevin Jones confessions of making

a false report presented on March 15th, 2004 at the March 15th, 2004 Collective bargaining

arbitration of Petitioners' wrongful termination. The wrongful termination and the discrimination

case that was filed by Cynthia McReyolds and Ellen Early on behalf of more than 2,400 minorities

currently working with Sodexho Inc. *The Examiner Newspaper*, Monday, April 25, 2005 is

admissibility intrinsic evidence as governed by rule 404(b) that provides that such evidence is

admissible only if it is relevant, probative of a material issue, other than the defendant's character.

According to a class lawsuit claim, "only as long as they [Black] are content to remain in the lower

ranks for their entire careers," which establishes that Sodexho is applying the principles of at will-

employment. There was no waving of all the claims in *exchange for reinstatement*. see *Payne v.*

*Western & A, RR* (Tenn. 1884) and *Howard V. Wolff Broadcasting Corp.* (Ala. 1992)(dismissal of

female radio announcer because of her sex states no common law claims). Sodexho is relying on

employment at will relying on *Payne v. Western and Howard V. Wolff Broadcasting Corp.* and *Price*

*Warehouse* supra in dismissing Mckennon. In *Shattack v. Kinetic Concepts, Inc.*(5th,Circuit 1995);

*Wallace v. Dunn Const.Co.*(11th, Circuit 1995), The District court ordered Price warehouse to pay

*McKennon* back pay , other costs including for punitive damages to *McKennon*. When *McKennon*

challenged dismissal, the only defense *Price warehouse* gave was that *McKennon* had given

misstatements which was not the actual cause Price Warehouse based its decisions to dismiss him.

This denial did not help solve Petitioners victimizations whereby Mwabira-Simera was denied

any promotion whatsoever. The only promotion Donna McCants and Worley Marcus contended was

dismissal and that what happened. Sodexho's fraudulent misrepresentation failed to enforce the

terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15[th], 2004 Pursuant

to Federal Civil Procedure Rule 68 and Title 9 U.S.C §11, and according to Labor Relations Act of 1955, sect 8[1].

Something to note in this case was Sodexho's rewriting of the release agreement of arbitration case FMSC #041211-51307-A of March15th 2004. Numbers #1, 2, 3, 4 of the agreement are mainly about the parties waving the back pay. It also prohibits any party to use it as admissible evidence other than to enforce this agreement. Donna McCants stated that she did not expect Petitioner to complain of discrimination because McCants hired petitioner, which is at-will employment. Sodexho and McCants lies contented in their firing Petitioners because of theft and *reinstatement in exchange for waving all claims but failed to establish the severity of Petitioner's wrong doing [Officer Kevin Jones confession].*

On September 9th, Donna McCants admitted that she and other Employees' [African Americans] families visit and take any items they want from Sodexho Store. Donna McCants admitted that Sodexho never called security and Metro Police when other employees [African Americans] were caught stealing. Donna McCants also said she and Officer Kevin Jones talked at length about threatening to institute criminal proceedings against the Appellants for alleged theft which Officer Kevin Jones confirmed at the deposition of September 12th, 2005 at General Counsel Howard University. This is admissible evidence of the racial discrimination [hate] with intertwined conspiracy between Howard and Jones to evade the law.

The district court admitted Sodexho and Howard to issue the orders for compelling a mentally sick Appellant Nandala-Simera to be deposed even in answering interrogatories. Sodexho

---

[1] "…That a single employee was helpless in dealing with an employer; that he was dependant ordinarily on his daily wage for the maintenance of himself and family; if the employer refused to pay him the wage that he thought fair, he was nevertheless unable to leave the employ, and resist arbitrary and unfair treatment; that the Union was essential to give laborers opportunity to deal on an equality with their employer. see *American Steel Foundries v. Tri-City Central Trades Council, 257 U.S.184,209.*

and Howard had all the documents relating to the mental hospitalization and had all the opportunities

to call an expert witness pursuant to the effect of traumatization of a mentally sick child. see.

*McNerney v. Archer Daniels Midland Co.*, D.C.N.Y.1995, 164 F.R.D. 584 and *Wouters v. Martin*

*County*, C.A.11[th], 1993, 9 F.3d 924. The court's failure was substantially justified. This is a clear

indication that even an innocent failure is subject to sanctions, though the reason for the failure is

relevant in determining what sanction, if any, to impose. *In Gocolay v. New Mexico Federal Sav. &*

*Loan Ass'n*, C.A.10[th], 1992, 968 F.2d 1017 and *Societe Internationale Pour Participations*

*Industrielles et Commerciales, S.A. v. Rogers*, 1958, 78 S.Ct.1087, 357 U.S. 197, 2 L.Ed.2d 1255

the Supreme Court held that dismissal without prejudices was improper as a sanction for plaintiff's

failure to appear for his deposition. Medical evidence indicated that plaintiff suffered from chronic

health problems rendering him physically unable to comply with the court's discovery order, and the

dismissal would bar the claim due to the passage of the limitations period.

   Sodexho and Howard elicited dirty tactics when they contended in their motion to dismiss that

they had no information about Simera-Nandala's mental hospitalization, which violated Rule

16(1)(E). Yet they had obtained all documents relating to the arbitration cases of March 15, 2004,

documents relating to the EEOC right to sue in Civil Actions 04-538 and 04-1240, and documents of

mental hospitalization provided in violation of Title 18 § 17(a) which states:

> "It is an affirmative defense to a prosecution under any Federal statute that, at the time of the
> commission of the acts constituting the offense, the defendant as a result of a severe mental
> disease or defect was unable to appreciate the nature and quality or the wrongfulness of his
> acts."

In *Hargraves v. Capital City Mortgage Corp.*, D.C.D.C.2000, 140 F.Supp.2d the Court of

Appeal held that two missed appointments with defendant's doctor were not sufficient to warrant

the severe sanction of barring plaintiff's evidence of emotional distress at trial. Plaintiff allegedly

missed the first appointment due to failure to record the correct date in appointment calendar, and

on second occasion she allegedly had to stay at home with her children. In *Williams v. City of Belvedere*, (App. l (Dist 1999) 84 Cal) the Court of Appeal held that the district court erred when it dismissed appellants claims on implied factual finding bringing severe sanctions against appellants for failing to answer interrogatories and attending to the depositions.

Petitioners submit that the error was not harmless because it had a "substantial and injurious effect" on the verdict. *See, United States v. Smith*, 77F F.3d 511, 515 n.1(DC Cir 1996)(proper measure of harmlessness is whether error had "substantial and injurious effect" on verdict). In *Smart, supra*, this Circuit held that "[i]n cases where the error is fundamental or where the other, admissible evidence against the Appellants is ambiguous, a court will always conclude that the error affected the verdict." *Smart*, 98 F.3d at 1390.

Also, in an unpublished opinion, the Eleventh Circuit addressed whether the defendant was deprived of his right to a unanimous verdict where the statute charged both prongs of § 924(c)(1) in a single count. The Court found no unanimity error, however, because [unlike in Petitioner's case where Petitioners request for a jury trial was turned down] the trial court had specifically instructed the jury that they unanimously agree on which prong was violated. *United States v. Horne*, 198 Fed.Appx. 865, 872, 2006 WL 2668919 **7 (11th Cir. Sept. 18, 2006).

Finally, as Respondent notes that Petitioner's motion is baseless is a contention that in *United States v. Lloyd,* 462 F.3d 510, 513-514 (6th Cir. 2006), where the Sixth Circuit re-affirmed that § 924(c)(1) sets forth two separate offense is wrong interpretation. Yet the District of Columbia Circuit affirmed the June 30th and November 2nd District Court's Order finding no plain error in both, because Petitioner Mwabira-Simera signed a collective Bargaining Agreement of Arbitration (thus alleviating any doubt as to the offense of which he was convicted). What agreements did Simera-Nandala had with both Sodexho and Howard and also Mwabira-Simera had with Howard

-11-

that District court relied on and affirmed by the District of Columbia Circuit, and insofar as it was

undisputed that the defendant Sodexho held Petitioners as prisoners after kidnapping John Simera-

Nandala and hauling him through the back into Sodexho's kitchen, which traumatized the mentally

depressed minor and was overwhelming evidence of both prongs of the statute. See *United States v.*

*Savoires*, 430 F.3d 376 (6th Cir. 2005)

McCants also admitted to having known that the minor had been hospitalized for mental

depression. McCants' behavior was in furtherance of Sodexho's custom of a culture of racial and

disability discrimination. Both Donna McCants and Officer Kevin Jones discussed the plan at length

at Arbitration March 15th 2004 and at depositions on September 9 and 12th, 2005. It was at this

deposition that Donna McCants admitted that she serves her visitors with food and takes home

company items.

Following Combs, the Court found out the statute defined two separate offenses, which

helped to explain that the Court failed to find plain error and reverse the orders because the

Petitioners substantial rights were prejudiced as the instructions permitted the Sodexho and

Howard's fraudulent misrepresentation during and in relation to racial and disability discrimination,

false imprisonment, and abusive and hostile environment crime, conduct which the District of

Columbia Circuit treats as one count contrary "that is not criminalized by § 924(c)." Id. at 380. In

addition to the Combs, Savoires and Lloyd cases, the District of Columbia continues to struggle with

the issues in numerous unpublished cases. See, e.g., *United States v. List*, 200 Fed.Appx. 535, 540-

541, 2006 WL 2952761 **4-5 (6th Cir. Oct. 12, 2006); *United States v. Lowe* 172 Fed.Appx. 91, 94-

97, 2006 WL 473598 **3-5 (6th Cir. Feb 28, 2006)

These decisions make clear that rather than resolving case, the rift between the circuits are

widening. In the Eighth Circuit, Fifth Circuits, Eleventh Circuits, and the Sixth Circuit as well as the

-12-

Eastern District of Virginia are now required in the pleading of each prong of § 924(c)(1) in separate counts. Failure to do so has resulted in reversal of numerous convictions. The District of Columbia is alone in requiring multiple crimes to be charged all prongs in a single count and is alone in suggesting that a presumption against multiple punishments indicates that the statue creates only one offense, a claim specifically rejected by the Eight Circuit's <u>Gamboa</u> decision. This split in the circuits continues to put the poorest poor in an untenable position in charging decisions, continues to put District Courts in a precarious dilemma when ruling upon these objections, and continues to put Circuit Courts in an impossible bind when reviewing these claims even where no objection was made. This Court should grant review in this case and act swiftly to resolve this confusion and provide guidance to the lower courts.

## II.    THE QUESTION IS CLEARLY PRESENTED IN THIS CASE EVEN UNDER A PLAIN ERROR STANDARD.

Respondent also asserts this case presents a poor vehicle for deciding the statutory interpretation question because the case is reviewable only for plain error, and because Petitioner cannot show plain error in his case. (Opp. At 10-14). Neither argument, however, withstands analysis. Petitioner concedes that his case is reviewable only under the plain error standard because his counsel did not object to the Court's orders of dismissing both Petitioners cases. That should not weigh against reviewing this case, however, because courts reviewing the issue almost exclusively for plain error created by the circuits. The fact that each of the lower court cases (save <u>Pleasant</u>) that created the continuing dissension among the circuits arose in the plain error context, suggests that this case is a particularly appropriate case to resolve the conflict.

Finally, Petitioner presents a strong case that the unanimity error was "plain error." If the Sixth and Eight Circuits are correct in holding that § 924(c)(1) defines two separate crimes, it is

clear that the 1) June 30th and November 2nd, 2005 failed in that they could base a guilty verdict

upon a finding of each crime defined by § 924(c)(1) as to which crime was committed was so

jumbled that it "permitted the collective bargaining agreement which did not read "reinstatement

for exchange of any further claims of Sodexho's persistent and egregious racial and disability

discrimination" during and in relation to a lack of establishing severity of crime, an act that § 924

does not criminalize." Arreola, 467 F.3d at 1161 (emphasis added). Then the November 2[nd] Order

dismissed all claims for lack of jurisdiction. Thus, it is quite impossible to glean from the orders of

which of the two Civil Action crimes were referred to or whether defendants Sodexho and Howard

were indicted of the non-criminal conduct in relation to a racial and disability discrimination, false

imprisonment, and abusive and hostile environment crime. Clearly, an error, which is not properly

outlined makes it impossible to determine what crime Petitioners committed, and whether

Petitioners were convicted of any crime at all. Therefore, this affects both Petitioner's substantial

rights and the fairness and integrity of the judicial proceeding.

Petitioner's cases are thus much more like Combs and Savoires then Lloyd. In Lloyd, 462 F.3d

510, as described above, the Court Orders essentially did not cure any error, because it included and

based its ruling only on a Collective Bargaining Arbitration agreement. Further, because the

Defendants' racial and disability discrimination, use of excessive force, and false imprisonment were

not disputed, there was an overwhelming evidence of use during and in relation to their customs and

culture in furtherance of the crime against the Petitioner. Id. at 513-515.

Here, by contrast, the Court Orders did not cure the error, but exacerbated it by including a

non-crime along with two Defendants separate Civil actions crimes, without providing Petitioners

particulars upon which crime or non-crime was committed. Additionally, fact that Petitioner had an

agreement of wrongful termination with Sodexho, it could not be extended to dismiss his case with

Howard under the pretext that the District court had no jurisdiction over the case. Petitioner Simera-Nandala's case with Sodexho and Howard shows that there was little evidence (and certainly not "overwhelming" evidence) "in furtherance of" the crime. Simply because Mwabira-Simera had a collective agreement of wrongful termination does not amount to "overwhelming evidence" (as Respondent suggests) that the agreement was for the purpose of furthering the Sodexho and Howard's victimization crime at issue.

Rather, Petitioner's case is closer to <u>Combs</u> and <u>Savoires</u>. In <u>Savoires</u>, the Court failed to find plain error because the Petitioners substantial rights were prejudiced by the Courts deliberation. The court failed to come with a judicial finding against Sodexho's persistent and egregious discrimination and Howard's kidnapping conspiracy, negligence, and false imprisonment during and in relation to their crime, conduct "that is not criminalized by § 924(c)." <u>Id.</u> at 380. The District of Columbia failed to reverse the orders which again cross-matched the conduct from the discrimination false imprisonment offense with the standard of participation from the wholly distinct "use" offense, permitting non-conviction based upon conduct not criminalized by the statute, <u>Id.</u> at 935-936.

In Petitioner's case the District of Columbia similarly conceded, that because of the Collective Bargaining Arbitration agreement based upon either prong of the statute, the orders dismissing all claims were not erroneous in relation to a racial and disability discrimination, abusive and hostile environment, excessive force, and false imprisonment crime, <u>an act that § 924(c)(1) does onto criminalize</u>. <u>Arreola</u>, 467 F.3d at 1162. Respondent thus cannot state with any confidence upon which crime <u>or non-crime</u> the District Court of Columbia Circuit unanimously agreed. The error here is plain as both the District Court Orders/District of Columbia Circuit affirmation were hopelessly muddled.

The case thus presents the perfect vehicle for resolving this untenable disagreement among the lower courts. This Court should grant review and resolve the conflict as soon as possible, so that the

-15-

lower courts have appropriate directions as to how to charge these offenses and rules upon these objections.

**III.    BECAUSE THE DISTRICT OF COLUMBIA CIRCUIT'S ANALYSIS OF THE LABOR COLLECTIVE BARGAINING AGREEMENT IS FLAWED IN ALL RESPECTS, AND IS THE ONLY COURT TO FIND THAT THE LABOR COLLECTIVE BARGAINING AGREEMENT CREATES ONLY ONE OFFENSE, THIS CASE IS A PARTICULARLY GOOD CASE TO REVIEW.**

Finally, although both Sodexho and Howard agree with the District of Columbia's interpretation of the labor collective bargaining agreement, it is clear that the District of Columbia's analysis is flawed in all respects. First, as set for in the Petition for Certiorari, the Court improperly used the rule of lenity as a presumption instead of rule of last resort to resolve a statue that remains ambiguous after exhausting other canons of interpretation. This was even worse when the District Circuit failed to notice that Simera-Nandala and Mwabira-Simera did not have an agreement with Sodexho and Howard related to Civil Action 04 cv 00538 and Civil Action 04 cv 01240

Second, as Respondents claims that Petitions for certiorari based their conclusion in large part upon its contention that Congress considered and rejected a bill that would have proscribed separate offenses in separate subsections. (Opp. at 5; <u>see</u> <u>Arreola</u>, 467 F.3d at 1158 & n.1, citing H.R. 424 Version 2, 105th Congress (1997)). Even the former House version, however, <u>does not support</u> this interpretation. Both the current version and the rejected House version <u>each contain three separate subsections</u> and in relation to the crime; yet the final version of § 924(c)(1) added the key "uses or carries" prong at issue here, and required that "uses or carries" be "during and in relation to" the crime, while it required that "possession" only be "in furtherance" of the crime. Thus, contrary to Sodexho and Howard's holding, Congress's rejection of the House version which contained no "carries or uses" prong, and Congress's link of each prong defining conduct to a <u>separate</u> substantive or purpose clause in the current statue, demonstrates an intent to create <u>two separate offenses</u>.

-16-

Because the analysis of the District of Columbia Circuit holds that a single Labor Collective Agreement creates only one offense-is flawed in all respects, this is a particularly appropriate case to review. Sodexho and Howard's Institutional racial decisions were not true however even if it had been true, it is settled law that the Appellants are simultaneously pursuing their rights under available statutory remedies. *Cf., Alexander v. Gardner –Denver Co.*, 415 U.S. 36 (1974); J.I. *Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944); *Cf.* This fact is true even where resolving the employee's claims pursuant to a collective bargaining agreement and resolving the matter pursuant to a state statute required the two forums to address the exact same set of facts. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 409-410 (1988); "notwithstanding the strong policies encouraging arbitration [as required by a collective bargaining agreement], 'different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) *citing* Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

The <u>Willett</u> court rule on the issue of whether a wrongful termination action brought under the Elliott-Larsen Civil Rights Act by a unionized employee was removable because it was preempted by the Labor Management Relations Act and held that: "under the decisions of the Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96L.E.D.2d 318 (1987), and *Lingle v. Norge Div. Of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and their progeny in the Sixth Circuit. such an action is not preempted and may not properly be removed." <u>Willett</u> at 614. Also noteworthy, the District courts of New Jersey have consistently determined that an employee's claim based on rights arising out of a state stature is separate and independent from the terms of the relative labor contract. *Mitchell v. Village Super Market, Inc.,* 926 F.Supp. 476, 479-81 (D.N.J. 1996); *Kube v.New*

-17-

*Penn Motor Express, Inc.,* 865 F.Supp. 221, 228-230 (D.N.J. 1994); *Carrington v. RCA Global Communications, Inc.,* 726 F.Supp. 632, 639-42 (D.N.J. 1991). As such, these courts have concluded that the Labor Management Relations Act (LMRA) does not preempt New Jersey Law Against Discrimination (NJLAD) claims. *See* Mitchell at 479-81; Kube at 228-230; Carrington at 639-42.

The Carrington court exhaustively reviewed the pertinent case law and determined that the LMRA did not preempt NJLAD racial discrimination claims. *See* Carrington at 640-42. In that case, the court held that "both the existence and the scope of the Plaintiff's state lay discrimination claims under NJLAD are derived independently from state law, and not from the obligations assumed by the parties under the labor agreement." *Id.* At 641; *see* also Mitchell at 480 ("[T]he right not to be discriminated against is defined and enforced under state law without reference to the terms of any collective bargaining agreement even where the labor contract itself prohibits discrimination." [internal quotations omitted]).

The Third Circuit has cautioned that a complaint alleging violations of civil rights must be pleaded with specificity in order to withstand motion to dismiss. *Kuaffman v. Moss,* 420 R.2d 1270, 1275 (3d Cir. 1970). The counts I-VII do contain specificity of facts related to these two cases and release agreement of arbitration cases.


**D.C. Code Ann. §§ 1-606.3(c), (d)**

(II) Any employee or agency may appeal the decision of the Office to the US/Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary. Civil rights statutes, and almost all statutes providing protections to workers in this country, are, in the main, remedial legislation, and where, as here, a court decides a controversy brought pursuant to a remedial statute,

-18-

the Court always sits with equitable powers, and is given considerable discretion to right the wrong before it. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman Transportation Co.,* 424 U.S. 747. 763 (1976). Furthermore, one of the fundamental principles of equity is "make-whole" relief. That is relief that would put the person in the position that one would have been in but for the violations of one's rights. See discussion in *Albermarle Paper CO. v. Moody, and Franks v. Bowman Transportation Co. supra.* (Congress vested broad equitable discretion in the courts to order such action as may be appropriate, or any other equitable relief as the court deems necessary to put the Appellate in the position that he would have been in but for the Academic Institution/employer's illegal action).

This fact is true even where resolving the employee's claims pursuant to different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) citing Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

## **CONCLUSION**

For all these reasons, and those set forth in the Petitions, Petitioners requests that this Court grant review to settle this important question of statutory interpretation and alleviate the confusion caused by the conflicting decisions of the lower courts.

Respectfully submitted

Samuel H.Mwabira-Simera
Representing John E Simera-Nandala
Pro so Petitione*r*

-19-

**CERTIFICATE OF SERVIE**

I, Samuel H.Mwabira-Simera, pro so Petitioner hereby certify pursuant to Supreme Court Rule 29.5(b), that on June 26th, 2007, one copy each of reply to opposition to petition for writ of certiorari to the united states court of appeals for the District of Columbia circuit in the above entitled case were mailed to each party in the United States mail properly addressed to Todd Horn and David R. Warner, esq. Venable LL.P 575 7th Street N.W.Washington, D.C. 20004 and Angela R. Williams esq. Office of the General Counsel, Howard University, 2400 6th, Street, NW, Suite #321, Washington DC 20059 with first-class postage prepaid.

Respectfully submitted,

Samuel H.Mwabira-Simera
P.O.Box 1405
Washington DC 20013

Pro so *Petitioners*