UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMUEL H. MWABIRA-SIMERA, et al., ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 06-2052 (RWR) |
| v. ) | |
| SODEXHO MARRIOT MANAGEMENT ) SERVICES, et al., ) | |
| Defendants. ) | |

MEMORANDUM ORDER

Plaintiff Samuel H. Mwabira-Simera filed a motion for appointed counsel, a request he was eligible to make since he has been granted leave to proceed *in forma pauperis*. 28 U.S.C. §1915(e)(1). Two weeks later, his motion was effectively mooted when retained counsel entered an appearance for him. That counsel has now withdrawn with leave of court, and Mr. Mwabira-Simera has said he will proceed *pro se* until the court appoints counsel for him and his wife, the co-plaintiff.[1] His motion for appointed counsel is now no longer moot. In determining whether to appoint counsel, the Court takes into account:

  (I)   the nature and complexity of the action;
  (ii)  the potential merit of the *pro se* party's claims;
  (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
  (iv)  the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

---

[1] His wife has never applied for or been granted leave to proceed *in forma pauperis*.

Local Rule 83.11(b)(3).

Applying these factors, the Court finds that the appointment of counsel is not merited at this time. It is too early in the litigation to determine whether counsel should be appointed. Defendants have not been served with the complaint. The Court directed plaintiff to show cause why the complaint should not be dismissed based on collateral estoppel, and he already has filed a lengthy and substantive response. Moreover, plaintiff is not entitled as of right to counsel in a civil case. There are not enough members of the Civil Pro Bono Panel to appoint counsel in each case. The Court will deny plaintiff's motion to appoint counsel.

Plaintiff has also filed a motion requesting the Court to grant a power of attorney to Olivia I. Simera -- his mother-in-law, and apparently a non-lawyer -- to have Ms. Simera represent him in all matters, including discussions with defense counsel and court hearings. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...." 28 U.S.C. § 1654. A third party lay person cannot appear as counsel for others. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984)*; Collins v. O'Brien*, 208 F.3d 44, 45 (D.C. Cir. 1953) (per curiam); *McCreary v. Heath*, No. 04-0623, 2005 WL 3276257, at 1 n. 1 (D.D.C. Sept. 26, 2005). Therefore, plaintiff's motion will be denied.

Mr. Mwabira-Simera has also filed for leave to file a first amended complaint. Local Civil Rule 7(i) provides that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." Plaintiff has not provided an amended complaint with his motion for leave to file a first amended complaint. Nevertheless, Federal Rule of Civil Procedure 15(a) permits a party to amend his complaint once as a matter of course at any time before

a responsive pleading is served. Since the defendants have not yet served a pleading responsive to the complaint, plaintiff does not need leave to file an amended complaint. Accordingly, it is hereby

ORDERED that plaintiff's motion requesting counsel [4] is DENIED without prejudice. It is hereby

FURTHER ORDERED that plaintiff's motion for leave to file a first amended complaint [7] is DENIED as moot. It is hereby

FURTHER ORDERED that plaintiff's request to grant power of attorney [13] is DENIED.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: July 31, 2007