UNITED STSTES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Samuel H. Mwabira-Simera et al  )
             Plaintiffs          )
                                  )
        vs                        )   Case No. 06- Ca2052 (RWR)
                                  )
Sodexho Marriott Management Services et al )
             Defendants           )

*"The founders of our Nation considered trial by jury in civil cases an important bulwark against tyranny and corruption, a safeguard too precious to be left to the whim of the sovereign, or for that matter the judiciary."* Chief Justice William H Rehnquist (Parklane Hosiery v Shore, U.S. (1979)

*"...The only way to stop discrimination is to stop discrimination...."* Chief Justice John Roberts (Brown v. Board of Education (June 25th, 2007

**Plaintiffs' Auxiliary requests the Court to deny Defendant's non-factual speculations.**

Plaintiffs Esther E.Mutonyi-Simera (hereafter "Mutonyi-Simera") and Samuel Mwabira-Simera (hereafter "Mwabira-Simera") invoke doctrine of equitable estoppel, and humbly request the Court to deny Donna McCants (hereinafter "McCants"), and Marcus Worley (hereinafter "Worley"), and Vincent Jones (hereinafter "Jones"), and Sodexho Marriott Management Services collectively hereafter (defendant "Sodexho's") non-factual speculations by asserting Collateral Estoppel as the only defense in her duplicated motion. Defendants are even confused because Plaintiff Mutonyi-Simera was and is a litigant to these case. Again Defendants: - (A) have not shown that their rhetoric raises a substantial question of law for their persistent and egregious discrimination. (B) Nor that the fact is likely to result in dismissal Pursuant to Rule 12(b)(6) and (c); (C) Defendants have failed to preclude by introducing evidence and facts to support their motions but are relying on Hearsay evidence that would not normally be admissible pursuant to Federal Rule of Evidence 801(d)(2)(E) and are bared. (D) This fact is true even where resolving the employee's claims pursuant to different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers. Defendants are erasing the Federal Statutory Civil Rights and Disability Acts.

Plaintiffs wish to bring to the court's attention that the Sniper John Allen Mohammad multiple crimes but similar in nature had been charged in states of Maryland and Virginia and is wanted in other states where he committed identical crimes pursuant to 18 U.S.C § 924(c)(1) which are defined as two or more crimes. Hence Defendant Sodexho persistent and egregious racial and disability discrimination must be charged for these crimes pursuant to 18 U.S.C § 924(c)(1). Wherefore Plaintiffs respectively requests this honorable court to grant this request.

1

**Facts**

Plaintiffs sued Sodexho for the third time for her racial and disability persistent and egregious discrimination, retaliation, false arrests/imprisonments, car/strip search and abusive and hostile environment. Plaintiff Mwabira-Simera filed against Sodexho's culture and customs Sodexho with Equal Employment Opportunity Commission (EEOC). EEOC is a Federally Statutory Institution mandated to investigate employment abuses independently. EEOC investigated theses cases and from their jurisdiction issued three rights to sue to Plaintiff. Plaintiffs filed these issuance to the District of Columbia District Court at different times No. 04 cv 0053804 cv 01240, and 06 cv 2052 in a timely manner as required by Local and Federal laws. Plaintiff could have filed the wrongfully termination because there is no law prohibiting such filing, and Plaintiff won the case at the Arbitration which had no jurisdiction over Sodexho. Additionally Plaintiff had all rights pursuant to wrights guaranteed to employees Under The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2. Plaintiff is protected by Federal Statutory provisions pursuant to [T]he right not to be retaliated, retaliated [twice], bullied, harassed and discriminated against be defined and enforced under state law , without reference to the terms of any collective bargaining agreement of a wrongful termination even where the Labor contract itself prohibits discrimination .

The District court of Appeal for the District Circuit denied the appeal because the District of Columbia Circuit's analysis on the merits is flawed. These clear demonstrations of the lower courts continue to struggle with this issue of statutory interpretation pursuant to 18 U.S.C § 924(c)(1). The District of Columbia Circuit differs from the Sixth Circuit and the Eastern District of Virginia, in holding that the statute criminalizes one offence for all persistent and egregious offenses. The District of Columbia Circuit struggle with this issue of statutory interpretation differs from the State of California laws that prohibit extending one claim to another claim, which is unknown. The District of Columbia Circuit struggle with this issue of statutory interpretation differs from the Third Circuit and the New Jersey Law Against Discrimination (NJLAD) claims that have concluded the Labor Management Relations Act (LMRA) do not preempt racial discrimination claims derived independently from state law, and not from the obligations assumed by the parties under the labor agreement. ("[T]he right not to be discriminated against is *defined and enforced under state law without reference to the terms of any collective bargaining agreement even where the labor contract itself prohibits discrimination.*" Civil rights statutes and almost all statutes providing protections to

workers in this country are, in the main, remedial legislation with considerable discretion to right the wrong before it. The district court conceded that wrongful termination was discriminatory in nature.

The Petition for Writ of Certiorari to the United States Court of Appeal for the District of Columbia Circuit is still alive.

**Legal argument**

Collateral Estoppel: The binding effect of a Judgment as to matters actually litigated and determined in one action on later controversies between the parties involving a different claim from that on which the original judgment was based. Defendant Sodexho asserting Collateral estoppel proofs show that Sodexho is determined to erase the Civil rights Statutory Acts restore at-will-employment under the shield of estoppels by misrepresentation: An estoppel that arises when a party makes a statement or admission that induces another person to believe something and that the results in that person's reasonable and detrimental reliance on the belief. Sodexho is shamelessly misrepresenting the facts of this case.

Estoppel by negligence arises when a negligent person induces someone to believe certain facts, and then the other person reasonably and detrimentally relies on that belief. Defendant Sodexho is not an "innocent party" within the rule that where Innocent Plaintiffs must suffer for losses of collateral damages caused by them. Sodexho should be required to bear it merely because Sodexho acted in negligent ignorance of their legal duty. see *Federal Saw Loan Inc. Corp v. Kearney Trust Co.*, Missouri, C.C.A. Mo, 151 F.2d 720

The elements of lack of knowledge and by means of knowledge of truth as to facts in question on party asserting estoppel imports principles of negligence, and hence contributory negligence in its application and absent to some fraud estoppel is not available to protect the party against consequences of his own negligence. See. *St. Eubner Realty 19, Ltd v. Cravens Road 88, Ltd*, App. House [14Dist], 817 S.W.2d 160; *Renov. Becket C.A. Kan*, 555 F.2d 757

Sodexho, who actuated by her own interest of persistent and egregious discrimination, abusive and hostile environmental culture and customs, has no right to say that Plaintiffs must be estopped from acting on the same impulse that is seeking relief as victims of racist discrimination in an abusive and hostile environment. see *S.C. McMahan v. McMahon*, 115 S.E. 293 Mo. 138.

Plaintiffs thus invoke doctrine of equitable estoppel because Defendants have committed perjuries crimes in: - (1) Donna McCants read the release agreement yet her Affidavit was a furtherance of Sodexho's wilful and knowing falsification and misrepresentation in all accounts. (2)

3

For a claim of constitutionary error, this court reviews the error to determine "[w]hether it appears beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained *Weder v. Unites States*, 527 US 1.15 (1999) quoting *Chapman v. California*, 306 US 18, 24 (1967). The district court abused its discretion by disregarding other evidence of Sodexho's and Howard's willful, deliberate, and persistent abuses when it allowed Defendants Sodexho and Howard to ask speculative and, at times, burdensome and embarrassing questions in violation of Rule 11 and failed to require the defendants to provide non overbroad but clear evidence in accordance with Rule 702 of Federal Rules of evidence. The district court abused its discretion by admitting hearsay evidence that would not normally be admissible against the non declarant may be introduced against a conspirator under Federal Rule of evidence of 801(d)(2)(E) which allows admission of statements of a party the theory that one conspirator is the agent of an other. *Anderson v. United States*, 417 US 211, 218 n.6 (1974). Plaintiffs submit, therefore, that the district court abused its discretion and violated Rule 704(b) of the Federal Rules Evidence, that the error was not cured by the arbitration case question posed to Mr. John Parker, and that the error was not harmless. *United States v. Salamanca*, 990 F.2d 629, 637 (DC Cir) *cert denied*, 510 US 928 (1993)(this Court reviews a trial judge's admission of evidence for abuse of discretion).

    Plaintiffs submit that the error was not harmless because it had a "substantial and injurious effect" on the verdict. *See, United States v. Smith*, 77F F.3d 511, 515 n.1 (DC Cir 1996)(proper measure of harmlessness is whether error had "substantial and injurious effect" on verdict). In *Smart, supra*, this Circuit held that "[i]n cases where the error is fundamental or where the other, admissible evidence against the Plaintiff is ambiguous, a court will always conclude that the error affected the verdict." *Smart*, 98 F.3d at 1390. Similarly, Defendants Sodexho, McCants, and Worley involvement in prior discrimination and retaliation cases that involved co-conspirators defendant Howard and Jones is relevant to show their relationship. *United States v. Gaviria*, 116 F.3d 1498, 1532-33 (D.C. Cir. 1997), *cert. Denied*, 522 U.S. 1082 (1998) (other crimes evidence properly admitted where it shows or tends to show the existence of a relationship between the defendants, and whether it shows or tends to show the defendants had a common scheme or plan which included the offenses for which they are now charged). *See United States v. Graham*, 83 F.3d 1466 (D.C. Cir. 1996), *cert denied*, 519 U.S. 1132 (1997) (evidence of the criminal activity preceding the charged conspiracy helped explain the subsequent formation of the larger conspiracy). The fact that Defendants Sodexho, and McCants were previously involved in discrimination and retaliation activities together is likewise relevant in helping the court to understand their relationship with

Defendants Howard and Worley and their relevancy to "inextricably intertwined" criminal episode that constituted the arbitration case of March 15th, 2004. The counts above demonstrate this arbitration case was discriminatory in nature that it is relevant, and probative admissible evidence. Judge J.Bates in his controversial June 31st, 2005 Order [#page 2] conceded the arbitration case was discriminatory in nature. see. *U.S.v. Haywood*, 280 F.3d 715, 721, 58 Fed.R.Evid.Serv.402 (6th, Cir 2002) (2-1decision)( held, district judge abused discretion in allowing evidence of subsequent offense of a mere possession of cocaine to be introduced to show intent in case charging possession of small quantity of crack cocaine for personal use on one occasion, sheds no light on whether he intended to distribute crack cocaine in his possession on another occasion nearly five months earlier); *Cf. U.S.v.Tan*.254 F.3d 1204, 1210-11, 56 Fed.R.Evid.Serv.659 (10th, Cir.2001) citation omitted.

Other admissible evidences of Sodexho persistent and egregious discrimination is the case filed by Carter-Cynthia McReyolds and Ellen Early on behalf of more than 2,400 minorities, and the arbitration case has a probative value as to motive, opportunity, and intent of the conspiracy acting under color of law to crush and oppress prior to similar violations is integral to proving essential elements of the charged violations in Civil Actions 04-538 and 04-0240 and any potential prejudice in accordance with Rule 404(b). *Jones*, 248 F.3d at 676; *Huff*, 959 F.2d at 737.

This is admissible evidence of the racial discrimination [hate] with intertwined conspiracy with Defendants Howard and Jones to evade the law. This arbitration case is now admissible as evidence of Sodexho's persistent and egregious discrimination traditions, and customs based on Plaintiff's reporting the Defendants day to day knowingly and willful hate crime acts in violations of protected statutory rights to the Equal Employment Opportunity Commission (EEOC) and his place of origin.

Sodexho fraudulent misrepresentation of material of facts could not have persuaded the court to granting permanent injunctions-final judgment. This injunction standard legality applies on a clearly erroneous finding of a fact, and/or issuing an injunction that contains an error in its form or substance of the court abusing its discretion. See: Injunction is limited to deciding whether the district court clearly abused its discretion. *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir.2002); *Al-Fayed v. CIA*, 254 F.3d 300, 303-04 (D.C. Cir.2001); *SG Cowen Sec. Corp. v. Messih*, 224 F.3d 79, 81 (2d Cir.2000). A court abuses its discretion by applying an incorrect legal standard, basing the injunction on a clearly erroneous finding of fact, or issuing an injunction that contains an error in its form of substance. *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 999 (2d

Cir.1997); *see, e.g., Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1529-30 (11th Cir.1994) (court abused its discretion when it froze D's assets pending trail for fraud when only monetary damages were sought).

It is a shame that Sodexho still fails to admit her guiltness and continues to argue on non-factual facts. The facts at the very heart of the Labor collective bargaining agreement Arbitration case FMSC #041211-51307-A" of March 15th, 2004, which was as a result of Sodexho's wrongful termination of Plaintiff Mwabira-Simera in violation of Title18 U.S.C. §246 as amended, Officer Kevin the only Security Officer involved in that case stated Transcript P.1 Nos #5 of the release agreement of arbitration case FMSC #041211-51307-A of March15th 2003 exonerated Plaintiffs of any wrong doing].

Transcript Pg.2

Court: when Mwabira-Simera was terminated, his union filed a grievance against Sodexho
challenging his termination. The grievance led to an arbitration proceeding, and
during a break in the proceedings, the parties reached an agreement. According
to the terms of the settlement agreement bearing Mwabira-Simera's [signed by
a representative of Mwabira-Simera union and an official of [Sodexho] signature,
Sodexho agreed to reinstate Mwabira-Simera as a utility person without any
loss of seniority, in exchange for which Mwabira-Simera agreed to "fully and finally
resolve, settle and release" Sodexho and its employees "from any and all disputes and claims
that were or could have been alleged in the grievance underlying" the arbitration.

Transcript P.1
Howard University Campus Police Department, Incident/Offense Report
Form [Officer Kevin Jones] 9/19/03:
Mr. Simera is also the same person that this writer saw in the Lobby with the youth at
the time that Mrs. McCants approached this writer.

Transcript P.1
Sodexho Report [Manager Donna McCants] 9/19/03: Officer Jones and myself Donna
McCants saw Mr.Mwabira pass a bag of something to his son

Transcript P.5
HERE Union question [arbitration case March 15th,2003]:
Officer Kevin Jones, Did you see Mr.Mwabira-Simera "Mwasi"
give something to his son on the September 19th, 2003?

Howard [Officer Kevin Jones] answer: No, I did not see Mr. Simera.

Transcript P.9
Plaintiff Counsel question Deposition 09/12th, 2005
Officer Kevin Jones did you see Mr.Mwabira-Simera give Anything to his son on
the]9/19/03:

6

        Howard [Officer Kevin Jones] answer:
        No, I did not see him

The District Court first of all re-wrote the agreement that included "reinstate Mwabira-Simera as a utility worker without any loss of seniority, <u>in exchange</u>...".While Judge bates concede the nature of wrongful termination, Judge bates contradicted himself and failed to acknowledge that there was a lack of evidence presented to support the claim that the Plaintiff stole from the cafeteria. Officer Kevin Jones voluntarily confession left Sodexho claims as mere deceits and deformation. Sodexho failed to present any evidence of the Plaintiff's participation in the crimes alleged against them, any interest on the Plaintiff's behalf in the criminal venture, or any steps taken by the Plaintiff to help the crimes succeed nor did they prove beyond a reasonable doubt that any other employer other than the Defendant committed such offense. (*U.S. v. Labat, 905 F.2d 18-23 (2nd Cir.1990)*)Officer Kevin Jones admitted to having lied on September 19, 2003 at the time Donna McCants and Kevin Jones hijacked the mentally sick Simera-Nandala. Sodexho used Officer Jones false report as grounds to terminate Mwabira-Simera.

## Ineffective Assistance of Counsel

In Mwabira-Simera and Simera-Nandala and Mutonyi-Simera Counsel was not functioning as warranted by the 6th Amendment. In Civil Action 04, Counsel had demonstrated racial language and was erroneous in eliminating Mutonyi-Simera because Mutonyi-Simera was not part of the original complaint. Counsel was informed by the Plaintiff on numerous occasions during the course that the arbitration Transcripts clearly show no evidence presented to establish that the Plaintiff committed alleged offenses of stealing cafeteria food since Officer Kevin Jones admitted he did not see the Plaintiff do this. Counsel refused to address the issue and was ineffective for not objecting the theft label that was attached to each count and which the court adapted in its June 31 Order of dismissing the cases. In doing so, it prejudiced the Plaintiffs. The 6th Amendment right to competent counsel does not permit unfettered communication between the accused and his lawyer during proceedings. See (*Jones v. Vacco, 126 F.3d 408, 415-416(2nd Cir.1997)* Counsel finally decided to unofficially withdraw from the case before informing the Plaintiffs after enough dam gages. The counsel could not defend the mentally depressed people who are protected by affirmative action 18 § U.S.C. 17. Counsel realized his grave mistake and accepted responsibility for his error.

Transcript P. 3 Order June 31st

Transcript P. 3 Order June 31st

> The court: He suggests that releases of Title VII and ADA claims are void against public policy but does not cite any law for this proposition.

These errors by Plaintiff's counsel make it clear that there can be no reasonable explanation why an attorney following "prevailing professional standards," would not have objected to waving false claims in exchange for reinstatement when it's clear that the evidence in the release agreement did not establish Plaintiff's guilt of stealing.

Even on ambiguous language Justice Antoine Scalia and Judge Frank Eastbrook, in their "assault on the concept and utility of concept," of interpreting statutes intent states,

> "…The general purpose of the statute may suggest an answer different than a literal reading of the language, which itself may not jibe with legislative history… Where there is a conflict, the Chief Justice has to appoint a panel to help interpret the intent to what extend of the law…and where the actual lawyers who made the agreement available, they have to be contacted for their intent…"

> Judge Posner's "communication" theory of legislation is a useful starting point.
> "…. The Court's opinions sometimes seemingly do misuse legislative history, exalting it as more important than the statute itself. Judicial opinions also sometimes appear more mechanical than reflective... the exact way in which the payoff should be modeled as a function of outcomes and correctness is unclear." **See** Kaplan, *Pittson Coal Group v. Sebben,* 109 S.Ct.414 (1988) (Scalia J), *Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.*108.S.Ct.1350 (1988) (Scalia J).

The district court, Sodexho, and Howard's interpretation, were more mechanical than reflective interpretation, of the intent of the release agreement and the court failed to take action to contact the HERE Union Local 25 of Hotels and Restaurant Employees of Washington Area, who even submitted their affidavit about the intent of ambiguous language of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004.

The court holds laws that demand good faith on part of release and full understanding by person injured as to his legal rights. *Id* In *Berry v. Struble* (1937) 66 P.2d 746, 20 C.A.2d 299 and *Carmichael v. Industrial Acc. Commission* (1965) 44 Cal.Rptr. 470, 234 C.A.2d 311. The district court held that all claims arising from an accident, whether injuries are known or unknown, and other things being equal, question is one of intent, and if sufficiently expressed, should be conclusive. In the present case, the indictment contained only one count in September 2003 without involving Mr. John G. Parker, General manager, Sodexho campus Services. The mentally sick Minor had been invited by Mr.Parker, who authorized Mwabira-Simera to serve him [Simera-

Nandala] with food. Sodexho and Howard University Blackburn center violated applicable statutes and case law. Sodexho and Howard lack sufficient evidence to support the claims. Furthermore, special evidentiary rules apply where a conspiracy is charged. Hearsay evidence that would not normally be admissible against the nondeclarant may be introduced against a co-conspirator under Federal Rule of Evidence 801(d)(2)(E), which allows admission of statements of a party opponent on the theory that one coconspirator is the agent of another. see *Anderson v. United States*, 417 US 211, 218 n.6 (1974). To be admissible in support of a conspiracy theory, however, the statements must be made during or in furtherance of the conspiracy. *Id*; *Dutton v. Evans*, 400 US 74 (1970).

## Collective bargaining agreement of a wrongful termination

The US District of Columbia Court based its discretion on fraudulent misrepresentation and extending terms of the agreement of arbitration case FMSC #041211-51307-A" of March 15th, 2004 collective agreement Pursuant to Labor Relations Act of 1955, sect 8 to dismiss the Plaintiffs' Civil Action No.04-0538 and Civil Action No.04-1240 was an error because it failed to enforce the terms of the agreement and rewrote the release agreement of arbitration case FMSC #041211-51307-A of March 15th 2003.

    The transcript P.1

    Hotel & Restaurant Employees Local 25, AFL-CIO Grievance Form Step1:
    Nature of grievance; wrongful termination.

Transcript P.1 Second Paragraph

Sodexho [McCants affidavit]: Mwabira-Simera was fired because of theft and
          reinstatement in exchange for waving all claims

    Transcript P.1:

    The Court: Plaintiff alleges that in the course of his employment he was subjected to a series
        of discriminatory and harassing acts, culminating in an incident in which he was
        fired after being accused of passing cafeteria food to his son, also a plaintiff in
        one case
    Transcript: P.1.
    Release Agreement arbitration case FMCS#041211-51307 No# 5:
        In reaching this agreement, Sodexho, the HERE, and Mr.Mwabira all deny any
        wrongdoing...This agreement shall not be deemed or construed in any way
        as an admission of liability, or a violation of any applicable law, rule, regulation
        or order, of any kind, by any party.

All language refers to the scope and merits of the arbitration agreement. Defendants failed to *establish the severity of Plaintiff's wrong doing* to result in re-instatement in exchange for waiving all claims. This is a clear self-explanatory for Plaintiffs' invoking equitable estoppel.

Mwabira-Simera did not have any settlements with Sodexho and Howard on these two Civil Actions cases outside the arbitration case. Sodexho failed to stop EEOC from issuing a right to sue in Civil Action 04-1240, and withdrawing Civil Action 04-538 by eluding that the arbitration pre-empted any future claims. There was no probative value or any evidence in those relationships that were relevant to charges pursuant to Fed. Rule 403 (see. *United States v. Gurtmon*, 146 F.3d 1015 (D.C. Cir. 1999)). The termination was abusive, and intruded into established public policy under title 18 U.S.C.§ 246. The Plaintiff is seeking the court to provide a remedy as the victim of discrimination in Civil Action 04-538 and Retaliation in Civil Action 04-1240 that includes remedial Rights not precluded under a collective bargaining agreement. see *Cagle v. Burns & Roe, Inc.*(Wash.1986),and *Monge v. Beebe Rubber Co.* (N.H.1974) Termination includes claim of lost wages, consequential damages naturally flowing from the Sodexho's wrongful termination case-deprivation of Relief Benefits in violation of 18 U.S.C§ 246, including pain, suffering, emotional distress, loss of reputation and, in addition, punitive damages have to be awarded.

Here, the United States District of Columbia Court has to comprehend the extent of its equitable authority to fashion a remedy of Defendants violation of Civil Rights 1964 Articles I; VII; XI; 5 U.S.C §§ 554(b), 555(b), 555(e), and 701; 42 U.S.C.A §1983, §12101; 18 U.S.C. § 241; 18 U.S.C. § 242 which will make whole for the Defendants' deprivation of Appellants' rights. The Sodexho and Howard's Institutional racial decisions were not true however even if it had been true, it is settled law that the Plaintiffs are simultaneously pursuing their rights under available statutory remedies. *Cf., Alexander v. Gardner –Denver Co.*, 415 U.S. 36 (1974); *J.I. Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944); *Cf., Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974); *J.I. Case Co. v. National Labor Relations Board*, 321 U.S. 332, 338-39 (1944).

This fact is true even where resolving the employee's claims pursuant to a collective bargaining agreement and resolving the matter pursuant to a state statute required the two forums to address the exact same set of facts. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409-410 (1988); "notwithstanding the strong policies encouraging arbitration [as required by a collective bargaining agreement], 'different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Willet v. Genera Motors Corporation*, 904 F. Supp. 612, 613 (E.D. Mich. 1995) *citing*

Lingle at 412. The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

The Willett court rule on the issue of whether a wrongful termination action brought under the Elliott-Larsen Civil Rights Act by a unionized employee was removable because it was preempted by the Labor Management Relations Act and held that: "under the decisions of the Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96L.E.D.2d 318 (1987), and Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and their progeny in the Sixth Circuit. . . such an action is not preempted and may not properly be removed." Willett at 614.

The defendants have failed to establish that the doctrine of judicial estoppels is applicable to Appellate. For judicial estoppels to apply the following factors are considered: **(1)** whether the party's later position is clearly inconsistent with its earlier position. **(2)** Whether the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create a "perception that either the first or second court was misled" and **(3)** Whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose unfair detriment on the opposing party if not estoppels. *New Hampshire v. Maine.* 532 U.S. 742,750-51 (2001). The Appellees failed to establish that the three factors stated in New *Hampshire v. Maine.* 532 U.S. 742,750-51 (2001), are satisfied. The first factor is not satisfied because Appellees' present position is not consistent with their first prior positions at the arbitration hearing in motions to dismiss: Second Motion the same Appellees have indicated they can behave and do anything contrary to rule of law by merely fraudulent misrepresentation which incorporates the facts above of the summons and complaints seeking relief. The second and third factors are not satisfying because the Defendants were not persuading a court to accept their fraudulent position of dismissing the suit. This acquiesces with Appellant's position and the defendants will derive an unfair advantage or impose unfair detriment on the Appellants.

The Appellants correctly cited New Hampshire standing for the preposition that "where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed assume a contrary position especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him". The defendants in this case acquiesced in the position by Appellant in the prior (their motions to dismiss).

Under The Comprehensive Merit Personnel Act, which governs almost all District of Columbia government, and other employees, is just such a statute. See D.C. Code Ann. § 1-601.2.

11

(II) Any employee or agency may appeal the decision of the Office to the US/Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary.

And where, as here, a court decides a controversy brought pursuant to a remedial statute, the Court always sits with equitable powers, and is given considerable discretion to right the wrong before it. See, *Albemarle Paper Co. v. Moody*, 422 U.S. 405. 417-418 (1975); and, *Franks v. Bowman Transportation Co.*, 424 U.S. 747. 763 (1976). Furthermore, one of the fundamental principles of equity is "make-whole" relief. That is relief that would put the person in the position that one would have been in but for the violations of one's rights. See discussion in *Albermarle Paper CO. v. Moody, and Franks v. Bowman Transportation Co. supra.* (Congress vested broad equitable discretion in the courts to order such action as may be appropriate, or any other equitable relief as the court deems necessary to put the Appellate in the position that he or she would have been in but for the Academic Institution/employer's illegal action).

III) These irreparable injuries (mental hospitalization, neurological surgery, and continued psychiatric care) due to traumatization challenge the legality and constitutionality of unreasonable responses, denial, and/or delays in processing, responses, and applications have varying experiences of delay in the administrative procedures encountered in Appellants' requests from the Defendant Sodexho and Howard under the Act. 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq.*"In determining whether there is an issue of material fact, this court must view the record in the light most favorable to the nonmoving party." *O'Mally, III v. Chevy Chase Bank*, 766 A.2d 964 (D.C. App2001).

**Intent, if sufficiently expressed, should be conclusive**

Transcript P.2
The Court: The settlement agreement goes on to state that Mwabira- Simera agrees to "wave Any and all claims for back pay, benefits, and other economic damages..."
The whole language and terms are referring to arbitration and does not contain the words any future claims. On addition to Sodexho fraudulent misrepresentation of material of facts, Sodexho shameless claim for collateral estoppel is yet:- At the (1) Fraudulent Factual misrepresentation in the first two cases-discrimination and retaliation by fraudulently concealing the facts and failing to produce documents related to Sodexho's interviewing Defendant's employees Brown Leighton, Dorott Samuels, and Audrey Godden; depositions of Plaintiff and Doctrine of Equitable estoppel is grounded on that. See *U.S. California State Bd. of Equalization v. Coast Radio Products*, C.A. Cal, 228 F.2d 520; *Jones v. Northwest Real Estate Co.* 131 A 446, 149 MD 271; *U.S. First National*

*Bank of Alexander City v. Avondale Mills Bevelle Employees Federal Credit Union,* CA 11 (Ala.), 967 F.2d 556.

These documents are relevant and important because they include matters that bear on or that conceivably could lead to other matter that bears on any issue [Sodexho's common plan or scheme, motive, knowledge, intent unlike absence of mistake and opportunity] that is in this case. see. *Gibson v. Mayor and Council of City of Wilmington,* 355 F.3d 215, 21 I.E.R.Cas.(BNA) 84, 149 Lab.Cas.(CCH) P 59823, 63 Fed.R.Evid.Serv.1285 (3rd Cir.2004); *Novak v. McEldowner,* 2002 SD 162, 655 N.W.2d, 909); *Chrysler Intern.Corp.v.Chemaly,* 280 F.3d, 1358, 51 Fed.R.Serv.3d 1239 (11th, Cir.2002); *U.S.v.Long,* 86 F.3d.81,44 Fed.R.Evid.Serv.886 (7th, Cir 1996); *U.S.v.Swan,* 250 F, 3d 495, 501, 57 Fed.R.Evid.Serv.80 (7th, Cir 2001); *Blue Shield and Blue Cross of New Jersey, Inc.v.Philip Morris, Inc.,* 138 F.Supp.2d 357, 369.70, 55 Fed.R.Evid.Serv.285 (E.D.N.Y 2001) (Weinstein,J.) (after *Old Chief,* relevance must be considered with eye toward whether the evidence contributes background to story of case, not merely whether it is logically relevant). (2) It is misleading (3) it induces actual reliance, which is reasonable, and in good faith (4) it causes detriment to relying Party (5) resulting material prejudice if delayed assertion of such rights is permitted. See: *Doe v. Blue Cross/ Blue Shield of Ohio,* 10 Dist. 607 NE 2d 492 Ohio App.3d 369; *Lincoln Logs Ltd v. Lincoln Pre-Cut Log Homes, Inc.* C.A.Fed. 971 F.2d 732.

*In Parklane Hosiery v Shore, U.S. (1979) Chief Justice William H Rehnquist held "The founders of our Nation considered trial by jury in civil cases an important bulwark against tyranny and corruption, a safeguard too precious to be left to the whim of the sovereign, or for that matter the judiciary. "*

Judge bates' decision to short circuit the jury hearing was to award immunity to fellow racist discrimination avoid *trial by jury which in civil cases is an important bulwark against tyranny and corruption,* and erase the Civil Rights Acts in previous cases the very thing which in Brown v. Board of Education (June 25th, 2007, Chief Justice John Roberts held that *"...The only way to stop discrimination is to stop discrimination...."*

In <u>United States v. Gamboa</u>, 439 F.3d 796 (8th Cir. 2006), <u>cert. denied</u>, U.S., 127 S.Ct. 605, 166 L.Ed.2d 449, the Eighth Circuit has now joined the Sixth Circuit in holding that § 924(c)(1) creates two or more separate offenses. The Plaintiff Mwabira-Simera indictment charged the Respondents Sodexho and Howard individually and John Simera-Nandala "Simera-Nandala" indictment charged the Respondents Sodexho and Howard individually with multiple violations for due process in the following:

(A) Mwabira-Simera s' indictment charged Sodexho [Civil Action 04 cv 00538] with, (Count 1) for racial discrimination in violation of Titles VII Human Rights Act of 1964 and DC human rights Act of 1977 Title I of Chapter 25; (Count 2); in violation of Section 504 of the Rehabilitation Act of 1973;(Count 3) Disability discrimination in violation of Title I of the Americans with Disability Act of 1990 (ADA), 42 USCA Section 12101 *et sequel;* (Count 4) Criminal Civil Rights Conspiracy in violation of Titles 18 U.S.C. § 241; (Count 5) Deprivation of Rights in violation of acting under Color of Law in violation of Titles 18 U.S.C. § 242: (Count 6) Deprivation of Relief Benefits in violation of Titles 18 U.S.C. § 246; (Count 7) in violation of the statutory provisions of the Administrative Procedure Act, 5 U.S.C §§ 554(b), 555(b), 555(e), and 701 *et seq.*,; (Count 8) in violation of the Civil Rights Act of 1866 Title 42 U.S.C.A 1981; (Count 9) in violation of Constitutional rights under Title 42 U.S.C.A 1983; (Count 10) search and invasion of privacy in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;" *Katz v. United State* 389 U.S.347 (1967). (Count11) False arrest/ imprisonment in violation of statute slavery and peonage under Title 18 USC § 1581; (12) Abusive, and hostile environment which included denial to use bathroom, denial to eat at work, assignment of unpleasant and dangerous tasks on addition to insults such as "smell like urine"; (Count13) in violation of Due Process Clause of the Fifth Amendment of the United States Constitution and of § 924(c)(1) in separate counts.

B) In the same Civil case04 cv 00538, Mwabira-Simera s' indictment charged Respondent Howard with (Count 1) Criminal Civil Rights Conspiracy in violation of 18 U.S.C. § 241; (Count 2) Deprivation of Rights under Color of Law in violation of 18 U.S.C. § 242; (Count 3) Reckless and Negligence; (Count 4) invasion of Privacy- Strip search in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;"*Katz v. United State*; (Count 5) Unlawful Discrimination Based on Race and National Origin in violation of Title VII of Civil Rights Act of 1964, and DC human rights Act of 1977 Title I of Chapter 25 of the DC Code and Human Rights Act of 1964; (Count 6) Felony and Fraud in violation of Title 28 USC § 1724; (Count 7) Falsifying of Material Fact in violation of statute article 18 USC § 1001; (Count 8) Gross Intentional Negligence; (Count 9) Collateral Damages; (Count10) Malicious defamation and Nuisance in violation of statute article 18 USC § 1001; (Count11) Hostile, Abusive, Bullying, and Harassing Work Environment; (Count12) False arrest/imprisonment in violation of statute slavery and peonage Title 18 USC § 1581;(Count 13) Use

of aggressive and excessive force in violation of 1966 *Miranda v. Arizona* and 1981 *Edwards v. Arizona*

(C) The second Mwabira-Simera indictment charged Sodexho [Civil Action 04 cv 01240] (Count 1) Retaliation for Plaintiff Mwabira-Simera reporting Sodexho's culture and customs of racial and disability discrimination, bullying, harassment, abusive and hostile environment to EEOC (This was apparently in response to the Combs and Pleasant decisions).

(D) Mwabira-Simera had no indictment charged Sodexho related to Labor collective bargaining agreement Arbitration case FMSC #041211-51307-A" of March 15th, 2004, which was as a result of Sodexho's wrongful termination of Plaintiff Mwabira-Simera in violation of Title18 U.S.C. §246 as amended. Therefore it was not consolidated with Civil Action 04 cv 00538 and 04 cv 01240 [06/30/05 Court Order p.1] Sodexho however wants to add this wrongful termination to the two civil actions.

(E) Simera-Nandala indictment charged the Respondents Sodexho and Howard individually [Civil Action 04 cv 00538] with, (Count 1) for racial discrimination in violation of Titles VII Human Rights Act of 1964 and DC human rights Act of 1977 Title I of Chapter 25; (Count 2) Criminal Civil Rights Conspiracy in violation of Titles 18 U.S.C. § 241; (Count 3) search and invasion of privacy in violation of Fourth Amendment: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;" *Katz v. United State* 389 U.S.347 (1967). (Count 4) Felony and Fraud in violation of Title 28 USC § 1724; (Count 5) Falsifying of Material Fact in violation of statute article 18 USC § 1001; (Count 6) Gross Intentional Negligence; (Count 7) Intentional infliction of mental stress; (Count 8) Collateral Damages; (Count 9) Malicious defamation and Nuisance in violation of statute article 18 USC § 1001; (Count10) Hostile, Abusive, Bullying, and Harassing Work Environment; (Count11) False arrest/imprisonment in violation of statute slavery and peonage Title 18 USC § 1581;(Count 12) Use of aggressive and excessive force in violation of 1966 *Miranda v. Arizona* and 1981 *Edwards v. Arizona.*

On appeal, the District of Columbia Circuit as many other low courts having a problem of interpretation, failed to follow the Sixth Circuit's decision in Combs and held that the statute does not criminalize these multiple offences as "separate criminal offenses," and thus there were no double jeopardy violations in convicting the Respondents Sodexho and Howard of each count. Id. on page one. The District of Columbia Circuit holding directly erroneously agrees with the Ninth Circuit's opinion below which holds that "it would seem absurd to permit multiple punishment of a defendant who violates both the 'use or carries' clause and the 'possesses' clause." *United States v. Arreola*, 467

F.3d 1153, 1160 (9th Cir. 2006). Thus, contrary to Respondent's argument, there is a square conflict" between the circuits. (See Sodexho Opposition [hereafter: "Opp."] page one).

The Court should prevent Sodexho from profiting by their wrong doing and it should not permit this benefit to be a vehicle for the commission of injustice. The doctrine of equitable estoppel is grounded in the principle that no man may take advantage of his own wrong. see *Curry V. A. H. Robins. Co.* C.A.T. (Ill), 775 F.2d 212; *Beneficial Finance Co. of Virginia v. Lazrowitch* D.C. Va., 47 B.R. 358

Respectfully Submitted



Samuel H.Mwabira-Simera
Also with Olivia I.Simera
Representing
Esther E.Mutonyi-Simera
P.O.Box 1405
(202)-635-0595
Co-Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the motion to US DC Court to Plaintiffs auxiliary show cause for a good cause to deny Defendants motion based on USDC Court's Order of June 30th, and November 25th, 2005 was mailed by Process Server on 07/30/2007 to Defendants Todd Horn, and David R. Warner, esq. Venable LL.P, 575 7th Street N.W., Washington, D.C. 20004