```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
**SAMUEL H. MWABIRA-SIMERA**        )
**et al.**,                         )
                                    )
    Plaintiffs, )
                                    )
    v.          )   Civil Action No. 06-2052 (RWR)
                                    )
**SODEXHO MARRIOTT**                )
**MANAGEMENT SERVICES et al.**,     )
                                    )
    Defendants. )
_____)

## MEMORANDUM ORDER

Plaintiffs Samuel H. Mwabira-Simera ("Mwabira"), proceeding without prepayment of fees, and his adult daughter, Esther E. Mutonyi-Simera ("Mutonyi"),[1] filed this pro se complaint against Sodexho Marriot Management Services ("Sodexho"), certain individuals employed by Sodexho, and Howard University. This is the fourth complaint Mwabira has filed against Sodexho, which employed him as a utility worker (Compl. ¶ 8), and/or Howard University, alleging discrimination in violation of federal law and several common law torts. In a prior employment dispute between Mwabira and Sodexho, the parties submitted to arbitration and resolved the matter by an agreement executed March 15, 2004, releasing Sodexho and its employees from all claims that Mwabira

___

[1] Plaintiff Mutonyi neither applied for nor was granted leave to proceed without prepayment of fees, and therefore, is not entitled to proceed.

did or could have alleged in the underlying grievance. See Mwabira-Simera v. Sodexho Marriott Mgmt. Servs., Civil Action Nos. 04-538 and 04-1240 (JDB), 2005 WL 1541041, at *1 (D.D.C. June 30, 2005). Despite the agreement, within the next four months Mwabira had filed two largely duplicative lawsuits against Sodexho, some of its employees, and Howard University. After the two suits were consolidated, the claims Mwabira brought against Sodexho were dismissed as barred by the prior settlement agreement, see id. at *1-2, and the related state law claims were dismissed without prejudice on other grounds. See Mem. Op., Mwabira-Simera et al. v. Sodexho Marriot Mgmt. Servs. et al., Civil Action Nos. 04-538 & 04-1240 (JDB) (D.D.C. Nov. 2, 2005). Mwabira's discrimination suit against Howard University, where he had been enrolled as a graduate student, resulted in an award of summary judgment to the defendants on all claims. See Mwabira-Simera v. Howard Univ., 692 F. Supp. 2d 65 (D.D.C. 2010).[2]

The complaint in this case consists primarily of allegations regarding Sodexho and its employees that duplicate those alleged in earlier cases or that could have been alleged in earlier cases.[3] Res judicata embodies the proposition that "a final

---

[2] The plaintiff appealed the decision, and the appeal was dismissed for failure to prosecute.

[3] Howard University is not mentioned in the complaint except insofar as it alleges that "[d]efendant Howard is vicariously liable for the tort[i]ous acts and omissions of defendant Jones" (id. ¶ 54), an allegation that is contradicted by the complaint's

judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). In other words, "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004). "The general principle of [res judicata] is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same causes of action." Stanton v. D.C. Court of Appeals, 127 F.3d 72, 78 (D.C. Cir. 1997). A "cause of action, for purposes of [res judicata], comprises all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. (internal quotation marks and citation omitted). Parties "may not relitigate any ground for relief which they already have had an opportunity to litigate -- even if they chose not to exploit that opportunity" in the prior suit. Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984). All of the claims based on alleged events that predate the filing of Mwabira's prior lawsuits against Sodexho in 2004 are barred by res judicata, and these claims will be dismissed. See Hobley v. KFC

---

allegation that Jones is the "Chief Chef of defendant Sodexho[.]" (Id. ¶ 5.)

U.S. Props., Inc., No. 07-7030, 2007 WL 2390696, at *1 (D.C. Cir. June 27, 2007) (concluding that district court's sua sponte dismissal of claims as barred by res judicata was proper).

However, the complaint also contains some newly pled allegations beginning in August 2004 regarding Sodexho and its employees, which could not have been pled in the earlier cases Mwabira filed against Sodexho. These new allegations relating to Mwabira include claims that Sodexho employees (a) subjected him to repeated body and strip-searches (Compl. ¶¶ 15(C), 27, 59(A)) and locker and bag searches (id. ¶¶ 28, 30, 59), issued multiple "reprimands" and told him to quit or told others that he should be fired (id. ¶¶ 27, 29-30, 59(D)), (c) refused to allow Mwabira to drive a truck for Sodexho (id. ¶¶ 28, 59(D)), (d) refused to allow Mwabira to punch out or monitor the punch out station (id. ¶¶ 51, 59(D)), and denied him "rehabilitation" related to his ankle surgery. (Id. ¶ 35.) The complaint's only allegations relating to plaintiff Mutonyi arise from alleged searches of her person, and it is not clear whether the allegations of strip searching relate to Mutonyi or only to Mwabira. (See id. ¶¶ 27, 59(A).) These factual claims are not so fantastic or delusional that they can be deemed clearly baseless and dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Cf. Hewlett v. Leon, Civil Action No. 11-872 (ESH), 2011 WL 1790733, at *1 (D.D.C. May 10, 2011) (dismissing as frivolous a pro so complaint

that alleged that judges and law enforcement officers hired family members to spy on the plaintiff, and that family members placed viruses in the plaintiff's food). Accordingly, it is hereby

ORDERED that the complaint be, and hereby is, DISMISSED with respect to all claims arising out of conduct prior to August 2004. It is further

ORDERED that the defendants file by June 24, 2011 an answer or other response to the claims in the complaint arising out of allegations occurring after August 2004.

SIGNED this 25th day of May, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge